| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: <br> DISTRICT OF DELAWARE |
| Case number *(if known)* _____  Chapter __11__ |
| ☐ Check if this an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy                06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | Debtor's name | **BYJU's Alpha, Inc.** |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | **N/A** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **87-2924260** |
| 4. | **Debtor's address** | **Principal place of business** <br> **16192 Coastal Highway** <br> **Lewes, Delaware 19958** <br> Number, Street, City, State & ZIP Code <br><br> **Sussex** <br> County | **Mailing address, if different from principal place of business** <br><br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | N/A |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Debtor __BYJU's Alpha, Inc._____    Case number (*if known*) _____
       *Name*

| | |
|---|---|
| **7.** **Describe debtor's business** | **A.** *Check one:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |
| | |
| | **B.** *Check all that apply* |
| | ☐ Tax-exempt entity (as described in 26 U.S.C. §501) |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3) |
| | ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11)) |
| | |
| | **C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes |
| | __6117__ |

| | | |
|---|---|---|
| **8.** | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| | A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | ☐ Chapter 7 |
| | | ☐ Chapter 9 |
| | | ☒ Chapter 11. *Check **all** that apply*: |
| | |     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | |     ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | |     ☐ A plan is being filed with this petition. |
| | |     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | |     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | |     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | | ☐ Chapter 12 |

| | | |
|---|---|---|
| **9.** | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** If more than 2 cases, attach a separate list. | ☒ No. ☐ Yes. |
| | | District _____ When _____ Case number _____ |
| | | District _____ When _____ Case number _____ |

| | | |
|---|---|---|
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☒ No ☐ Yes. |
| | List all cases. If more than 1, attach a separate list | Debtor _____ Relationship _____ |
| | | District _____ When _____ Case number, if known _____ |

Official Form 201              **Voluntary Petition for Non-Individuals Filing for Bankruptcy**              page 2

| Debtor | BYJU's Alpha, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this district*?**  *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.  Insurance agency _____
         Contact name _____
         Phone _____

---

**Statistical and administrative information On a Consolidated Basis**

**13. Debtor's estimation of available funds**  .  *Check one:*

☐ Funds will be available for distribution to unsecured creditors.
☒ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☒ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☒ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☒ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Debtor | BYJU's Alpha, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  02/01/2024
MM / DD / YYYY

X  /s/ [signature]
Signature of authorized representative of debtor

Timothy R. Pohl
Printed name

Title  **Chief Executive Officer**

**18. Signature of attorney**

X  /s/ Kenneth J. Enos
Signature of attorney for debtor

Date  02/01/2024
MM / DD / YYYY

**Kenneth J. Enos**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square
1000 N. King Street
Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **(302) 571-6600**    Email address  **kenos@ycst.com**

**4544 DE**
Bar number and State

Debtor name **BYJU's Alpha, Inc.**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | GLAS Trust Company LLC, as administrative agent and collateral agent for more than 100 lenders under that certain Credit and Guaranty Agreement dated November 24, 2021  3 Second Street Suite 206 Jersey City, NJ 07311 | Attn: Transaction Management - Byju | Deficiency claim | | 1,457,062,111.43 | Unknown | Unknown |

Debtor Name **BYJU's Alpha, Inc.**     Case Number _____

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    page 1
31223698.1

**ACTION BY WRITTEN CONSENT
OF THE
SOLE DIRECTOR
OF
BYJU'S ALPHA, INC.**

**JANUARY 31, 2024**

THE UNDERSIGNED, being the sole director (the "Director") on the Board of Directors (the "Board") of BYJU's Alpha, Inc., a Delaware corporation (the "Company"), hereby consents to and adopts the following resolutions pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, as of the date set forth below:

WHEREAS, on March 3, 2023, pursuant to that certain: (i) Credit and Guaranty Agreement, dated as of November 24, 2021, by and among Think and Learn Private Limited, as parent guarantor ("Parent Guarantor"), the Company, as borrower, the guarantors (including BYJU's Pte. Ltd. as pledgor, the "Pledgor") party thereto, the lenders party thereto (the "Lenders"), and GLAS Trust Company LLC, as administrative agent and collateral agent (in such capacities, the "Administrative Agent" and the "Collateral Agent", respectively), as amended by that certain Amendment to Credit Agreement, dated as of October 4, 2022, by and among the Parent Guarantor and the Lenders party thereto, as further amended by that certain Amendment No. 2 to Credit Agreement, dated as of October 12, 2022, by and among the Parent Guarantor and the Lenders party thereto, as further amended by that certain Amendment No. 3 to Credit Agreement, dated as of November 24, 2022, by and among the Parent Guarantor and the Lenders party thereto, as further amended by that certain Amendment No. 4 to Credit Agreement, dated as of December 13, 2022, by and among the Parent Guarantor and the Lenders party thereto, as further amended by that certain Amendment No. 5 to Credit Agreement, dated as of December 20, 2022, by and among the Parent Guarantor and the Lenders party thereto, as further amended by that certain Amendment No. 6 to Credit Agreement, dated as of December 28, 2022, by and among the Parent Guarantor and the Lenders party thereto, as further amended by that certain Amendment No. 7 to Credit Agreement and Forbearance Agreement, dated as of January 6, 2023, by and among the Parent Guarantor and the Lenders party thereto, as further amended by that certain Amendment No. 8 to Credit Agreement, dated as of January 12, 2023, by and among the Parent Guarantor and the Lenders party thereto, as further amended by that certain Amendment No. 9 to Credit Agreement, dated as of January 30, 2024, by and among the Company and the Administrative Agent and the Collateral Agent (as so amended, supplemented, restated or otherwise modified from time to time, the "Credit Agreement") (defined terms used herein without definition have the respective meanings given to them in the Credit Agreement, or in the Pledge Agreement, as applicable); (ii) Pledge Agreement, dated as of November 24, 2021 (as amended, supplemented, restated or otherwise modified from time to time, the "Pledge Agreement"), by and among the Pledgor, any

additional pledgors party thereto from time to time, and the Collateral Agent; and (iii) Security Agreement, dated November 24, 2021 (the "Security Agreement"), by and among the Pledgor and Great Learning Education Pte. Ltd., as chargors (the "Chargors"), and the Collateral Agent, the Administrative Agent notified the Company and the Loan Parties in a Notice of Events of Default (the "Notice") of the continuing breach of certain obligations of the Loan Parties under the Credit Agreement, as a result of which Events of Default have occurred, are continuing and cannot be cured;

WHEREAS, pursuant to the Pledge Agreement and the Security Agreement, a Trigger Event occurs when the Administrative Agent has served a notice to the Company in accordance with Section 8.1 of the Credit Agreement during the continuance of an Event of Default;

WHEREAS, upon the service of the Notice on the Company, a Trigger Event occurred and is continuing pursuant to the terms of the Pledge Agreement and the Security Agreement;

WHEREAS, pursuant to the Pledge Agreement, the Pledgor pledged 100% of the equity interests in the Company outstanding at any time and owned by the Pledgor (the "Pledged Equity") to the Collateral Agent, for the benefit of the Lenders and the other Secured Parties;

WHEREAS, pursuant to the terms of the Pledge Agreement and the Security Agreement, upon the occurrence of the Trigger Event, the Pledgor transferred the Pledged Equity to the Collateral Agent, thereby making GLAS Trust Company LLC the sole stockholder of the Company (the "Sole Stockholder");

WHEREAS, pursuant to that certain Action by Written Consent of the Sole Stockholder, dated as of March 3, 2023 (the "Stockholder Consent"), the Sole Stockholder (i) made certain amendments to the Bylaws of the Company, dated September 29, 2021, and (ii) removed all existing directors and appointed Timothy R. Pohl to serve as the sole director of the Company, effective immediately following the effectiveness of the Bylaw Amendments (as defined in the Stockholder Consent) other than the Board Size Amendment (as defined in the Stockholder Consent);

WHEREAS, pursuant to that certain Written Consent of the Sole Director of the Company, dated as of March 3, 2023, the Director (i) fixed the size of the Board of Directors at one and (ii) appointed Timothy R. Pohl to serve as the Chief Executive Officer and Secretary of the Company;

WHEREAS, the Company lacks funds to defend against current litigation asserted against it or to pursue litigation against parties it may have claims against;

31225842.4

2

**WHEREAS**, the Lenders (as defined in the Credit Agreement) are requiring the Company to file for chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in order to provide financing;

**WHEREAS**, the Company lacks alternative sources of financing other than the Lenders;

**WHEREAS**, the Director has determined that it is advisable and in the best interests of the Company (i) to file a complaint relating to fraudulent transfers (the "Camshaft Complaint") against Camshaft Capital Fund, LP ("Camshaft Fund"), Camshaft Capital Advisors, LLC ("Camshaft Advisors"), and Camshaft Capital Management, LLC ("Camshaft Management," and together with Camshaft Advisors and Camshaft Fund, "Camshaft"), and any additional parties or litigation relating thereto as the Company may determine is necessary (collectively, the "Camshaft Litigation"), and (ii) to pursue litigation against any additional parties as the Company may determine is necessary in order to receive a financial or other appropriate recovery for any further claims the Company may have or has yet to discover (collectively, "Additional Litigation");

**WHEREAS**, a bankruptcy proceeding under the provisions of chapter 11 of the Bankruptcy Code is (i) an efficient forum to address the pursuit of any litigation the Company may determine is necessary, including, without limitation, the Camshaft Litigation and any Additional Litigation, and (ii) to gather information concerning the prior management of the Company, particularly with respect to corporate governance and financial transactions involving the Company;

**WHEREAS**, the Director has reviewed and considered the financial condition of the Company on the date hereof, including the assets of the Company, the present and future liabilities of the Company, the Company's assets, and the credit market conditions;

**WHEREAS**, the Director has received, reviewed, and considered the recommendations of the Company's legal advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of chapter 11 of the Bankruptcy Code; and

**WHEREAS**, the Director has determined that it is in the best interests of the Company's stakeholders, creditors, and other interested parties to commence a case under the provisions of chapter 11 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT**:

**Commencement and Prosecution of Bankruptcy Case**

**RESOLVED**, that, in the judgment of the Director, it is desirable and in the best interests of the Company and its stakeholders, including the creditors of the Company, and other interested parties of the Company that a voluntary petition (a

"Petition") be filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") by the Company, thereby commencing a case (the "Bankruptcy Case") under the provisions of the Bankruptcy Code; and it is further

**RESOLVED**, that the officers of the Company (each, an "Authorized Person" and collectively, the "Authorized Persons") be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of the Company, to execute, acknowledge, deliver, and verify the Company's Petition and to cause the same to be filed with the Bankruptcy Court at such time as such Authorized Person may determine; and it is further

**RESOLVED**, that each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered on behalf of the Company, to execute, acknowledge, deliver, verify, and file any and all pleadings, petitions, schedules, statements of affairs, lists, and other papers and to take any and all related actions that such Authorized Person may deem necessary or proper in connection with the filing of the Petition and commencement and prosecution of the Bankruptcy Case; and it is further

**RESOLVED**, that each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered from time to time in the name and on behalf of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as such Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by the Company; and it is further

**RESOLVED**, that each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered from time to time in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions, including, but not limited to, opening and closing of bank accounts, as in the judgment of such Authorized Person, shall be necessary, proper, and desirable to prosecute to a successful completion the Bankruptcy Case and to effectuate the restructuring or liquidation of the Company's debt, other obligations, organizational form and structure and ownership of the Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

**Retention of Professionals**

**RESOLVED**, that each of the law firms of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") and Young Conaway Stargatt & Taylor, LLP ("Young Conaway") be, and hereby is, authorized, directed, and empowered to represent the Company as general restructuring and bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in its Bankruptcy Case; and in connection therewith, each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of each of Quinn Emanuel and Young Conaway; and it is further

**RESOLVED**, that each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to employ any other individual and/or firm as professionals, consultants, financial advisors, or investment bankers to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate motion or application for authority to retain the services of such firms; and it is further

**Camshaft Litigation and Additional Litigation**

**RESOLVED**, that the form, provisions, execution, and filing of, the Camshaft Complaint, be, and hereby are, authorized, approved, and adopted in all respects; and it is further

**RESOLVED**, that each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of the Company, to execute, acknowledge, deliver, and verify the Camshaft Complaint and to cause the same to be filed with the Bankruptcy Court at such time as such Authorized Person may determine; and it is further

**RESOLVED**, that each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of the Company, to approve litigation strategy, to file motions, complaints, and any other documents necessary relating to the Camshaft Litigation and any Additional Litigation, to retain or direct the retention of experts and other

professionals, to negotiate and approve agreements (including settlement agreements) with another party or parties in the Camshaft Litigation and any Additional Litigation, and to direct the Company to pay attorneys' fees, the fees of such experts and other professionals as may be duly retained, and any other expenses incurred by the Company in connection with the Camshaft Litigation and any Additional Litigation; and it is further

**RESOLVED**, that each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers, and to cause (i) any additional documents relating to litigation with Camshaft or the Camshaft Complaint, and (ii) any motions, complaints, and any other documents necessary relating to any Additional Litigation, to be filed; and it is further

**General Resolutions**

**RESOLVED**, that the Company's execution of any and all documents in connection with the foregoing be, and hereby is, consented to, approved, and ratified; and it is further

**RESOLVED**, that each Authorized Person be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to take all actions, and execute such further documents, as may be necessary or desirable, approving the foregoing, and any actions, including the execution of documents, taken prior to the date hereof by such persons in accordance with the foregoing are hereby consented to, approved, and ratified; and it is further

**RESOLVED**, that the execution and delivery by the Company of such documents as may be required or as the Company may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as any such Authorized Person shall approve are hereby authorized, the taking or execution thereof by such Authorized Person being conclusive evidence of the approval thereof by such Authorized Person; and it is further

**RESOLVED**, that all actions heretofore taken, and all agreements, instruments, reports and documents executed, delivered or filed through the date hereof, by any officer of the Company in, for and on behalf of the Company, in connection with the matters described in or contemplated by the foregoing resolutions, are hereby approved, adopted, ratified and confirmed in all respects as

31225842.4

the acts and deeds of the Company as of the date such action or actions were taken; and it is further

**RESOLVED**, that facsimile, .pdf copies, DocuSign, or other electronic forms of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals.

IN WITNESS WHEREOF, the undersigned sole Director of the Company, has executed this written consent to be effective as of the date first written above.

**DIRECTOR:**

*[signature]*

Name: Timothy R. Pohl

[BYJU's Alpha, Inc. – Signature Page to Director Consent (ch. 11 filing)]

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| BYJU'S ALPHA, INC.,[1] | ) |
| | ) Case No. 24-_____ |
| Debtor. | ) |
| | ) |

**CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY HOLDERS
PURSUANT TO FED. R. BANKR. P. 1007(a)(1) AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession (the "Debtor") hereby states as follows:

1. The Debtor, whose address is 16192 Coastal Highway, Lewes, Delaware 19958, is wholly owned by GLAS Trust Company LLC, whose address is 3 Second Street, Suite 206, Jersey City, NJ 07311.

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, are: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address is 16192 Coastal Highway, Lewes, Delaware 19958.

31223676.1

**Fill in this information to identify the case:**

Debtor name: **BYJU's Alpha, Inc.**

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration    **Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **February 1, 2024**     X _____
Signature of individual signing on behalf of debtor

**Timothy R. Pohl**
Printed name

**Chief Executive Officer and Director**
Position or relationship to debtor

Official Form 202    Declaration Under Penalty of Perjury for Non-Individual Debtors

31234172.1