IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| BYJU'S ALPHA, INC.,[1] ) | |
| ) | Case No. 24-10140 (JTD) |
| Debtor. ) | |
| ) | Re: Docket No. 4 |

**INTERIM ORDER (I) AUTHORIZING CONTINUED MAINTENANCE
AND USE OF PREPETITION BANK ACCOUNTS, (II) AUTHORIZING
CONTINUED USE OF EXISTING CHECKS AND BUSINESS FORMS,
(III) TEMPORARILY WAIVING THE REQUIREMENTS OF SECTION 345(b)
OF THE BANKRUPTCY CODE, AND (IV) GRANTING RELATED RELIEF**

Upon the Debtor's motion (the "Motion")[2] for entry of an interim order (this "Order") (a) authorizing and approving the Debtor's continued use of the Existing Bank Accounts, (b) authorizing the Debtor to continue using its prepetition business forms, (c) temporarily waiving strict compliance with section 345(b) of the Bankruptcy Code and certain operating guidelines related to the Debtor's bank accounts, to the extent applicable, and (d) granting related relief, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address is 16192 Coastal Highway, Lewes, Delaware 19958.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

31248260.2

consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declaration and the record of the Hearing and all the proceedings before this Court; and this Court having found and determined the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate, as contemplated by Bankruptcy Rule 6003, and such relief to be in the best interests of the Debtor, its estate and creditors, and any parties in interest; and the legal and factual bases set forth in the Motion and at the Hearing having established just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. A final hearing on the relief sought in the Motion shall be conducted on **March 6, 2024 at 3:00 p.m. (prevailing Eastern Time)**. Any objection to granting the relief requested in the Motion on a final basis shall be filed with this Court **on or before February 28, 2024 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline")** and served (with a copy to this Court's chambers), so as to be received by the Objection Deadline, upon (a) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware, 19801, Attn: Linda J. Casey (linda.casey@usdoj.gov); (b) proposed counsel for the Debtor (i) Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010, Attn: Benjamin Finestone (benjaminfinestone@quinnemanuel.com) and Daniel Holzman (danielholzman@quinnemanuel.com) and (ii) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Robert S. Brady (rbrady@ycst.com), and Kenneth J. Enos (kenos@ycst.com); (c) counsel to GLAS Trust Company

LLC, (i) Kirkland & Ellis LLP, 300 N La Salle Dr., Chicago, IL 60654, Attn: Patrick J. Nash, P.C. (pat.nash@kirkland.com), and 601 Lexington Ave., New York, NY 10022, Attn: Brian Schartz, P.C. (brian.schartz @kirklandcom), and Andrew Townsell (andrew.townsell@kirkland.com) and (ii) Pachulski Stang Ziehl & Jones, 919 N Market St # 1700, Wilmington, DE 19801, Attn: Laura Davis Jones (ljones@pszjlaw.com) and Peter J. Keane (pkeane@pszjlaw.com); and (d) any other party entitled to notice under Bankruptcy Rule 2002.  If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

3. The Debtor is authorized, in the reasonable exercise of its business judgment, to (a) designate, maintain, and continue to use, with the same account number, the Existing Bank Accounts, as identified on **Exhibit 1** attached hereto, (b) use, in their present form, checks and other documents related to the Existing Bank Accounts, and (c) treat the Existing Bank Accounts for all purposes as accounts of the Debtor as a debtor in possession.

4. The Debtor shall maintain accurate and detailed records of all transfers so as to permit all such transactions to be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions.

5. The Banks are authorized to continue to service and administer the Existing Bank Accounts as accounts of the Debtor as a debtor in possession without interruption and in the usual and ordinary course, and to receive, process, honor, and pay any and all checks and drafts drawn on, or electronic transfer requests made on, said accounts after the Petition Date by the holders or makers thereof, as the case may be; *provided*, *however*, that any check drawn or issued by the Debtor before the Petition Date may be honored by the Banks only if authorized by order of this Court.

6. Subject to the terms of this Order, the Banks are authorized to accept, honor, and rely upon all representations and directions of the Debtor with respect to whether any disbursements should be honored or dishonored pursuant to any order of this Court, whether or not such disbursements are dated before, on, or after the Petition Date. The Banks shall not be deemed in violation of this Order or any other order of this Court or have any liability to any party for honoring any disbursement: (a) at the direction of the Debtor; (b) in the good-faith belief that this Court has authorized such disbursement to be honored; or (c) as the result of an innocent mistake. To the extent that the Debtor directs that any disbursement be dishonored or the Banks inadvertently dishonor any disbursement, the Debtor may issue replacement disbursements consistent with the orders of this Court.

7. The Debtor is authorized to continue to use its existing business and correspondence forms and checks without alteration and without the designation "Debtor-in-Possession" imprinted upon them; *provided*, *however*, that within fifteen (15) days after entry of this Order, the Debtor will update any electronically produced checks to reflect its status as a debtor in possession as well as the case number for the Chapter 11 Case. Any check stock ordered after the Petition Date shall bear the legend "Debtor in Possession" and the case number for the Chapter 11 Case.

8. The Debtor is authorized to make disbursements from the Existing Bank Accounts other than by check, in a manner consistent with the Debtor's existing practices.

9. In accordance with current practice and the agreement governing the Existing Bank Accounts, the Banks are authorized to "charge back" to the Existing Bank Accounts any amounts incurred resulting from returned checks or other returned items attributable to the Existing Bank Accounts, and the Debtor is authorized to pay any service charges owed to the Banks on account

of the Existing Bank Accounts, in each case regardless of whether such items were deposited prepetition or postpetition or relate to prepetition or postpetition items.

10. Within five (5) business days after entry of this Order, the Debtor shall (a) serve a copy of this Order on each Bank and (b) request that each Bank internally code each of the Existing Bank Accounts as "debtor in possession" accounts.

11. The Debtor is granted an extension of time to comply with the requirements of section 345 of the Bankruptcy Code with respect to the Existing Bank Accounts on an interim basis for thirty (30) days; *provided*, *however*, that nothing in this Order shall affect the Debtor's ability to seek further extensions of such extension.

12. The Debtor is authorized to open any new bank accounts, including the Postpetition Bank Account, or close the Existing Bank Accounts or any other existing bank accounts as they may deem necessary and appropriate in its sole discretion as consistent with this Order; *provided*, *however*, that the Debtor give notice within fifteen (15) days thereafter to the U.S. Trustee and any statutory committee appointed in the Chapter 11 Case; *provided further*, *however*, that the Debtor shall open any such new bank account at banks that have executed a Uniform Depository Agreement with the U.S. Trustee or at such banks that are willing to immediately execute such an agreement.

13. Nothing in this Order: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtor or its estate; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or its estate, or any other party in interest, to contest the validity, priority, or amount of any claim against the Debtor or its estate; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtor or its estate, or any other party in interest, with

respect to any and all claims or causes of action against any third party; (d) shall constitute a waiver of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (e) shall be construed as a promise to pay a claim or continue any applicable program postpetition, which decision shall be in the discretion of the Debtor. Any payment made pursuant to this Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtor's or any party in interest's rights to subsequently dispute such claim.

14. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be effective and enforceable immediately upon entry hereof.

15. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

16. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17. The Debtor is authorized to take all action necessary to effectuate the relief granted in this Order.

18. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: February 8th, 2024
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE