# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BYJU'S ALPHA, INC.,[1]<br><br>               Debtor. | Chapter 11<br><br>Case No. 24-10140 (JTD) |
| BYJU'S ALPHA, INC.,<br><br>               Plaintiff,<br><br>               v.<br><br>CAMSHAFT CAPITAL FUND, LP,<br>CAMSHAFT CAPITAL ADVISORS, LLC, and<br>CAMSHAFT CAPITAL MANAGEMENT, LLC<br><br>               Defendants. | Adv. Pro. Case No. 24-50013 (JTD) |

**DEBTOR BYJU'S ALPHA, INC.'S**
**FIRST SET OF INTERROGATORIES TO THE CAMSHAFT DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure 26 and 33, as made applicable herein by Federal Rules of Bankruptcy Procedure 7026 and 7033, Debtor BYJU's Alpha, Inc. (the "Debtor") requests that Defendants Camshaft Capital Fund, LP, Camshaft Capital Advisors, LLC, and Camshaft Capital Management, LLC (collectively, "Camshaft") answer the following Interrogatories:

**DEFINITIONS, RULES OF CONSTRUCTION, AND INSTRUCTIONS**

The following Definitions, Rules of Construction, and Instructions apply to each of the following interrogatory requests (the "Interrogatories," and each an "Interrogatory").

---

[1] The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 case is: 16192 Coastal Highway, Lewes, Delaware 19958.

**DEFINITIONS**

1. BYJU's incorporates by references the Definitions set forth in *Debtor BYJU's Alpha, Inc.'s First Set of Requests for Production to the Camshaft Defendants*.

2. The word "Identify" shall mean: (a) with respect to a Person, to provide all of the following reasonably available information, to the extent applicable: (i) full name; (ii) residential and business addresses and telephone numbers; (iii) job title and employer; (iv) state of incorporation or organization; and (v) names of principal officers, managers, or partners; and, (b) with respect to a date, to provide the exact month, day, and year (*e.g.*, January 1, 2024).

**INSTRUCTIONS**

1. Each Interrogatory shall be responded to fully unless it is objected to in good faith. In the event of a good-faith objection, the reasons for such objection shall be stated with particularity. If an objection pertains only to a portion of an Interrogatory, or to a word, phrase, or clause contained within an Interrogatory, an objection to that portion only should be stated; a response to the remainder of the Interrogatory is required. If, in responding to these Interrogatories, You claim any ambiguity in an Interrogatory, Definition, or Instruction, such claim shall not be utilized as a basis for refusing to respond, but You shall set forth as part of Your response the language deemed to be ambiguous and the interpretation used in responding to the Interrogatory.

2. You are to answer each Interrogatory separately and fully, in writing and under oath, unless it is objected to. If You withhold any information falling within the scope of these Interrogatories on the basis that it is properly entitled to some privilege or other limitation of discovery, You are requested at the time of responding to these Interrogatories to state the following with respect to any such information withheld: (i) the nature of the information (*e.g.*,

conversation, letter, memo, etc.); (ii) the dates on which such information was conveyed; (iii) the names and addresses of all Persons to whom the information was conveyed; (iv) the nature of the privilege being asserted; and (v) a description of the subject matter of the information in a manner sufficient to allow it to be described to the Court for ruling on the privilege or other reason asserted. If You object to responding to any Interrogatory or fully identifying any document, electronically stored information, or any oral communication because of a privilege, You must make the claim expressly and describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection, as required by Federal Rule of Evidence 501.

3. When responding to these Interrogatories, furnish all information in Your possession, custody, or control, or in that of Your attorneys, employees, agents, or any other Person acting on Your behalf or on whose behalf You are acting.

4. Each Interrogatory shall be construed according to its own terms in accordance with these Definitions and Instructions. Although there may be some overlap, no Interrogatory should be understood to limit any other.

5. The Interrogatories shall be deemed continuing so as to require prompt amendment and supplementation.

6. The foregoing instructions are not intended to limit Your obligations under the Federal Rules of Bankruptcy Procedure or any other applicable rule, regulation, or law. As such, if any of the foregoing instructions is deemed to require the provision of less information than otherwise would be required by the Federal Rules of Bankruptcy Procedure or any other applicable rule, regulation, or law, then such other rule, regulation, or law is to govern in relevant part.

3

## **INTERROGATORIES**

1. Identify the details of each and every transfer of the Alpha Funds, including, but not limited to, the transferor and transferee and the date and exact amount of funds transferred.

2. Identify the details of each and every transfer of the Camshaft LP Interest or any other interest (whether equity or debt) that the Debtor holds or ever held in Camshaft Capital Fund, including, but not limited to, the transferor and transferee, the date and exact amount or value of the limited partnership interests (or the equivalent) in Camshaft Capital Fund transferred.

3. Identify all Persons that currently beneficially own the Camshaft LP Interest.

4. For each Person identified in response to Interrogatory No. 3, identify the exact amount or value of limited partnership interests (or the equivalent) in Camshaft Capital Fund arising from the Camshaft LP Interest that each such Person currently beneficially owns.

5. Identify the exact date(s) (by month, day, and year) on which the Debtor "transferred all of its investment interest as a limited partner in Camshaft Capital Fund to a third party" (and any affiliated Persons thereof), as referenced in Paragraph 1 of the Camshaft Corrected Complaint.

6. Identify the name of the "third party" (and any affiliated Persons thereof) referenced in Paragraph 1 of the Camshaft Corrected Complaint.

7. Identify all Persons with knowledge of the Debtor having "transferred all of its investment interest as a limited partner in Camshaft Capital Fund to a third party[,]" as referenced in Paragraph 1 of the Camshaft Corrected Complaint, and describe each such Person's knowledge.

8. Identify the exact fund(s), and any additional or subsequent funds, if the investment was transferred, redeemed, or otherwise exchanged, in which the Alpha Funds were invested and its current risk profile.

4

Dated: Wilmington, Delaware
       February 9, 2024

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Robert S. Brady*
Robert S. Brady (Del. No. 2847)
Kenneth J. Enos (Del. No. 4544)
Jared W. Kochenash (Del. No. 6557)
Timothy R. Powell (Del. No. 6894)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
rbrady@ycst.com
kenos@ycst.com
jkochenash@ycst.com
tpowell@ycst.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani (pro hac vice granted)
Benjamin Finestone (pro hac vice granted)
Daniel Holzman (pro hac vice granted)
Jianjian Ye (pro hac vice granted)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel.: (212) 849 7000
susheelkirpalani@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
danielholzman@quinnemanuel.com
jianjianye@quinnemanuel.com

Proposed Counsel for Debtor, BYJU's Alpha, Inc.