# EXHIBIT C

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| BYJU'S ALPHA, INC.,[1] ) | Chapter 11 |
| ) | |
| Debtor. ) | Case No. 24-10140 (JTD) |
| ) | |
| ) | |
| BYJU'S ALPHA, INC., ) | Adv. Pro. Case No. 24-50013 (JTD) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CAMSHAFT CAPITAL FUND, LP, ) | |
| CAMSHAFT CAPITAL ADVISORS, LLC, and ) | |
| CAMSHAFT CAPITAL MANAGEMENT, LLC ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEBTOR BYJU'S ALPHA, INC.'S
## FIRST SET OF REQUESTS FOR PRODUCTION TO THE CAMSHAFT DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, as made applicable herein by Federal Rules of Bankruptcy Procedure 7026 and 7034, Debtor BYJU's Alpha, Inc. (the "Debtor") requests that Defendants Camshaft Capital Fund, LP, Camshaft Capital Advisors, LLC, and Camshaft Capital Management, LLC (collectively, "Camshaft") produce the following documents. Each of the following requests ("Requests," and each, a "Request") is continuing in nature, such that, if Camshaft obtains or discovers additional responsive documents and items at a later date, such documents and items are to be produced to the Debtor.

---

[1] The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 case is: 16192 Coastal Highway, Lewes, Delaware 19958.

## DEFINITIONS, RULES OF CONSTRUCTION, AND INSTRUCTIONS

The following Definitions, Rules of Construction, and Instructions apply to each of the following production requests (the "Requests," and each a "Request").

### DEFINITIONS

1. The term "Alpha Funds" means the approximately $533,000,100.00 in aggregate funds transferred from the Debtor to Camshaft Capital Fund in April 2022 and July 2022.

2. The term "Camshaft" shall refer, collectively, to Camshaft Capital Fund, LP, Camshaft Capital Advisors, LLC, and Camshaft Capital Management, LLC, and any of their respective consultants, advisors, representatives, agents, attorneys, accountants, auditors, administrators, custodians, consultants, brokers, finders, employees, contractors, service providers, affiliates, and all other Persons acting or purporting to act on behalf of any of the foregoing (each, a "Related Party" and collectively, the "Related Parties").

3. The term "Camshaft Capital Fund" means Defendant Camshaft Capital Fund, LP, a Delaware limited partnership, and any of its consultants, advisors, representatives, agents, attorneys, accountants, employees, and all Persons acting or purporting to act on behalf of any of the foregoing.

4. The term "Camshaft Corrected Complaint" means the corrected version of the Complaint, filed on December 15, 2023 in *Camshaft Cap. Fund, LP v. BYJU's Alpha, Inc.*, Case No. 2023-027523-CA-01, in the Eleventh Judicial Circuit Court in Miami-Dade County, Florida.

5. The term "Camshaft LP Interest" means any limited partnership interest (or the equivalent) that the Debtor was issued by Camshaft Capital Fund in consideration for the Alpha Funds.

6. The term "Debtor" means the Debtor, BYJU's Alpha, Inc., and any of its consultants, advisors, representatives, agents, attorneys, accountants, employees, and all Persons acting or purporting to act on behalf of any of the foregoing.

7. The term "Document" shall have the same full meaning as in Federal Rule of Bankruptcy Procedure 7034 and Federal Rule of Civil Procedure 34 and includes the original, any draft (whether disseminated or not) and any copy, regardless of origin or location, of any correspondence, letter, memorandum, electronic mail (e-mail), text message, Bloomberg message, statement, summary, outline, contract, agreement, book, pamphlet, periodical, telegram, telecopy, telefax, wire, cable, record, study, report, schedule, diary, desk calendar, organizer, appointment book, photograph, reproduction, map, survey, drawing, chart, model, index, tape, data sheet or data processing card, computerized information, data base or disk (including, without limitation, hard, soft, floppy, or compact), invoice, purchase order, ledger, journal, check (front and back), check stub, note, bond, assignment, transfer, account statement, tax report, tax schedule, financial statement, workpaper, business form, timesheet, log, inventory, print-out, computer tape, and notes of meetings, conferences, conversations or telephone conversations, and any and all other written, printed, telecopied, telefaxed, transcribed, punched, taped, stored, filmed and graphic matter, however produced or reproduced, and specifically includes any preliminary note, outline, or draft of any of the foregoing in Your custody, possession, or control.

8. The term "Person" includes natural persons, partnerships, joint ventures, unincorporated associations, corporations, state, local and federal governments and subdivisions, instrumentalities and agencies thereof, and any other legal entity.

9. The term "You" and "Your" shall refer to the Person responding to these discovery requests.

10. The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests information that might otherwise be construed to be outside their scope; the singular shall include the plural and the plural shall include the singular, except as the context may otherwise dictate; the term "any" means "any and all," and the term "all" means "any and all"; the use of a verb in any tense shall be construed as the use of the verb in all other tenses; the use of the masculine includes the feminine, and the use of the feminine includes the masculine; and the word "including" means "including, without limitation."

11. The words "concerning" and "concern" each mean having any relationship or connection to, being connected to, commenting on, responding to, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, compromising identifying, discussing, evidencing, or otherwise establishing a reasonable, logical, or causal connection.

## **INSTRUCTIONS**

1. Production of Documents and items requested herein shall be made at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801.

2. These Requests shall include all Documents in the possession, custody, or control of Camshaft, or in the possession, custody or control of the present or former agents, officers, directors, employees, attorneys, partners, representatives, corporate parents, subsidiaries or affiliates thereof, or any and all persons acting on behalf of or at the direction of Camshaft or these other individuals or entities.

3. When producing the Documents, please keep all Documents segregated by the file in which the documents are contained and indicate the name of the file in which the Documents are contained and the name of the Documents being produced.

4. In producing the Documents requested, indicate the specific Request or Requests pursuant to which the Document or group of Documents is being produced. When producing the required Documents, please produce all other Documents that are clipped, stapled, or otherwise attached to any requested Document.

5. If You claim that the attorney-client privilege, attorney work product doctrine, or any other privilege applies to any Document, the production of which is called for by these Requests, then for each such Document, state, among other required information, its date, subject matter, author(s), recipient(s), custodian, and such additional information concerning the claim of privilege or work product doctrine as will permit the adjudication of the propriety of the claim of privilege.

6. If a Document or other information is stored electronically, the Document or other information shall be produced in native electronic format. In conjunction with the production of any electronically stored information, all metadata and other bibliographic or historical data that relates to such electronically stored information shall also be produced.

7. The foregoing instructions are not intended to limit Your obligations under the Federal Rules of Bankruptcy Procedure or any other applicable rule, regulation, or law. As such, if any of the foregoing instructions is deemed to require the provision of less information than otherwise would be required by the Federal Rules of Bankruptcy Procedure or any other applicable rule, regulation, or law, then such other rule, regulation, or law is to govern in relevant part.

8.     All Requests shall have a time period of January 1, 2022 to the present, unless otherwise stated or required by the Request.

**REQUESTS FOR PRODUCTION**

1.     All agreements between You and the Debtor.

2.     The "Second Amended and Restated Limited Partnership Agreement (Revised) of Camshaft Capital Fund, LP[,]" as referenced in Paragraph 19 of the Camshaft Corrected Complaint, and any other earlier or successive versions of such agreement, whether amendments, restatements, supplements, or otherwise.

3.     Documents sufficient to show the current beneficial owner of the Alpha Funds, the Camshaft LP Interest, and any other interest (whether equity or debt) in Camshaft Capital Fund that the Debtor ever was issued or received.

4.     All account records, transaction records, agreements, and financial statements of Camshaft concerning (i) the Debtor, (ii) T&L and its subsidiaries and affiliates, (iii) the "third party[,]" as referenced in Paragraph 1 of the Camshaft Corrected Complaint (and any affiliated Persons); (iv) the Alpha Funds, and any subsequent transfers, including redemptions, in respect of that money, (v) the Camshaft LP Interest or any other interest (whether equity or debt) that the Debtor owns or ever owned (directly or indirectly) in Camshaft Capital Fund, and (vi) any subsequent transfers, including redemptions, in respect of the Camshaft LP Interest, including the Debtor having "transferred all of its investment interest as a limited partner in Camshaft Capital Fund to a third party[,]" as referenced in Paragraph 1 of the Camshaft Corrected Complaint.

5.     The current register of Camshaft Capital Fund's limited partners or other equity holders and creditors.

6. Documents sufficient to show the exact fund(s) in which the Debtor and/or Camshaft initially invested the Alpha Funds and any additional or subsequent fund(s) to which the Alpha Funds were transferred, redeemed, or otherwise exchanged, along with its current risk profile.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>February 9, 2024 | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Robert S. Brady*<br>Robert S. Brady (Del. No. 2847)<br>Kenneth J. Enos (Del. No. 4544)<br>Jared W. Kochenash (Del. No. 6557)<br>Timothy R. Powell (Del. No. 6894)<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>rbrady@ycst.com<br>kenos@ycst.com<br>jkochenash@ycst.com<br>tpowell@ycst.com<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani (pro hac vice granted)<br>Benjamin Finestone (pro hac vice granted)<br>Daniel Holzman (pro hac vice granted)<br>Jianjian Ye (pro hac vice granted)<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Tel.: (212) 849 7000<br>susheelkirpalani@quinnemanuel.com<br>benjaminfinestone@quinnemanuel.com<br>danielholzman@quinnemanuel.com<br>jianjianye@quinnemanuel.com<br><br>Proposed Counsel for Debtor, BYJU's Alpha, Inc. |