# EXHIBIT D

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| BYJU'S ALPHA, INC.,[1] | ) Chapter 11 |
| | ) |
|            Debtor. | ) Case No. 24-10140 (JTD) |
| | ) |
| BYJU'S ALPHA, INC., | ) Adv. Pro. Case No. 24-50013 (JTD) |
|            Plaintiff, | ) |
| | ) |
|            v. | ) |
| | ) |
| CAMSHAFT CAPITAL FUND, LP, | ) |
| CAMSHAFT CAPITAL ADVISORS, LLC, and | ) |
| CAMSHAFT CAPITAL MANAGEMENT, LLC | ) |
| | ) |
|            Defendants. | ) |
| | ) |

## DEBTOR BYJU'S ALPHA, INC.'S
## FIRST SET OF DISCOVERY REQUESTS TO RIJU RAVINDRAN

Pursuant to at least Federal Rules of Civil Procedure 26 and 33, as made applicable herein by Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 7026 and 7033, and/or Bankruptcy Rule 2004, Debtor BYJU's Alpha, Inc. (the "Debtor") requests that Riju Ravindran answer the following discovery requests:

## DEFINITIONS, RULES OF CONSTRUCTION, AND INSTRUCTIONS

The following Definitions, Rules of Construction, and Instructions apply to each of the following interrogatory requests (the "Interrogatories," and each an "Interrogatory").

---

[1] The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 case is: 16192 Coastal Highway, Lewes, Delaware 19958.

## **DEFINITIONS**

1. The term "Alpha Funds" means the approximately $533,000,100.00 in aggregate funds transferred from the Debtor to Camshaft Capital Fund in April 2022 and July 2022.

2. The term "Camshaft Capital Fund" means Defendant Camshaft Capital Fund, LP, a Delaware limited partnership, and any of its consultants, advisors, representatives, agents, attorneys, accountants, employees, and all Persons acting or purporting to act on behalf of any of the foregoing.

3. The term "Camshaft LP Interest" means any limited partnership interest (or the equivalent) that the Debtor was issued by Camshaft Capital Fund in consideration for the Alpha Funds.

4. The term "Debtor" means the Debtor, BYJU's Alpha, Inc., and any of its consultants, advisors, representatives, agents, attorneys, accountants, employees, and all Persons acting or purporting to act on behalf of any of the foregoing.

5. The word "Identify" shall mean: (a) with respect to a Person, to provide all of the following reasonably available information, to the extent applicable: (i) full name; (ii) residential and business addresses and telephone numbers; (iii) job title and employer; (iv) state of incorporation or organization; and (v) names of principal officers, managers, or partners; and, (b) with respect to a date, to provide the exact month, day, and year (*e.g.*, January 1, 2024).

6. The term "Person" includes natural persons, partnerships, joint ventures, unincorporated associations, corporations, state, local and federal governments and subdivisions, instrumentalities and agencies thereof, and any other legal entity.

7. The term "You" and "Your" shall refer to the Person responding to these discovery requests.

8.  The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests information that might otherwise be construed to be outside their scope; the singular shall include the plural and the plural shall include the singular, except as the context may otherwise dictate; the term "any" means "any and all," and the term "all" means "any and all"; the use of a verb in any tense shall be construed as the use of the verb in all other tenses; the use of the masculine includes the feminine, and the use of the feminine includes the masculine; and the word "including" means "including, without limitation."

9.  The words "concerning" and "concern" each mean having any relationship or connection to, being connected to, commenting on, responding to, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, compromising identifying, discussing, evidencing, or otherwise establishing a reasonable, logical, or causal connection.

**INSTRUCTIONS**

1.  Each Interrogatory shall be responded to fully unless it is objected to in good faith. In the event of a good-faith objection, the reasons for such objection shall be stated with particularity. If an objection pertains only to a portion of an Interrogatory, or to a word, phrase, or clause contained within an Interrogatory, an objection to that portion only should be stated; a response to the remainder of the Interrogatory is required. If, in responding to these Interrogatories, You claim any ambiguity in an Interrogatory, Definition, or Instruction, such claim shall not be utilized as a basis for refusing to respond, but You shall set forth as part of Your response the language deemed to be ambiguous and the interpretation used in responding to the Interrogatory.

2. You are to answer each Interrogatory separately and fully, in writing and under oath, unless it is objected to. If You withhold any information falling within the scope of these Interrogatories on the basis that it is properly entitled to some privilege or other limitation of discovery, You are requested at the time of responding to these Interrogatories to state the following with respect to any such information withheld: (i) the nature of the information (*e.g.*, conversation, letter, memo, etc.); (ii) the dates on which such information was conveyed; (iii) the names and addresses of all Persons to whom the information was conveyed; (iv) the nature of the privilege being asserted; and (v) a description of the subject matter of the information in a manner sufficient to allow it to be described to the Court for ruling on the privilege or other reason asserted. If You object to responding to any Interrogatory or fully identifying any document, electronically stored information, or any oral communication because of a privilege, You must make the claim expressly and describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection, as required by Federal Rule of Evidence 501.

3. When responding to these Interrogatories, furnish all information in Your possession, custody, or control, or in that of Your attorneys, employees, agents, or any other Person acting on Your behalf or on whose behalf You are acting.

4. Each Interrogatory shall be construed according to its own terms in accordance with these Definitions and Instructions. Although there may be some overlap, no Interrogatory should be understood to limit any other.

5. The Interrogatories shall be deemed continuing so as to require prompt amendment and supplementation.

6. The foregoing instructions are not intended to limit Your obligations under the Federal Rules of Bankruptcy Procedure or any other applicable rule, regulation, or law. As such, if any of the foregoing instructions is deemed to require the provision of less information than otherwise would be required by the Federal Rules of Bankruptcy Procedure or any other applicable rule, regulation, or law, then such other rule, regulation, or law is to govern in relevant part.

## INTERROGATORIES

1. Identify the details of each and every transfer of the Alpha Funds, including, but not limited to, the transferor and transferee, and the date and exact amount of funds transferred.

2. Identify all Persons that currently hold some or all of the Alpha Funds.

3. For each Person identified in response to Interrogatory No. 2, identify the exact amount of Alpha Funds that each such Person currently holds.

4. Identify the details of each and every transfer of the Camshaft LP Interest or any other interest (whether equity or debt) that the Debtor holds or ever held in Camshaft Capital Fund, including, but not limited to, the transferor and transferee, the date and the exact amount or value of the limited partnership interests (or the equivalent) in Camshaft Capital Fund transferred.

5. Identify all Persons that currently beneficially own the Camshaft LP Interest.

6. For each Person identified in response to Interrogatory No. 5, identify the exact amount or value of limited partnership interests (or the equivalent) in Camshaft Capital Fund arising from the Camshaft LP Interest that each such Person currently beneficially owns.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>February 9, 2024 | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Robert S. Brady*<br>Robert S. Brady (Del. No. 2847)<br>Kenneth J. Enos (Del. No. 4544)<br>Jared W. Kochenash (Del. No. 6557)<br>Timothy R. Powell (Del. No. 6894)<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>rbrady@ycst.com<br>kenos@ycst.com<br>jkochenash@ycst.com<br>tpowell@ycst.com<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani (pro hac vice granted)<br>Benjamin Finestone (pro hac vice granted)<br>Daniel Holzman (pro hac vice granted)<br>Jianjian Ye (pro hac vice granted)<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Tel.: (212) 849 7000<br>susheelkirpalani@quinnemanuel.com<br>benjaminfinestone@quinnemanuel.com<br>danielholzman@quinnemanuel.com<br>jianjianye@quinnemanuel.com<br><br>Proposed Counsel for Debtor, BYJU's Alpha, Inc. |