**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) |
| BYJU'S ALPHA, INC.,[1] | ) Chapter 11 |
| | ) |
| Debtor. | ) Case No. 24-10140 (JTD) |
| | ) |
| _____ | ) |
| | ) |
| BYJU'S ALPHA, INC., | ) Adv. Pro. Case No. 24-50013 (JTD) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAMSHAFT CAPITAL FUND, LP, | ) |
| CAMSHAFT CAPITAL ADVISORS, LLC, and | ) |
| CAMSHAFT CAPITAL MANAGEMENT, LLC | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MOTION OF DEBTOR FOR SHORTENING NOTICE AND**
**SCHEDULING EXPEDITED HEARING ON**
**DEBTOR'S MOTION FOR EXPEDITED DISCOVERY**
**OR, ALTERNATIVELY, FOR AN ORDER PURSUANT TO**
**BANKRUPTCY RULE 2004 AUTHORIZING EXAMINATION[2]**

The debtor-plaintiff, BYJU's Alpha, Inc. (the "Debtor"), moves (the "Motion to Shorten")

for an order substantially in the form of **Exhibit A** attached hereto (the "Proposed Order"):

(a) shortening the notice and objection periods for the *Emergency Motion of Debtor for Limited*

*Expedited Discovery or Alternatively, for an Order Pursuant to Bankruptcy Rule 2004 Authorizing*

*Examination* (the "Discovery Motion"),[3] filed contemporaneously herewith, by (i) setting the

hearing to consider the Discovery Motion **on or before February 16, 2024**, subject to the Court's

---

[1]  The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260).  The location of the Debtor's service address for purposes of this chapter 11 case is: 16192 Coastal Highway, Lewes, Delaware 19958.

[2]  The Debtor is filing identical versions of this Motion to Shorten in both its main case (Case No. 24-10140) and its adversary proceeding against the Camshaft Defendants (Adv. Pro. Case No. 24-50013).

[3]  Capitalized terms used but not defined herein have the meanings given to them in the Discovery Motion.

availability (the "Hearing"), and (ii) setting the objection deadline to the entry of the Discovery Motion to **4:00 p.m. (ET) on the date that is two (2) business days prior to the Hearing**; and (b) granting related relief.  The Debtor also confirms, pursuant to Rule 9013-1(e)(v) of the Local Rules of the U.S. Bankruptcy Court for the District of Delaware (the "Local Rules"), that the motion may be granted and an order entered without a hearing unless a timely objection is made.

In support of this Motion to Shorten, the Debtor respectfully states as follows:

## JURISDICTION

1.      The U.S. Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the U.S. District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order").  The Debtor confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(f) of the Local Rules to the entry of a final order by the Court in connection with this Motion to Shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      This is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

3.      The statutory predicates for the relief sought in this Motion to Shorten are Sections 102(1) and 105(a) of Title 11 of the U.S. Code (the "Bankruptcy Code"), as supplemented by Bankruptcy Rule 9006(c) and Local Rule 9006-1(e).

**BACKGROUND**

4.      On February 1, 2024 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues to operate its businesses as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On February 2, 2024, the Debtor filed its Complaint against the three Camshaft Defendants, who acknowledged that service had occurred by February 5, 2024.  By way of background, the Debtor incorporates the facts alleged in its Complaint by reference as if set forth herein.

6.      In the Discovery Motion, the Debtor requests an expedited schedule that would allow the Debtor to immediately serve certain targeted interrogatories and document requests, requiring Riju Ravindran and Camshaft to provide written answers to those discovery requests within five calendar days of service and, in the case of Camshaft, also complete its production of responsive documents within ten calendar days of service.

7.      As explained in the Discovery Motion, for the past five months, the Debtor's creditors, then the Debtor itself, have struggled to get a straight and complete answer from Debtor's former management about where and why they transferred $533 million after defaulting on over $1 billion in loans.  Mr. Ravindran clearly must know where the money is, because he was the Debtor's sole director and officer and his consent would have been required to facilitate the transfer of $533 million to Camshaft and likely any subsequent transactions.  He also possesses the Debtor's complete corporate records, which he continues to withhold from the Debtor. Mr. Ravindran even refused to meet and confer with the Debtor after this Court had explicitly instructed him to do so.  Thus, Mr. Ravindran should be compelled to answer targeted interrogatory questions about where the $533 million is.

8.      Similarly, Camshaft presumably knows the current location of the $533 million, as it was held in investor accounts that they control.  That money either remains in one of Camshaft's investor accounts today or it does not.  If the money is still there, Camshaft will know in whose account the funds are being held.  If the money is no longer under Camshaft's control, Camshaft must have authorized the redemption or transfer (as required by its internal procedures) and will know exactly when and where the money was moved.  Camshaft should be required to promptly provide that information.

9.      Thus, through the Discovery Motion, the Debtor seeks an order of this Court granting the Debtor leave to conduct expedited discovery and setting a schedule for that expedited discovery.

### RELIEF REQUESTED

10.      By this Motion to Shorten, the Debtor seek entry of an Order (a) shortening the notice and objection periods for the Discovery Motion, filed contemporaneously herewith, (b) setting the Hearing to consider the Discovery Motion **on or before February 16, 2024** (subject to Court availability), and (c) setting the objection deadline to the entry of the Discovery Motion to **4:00 p.m. (ET) on the date that is two (2) business days prior to the Hearing**.

### BASIS FOR RELIEF REQUESTED

11.      Section 102(1)(A) of the Bankruptcy Code provides that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances.  11 U.S.C. § 102(1)(A).  The Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

12.     Bankruptcy Rule 9006(c) provides that the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown." Fed. R. Bankr. P. 9006(c). Local Rule 9006-1 sets the default time period requiring that "all motion papers shall be filed and served . . . at least fourteen (14) days prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i).

13.     Pursuant to Federal Rule of Bankruptcy Procedure 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the Court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F. 3d 161, 171–172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings"). Likewise, Local Rule 9006-1(e) provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

14.     Here, the Debtor believes that such cause exists to shorten the time period under Bankruptcy Rule 9006-1(c) and Local Rule 9006-1(e) to consider the Discovery Motion. The Debtor and its stakeholders already have faced many months of obfuscation and delay from the targets of the potential discovery at issue. Moreover, Camshaft and the Debtor's former management, namely Mr. Ravindran, continue to ignore and disobey this Court's explicit instructions that they meet and confer with the Debtor to figure out where the $533 million is. The Debtor and its estate cannot afford more delay that would risk further actions by the Debtor's former management and representatives and/or Camshaft to hide and conceal where the $533 million—potentially the largest asset of the Debtor's estate—is currently located and avoid responsibility for their fraudulent conduct.

**CERTIFICATION PURSUANT TO LOCAL RULES 2004-1(b) AND 7026-1(d)**

15.    The Debtor's undersigned counsel certifies that it had made a reasonable effort to meet and confer with Camshaft's counsel to amicably resolve their dispute, but Camshaft's counsel refused to schedule a meet-and-confer.  On February 5, 2024, right after this Court had instructed the parties to meet and confer, the Debtor's counsel emailed Camshaft's counsel to schedule a meet-and-confer for the next morning.  Camshaft's counsel responded that "Wednesday morning should be okay."  The Debtor's counsel agreed to the Wednesday morning meet-and-confer, but Camshaft's counsel cancelled the meet-and-confer on Tuesday evening, because they "need some additional time to finalize the engagement."  The Debtor's counsel offered to meet and confer on Thursday and pointed out the inconsistency in Camshaft's counsel's excuse given its recent appearance before this Court.  Camshaft's counsel again refused to confer with the Debtor's counsel on Thursday.

16.    Similarly, on February 5, 2024, the Debtor's counsel emailed Mr. Ravindran's counsel to schedule a meet and confer to discuss, among other topics, the location of the $533 million and its beneficial and legal holder(s).  Mr. Ravindran's counsel did not respond for over 48 hours.  Finally, on February 7, 2024, Mr. Ravindran's counsel responded and refused to engage with the Debtor.  The Debtor's counsel remains willing to attempt to amicably resolve these discovery issues prior to any scheduled hearing on the Motion.

17.    Though the Debtor's counsel remains willing to attempt to amicably resolve these discovery issues prior to any scheduled hearing on the Discovery Motion, the Debtor submits that, in light of Camshaft's and Mr. Ravindran's responses, no further attempts to meet and confer would be productive or should be required at this time.

## CERTIFICATION PURSUANT TO LOCAL RULE 9006-1(e)

18.     Pursuant to Local Rule 9006-1(e), before filing this Motion to Shorten, counsel to the Debtor informed the Office of the United States Trustee, the three Camshaft Defendants, and Mr. Ravindran of its intent to request expedited relief.  The Office of the United States Trustee stated that it takes no position on this Motion to Shorten.  As of the time of filing, the three Camshaft Defendants and Mr. Ravindran have not responded to the Debtor.

## CONCLUSION

WHEREFORE, for all of these reasons, the Debtor respectfully submits that the Court should enter the Proposed Order and grant the Debtor such other and further relief as is just and proper.

Dated: February 9, 2024
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Kenneth J. Enos*
Robert S. Brady (Del. No. 2847)
Kenneth J. Enos (Del. No. 4544)
Jared W. Kochenash (Del. No. 6557)
Timothy R. Powell (Del. No. 6894)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
rbrady@ycst.com
kenos@ycst.com
jkochenash@ycst.com
tpowell@ycst.com

-and-

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani (pro hac vice forthcoming)
Benjamin Finestone (pro hac vice forthcoming)
Daniel Holzman (pro hac vice forthcoming)
Jianjian Ye (pro hac vice forthcoming)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel.: (212) 849 7000
susheelkirpalani@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
danielholzman@quinnemanuel.com
jianjianye@quinnemanuel.com

Proposed Counsel for Debtor, BYJU's Alpha, Inc.