IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BYJU'S ALPHA, INC.,[1]<br><br>             Debtor. | ) Chapter 11<br>)<br>) Case No. 24-10140 (JTD)<br>)<br>) <u>Hearing Date:</u><br>) March 6, 2024 at 3:00 p.m. (ET)<br>)<br>) <u>Objection Deadline:</u><br>) February 28, 2024 at 4:00 p.m. (ET) |

**DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS COUNSEL FOR THE DEBTOR, EFFECTIVE AS OF THE PETITION DATE**

The debtor and debtor in possession (the "<u>Debtor</u>") in this chapter 11 case (this "<u>Chapter 11 Case</u>") respectfully submits this application (this "<u>Application</u>") for the entry of an order, substantially in the form attached hereto as **Exhibit C** (the "<u>Proposed Order</u>"), pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), Rule 2014 Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), authorizing the retention and employment of Young Conaway Stargatt & Taylor, LLP ("<u>Young Conaway</u>" or the "<u>Firm</u>") as counsel for the Debtor, effective as of the Petition Date (as defined below).  In support of this Application, the Debtor relies upon the declaration of Kenneth J. Enos (the "<u>Enos Declaration</u>"), which is attached hereto as **Exhibit A**, and submits the declaration of Timothy R. Pohl (the "<u>Pohl

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is:  BYJU's Alpha, Inc. (4260).  The location of the Debtor's service address is 16192 Coastal Highway, Lewes, Delaware 19958.

31261310.3

Declaration"), which is attached hereto as **Exhibit B**. In further support of this Application, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final judgment or order with respect to this Application if it is determined that the Court would lack Article III jurisdiction to enter such final judgment or order absent consent of the parties.

2. The statutory and legal predicates for the relief sought herein are section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## BACKGROUND

3. On February 1, 2024 (the "Petition Date"), the Debtor commenced this Chapter 11 Case. The Debtor is authorized to manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committee has been appointed in this Chapter 11 Case, and no request has been made for the appointment of a trustee or an examiner. Additional information regarding the Debtor and the circumstances leading to the filing of this Chapter 11 Case is set forth in the *Declaration of Timothy R. Pohl, Director, CEO,*

31261310.3

2

*and Secretary of BYJU's Alpha, Inc., in Support of the Debtor's Chapter 11 Petition* (the "<u>First Day Declaration</u>").[2]

## RELIEF REQUESTED

4.      By this Application, the Debtor requests entry of the Proposed Order authorizing the Debtor to retain and employ Young Conaway as counsel for the Debtor, effective as of the Petition Date.

## BASIS FOR RELIEF

**I.      Young Conaway's Qualifications**

5.      The Debtor seeks to retain Young Conaway as its bankruptcy counsel because of the Firm's extensive knowledge, expertise, and experience in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.  The Debtor submits that Young Conaway's knowledge, expertise, and experience practicing before the Court will enable the Firm to work in an efficient and cost-effective manner on behalf of the Debtor's estate. Additionally, in preparing for this Chapter 11 Case, Young Conaway has become familiar with the Debtor and many of the potential legal issues that may arise in the context of this Chapter 11 Case. Accordingly, the Debtor believes that Young Conaway is uniquely qualified to represent it as counsel in this Chapter 11 Case.

6.      In selecting Young Conaway, the Debtor reviewed the Firm's rates, including rates for bankruptcy services, and compared them to outside law firms that the Debtor has used in the past to determine that the rates are reasonable.  Young Conaway has informed the Debtor that its current hourly rates are the Firm's standard hourly rates for work of the nature proposed herein. Young Conaway further informed the Debtor that they operate in both national and regional

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

marketplaces for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialty, the Firm's expertise, performance, reputation, the nature of the work involved, as well as other factors.

7. The Debtor supervises all legal fees and expenses to reasonably manage costs. The Debtor has procedures and policies for reviewing fees of outside counsel, and the Debtor intends to review fees in this Chapter 11 Case in accordance with such procedures and policies. The rates Young Conaway charged the Debtor as of the Petition Date are the same as the rates Young Conaway will charge the Debtor postpetition. Young Conaway has informed the Debtor (and discloses herein) that the Firm's hourly rates are subject to periodic adjustments to reflect economic and other conditions.

8. The Debtor recognizes that it is its responsibility to closely monitor the billing practices of its counsel to ensure that the fees and expenses paid by the Debtor's estate remain consistent with the Debtor's expectations and the exigencies of this Chapter 11 Case. As it did prepetition, the Debtor will continue to review and monitor professional fees and expense reimbursement requests for reasonableness.

**II.    Payment of Fees and Expenses**

9. Young Conaway will seek Court approval of its compensation and reimbursement of its actual, necessary expenses, and other charges incurred by the Firm upon the filing of appropriate applications for interim and final compensation and reimbursement pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court. The principal attorneys and paralegal presently designated to represent the Debtor, and their current standard hourly rates, are:

| Timekeeper | Title | Hourly Rate |
|---|---|---|
| Robert S. Brady | Partner | $1,400.00 |
| Kenneth J. Enos | Partner | $995.00 |
| Jared W. Kochenash | Associate | $630.00 |
| Timothy R. Powell | Associate | $630.00 |
| Brenda Walters | Paralegal | $385.00 |

10. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals from Young Conaway may from time to time also serve the Debtor in connection with the matters described herein.

11. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime. The Firm will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

12. Young Conaway was retained by the Debtor pursuant to an engagement agreement dated January 17, 2024 (the "Engagement Agreement"). On January 30, 2024, Young Conaway

received a retainer of $100,000.00 (the "Initial Retainer") in connection with the planning and preparation of initial documents and the Firm's proposed postpetition representation of the Debtor. Young Conaway received an additional retainer payment of $90,572.00 (together with the Initial Retainer, the "Retainer") on January 31, 2024. A detailed statement of Young Conaway's invoicing and payment by the Debtor is included in the Enos Declaration. Following a final reconciliation, Young Conaway is holding approximately $93,774.00 as a Retainer, which will constitute a general security retainer for postpetition services and expenses.

13. In this instance, the general security retainer is appropriate for several reasons. *See In re Insilco Techs., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003) ("Factors to be considered, include, but are not necessarily limited to (1) whether terms of an engagement agreement reflect normal business terms in the marketplace; (2) the relationship between the Debtor and the professionals, i.e., whether the parties involved are sophisticated business entities with equal bargaining power who engaged in an arms-length negotiation; [and] (3) whether the retention, as proposed, is in the best interests of the estate . . . ."); *see also In re CTC Commc'ns Grp., Inc.*, Case No. 02-12873 (PJW) (Bankr. D. Del. May 22, 2003), Hr'g Tr. 43:14–15 ("I agree and adopt wholeheartedly Judge Carey's decision in the *Insilco* case."). First, these types of retainer agreements reflect normal business terms in the marketplace. *See Insilco.*, 291 B.R. at 634 ("[I]t is not disputed that the taking of [security] retainers is a practice now common in the market place."). Second, both Young Conaway and the Debtor are sophisticated business entities that have negotiated the Retainer at arm's length. Third, the retention of Young Conaway is in the best interests of the Debtor's estate because the retention agreement and Retainer allow the Debtor to maintain the prepetition relationship established with Young Conaway. Thus, under the standards articulated in *In re Insilco Technologies, Inc.*, and adopted *In re CTC Communications Group,*

*Inc.*, the facts and circumstances of this Chapter 11 Case support the approval of the security retainer.

14. As set forth in the Enos Declaration, Young Conaway has not shared or agreed to share any of its compensation from the Debtor with any other person, other than as permitted by section 504 of the Bankruptcy Code.

### III. Services to Be Provided

15. The professional services that Young Conaway will render to the Debtor include, but shall not be limited to, the following:

    a. providing legal advice and services with respect to the Debtor's powers and duties as debtor in possession, management of its property, the Local Rules, practices, and procedures, and providing substantive and strategic advice on how to accomplish the Debtor's goals in connection with the prosecution of this Chapter 11 Case;

    b. preparing, on behalf of the Debtor, necessary applications, motions, answers, orders, reports, and other legal papers;

    c. appearing in Court and protecting the interests of the Debtor before the Court; and

    d. performing all other legal services for the Debtor that may be necessary and proper in these proceedings as counsel to the Debtor in this Chapter 11 Case.

16. By separate applications, the Debtor may seek Court approval for the retentions of other professionals.

17. These professionals will work under the direction of the Debtor. The Debtor is committed to minimizing duplication of services to reduce professional costs. To that end, the Debtor understands that Young Conaway is prepared to work closely with each professional to ensure that there is no unnecessary duplication of effort or cost.

### IV. Bankruptcy Rule 2014 Disclosure

18. To the best of the Debtor's knowledge, except as disclosed herein and in the Enos Declaration, Young Conaway has not previously represented the Debtor in litigation and advisory matters. In addition, Young Conaway has not represented the Debtor's creditors, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtor or its estate. Young Conaway is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, counsel, and associates:

    a. are not creditors, equity security holders, or insiders of the Debtor;

    b. are not and were not, within two (2) years before the Petition Date, directors, officers, or employees of the Debtor; and

    c. do not have an interest materially adverse to the interests of the Debtor's estate or of any class of the Debtor's creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtor, or for any other reason.

19. For the above reasons, the Debtor submits that Young Conaway's employment is necessary and in the best interests of the Debtor and its estate.

### **NOTICE**

20. Notice of this Application has been provided to: (a) the United States Trustee for the District of Delaware; (b) the holders of the twenty largest unsecured claims against the Debtor; (c) counsel to the lender under the Debtor's post-petition financing facility; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary. No previous motion for the relief sought herein has been made to this or any other court.

**CONCLUSION**

WHEREFORE, the Debtor requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit C**, granting the relief requested herein and such other relief as is just and proper.

Dated: February 14, 2024

                                                  */s/ Timothy R. Pohl*
                                                  Timothy R. Pohl
                                                  Director, CEO, and Secretary
                                                  BYJU's Alpha, Inc.