# EXHIBIT C

**Proposed Order**

31261310.3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| BYJU'S ALPHA, INC.,[1] ) | |
| ) | Case No. 24-10140 (JTD) |
| Debtor. ) | |
| ) | **Re: Docket No. \_\_\_\_** |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS COUNSEL FOR THE DEBTOR, EFFECTIVE AS OF THE PETITION DATE

Upon the Debtor's application (the "Application")[2] for entry of an order (this "Order"), authorizing the retention and employment of Young Conaway Stargatt & Taylor, LLP ("Young Conaway" or the "Firm") as counsel to the Debtor, effective as of the Petition Date; and due and sufficient notice of the Application having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Application and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and upon consideration of the Enos Declaration and the Boates Declaration; and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors, and other parties in interest;

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address is 16192 Coastal Highway, Lewes, Delaware 19958.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

31261310.3

and this Court finding that Young Conaway is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code because (a) Young Conaway has no connection with the Debtor, any creditors, or other parties in interest, their respective attorneys and accountants, or the U.S. Trustee or any of its employees, except as set forth in the Enos Declaration, (b) Young Conaway is not a creditor, equity security holder, or insider of the Debtor, (c) none of Young Conaway's members or employees are or were, within two (2) years of the Petition Date, a director, officer, or employee of the Debtor, and (d) Young Conaway does not hold and has neither represented nor represents an interest materially adverse to the interests of the Debtor's estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT

1. The Application is granted as set forth herein.

2. In accordance with section 327(a) of the Bankruptcy Code, the Debtor is hereby authorized to retain and employ the firm of Young Conaway as its counsel on the terms set forth in the Application, the Enos Declaration, and the Engagement Agreement, effective as of the Petition Date.

3. Young Conaway shall be entitled to allowance of compensation and reimbursement of expenses, upon the filing and approval of interim and final applications pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other orders as this Court may direct, including, without limitation, any order of this Court establishing procedures for interim compensation and reimbursement of professionals retained in this Chapter 11 Case. Young Conaway intends to, and shall, make a reasonable effort to comply with the U.S. Trustee's

requests for information and additional disclosures as set forth in the *Appendix B—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (both in connection with this Application and the interim and final fee applications to be filed by Young Conaway in the Chapter 11 Case).

4. Young Conaway shall provide ten (10) business days' notice to the Debtor and the U.S. Trustee in connection with any increase of the hourly rates listed in the Application. The U.S. Trustee and the Debtor retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5. Notwithstanding anything that may be contained in the Engagement Agreement to the contrary, the Engagement Agreement does not supersede the requirements of 11 U.S.C. § 327(a) that govern the retention of counsel for the Debtor.

6. The Debtor is authorized to take all action necessary to effectuate the relief granted in this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

31261310.3

3