# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BYJU's ALPHA, INC.,<br><br>         Debtor. | Chapter 11<br><br>Case No. 24-10140 (JTD)<br><br>**Related D.I.: 58, 64** |
| BYJU'S ALPHA, INC.,<br><br>         Plaintiff,<br><br>    v.<br><br>CAMSHAFT CAPITAL FUND, LP,<br>CAMSHAFT CAPITAL ADVISORS, LLC, and<br>CAMSHAFT CAPITAL MANAGEMENT, LLC<br><br>         Defendants. | Adv. Pro. Case No. 24-50013 (JTD)<br><br>**Related D.I.**: 7<br><br>**Hearing Date:** 2/16/2024 at 2:00 PM ET |

### CAMSHAFT DEFENDANTS' OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR LIMITED EXPEDITED DISCOVERY, OR, ALTERNATIVELY, FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING EXAMINATION[1]

The Defendants, Camshaft Capital Fund, LP, Camshaft Capital Advisors, LLC, and Camshaft Capital Management, LLC (collectively, the "Camshaft Defendants"), object to the *Debtor's Emergency Motion For Limited Expedited Discovery or, Alternatively, for an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examination* [D.I. 58, Adv. D.I. 7] (the "Motion").[2]

---

[1] The Camshaft Defendants are filing identical versions of this Objection (as defined below) in both the Debtor's main case (Case No. 24-10140) and the Debtor's adversary proceeding against them at Adv. Proc. No. 24-50013 (the "Adversary Proceeding").

[2] This Objection is also to the joinder by GLAS Trust Company LLC ("GLAS") [D.I. 64] (the joinder was only filed in the main case), which acts as the Administrative and Collateral Agent under the $1.2 billion term loan facility (the "Term Loan") entered between various lenders (the "Lenders"), the Debtor, and various affiliate-entities of the Debtor as guarantors.

\\4140-4142-8558 v1

The Motion should be denied and, in support of this objection (the "Objection"), the Camshaft Defendants state as follows:

### Introduction

1.  As a threshold matter, expedited discovery is unwarranted here because there are substantial issues on whether, as a matter of law, the Debtor properly commenced the underlying main case and the related Adversary Proceeding, and whether the Debtor can obtain the relief it seeks. This matter is a two-party dispute that was being litigated elsewhere, and there are serious questions as to whether the causes of action in the Adversary Proceeding are cognizable. The Camshaft Defendants will be moving shortly to dismiss the Adversary Proceeding, with a related request to stay discovery, and we, likewise, understand that a parallel motion will be made with respect to the main case. The Motion, therefore, is nothing more than an effort to obtain discovery without giving the Court an opportunity to determine whether the main case and the Adversary Proceeding, and the issues raised therein, are properly before it.

2.  Also, as discussed below, the Debtor engaged in forum-shopping to avoid further adverse rulings in a related Florida state court action (the "Florida Action").[3] In that case, the Debtor (through its agent, GLAS), sought the same discovery of the Camshaft Defendants as is being sought here, but GLAS abruptly dropped its claim on the eve of a hearing to determine whether discovery should proceed against the Camshaft Defendants pending resolution of their dispositive motions to dismiss. It is noteworthy that, in the Florida Action, the court had earlier denied the same request made here to expedite the same discovery. The Debtor conspicuously fails to mention the decision in the Florida Action anywhere in the Motion. These facts show that

---

[3] *See GLAS Tr. Co. LLC v. Camshaft Cap. Fund, LP*, 2023-022640-CA-01 (Fla. 11th Cir. Ct. 2023).

the Debtor is trying use the bankruptcy rules and procedures to obtain relief that it could not obtain elsewhere.

3. In addition, as a matter of comity and deference to the Florida court, this Court should not revisit here the same relief that was denied in the Florida Action.

4. Thus, the Court should deny the Motion, given the issues on whether this case, the substantive questions of law, and the expedited discovery request are properly before the Court as well as the Debtor's obvious gamesmanship in seeking relief from what it perceives as a more attractive forum.

**Factual Background**

5. GLAS is the Debtor's sole equity holder and, in coordination with the Debtor, it commenced the Florida Action on September 5, 2023. GLAS asserted the same, legally deficient fraudulent transfer claims that are advanced against the Camshaft Defendants in the Adversary Proceeding here. GLAS acknowledged in the complaint in the Florida Action (the "GLAS Complaint") that the purpose of the case was, among other things, to "ascertain what happened to [the Debtor's] money." *See* **Exhibit A**, ¶ 5. In the GLAS Complaint, GLAS indicated that it would seek "expedited discovery" of the Camshaft Defendants to determine the "identity and activities" of an alleged John Doe entity, which GLAS asserted was the recipient of "certain improper transfers or distributions" from the Camshaft Defendants sometime between January and May 2023. *See id.*, ¶¶ 9, 70.

6. To that end, on September 7, 2023, GLAS filed an *ex parte* submission seeking emergency discovery of the Camshaft Defendants on the same topics of discovery that are involved in this action. *See* **Exhibit B**, at 4 (seeking emergency discovery of Camshaft Defendants based on an "immediate need to locate the funds at issue").

7. On September 11, 2023, the Florida court initially granted expedited discovery but, on October 3, 2023, it vacated the initial decision after the Camshaft Defendants raised several troubling facts surrounding the procurement of the *ex parte* relief. See **Exhibit C**, at 31:3-7. Specifically, the Camshaft Defendants raised GLAS' failure to mention that, more than three months earlier, it had sought the same discovery in an earlier action and the request was denied, which demonstrated the lack of any emergency. See **Exhibit D**, at 3.[4] Notably, the Debtor has engaged in the same hide-the-ball tactic here.

8. On October 3, 2023, in addition to vacating the *ex parte* relief, the Florida court denied GLAS' emergency motion to compel discovery from the Camshaft Defendants and granted the Camshaft Defendants' motion to proceed with discovery on an ordinary schedule. Ex. C.

9. The Camshaft Defendants then filed dispositive motions to dismiss the GLAS Complaint and a motion to stay discovery pending resolution of those motions, which, if granted, would dispose of the case in its entirety and obviate the need for discovery. GLAS objected to the motions and argued, in opposition to the motion to stay discovery, that discovery as to the whereabouts of the money should proceed notwithstanding the motions.

10. Rather than await the outcome of those motions, which were set for hearing on February 2, 2024, the Debtor initiated this bankruptcy proceeding on February 1, 2024.

11. A comparison between the discovery sought in the Florida Action and the discovery sought here shows that there is substantial overlap. *Compare* Ex. B (RFP 1, seeking all documents sufficient to show the "amount of each [] Money Transfer" between Debtor and the Camshaft

---

[4] On May 3, 2023, the current management of the Debtor, Mr. Timothy Pohl, and GLAS, at the direction of the Lenders, took legal action against Riju Ravindran, the former manager of Debtor, seeking a declaration that Mr. Pohl had properly been put in control of the Debtor. *See GLAS Trust Company LLC et al. v. Riju Ravindran et al*, No. 2023-0488 (Del. Ch. 2023). As part of those proceedings, Mr. Ravindran disclosed that the $533 million that Debtor seeks discovery of in this Motion, had been "moved" to a non-U.S. affiliate of the Debtor. *See* Ex. D at Exhibit 1, ¶ 56. The plaintiffs then sought discovery into that transfer, including "all records of the Debtor authorizing or reflecting the transfer," which the Court denied as irrelevant to the proceedings. *Id.* at Exhibit 3, 4.

Defendants, and "any fees charged thereon[,]" the "entities involved, including the transferor and transferee," "the exact date on which each such Money Transferred occurred, [] all Persons involved in each such Money Transfer, and [] all authorizations of each such Money Transfer) *with* D.I. 58-3 (RFP 4, seeking "[a]ll account records, transaction records, agreements, and financial statements of Camshaft concerning[, *inter alia*,] the Alpha Funds [defined to mean the approximately $533,000,100.00 in aggregate funds transferred from the Debtor to Camshaft Capital Fund in April 2022 and July 2022], and any subsequent transfers, including redemptions, in respect of that money"). Indeed, in the Motion, Debtor concedes that "the requested topics of discovery" in this action are the same as those propounded in the Florida Action. Motion, ¶ 35.

12.   The only conclusion to draw from the precipitous abandonment of the Florida Action through the commencement of this bankruptcy is that GLAS and the Debtor feared an adverse outcome in state court and sought a more favorable forum. If, as the Debtor claims, there is truly a need for expedited discovery, it should have continued to pursue the discovery in the Florida Action. It is telling that the Debtor provided no explanation in the Motion for its sudden reversal of course.

## Argument

13.   The Debtor assumes that the courts will apply a "good cause" standard without discussing the other standard used by courts in this Circuit, *i.e.*, the test from *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982), which analyzes requests for discovery using factors similar to those used in determining requests for injunctive relief. *See Techtronic Indus. N. Am., Inc. v. Inventek Colloidal Cleaners, LLC*, Civ. No. 13-4255 (NLH/JS), 2013 WL 408068, at *1 (D.N.J. Aug. 13, 2013) (discussing *Notaro* and other standards). The *Techtronic* court stated that, even under the less stringent standard urged by the Debtor, the party seeking discovery must show that "the requested discovery is reasonable under the circumstances." *Id.* Under the "reasonableness"

standard, "the Court's view of the underlying merits of a claim or defense could be a relevant factor." *Id.* at *2.

14. The *Techtronic* court also warned that: "Since expedited discovery upsets the normal orderly progression of discovery, there should be a good reason to order it to occur. Otherwise, parties will expect expedited discovery in every case." *Id.*; *see also id.* at *3 ("Expedited discovery is an exception, and as an exception, carries with it several interpretive precepts. For starters, courts construe exceptions narrowly to prevent them from subsuming their corresponding rules. Overly expansive interpretations undermine the interpretive process. Similarly, courts refrain from creating exceptions to procedural rules, believing that doing so will impede rather than advance justice.") (quotation and citation omitted). In addition, courts are leery to rely too heavily on the "reasonableness" standard, because it can result in litigants using a motion to expedite to engage in a "fishing expedition," on the basis of "entirely frivolous claims" and only the "remote possibility of irreparable injury." *See, e.g.*, *Park Lawn Corp. v. PlotBox, Inc.*, No. CV 20-1484-RGA, 2021 WL 3490020 at *2 (D. Del. Aug. 9, 2021).

15. The Debtor has not carried its burden of satisfying the "reasonableness" standard for expedited discovery, for several reasons.

16. *First*, it would be improper (and a waste of resources) to require the Camshaft Defendants to engage in discovery in this matter when they have several grounds to dismiss the claims against them. The Court should allow the Camshaft Defendants (and others) to file their anticipated dispositive motions before deciding any discovery issues. *See, e.g.*, *Park Lawn*, 2021 WL 3490020 at *2 (D. Del. Aug. 9, 2021) (denying motion for expedited discovery in light of pending motion to dismiss, which, if granted, would dispose of the entire case and in the absence of any showing of injury); *Techtronic*, 2013 WL 4080648, at *3 (denying expedited discovery).

17. While the Camshaft Defendants are still formulating the arguments that they will raise in a dispositive motion and they reserve all rights as to those grounds for dismissal, it should be noted that this case presents a two-party dispute that would be more appropriately litigated in state court. *See, e.g.*, *In re Toth*, 269 B.R. 587, 590 (Bankr. W.D. Pa. 2001) ("Several courts have held that the filing of a bankruptcy petition as a litigation tactic, or to resolve what is essentially a two-party dispute, is an indication of a bad faith filing.").[5]

18. *Second*, allowing expedited discovery here would reward the Debtor for its improper behavior in seeking the same expedited discovery in the Florida Action (through GLAS), and then abruptly seeking out a new forum when it feared an adverse result in the Florida Action. The Court should not condone such an abuse of process and misuse of judicial resources. *See Carpenter Co. v. BASF SE*, 2015 WL 3755010 at *3 (D.N.J. June 16, 2015) (denying party's attempt to "circumvent" two prior discovery orders issued by a federal court which had denied the party's request for discovery and where the party then tried to obtain the same discovery through intervention in a state court proceeding).

19. *Third,* principles of comity should bar the Debtor from seeking expedited discovery here. The Florida court's decision that the same discovery was not an "emergency" warranting departure from the ordinary discovery rules should be given deference as a matter of judicial comity. *Id.* (holding that prior discovery ruling of Federal Court handling multi-district litigation should not be "disturb[ed]" on the basis of the principles of comity). Likewise, federalism concerns call for the same approach here in the context of federal and state litigation. *See Clowdis*

---

[5] The Debtor does not have any notable creditors other than the lenders acting through GLAS. *See* D.I. 1 at 5 (voluntary petition listing only GLAS among the list of creditors who have the 20 largest claims). Although Debtor's counsel suggested at the First Day hearing that there is a "possibility" that other creditors might exist, in light of the fact that Debtor is a SVP created for no reason other than to receive the loan proceeds, there is no serious contention that any other potential creditor would have anything close to the order of magnitude of claim against the Debtor that Lenders assert. **Exhibit E**, First Day Hearing Transcript, p. 23:9-14.

*v. Silverman*, 2016 WL 2621965 at * 5-6 (E.D. Va. May 5, 2016) (discussing "concerns for comity and federalism" in federal cases where there is a previously-pending proceeding where the court had issued discovery orders) (reversed, in part, on other grounds).

20.     *Fourth*, contrary to Debtor's assertion that the Camshaft Defendants will not be prejudiced as a result of this court granting expedited discovery, it is inherently prejudicial to a party to respond to discovery in a matter that is not properly brought.

21.     Finally, for the avoidance of doubt, to the extent the Debtor implies that FRBP 2004 has any relevance vis-à-vis the Camshaft Defendants, that position should be rejected *in toto*."

WHEREFORE, the Camshaft Defendants respectfully request that the Court sustain the Objection and deny the Motion.[6]

| | |
|---|---|
| Dated: February 14, 2024<br>Wilmington, DE | SAUL EWING LLP<br><br>*/s/ Evan T. Miller*<br>Evan T. Miller (No. 5364) |
| HOGAN LOVELLS US LLP<br>Christopher R. Bryant, Esq. *(admitted pro hac vice)*<br>Pieter Van Tol, Esq. *(admitted pro hac vice)*<br>Elizabeth C. Carter, Esq. *(admitted pro hac vice)*<br>390 Madison Avenue<br>New York, NY 10017<br>Tel: (212) 918-3000<br>Email: Chris.bryant@hoganlovells.com<br>       Pieter.vantol@hoganlovells.com<br>       Elizabeth.carter@hoganlovells.com | 1201 N. Market Street, Suite 2300<br>P.O. Box 1266<br>Wilmington, DE 19899<br>Tel: (302) 421-6864<br>Email: Evan.miller@saul.com<br><br>- and -<br><br>Turner N. Falk, Esq. *(pro hac vice forthcoming)* |
| - and -<br><br>HOGAN LOVELLS US LLP<br>David Massey, Esq. *(admitted pro hac vice)*<br>600 Brickell Avenue, Suite 2700<br>Miami, FL 33131<br>Tel: (305) 459-6500<br>Email: David.massey@hoganlovells.com | SAUL EWING LLP<br>Centre Square West<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102-2186<br>Tel: (215) 972-7777<br>Email: turner.falk@saul.com |

*Counsel for the Camshaft Defendants*

---

[6] Pursuant to Local Rules 9013-1(h) and 7012-1, the Camshaft Defendants hereby consent to the entry of final orders or judgments by the Court.