| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | ) |
| **DISTRICT OF DELAWARE** | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| BYJU's Alpha, Inc.,[1] | ) Case No. 24-10140 (JTD) |
| | ) |
| Debtor. | ) |
| | ) |

## NOTICE OF RULE 2004 EXAMINATION, SUBPOENA AD TESTIFICANDUM, AND SUBPOENA DUCES TECUM

**To:**

    **Riju Ravindran**

    c/o Joseph B. Cicero
    **Chipman Brown Cicero & Cole, LLP**
    **1313 North Market Street, Suite 5400**
    **Wilmington, Delaware 19801**

    c/o Sheron Korpus
    **Kasowitz Benson Torres LLP**
    **1633 Broadway**
    **New York, NY 10019**

    **PLEASE TAKE NOTICE** that, pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), BYJU's Alpha, Inc. (the "Debtor"), by and through its undersigned counsel, hereby serves this notice of Rule 2004 Examination. The Debtor intends to conduct the examination of Riju Ravindran **on or before February 29, 2024**, at a date and time to be agreed upon by the parties. The examination will be taken before an authorized court reporter or other

---

[1] The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 case is: 1000 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

1

person authorized by law to administer oaths and will be recorded by stenographic and videographic means. The examination will be taken remotely.

**PLEASE TAKE FURTHER NOTICE** that Mr. Ravindran is directed to produce the original, or a copy of, all Documents described and defined in **Schedule A** hereto to the undersigned counsel at the offices of Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, or any other location agreed upon by the parties. The documents should be produced on a rolling basis to begin as soon as feasible and to be completed by no later than **February 26, 2024**.

Dated: Wilmington, Delaware
       February 19, 2024

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Robert S. Brady*
Robert S. Brady (Del. No. 2847)
Kenneth J. Enos (Del. No. 4544)
Jared W. Kochenash (Del. No. 6557)
Timothy R. Powell (Del. No. 6894)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
rbrady@ycst.com
kenos@ycst.com
jkochenash@ycst.com
tpowell@ycst.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani (pro hac vice granted)
Benjamin Finestone (pro hac vice granted)
Daniel Holzman (pro hac vice granted)
Jianjian Ye (pro hac vice granted)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel.: (212) 849 7000
susheelkirpalani@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
danielholzman@quinnemanuel.com
jianjianye@quinnemanuel.com

Proposed Counsel for Debtor, BYJU's Alpha, Inc.

# SCHEDULE A

# DEFINITIONS

1. The term "Alpha Funds" means the approximately $533,000,100.00 in aggregate funds transferred from the Debtor to Camshaft Capital Fund in April 2022 and July 2022.

2. The term "Camshaft Capital Fund" means Camshaft Capital Fund, LP, a Delaware limited partnership, and any of its consultants, advisors, representatives, agents, attorneys, accountants, employees, and all Persons acting or purporting to act on behalf of any of the foregoing.

3. The term "Camshaft LP Interest" means any limited partnership interest (or the equivalent) that the Debtor was issued by Camshaft Capital Fund in consideration for the Alpha Funds.

4. The term "Debtor" means the Debtor, BYJU's Alpha, Inc., and any of its directors, officers, consultants, advisors, representatives, agents, attorneys, accountants, employees, and all Persons acting or purporting to act on behalf of any of the foregoing.

5. The term "Delaware 225 Action" shall refer to *GLAS Tr. Co. v. Ravindran*, Case No. 2023-0488-MTZ (Del. Ch. Ct. 2023).

6. The term "Document" shall have the same full meaning as in Federal Rule of Bankruptcy Procedure 7034 and Federal Rule of Civil Procedure 34 and includes the original, any draft (whether disseminated or not) and any copy, regardless of origin or location, of any correspondence, letter, memorandum, electronic mail (e-mail), text message, Bloomberg message, statement, summary, outline, contract, agreement, book, pamphlet, periodical, telegram, telecopy, telefax, wire, cable, record, study, report, schedule, diary, desk calendar, organizer, appointment book, photograph, reproduction, map, survey, drawing, chart, model, index, tape, data sheet or

4

data processing card, computerized information, data base or disk (including, without limitation, hard, soft, floppy, or compact), invoice, purchase order, ledger, journal, check (front and back), check stub, note, bond, assignment, transfer, account statement, tax report, tax schedule, financial statement, workpaper, business form, timesheet, log, inventory, print-out, computer tape, and notes of meetings, conferences, conversations or telephone conversations, and any and all other written, printed, telecopied, telefaxed, transcribed, punched, taped, stored, filmed and graphic matter, however produced or reproduced, and specifically includes any preliminary note, outline, or draft of any of the foregoing in Your custody, possession, or control.

7. The term "Person" includes natural persons, partnerships, joint ventures, unincorporated associations, corporations, state, local and federal governments and subdivisions, instrumentalities and agencies thereof, and any other legal entity.

8. The term "You" and "Your" shall refer to Riju Ravindran.

9. The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests information that might otherwise be construed to be outside their scope; the singular shall include the plural and the plural shall include the singular, except as the context may otherwise dictate; the term "any" means "any and all," and the term "all" means "any and all"; the use of a verb in any tense shall be construed as the use of the verb in all other tenses; the use of the masculine includes the feminine, and the use of the feminine includes the masculine; and the word "including" means "including, without limitation."

10. The words "concerning" and "concern" each mean having any relationship or connection to, being connected to, commenting on, responding to, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, compromising

identifying, discussing, evidencing, or otherwise establishing a reasonable, logical, or causal connection.

## INSTRUCTIONS

1. You are requested to produce all Documents described below that are within Your possession, custody, or control, or in the possession, custody, or control of or any other person or entity acting or purporting to act on Your behalf.

2. If there are no Documents responsive to any particular Document request, the response shall state so in writing.

3. If You object to part of a request, You must state the basis of Your objections, and produce all Documents called for by the portion of the request to which You do not object.

4. If You claim that the attorney-client privilege, attorney work product doctrine, or any other privilege applies to any Document, the production of which is called for by these Requests, then for each such Document, state, among other required information, its date, subject matter, author(s), recipient(s), custodian, and such additional information concerning the claim of privilege or work product doctrine as will permit the adjudication of the propriety of the claim of privilege.

5. These requests shall be deemed continuing requests so as to require supplemental responses if You obtain or discover additional Documents since the time of initial production. Such supplemental Documents must be produced promptly upon discovery.

6. The foregoing instructions are not intended to limit Your obligations under the Federal Rules of Bankruptcy Procedure or any other applicable rule, regulation, or law.

7. The applicable date range for these Requests is January 1, 2022 through the present.

**DOCUMENT REQUESTS**

1.      Documents sufficient to show the current owner(s) and, to the extent different, beneficial owner(s) of the Alpha Funds, and the exact amount (in U.S. dollars) that each such Person currently owns or beneficially owns, as applicable.

2.      For each and every transfer of the Alpha Funds, Documents sufficient to show the transferor, transferee, date, exact amount of funds (in U.S. dollars) transferred, and current location.

3.      Documents sufficient to show the current beneficial owner(s) of the Camshaft LP Interest and the exact amount or value of limited partnership interests (or the equivalent) in Camshaft Capital Fund arising from the Camshaft LP Interest that each such Person currently beneficially owns.

4.      For each and every transfer of the Camshaft LP Interest, or any other interest (whether equity or debt) that the Debtor holds or ever held in Camshaft Capital Fund, Documents sufficient to show the transferor, transferee, date, and the exact amount or value of the limited partnership interests (or the equivalent) in Camshaft Capital Fund transferred.

**5.**      Your deposition transcript and declarations in the Delaware 225 Action, and any other sworn testimony by You (including any exhibits referenced therein), whether in the form of depositions, declarations, affidavits, or otherwise, concerning the Alpha Funds or the Camshaft LP Interest.

**CERTIFICATE OF CONFERENCE PURSUANT TO RULES 2004-1(b) AND 7026-1(d)**

The Debtor's undersigned counsel certifies that it is serving this notice pursuant to the Court's February 16, 2024 Order Granting the *Emergency Motion of Debtor for Limited Expedited Discovery or, Alternatively, for an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examination* [Dkt. 94, Adv. Dkt. 22], which authorized the Debtor to "issue a subpoena to Non-party Mr. Ravindran for an examination pursuant to Federal Rule of Bankruptcy Procedure 2004 and Federal Rule of Civil Procedure 45." Dkt. 94 at 2. The Debtor's counsel remains willing to meet and confer with Mr. Ravindran's counsel on the issues related to the Examination and Requests to reach an agreeable decision.

Dated: February 19, 2024                */s/ Robert S. Brady*
                                        Robert S. Brady (Del. No. 2847)

**CERTIFICATE OF SERVICE PURSUANT TO RULE 2004-1(d)**

The Debtor's undersigned counsel certifies that a true and correct copy of the foregoing Notice of Rule 2004 Examination, Subpoena Ad Testificandum, and Subpoena Duces Tecum were sent to counsel to Mr. Ravindran and the U.S. Trustee on February 19, 2024.

Dated: February 19, 2024   */s/ Robert S. Brady*
    Robert S. Brady (Del. No. 2847)