**UNITED STATES BANKRUPTCY COURT**　　　)
**DISTRICT OF DELAWARE**　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
In re:　　　　　　　　　　　　　　　　　　)　Chapter 11
　　　　　　　　　　　　　　　　　　　　　　　)
BYJU's Alpha, Inc.,[1]　　　　　　　　　　　)　Case No. 24-10140 (JTD)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　Debtor.　　　　　　)
_____　　　　)

## <u>NOTICE OF RULE 2004 EXAMINATION OF NEURON FUEL, INC.</u>

To:

    **Neuron Fuel, Inc.**
    **c/o Sheron Korpus**
    **Kasowitz Benson Torres LLP**
    **1633 Broadway**
    **New York, NY 10019**

    **PLEASE TAKE NOTICE** that, pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the U.S. Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), BYJU's Alpha (the "<u>Debtor</u>"), by and through its undersigned counsel, hereby serves this notice of Rule 2004 Examination (the "<u>Examination</u>").

    **PLEASE TAKE NOTICE** that Neuron Fuel, Inc. ("<u>Neuron Fuel</u>") is directed to produce the original, or a copy of, all Documents and Communications responsive to the Requests for Production listed in **<u>Exhibit A</u>** hereto to the undersigned counsel at the offices of **Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801**, or at such other mutually-agreeable location.  The documents should be produced on a rolling basis to begin as soon as feasible and to be completed on or before **May 15, 2024**.

---

[1]    The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260).  The location of the Debtor's service address for purposes of this Chapter 11 case is:  1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

**PLEASE TAKE NOTICE** that the Debtor, by and through its undersigned counsel, will take the oral examination of the person or persons designated by Neuron Fuel as most knowledgeable on the Topics for Examination listed in **<u>Exhibit A</u>**.  The person or persons so designated by Neuron Fuel is commanded to appear at a mutually-agreeable date and time; provided however, that such examination shall take place no later than **May 29, 2024**.  The examination will take place at the offices of  **Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801**, or at such other mutually-agreeable location, and will continue from day to day until completed.  The examination will be taken before a court reporter authorized by law to administer oaths and may be videotaped.

Dated: Wilmington, Delaware
April 24, 2024

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Kenneth J. Enos*
Robert S. Brady (Del. No. 2847)
Kenneth J. Enos (Del. No. 4544)
Jared W. Kochenash (Del. No. 6557)
Timothy R. Powell (Del. No. 6894)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
rbrady@ycst.com
kenos@ycst.com
jkochenash@ycst.com
tpowell@ycst.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani (*pro hac vice* granted)
Benjamin Finestone (*pro hac vice* granted)
Daniel Holzman (*pro hac vice* granted)
Jianjian Ye (*pro hac vice* granted)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel.: (212) 849 7000
susheelkirpalani@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
danielholzman@quinnemanuel.com
jianjianye@quinnemanuel.com

Counsel for Debtor, BYJU's Alpha, Inc.

**EXHIBIT A**

**DEFINITIONS**

1.      The term "<u>Communication</u>" shall mean the transmittal of information, in the form of facts, ideas, inquiries, or otherwise, and any response thereto, and therefore includes, but is not limited to, any telephone conversation, face-to-face meeting or conversation, visit, conference, internal or external discussion, emails, texts, electronic data rooms, file sharing, or other similar forms of electronic communication, or exchange of a document or documents.  A request for all documents concerning any communication among or between specified parties includes a request for any communication among or between such parties, whether or not such communication included or was directed to any other person.

2.      The term "<u>Credit Agreement</u>" shall mean the Credit and Guaranty Agreement dated as of November 24, 2021, as amended from time to time.

3.      The term "<u>Debtor</u>" shall mean the Debtor, BYJU's Alpha, Inc., and any of its directors, officers, consultants, advisors, representatives, agents, attorneys, accountants, employees, and all Persons acting or purporting to act on behalf of any of the foregoing.

4.      The term "<u>Document</u>" shall have the same full meaning as in Federal Rule of Bankruptcy Procedure 7034 and Federal Rule of Civil Procedure 34 and includes the original, any draft (whether disseminated or not) and any copy, regardless of origin or location, of any correspondence, letter, memorandum, electronic mail (e-mail), text message, Bloomberg message, statement, summary, outline, contract, agreement, book, pamphlet, periodical, telegram, telecopy, telefax, wire, cable, record, study, report, schedule, diary, desk calendar, organizer, appointment book, photograph, reproduction, map, survey, drawing, chart, model, index, tape, data sheet or data processing card, computerized information, data base or disk (including, without limitation,

hard, soft, floppy, or compact), invoice, purchase order, ledger, journal, check (front and back), check stub, note, bond, assignment, transfer, account statement, tax report, tax schedule, financial statement, workpaper, business form, timesheet, log, inventory, print-out, computer tape, and notes of meetings, conferences, conversations or telephone conversations, and any and all other written, printed, telecopied, telefaxed, transcribed, punched, taped, stored, filmed and graphic matter, however produced or reproduced, and specifically includes any preliminary note, outline, or draft of any of the foregoing in Your custody, possession, or control.

5.      The term "Loan Parties" shall mean T&L, BYJU's Alpha, Inc., and any party to the Onshore Guarantee Deed or party that provided a Guaranty of the Obligations, as specified on pages 26 and 35 of the Credit Agreement, including BYJU's Pte Ltd., EPIC! Creations, Inc. ("Epic"), Great Learning Education Private Ltd., Neuron Fuel, Inc. ("Neuron Fuel"), and Tangible Play, Inc. ("Tangible Play").

6.      The term "Person" includes natural persons, partnerships, joint ventures, unincorporated associations, corporations, state, local and federal governments and subdivisions, instrumentalities and agencies thereof, and any other legal entity.

7.      The term "T&L" shall refer to the entity Think and Learn Private Ltd. and any of its directors, officers, consultants, advisors, representatives, agents, attorneys, accountants, employees, and all Persons acting or purporting to act on behalf of any of the foregoing.

8.      The term "You" and "Your" shall refer to the Person responding to these discovery requests.

9.      Whenever necessary to bring within the scope of these requests any information that otherwise might be construed to be outside the scope, (a) "including" shall be read as "including but not limited to"; (b) the present tense shall include the past tense and future tense,

the past tense shall include the present tense and future tense, and the future tense shall include the past tense and present tense; (c) the terms "and," "or," and "and/or" shall be interpreted liberally, as conjunctive, disjunctive, or both depending on the context, so that the fullest disclosures of information is achieved; (d) "all" and "any" shall mean "any and all;" (e) reference to any gender includes the other gender; and (f) any term stated in the singular includes the plural and vice versa.

10.     The words "concerning" and "concern" each mean having any relationship or connection to, being connected to, commenting on, responding to, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, compromising identifying, discussing, evidencing, or otherwise establishing a reasonable, logical, or causal connection.

## INSTRUCTIONS

1.     You are requested to produce all Documents described below that are within Your possession, custody, or control, or in the possession, custody, or control of or any other person or entity acting or purporting to act on Your behalf.

2.     Electronically stored information ("ESI") should be produced in its native format, and all metadata and other bibliographic or historical data that relates to such electronically stored information shall also be preserved and produced.

3.     You must produce entire Documents including attachments, enclosures, cover letters, memoranda, and appendices. Documents not otherwise responsive to this request are to be produced if such Documents are attached to, or enclosed with, any Document that is responsive. Examples of such Documents include email attachments, routing slips, transmittal memoranda or letters, comments, evaluations, or similar Documents. In the case of email attachments, if either

the email or any of its attachments is responsive, produce the email and all of the corresponding attachments.

4.      If You object to part of a request, You must state the basis of Your objections, and produce all Documents called for by the portion of the request to which You do not object.

5.      If there are no Documents responsive to any particular Document request, the response shall state so in writing.

6.      If You claim that the attorney-client privilege, attorney work product doctrine, or any other privilege applies to any Document, the production of which is called for by these requests, then for each such Document, state, among other required information, its date, subject matter, author(s), recipient(s), custodian, and such additional information concerning the claim of privilege or work product doctrine as will permit the adjudication of the propriety of the claim of privilege.

7.      The fact that a Document is or has been produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

8.      These requests shall be deemed continuing requests so as to require supplemental responses if You obtain or discover additional Documents after Your initial production.  Such supplemental Documents must be produced promptly upon discovery.  The Debtor specifically reserves the right to make additional requests and to seek supplementary responses and the additional supplementary production of Documents.

9.      The foregoing instructions are not intended to limit Your obligations under the Federal Rules of Bankruptcy Procedure or any other applicable rule, regulation, or law.  As such, if any of the foregoing instructions is deemed to require the provision of less information than

otherwise would be required by the Federal Rules of Bankruptcy Procedure or any other applicable rule, regulation, or law, then such other rule, regulation, or law is to govern in relevant part.

10.     Unless otherwise stated in a specific request, these requests seek responsive information and Documents authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed, relating to, or in effect during the period of November 24, 2021 through the present.

## REQUESTS FOR PRODUCTION

1.     **Agreements.**  All agreements between You and the Debtor.

2.     **Books and Records.**  All books and records of the Debtor in Your possession.

3.     **Transfer of Funds.**  Documents and Communications sufficient to show each and every transfer of funds, including their amounts, between or among You, on the one hand, and the Debtor and/or any of the other Loan Parties, on the other hand.

4.     **Documents and Communications concerning Transfers.**  All Documents and Communications concerning each and every transfer of funds from the Debtor to any of the other Loan Parties, including Documents and Communications concerning any consideration provided by You to the Debtor in exchange for any such transfers.

5.     **Audited Financials.**  Your audited financial statements for any period of time on or after November 24, 2021.

6.     **Unaudited Financials.**  Your unaudited financial statements, including balance sheets, income statements, and cash flow statements, for any period of time on or after November 24, 2021.

7.     **Aging Report.**  Documents sufficient to show Your current accounts payable segmented by creditor, and a schedule of aging that identifies which accounts payable are overdue.

8.    **Valuations.**  Documents sufficient to show any potential valuations of Your business or assets.

9.    **Offers and Indications of Interest.**  All offers, counteroffers, or other indications of interest concerning the purchase of any assets or interests in Neuron Fuel.

10.    **Guaranty.**  All Documents and Communications concerning Your guaranty obligations under the Credit Agreement, including Your satisfaction or not of those obligations following the acceleration of the Debtor's term loans on March 3, 2023.

11.    **Cash and Liquidity.**  Your current cash balances, and actual and potential liquidity sources.

12.    **Organizational Charts.**  Your organizational charts from November 24, 2021 through the present.

13.    **Organizational Structure.**  Documents sufficient to show Your current corporate organization structure, and Documents sufficient to show all of Your directors and officers since November 24, 2021, including each such Person's start and end date, as applicable, as a director or officer.

14.    **Governance.**  Your corporate governance documents, including Your articles of incorporation and any amendments thereto, Your bylaws and any amendments thereto, and a list of Your current shareholder(s).

15.    **Secured Creditors.**  Documents sufficient to show Your 30 largest secured creditors at present, and the current amount due to each such creditor.

16.    **Unsecured Creditors.**  Documents sufficient to show Your 30 largest unsecured creditors at present, and the current amount due to each such creditor.

17.     **Intercompany Balances.** Documents sufficient to show Your intercompany balances and indebtedness.

18.     **Sales Communications.**  All Documents and Communications with any potential purchaser or with Think & Learn Private Ltd. and/or its representatives regarding the sale of any assets or interests in Neuron Fuel.

19.     **Consents**.  All consents issued by Your board of directors relating to the sale of any of the assets or interests in Neuron Fuel.

20.     **Earnings Reports.**  Documents and Communications sufficient to show any quality of earnings reports prepared in connection with the sales process of Neuron Fuel.

21.     **Headcount.**  Documents and Communications sufficient to show changes in headcount of Neuron Fuel's employees.

## TOPICS FOR EXAMINATION

1.      **Agreements.**  All agreements between You and the Debtor.

2.      **Transfer of Funds.**  All transfers or other transactions between or among You, on the one hand, and the Debtor and/or any of the other Loan Parties, on the other hand, including (i) the reason for such transactions, (ii) the Persons involved in, or with knowledge of, such transactions, and (iii) the consideration exchanged for such transactions.

3.      **Financial Health.**  Your current and projected future financial performance and financial health, including (i) cash flow projections and (ii) Your solvency, capitalization, and ability to pay debts as they come due.

4.      **Creditors.**  Your 30 largest creditors, the current amount due to each such creditor, and how long such amounts have been outstanding.

5.      **Valuations.**  The valuation of Your business and assets.

6.      **Offers And Indication of Interest.**  All offers, counteroffers, or other indications of interest concerning the purchase of any assets or interests in Neuron Fuel.

7.      **Organizational And Corporate Structure.**  Your corporate organizational structure, and the current and former officers and directors of Neuron Fuel.

8.      **Governance.**  Your corporate governance structure, including T&L's role in Your governance and decision-making.