**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BYJU'S ALPHA, INC.,[1]<br><br>                Debtor. | )<br>)<br>)  Chapter 11<br>)<br>)  Case No. 24-10140 (JTD)<br>)<br>)<br>)  Hearing Date: TBD (if necessary)<br>)  Obj. Deadline: May 14, 2024 at 4:00 p.m. (ET)<br>) |

**DEBTOR'S MOTION FOR AN ORDER, PURSUANT TO BANKRUPTCY RULES 9006 AND 9027, EXTENDING THE PERIOD WITHIN WHICH THE DEBTOR MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452**

The above-captioned debtor and debtor in possession (the "Debtor") hereby files this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the period within which the Debtor may remove actions pursuant to 28 U.S.C. § 1452 by ninety (90) days, through and including July 30, 2024. In support of this Motion, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and, under Local Rule 9013-1(f), the Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 Case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

31590150.2

consistent with Article III of the United States Constitution. Venue of this case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested herein are Bankruptcy Rules 9006 and 9027.

## BACKGROUND

3. On February 1, 2024 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code (this "Chapter 11 Case") in the Court. The Debtor is authorized to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committee has been appointed in this Chapter 11 Case, and no request has been made for the appointment of a trustee or an examiner. Additional information regarding the Debtor, its capital structure, and the circumstances leading to the filing of this Chapter 11 Case is set forth in the *Declaration of Timothy R. Pohl, Director, CEO, and Secretary of BYJU's Alpha, Inc., in Support of the Debtor's Chapter 11 Petition* [Docket No. 3] (the "First Day Declaration").[2]

## RELIEF REQUESTED

4. Currently, May 1, 2024, is the deadline for the Debtor to file notices of removal pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 (the "Current Removal Deadline"). By this Motion, the Debtor requests the Court to enter the Proposed Order further extending the period within which the Debtor may remove actions and related proceedings by

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

31590150.2

2

ninety (90) days, through and including July 30, 2024, without prejudice to the rights of the Debtor and its estate to seek further extensions of the Current Removal Deadline and related proceedings.[3]

## BASIS FOR RELIEF

5. Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions. Specifically, section 1452(a) provides that:

> [a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Bankruptcy Rule 9027(a)(2) further provides, in pertinent part that:

> [i]f the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed in the bankruptcy court only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

6. Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time periods, such as the Debtor's removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

---

[3] Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the filing of this Motion prior to the expiration of the Current Removal Deadline shall automatically extend the Current Removal Deadline until the Court acts on this Motion without the necessity for entry of a bridge order.

31590150.2

3

*Id.* at 9006(b)(1). Accordingly, the Court is authorized to grant the relief requested herein. *See Raff v. Gordon*, 58 B.R. 988, 990-91 (Bankr. E.D. Pa. 1986) (stating that the period in which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (same); *see also Doan v. Loomis (In re Fort Dodge Creamery Co.)*, 117 B.R. 438, 442-43 (Bankr. N.D. Iowa 1990) (implying that the time period in which a removal motion may be filed may be extended pursuant to Bankruptcy Rule 9006); *In re Boyer*, 108 B.R. 19, 26 (Bankr. N.D.N.Y. 1988) (same).

7. The Debtor may be a party to actions currently pending in other courts (collectively, the "Actions"), and believes that it is prudent to seek an extension of the time established by Bankruptcy Rule 9027 to protect the rights of the Debtor and its estate to remove any such Actions.

8. Since the commencement of this Chapter 11 Case, the Debtor has worked diligently to ensure a smooth transition into chapter 11, and to preserve and maximize the value of the Debtor's estate for the benefit of all stakeholders. To that end, the Debtor has, among other things, obtained entry of interim and final orders approving the Debtor's post-petition financing; retained professionals; handled various other tasks related to the administration of the Debtor's estate and this Chapter 11 Case; and, most importantly, diligently prosecuted its complaint (and related ancillary disputes and proceedings) against Camshaft Capital Fund and its affiliates, Riju Ravindran, Inspilearn, and Think and Learn Private Limited.

9. As a result of the foregoing efforts and various others, the Debtor has not had sufficient time to determine if any Action should be removed pursuant to Bankruptcy Rule 9027(a). Accordingly, the Debtor submits that extending the Current Removal Deadline is in the

31590150.2

best interests of the Debtor, its estate and creditors.  The extension sought will afford the Debtor an opportunity to make more fully informed decisions concerning the removal of any Action, and will assure that the Debtor and its estate do not forfeit the valuable rights afforded to it under 28 U.S.C. § 1452.  Furthermore, the Debtor submits that granting the extension requested herein will not prejudice the rights of any other parties to the Actions because such parties may not prosecute them absent relief from the automatic stay.  In addition, nothing herein will prejudice any party to an Action that the Debtor may ultimately attempt to remove from seeking the remand of such action under 28 U.S.C § 1452(b) at the appropriate time.

10. For the reasons set forth above, the Debtor submits that extending the Current Removal Deadline through and including July 30, 2024, is necessary, prudent and in the best interests of the Debtor, its estate and creditors.

## **NOTICE**

11. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to GLAS; (c) all known parties to the Actions and their counsel, if known; and (d) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

31590150.2

**CONCLUSION**

WHEREFORE, the Debtor respectfully requests entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: April 30, 2024
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Kenneth J. Enos*
Robert S. Brady (Del. No. 2847)
Kenneth J. Enos (Del. No. 4544)
Jared W. Kochenash (Del. No. 6557)
Timothy R. Powell (Del. No. 6894)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
rbrady@ycst.com
kenos@ycst.com
jkochenash@ycst.com
tpowell@ycst.com

-and-

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani (admitted pro hac vice)
Benjamin Finestone (admitted pro hac vice)
Daniel Holzman (admitted pro hac vice)
Jianjian Ye (admitted pro hac vice)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel.: (212) 849 7000
susheelkirpalani@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
danielholzman@quinnemanuel.com
jianjianye@quinnemanuel.com

Counsel for the Debtor