**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) <br> ) <br> BYJU'S ALPHA, INC.,[1] ) Chapter 11 <br> ) <br> Debtor. ) Case No. 24-10140 (JTD) <br> ) <br> ) <br> ) Hearing Date: July 9, 2024 at 1:00 p.m. (ET) <br> ) Obj. Deadline: June 26, 2024 at 4:00 p.m. (ET) <br> ) | |

**DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING
THE EMPLOYMENT AND RETENTION OF KEYSTONE PARTNERS
AS INDIAN COUNSEL EFFECTIVE AS OF MAY 22, 2024**

The above-captioned debtor and debtor in possession (the "Debtor") hereby files this application (this "Application") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 327(e), 328(a), and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) authorizing the Debtor to employ and retain Keystone Partners, Advocates and Solicitors ("Keystone Partners"), as Indian counsel, effective as of May 22, 2024 (the "Engagement Date"), and in accordance with the terms and conditions set forth in the engagement letter, dated May 23, 2024 (the "Engagement Letter"),[2] a copy of which is attached as Exhibit 1 to the Proposed Order, and (b) granting related relief. In support of this Application

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address is 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

[2] The summaries of the Engagement Letter contained in this Application are qualified in their entirety by the provisions of the Engagement Letter. To the extent anything in this Application is inconsistent with the Engagement Letter, the terms of the Engagement Letter shall control. Capitalized terms used but not otherwise defined in this Application shall have the meanings ascribed to such terms in the Engagement Letter.

and pursuant to Bankruptcy Rule 2016, the Debtor submits the declaration of Anupama Hebbar (the "Hebbar Declaration"), attached hereto as **Exhibit B**. In further support of this Application, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final judgment or order absent consent of the parties.

2. The statutory and legal bases for the relief requested by this Application are sections 327(e), 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1.

## BACKGROUND

3. On February 1, 2024 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code (this "Chapter 11 Case") in the Court. The Debtor is authorized to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committee has been appointed in this Chapter 11 Case, and no request has been made for the appointment of a trustee or an examiner. Additional information regarding the Debtor, its capital structure, and the circumstances leading to the filing of this Chapter 11 Case is set forth in the *Declaration of Timothy R. Pohl, Director, CEO, and Secretary*

31696592.5

*of BYJU's Alpha, Inc., in Support of the Debtor's Chapter 11 Petition* [Docket No. 3] (the "First Day Declaration").

4. As the Court is aware, the Debtor commenced an adversary proceeding (the "Adversary Proceeding") against, among others, Think and Learn Private Limited ("Think & Learn"), to locate, secure, and obtain the return of approximately $533 million that was fraudulently transferred by the Debtor prior to the Petition Date. On May 15, 2024, Think & Learn commenced a lawsuit against the Debtor before the Honorable City Civil Judge at Place: Bengaluru, O.S. No. 3399/2024 (the "Indian Lawsuit") seeking to enjoin the Debtor from taking any further action against Think & Learn in relation to or arising out of the matters in dispute in this Chapter 11 Case, including prosecution of the Adversary Proceeding.

5. To effectively protect its rights in the Indian Lawsuit, the Debtor requires the services of experienced Indian counsel and therefore requests the Court approve its retention of Keystone Partners.

**KEYSTONE PARTNERS' QUALIFICATIONS**

6. With three offices in Bengaluru, Mumbai, and New Delhi, Keystone Partners is a globally recognized Indian specialist dispute resolution law firm with offices across India. Keystone has substantial expertise in Indian and international arbitration, as well as civil and commercial litigation. Keystone Partners has been ranked in Chambers and Partners for Dispute Resolution since 2021, with Senior Partner Mr. Pradeep Nayak ranked in Band 1 and Partner Ms. Anupama Hebbar ranked as an up-and-coming lawyer. Additionally, Keystone Partners has been ranked by Benchmark Litigation since 2020 in 8 practice areas, and Mr. Pradeep Nayak and Ms. Anupama Hebbar have been ranked as Litigation stars. Finally, Ms. Anupama Hebbar has been ranked in 2024 as a "Top 40 under 40" litigator in Asia Pacific and had been ranked as one of the top 100 women in litigation in 2020.

## SERVICES TO BE PROVIDED

7.      Pursuant to the Engagement Letter, the Debtor seeks to retain Keystone Partners to: (a) advise on strategy; (b) draft correspondence, notices, and pleadings, and (c) appear before the Indian court in connection with the Indian Lawsuit.  The Debtor believes that Keystone Partners' services will not duplicate the services that other professionals will be providing to the Debtor in this Chapter 11 Case.  Keystone Partners will carry out unique functions and will use reasonable efforts to coordinate with the Debtor's other retained professionals to avoid the unnecessary duplication of services.

## PROFESSIONAL COMPENSATION

8.      As provided by the Engagement Letter, and subject to Court approval, (a) Keystone Partners' fees will be based on the rates generally charged for those Keystone Partners' professionals involved as set forth in the Fee Structure attached to the Engagement Letter as Annexure A, as adjusted over the period of the engagement, and (b) the Debtor will reimburse Keystone Partners for any third-party charges and other costs incurred and paid by Keystone Partners in connection with its services under the Engagement Letter.  It is Keystone Partners' policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.  It is also Keystone Partners' policy to charge its clients only the amount actually incurred by Keystone Partners in connection with such items.

9.      During the course of this Chapter 11 Case, Keystone Partners will apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in this Chapter 11 Case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in this

31696592.5

Chapter 11 Case governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.

### COMPENSATION RECEIVED BY KEYSTONE PARTNERS FROM THE DEBTOR

10. As set forth in the Hebbar Declaration, (a) Keystone Partners did not render any services for the Debtor prior to the Petition Date, (b) Keystone Partners did not receive any payments or compensation prior to the Petition Date, and (c) Keystone Partners is not a creditor of the Debtor.

### KEYSTONE PARTNERS' DISINTERESTEDNESS

11. To the best of Keystone Partners' knowledge, and as disclosed in the Hebbar Declaration, the partners, counsel, and associates of Keystone Partners (a) do not have any connection with any of the Debtor, its affiliates, its creditors, any other party in interest, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") or any person employed in the office of the same, or any judge in the Court or any person employed in the offices of the same; (b) are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and (c) do not hold or represent any interest adverse to the Debtor's estate.

12. The Debtor understands that Keystone Partners will continue to conduct periodic conflicts analyses to determine whether any conflicts or other disqualifying circumstances exist or arise. If any relevant facts or relationships are discovered, Keystone Partners will promptly file a supplemental declaration as required by Bankruptcy Rule 2014(a).

### RELIEF REQUESTED

13. By this Application, the Debtor seeks entry of the Proposed Order (a) authorizing the Debtor to employ and retain Keystone Partners as its Indian counsel, effective as of the

Engagement Date, and in accordance with the terms and conditions set forth in the Engagement Letter, and (b) granting related relief.

## BASIS FOR RELIEF

14. Section 327(e) of the Bankruptcy Code provides that a debtor in possession, subject to court approval:

> [M]ay employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

15. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

16. To approve the appointment of special counsel under section 327(e), the bankruptcy court is "required to find that: '(1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, and (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate' with respect to the matter on which the attorney is to be employed." *In re Mallinckrodt PLC*, Case No. 20-12522 (JTD), 2022 WL 906462, at *4 (D. Del. Mar. 28, 2022) (alterations omitted) (quoting *Stapleton v.*

*Woodworkers Warehouse, Inc.* (*In re Woodworkers Warehouse, Inc.*), 323 B.R. 403, 406 (D. Del. 2005)).

17. An attorney not otherwise qualified to represent a debtor under section 327(a) because the attorney is not disinterested may nonetheless be employed pursuant to section 327(e). *See In re Mushroom Transp. Co.*, 486 B.R. 148, 161 (Bankr. E.D. Pa. 2013) (Section 327(e) "does not require that special counsel be 'disinterested,' as is required by general bankruptcy counsel engaged under section 327(a).") (collecting cases); *see also Meespierson Inc. v. Strategic Telecom Inc.*, 202 B.R. 845, 847 (Bankr. D. Del. 1996) ("Despite the broad provision against conflicts in § 327(a), a party may still represent the trustee or debtor by virtue of the narrow exception found in § 327(e)"); *Mallinckrodt*, Case No. 20-12522 (JTD), 2022 WL 906462, at *6 (distinguishing "a § 327(a) case about the 'disinterested' requirement that finds no analogue in § 327(e)" for purposes of retaining special counsel).

18. Moreover, section 1107(b) of the Bankruptcy Code provides that a person is not disqualified for employment by a debtor in possession under section 327 of the Bankruptcy Code solely because of such person's employment by or representation of the debtor before the commencement of the case. *See* 11 U.S.C. § 1107(b).

19. The Debtor submits that for all the reasons stated above and in the Hebbar Declaration, the retention and employment of Keystone Partners is necessary and in the best interest of the Debtor, its estate, and its creditors and should be approved. Further, as stated in the Hebbar Declaration, Keystone Partners is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327 of the Bankruptcy Code; does not hold or represent an interest adverse to the Debtor's estate; and has no connection to the Debtor, its creditors, or other parties in interest, except as may be disclosed in the Hebbar Declaration.

**NOTICE**

20. Notice of this Application will be given to: (a) the U.S. Trustee; (b) counsel to GLAS; and (c) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

**WHEREFORE**, the Debtor respectfully requests that the Court enter the Proposed Order, granting the relief requested in the Application and such other relief as may be just and proper.

Dated: June 12, 2024             Respectfully submitted,

/s/ *Timothy R. Pohl*
Timothy R. Pohl
Director, CEO, and Secretary

31696592.5