**<u>EXHIBIT A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) |
| BYJU'S ALPHA, INC.,[1] | )    Chapter 11 |
| | ) |
|                Debtor. | )    Case No. 24-10140 (JTD) |
| | ) |
| | ) |
| | )    **Ref. Docket No. ___** |
| _____ | ) |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KEYSTONE**
**PARTNERS AS INDIAN COUNSEL EFFECTIVE AS OF MAY 22, 2024**

Upon the application (the "<u>Application</u>")[2] of the Debtor for an order, (a) authorizing the Debtor to employ and retain Keystone Partners as its Indian counsel, effective as of the May 22, 2024 (the "<u>Engagement Date</u>"), and in accordance with the terms and conditions set forth in the Engagement Letter, a copy of which is attached hereto as **Exhibit 1**, and (b) granting related relief; and this Court having reviewed the Application and the Hebbar Declaration; and this Court having determined that the relief requested in the Application is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Application and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address is 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

31696592.5

venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and this Court being satisfied based on the representations made in the Application and the Hebbar Declaration that Keystone Partners is disinterested with respect to the matters on which it is to be employed; and proper and adequate notice of the Application having been provided; and it appearing that no other or further notice being necessary; and it appearing that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and this Court having determined that the relief sought in the Application is in the best interests of the Debtor and its estate; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is GRANTED as set forth herein.

2.      The Engagement Letter, attached hereto as **Exhibit 1**, is approved in all respects except as explicitly limited or modified herein.

3.      The Debtor is authorized to retain Keystone Partners as its Indian counsel, effective as of the Engagement Date, and in accordance with the terms and conditions set forth in the Application and in the Engagement Letter.

4.      Keystone Partners is authorized to provide the Debtor with the professional services described in the Application and the Engagement Letter.

5.      Keystone Partners shall apply to this Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in this Chapter 11 Case regarding professional compensation and reimbursement of expenses.

6.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon entry hereof.

7.    The Debtor and Keystone Partners are authorized to take all action necessary to implement the effectuate the relief granted in this Order.

8.    In the event of any inconsistency between the Engagement Letter, the Application, and this Order, this Order shall govern.

9.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

# EXHIBIT 1

**Engagement Letter**



**BY EMAIL**

<u>Ref No: BLR/5597/484/2024</u>                                                                          23 May 2024

To.
Byju's Alpha, Inc.
2045 N. Fremont Street
Chicago, Illinois 60614
USA
Attn:  Mr. Tim Pohl
Email id:  timrpohl@gmail.com

        Sub:      <u>Mandate for Legal Services and Terms of Engagement</u>

Dear Mr. Pohl:

I am pleased to provide hereunder the terms of engagement to retain **Keystone Partners** ('**the Firm**') for providing legal services to Byju's Alpha, Inc. **('the Client')**.

**1.      Scope of Services**

1.1.    Our services will include advise on strategy, drafting correspondence, notices and pleadings, and appearance before courts/tribunals in relation to disputes between the Client and Think and Learn Private Limited and all other such tasks as are necessary to institute/defend other legal proceedings between the parties.

**2.      Structuring of services**

2.1.    The team for the assignment will comprise of Mr. Pradeep Nayak (Senior Partner), Ms. Anupama Hebbar (Partner), Mr. Y. Sankeerth Vittal (Principal Associate) and Ms. Rose Joy (Senior Associate). Ms. Anupama Hebbar shall be the Firm's primary point of contact. The Firm may augment or reconstitute the team, if required, at all times taking care to ensure that timelines and requirements are not adversely affected.

**3.      Fees**

3.1.    For rendering services as defined in Sl. No. 1 above, we propose to invoice in accordance with the fee structure at Annexure A. These rates are applicable until 31 December 2024, and are subject to review thereafter.

**KEYSTONE PARTNERS**
ADVOCATES & SOLICITORS

3.2.    The quoted fees are exclusive of taxes (including any applicable withholding or service tax) and expenses (such as court-fees, court expenses, printing, photocopying, scanning, courier, senior counsel fees, notarial expenses, and other miscellaneous expenses), which will be charged at actual costs incurred.

3.3.    At the discretion of the firm, invoices will either be raised as and when a significant milestone is achieved in the case, or on a monthly basis. We request that all invoices and debit notes be settled within a period of no more than 15 days following any requisite approval of any such invoice by the United States Bankruptcy Court for the District of Delaware.

**4.    Other terms**

4.1.    The liability of the Firm and its partners, consultants and employees in relation to this engagement shall be limited to the legal fees (excluding expenses and any taxes) actually received by the Firm from the Client in connection with the engagement.

4.2.    Information acquired in connection with this representation shall be kept confidential, save where disclosure is required in accordance with law. The Firm may disclose its involvement as legal advisor to the Client in professional fora and in its credentials with the prior permission of the Client.

4.3.    The Firm will comply with the rules, regulations and directions of the Bar Council of India, any applicable court or any applicable regulatory or administrative authority and the terms of the present engagement must be read in consonance with these requirements.

4.4.    By entering into this engagement letter, Client is not submitting itself to personal jurisdiction in India. We appreciate your choice of Keystone Partners to serve your legal needs. As always, we assure you that all assignments will be met with the highest quality of service, with emphasis on quick and effective delivery.

Yours Sincerely,
 For **Keystone Partners**                              **Accepted by Byju's Alpha, Inc.**


**Anupama Hebbar**                              _____
Partner                                        **Timothy R. Pohl, CEO and Secretary**



**1.** Our Permanent Account Number is **AANFK7061J**.
**2.** Cheques may be issued in favour of '**Keystone Partners**'.
**3.** Online payments may be made to
'**Keystone Partners**',
Current Account No. **1611390269,**
Kotak Mahindra Bank, No. 837/1 Binnamangala 1st Stage,
Indiranagar 100 ft Road, Bangalore – 560038
**IFSC Code:** KKBK0000431



## ANNEXURE A: FEE STRUCTURE

**A.  Chamber work:**

Meetings, conferences and discussions (including briefings of senior counsel / external counsel, if required); negotiation sessions with opposing parties; review of papers; drafting of correspondence and any court petitions / applications; and research:

| Designation | Hourly rate (in USD) |
|---|---|
| Senior Partner | 400 |
| Partner | 350 |
| Principal Associate | 275 |
| Senior Associate | 225 |
| Associates (based on seniority) | 150-200 |

For any hearings or conferences requiring a lawyer to travel outside their city, we will charge a minimum of 8 hours for each day.

**B.  For court hearings / arbitration sessions (Fee per appearance, in USD):**

| | SENIOR PARTNER | PARTNER | PRINCIPAL ASSOCIATE | SENIOR ASSOCIATE | ASSOCIATE |
|---|---|---|---|---|---|
| Court / Tribunal appearances within Delhi, Mumbai and Bengaluru | 700 | 600 | 300 | 225 | 150 |
| Arbitral proceedings within Delhi, Mumbai and Bengaluru (per session of up to 4 hours) | 900 | 700 | 500 | 375 | 225 |