# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BYJU'S ALPHA, INC., [1]<br><br>           Debtor. | Chapter 11<br><br>Case No. 24-10140 (JTD)<br><br>**Hearing Date: July 9, 2024 at 4:00 p.m.**<br>**Objections Due: June 26, 2024 at 1:00 p.m.**<br>**Extended for the U.S. Trustee to July 2, 2024**<br><br>**Related to D.I. 208** |

### OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KEYSTONE PARTNERS AS INDIAN COUNSEL EFFECTIVE AS OF MAY 22, 2024 (D.I. 208)

Andrew R. Vara, the United States Trustee for Regions 3 & 9 ("U.S. Trustee"), through his undersigned counsel, files this objection (the "Objection") to the *Debtor's Application for Entry of an Order Authorizing the Employment and Retention of Keystone Partners as Indian Counsel Effective as of May 22, 2024* (D.I. 208) (the "Application"), and in support of his Objection states:

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address is 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

**PRELIMINARY STATEMENT**

1. The Application seeks to retain and employ Keystone Partners, Advocates and Solicitors ("Keystone") as the Debtor's Indian counsel, effective as of May 22, 2024. The Application should be denied because the engagement letter limits the liability of Keystone, contrary to this Court's rulings in *In re United Cos. Fin. Corp.,* 241 B.R. 521 (Bankr. D. Del. 1999) (Walrath, J.) and *In re Dailey Int'l, Inc.,* No. 99-01233 (PJW) (Bankr. D. Del. July 1999).

**JURISDICTION, VENUE AND STANDING**

2. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Application and this Objection.

3. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U. S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the U. S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U. S. Trustee as a "watchdog").

4. One of the U.S. Trustee's duties is to monitor "applications filed under section 327 of title 11 and, whenever the United States trustee deems it to be appropriate, filing with the court comments with respect to the approval of such applications[.]" 28 U.S.C. § 586(a)(3)(I).

5. Under 11 U.S.C. § 307, the U. S. Trustee has standing to be heard on the Application.

**BACKGROUND AND RELEVANT FACTS**

6. On February 1, 2024 (the "Petition Date"), the Debtor commenced this chapter 11 case by filing a petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). No official committee has been appointed in this Chapter 11 Case.

7. By the Application, the Debtor seeks to employ and retain Keystone as the Debtor's Indian counsel, effective as of May 22, 2024, in accordance with the terms and conditions set forth in the Engagement Letter, to represent it in an Indian lawsuit filed by Think and Learn Private Limited. Appl. ¶¶ 4-5.

8. In the Engagement Letter, there is a provision under "Other terms" that states:

> The liability of the Firm and its partners, consultants and employees in relation to this engagement shall be limited to the legal fees (excluding expenses and any taxes) actually received by the Firm from the Client in connection with the engagement.

Appl. Ex. 1 (Engagement Letter) [D.I. 208-2, ECF p. 7 of 9] (the "Limitation of Liability Provision").

**LAW, ANALYSIS AND ARGUMENT**

**The Limitation of Liability Provision in the Engagement Letter Is Inconsistent with the Law of this District.**

9. The Application should be denied unless the limitation of liability provision is removed. The Court "may approve some of the terms and conditions proposed in an employment application while rejecting others." *In re Federal Mogul-Global, Inc.*, 348 F.3d 390, 398-99 (3d Cir. 2003) (citing *Zolfo, Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253 (3d Cir. 1995)). *See also In re Boomerang Tube, Inc.*, 548 B.R. 69, 75 (Bankr. D. Del. 2016) ("It is the obligation of the Bankruptcy Court to approve the terms of employment of professionals, in accordance with the provisions of the Bankruptcy Code, regardless of the terms articulated in the

3

employment contract. Therefore, if the Court finds that a contract that the Debtor or the Committee negotiated is impermissible, the Court may not approve it or may modify it."); *Dailey Int'l*, 1999 WL 35140013 at *5 (Bankr. D. Del. July 1, 1999) (Walsh, J.) ("It is patently clear from §§ 327 and 328 that sophisticated parties are not entitled to dictate the terms and conditions of the engagement of professionals. Those terms and conditions are subject to the approval of the bankruptcy court in making reasoned determinations as to what is in the best interest of the estate.").

10. More than 20 years ago, in *Dailey Int'l,* Judge Walsh rejected a limitation of liability provision in connection with a debtor's application to retain the accounting firm of Ernst & Young. The engagement agreement there provided, in relevant part, that, "the total aggregate liability to the [debtor] of E & Y whether such liability is based on breach of contract, tort, strict liability, breach of warranties, failure of essential purpose or otherwise, under this Agreement **shall be limited to the fees paid by the [debtor] to E & Y** pursuant to the Agreement under which any such liability arises. In no event will E & Y be liable to the [debtor] for consequential, incidental, indirect, punitive or special damages (including loss of profits, data, business or goodwill), regardless of whether such liability is based on breach of contract, tort, strict liability, breach of warranties, failure of essential purpose or otherwise, even if advised of the likelihood of such damages." *Dailey Int'l,* 1999 WL 35140013 at *1 (emphasis added). As to that provision, Judge Walsh held, "[r]egardless of Ernst & Young's 'policy' or what it purports to be the standard practice outside of bankruptcy, I find that [the provisions at issue] are not appropriate terms and conditions for the retention of professionals in bankruptcy pursuant to 11 U.S.C. §§ 327 and 328." *Id.* at *3.

11. In *In re United Cos. Fin. Corp*, 241 B.R. 521 (Bankr. D. Del. 1999), Judge

4

Walrath indicated her agreement with Judge Walsh's reasoning in *Dailey*, stating, "[t]he original E & Y Application had numerous provisions which were subsequently determined to be inappropriate by Judge Walsh in his *Dailey* Opinion. We wholeheartedly agree with our colleague's reasoning and conclusions in the *Dailey* Opinion." *Id*. at 524.   One of those provisions was a "**cap on a liability award** that may be rendered against E & Y." *Id*. (emphasis added).

12.     Through the limitation of liability in its engagement letter in these cases, Keystone seeks to receive the kind of immunity that was rejected by this Court in *Dailey* and *United Companies*.  Keystone tried to "put a cap on a liability award that may be rendered against" it, which is the exact action that E & Y tried and failed in *Dailey* and *United Companies*.

13.     The Debtor's application to retain Keystone should be denied unless Keystone agrees that the limitation of liability provision in its engagement letter shall have no force or effect with respect to Keystone's services rendered in these bankruptcy cases, as established in *Dailey* and *United Companies*.

## RESERVATION OF RIGHTS

14.     The U.S. Trustee reserves and any all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter, substitute and/or modify this Objection, file a Motion or seek any other relief deemed appropriate and necessary, and conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent.

## CONCLUSION

**WHEREFORE,** the United States Trustee respectfully requests that this Court deny approval of the Application and grant such other relief as this Court deems just and appropriate under the circumstances.

Dated: July 2, 2024
Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**REGION THREE**

By: */s/ Linda Casey*
Linda J. Casey
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox35
Wilmington, Delaware 19801
Phone: (302) 573-6492
Fax:    (302) 573-6497
Email: linda.casey@usdoj.gov

## **CERTIFICATE OF SERVICE**

I, Linda J. Casey, hereby attest that on July 2, 2024, I caused to be served a copy of this Objection by electronic service on the registered parties via the Court's CM/ECF system and courtesy copies upon the following parties via email:

| | |
|---|---|
| YOUNG, CONAWAY, STARGATT & TAYLOR, LLP<br>Robert S. Brady<br>Kenneth J. Enos<br>Jared W Kochenash<br>Timothy R. Powell<br>1000 North King Street<br>Wilmington, DE 19801<br>Email: rbrady@ycst.com<br>kenos@ycst.com<br>jkochenash@ycst.com<br>tpowell@ycst.com | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>William Adams<br>Benjamin Finestone<br>Daniel S. Holzman<br>Susheel Kirpalani<br>Kate Scherling<br>Jianjian Ye<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>212-849-7000<br>Email: williamadams@quinnemanuel.com<br>benjaminfinestone@quinnemanuel.com<br>danielholzman@quinnemanuel.com<br>susheelkirpalani@quinnemanuel.com<br>katescherling@quinnemanuel.com<br>jianjianye@quinnemanuel.com |

*/s/Linda J. Casey, Esq.*
Linda J. Casey
