## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| BYJU'S ALPHA, INC.,[1] | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 24-10140 (JTD) |
| | ) | |
| | ) | |
| | ) | **Ref. Docket No. 208** |
| | ) | |
| | ) | |

### CERTIFICATION OF COUNSEL REGARDING *REVISED* PROPOSED ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KEYSTONE PARTNERS AS INDIAN COUNSEL EFFECTIVE AS OF MAY 22, 2024

On June 12, 2024, the above-captioned debtor and debtor in possession (the "Debtor") filed the *Debtor's Application for an Order Authorizing the Employment and Retention of Keystone Partners as Indian Counsel Effective as of May 22, 2024* [Docket No. 208] (the "Application"). Responses to the Application, if any, were required to be filed and served no later than 4:00 p.m. (ET) on June 26, 2024 (the "Objection Deadline"); provided however, the Objection Deadline was extended until July 2, 2024 at 4:00 p.m. (ET) for the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").

On July 2, 2024, the U.S. Trustee filed the *Objection of the United States Trustee to the Debtor's Application for Entry of an Order Authorizing the Employment and Retention of Keystone Partners as Indian Counsel Effective as of May 22, 2024* [Docket No. 216]. No other formal or informal responses or objections to the Application were received.

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address is 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

Following discussions with the U.S. Trustee, the Debtor has revised the proposed form of order filed with the Application, as reflected in the revised proposed order attached hereto as **Exhibit A** (the "Revised Proposed Order"). The language in the Revised Proposed Order resolves the issues raised by the U.S. Trustee. For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the proposed form of order filed with the Application is attached hereto as **Exhibit B**.

WHEREFORE, as the Debtor did not receive any objections or responses other than that described herein, and the U.S. Trustee does not object to entry of the Revised Proposed Order, the Debtor respectfully requests that the Court enter the Revised Proposed Order without further notice or hearing at the Court's earliest convenience.

Dated: July 8, 2024
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Kenneth J. Enos*
Robert S. Brady (Del. No. 2847)
Kenneth J. Enos (Del. No. 4544)
Jared W. Kochenash (Del. No. 6557)
Timothy R. Powell (Del. No. 6894)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
rbrady@ycst.com
kenos@ycst.com
jkochenash@ycst.com
tpowell@ycst.com

-and-

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani (admitted *pro hac vice*)
Benjamin Finestone (admitted *pro hac vice*)
Daniel Holzman (admitted *pro hac vice*)
Jianjian Ye (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel.: (212) 849 7000
susheelkirpalani@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
danielholzman@quinnemanuel.com
jianjianye@quinnemanuel.com

Counsel for Debtor, BYJU's Alpha, Inc.

## EXHIBIT A

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) |
| BYJU'S ALPHA, INC.,[1] | ) Chapter 11 |
| | ) |
| Debtor. | ) Case No. 24-10140 (JTD) |
| | ) |
| | ) |
| | ) **Ref. Docket No. 208** |
| | ) |
| | ) |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KEYSTONE**
**PARTNERS AS INDIAN COUNSEL EFFECTIVE AS OF MAY 22, 2024**

Upon the application (the "Application")[2] of the Debtor for an order, (a) authorizing the

Debtor to employ and retain Keystone Partners as its Indian counsel, effective as of the

May 22, 2024 (the "Engagement Date"), and in accordance with the terms and conditions set forth

in the Engagement Letter, a copy of which is attached hereto as **Exhibit 1**, and (b) granting related

relief; and this Court having reviewed the Application and the Hebbar Declaration; and this Court

having determined that the relief requested in the Application is in the best interests of the Debtor,

its estate, its creditors, and other parties in interest; and this Court having jurisdiction to consider

the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and

the *Amended Standing Order of Reference* from the United States District Court for the District of

Delaware dated as of February 29, 2012; and consideration of the Application and the relief

requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having

authority to enter a final order consistent with Article III of the United States Constitution; and

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address is 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and this Court being

satisfied based on the representations made in the Application and the Hebbar Declaration that

Keystone Partners is disinterested with respect to the matters on which it is to be employed; and

proper and adequate notice of the Application having been provided; and it appearing that no other

or further notice being necessary; and it appearing that the legal and factual bases set forth in the

Application establish just cause for the relief granted herein; and this Court having determined that

the relief sought in the Application is in the best interests of the Debtor and its estate; and after due

deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is GRANTED as set forth herein.

2.      The Engagement Letter, attached hereto as **Exhibit 1**, is approved in all respects

except as explicitly limited or modified herein.

3.      The Debtor is authorized to retain Keystone Partners as its Indian counsel, effective

as of the Engagement Date, and in accordance with the terms and conditions set forth in the

Application and in the Engagement Letter.

4.      Keystone Partners is authorized to provide the Debtor with the professional services

described in the Application and the Engagement Letter.  Keystone Partners shall apply to this

Court for allowance of compensation and reimbursement of expenses incurred after the Petition

Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules,

the Local Rules, and any orders entered in this Chapter 11 Case regarding professional

compensation and reimbursement of expenses.  Keystone Partners intends to, and shall, make a

reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures

as set forth in the *Appendix B—Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*,

effective as of November 1, 2013.

2

5.      The limitation of liability provision contained in the Engagement Letter shall have no force and effect during the pendency of the Chapter 11 Case.

6.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon entry hereof.

7.      The Debtor and Keystone Partners are authorized to take all action necessary to implement the effectuate the relief granted in this Order.

8.      In the event of any inconsistency between the Engagement Letter, the Application, and this Order, this Order shall govern.

9.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

# EXHIBIT 1



**BY EMAIL**

<u>**Ref No: BLR/5597/484/2024**</u>                                                          **23 May 2024**

To.
Byju's Alpha, Inc.
2045 N. Fremont Street
Chicago, Illinois 60614
USA
Attn:  Mr. Tim Pohl
Email id:  timrpohl@gmail.com

**Sub:    <u>Mandate for Legal Services and Terms of Engagement</u>**

Dear Mr. Pohl:

I am pleased to provide hereunder the terms of engagement to retain **Keystone Partners** ('**the Firm**') for providing legal services to Byju's Alpha, Inc. **('the Client')**.

**1.       Scope of Services**

1.1.    Our services will include advise on strategy, drafting correspondence, notices and pleadings, and appearance before courts/tribunals in relation to disputes between the Client and Think and Learn Private Limited and all other such tasks as are necessary to institute/defend other legal proceedings between the parties.

**2.       Structuring of services**

2.1.    The team for the assignment will comprise of Mr. Pradeep Nayak (Senior Partner), Ms. Anupama Hebbar (Partner), Mr. Y. Sankeerth Vittal (Principal Associate) and Ms. Rose Joy (Senior Associate). Ms. Anupama Hebbar shall be the Firm's primary point of contact. The Firm may augment or reconstitute the team, if required, at all times taking care to ensure that timelines and requirements are not adversely affected.

**3.       Fees**

3.1.    For rendering services as defined in Sl. No. 1 above, we propose to invoice in accordance with the fee structure at Annexure A. These rates are applicable until 31 December 2024, and are subject to review thereafter.

## KEYSTONE PARTNERS
### ADVOCATES & SOLICITORS

3.2.    The quoted fees are exclusive of taxes (including any applicable withholding or service tax) and expenses (such as court-fees, court expenses, printing, photocopying, scanning, courier, senior counsel fees, notarial expenses, and other miscellaneous expenses), which will be charged at actual costs incurred.

3.3.    At the discretion of the firm, invoices will either be raised as and when a significant milestone is achieved in the case, or on a monthly basis. We request that all invoices and debit notes be settled within a period of no more than 15 days following any requisite approval of any such invoice by the United States Bankruptcy Court for the District of Delaware.

**4.    Other terms**

4.1.    The liability of the Firm and its partners, consultants and employees in relation to this engagement shall be limited to the legal fees (excluding expenses and any taxes) actually received by the Firm from the Client in connection with the engagement.

4.2.    Information acquired in connection with this representation shall be kept confidential, save where disclosure is required in accordance with law. The Firm may disclose its involvement as legal advisor to the Client in professional fora and in its credentials with the prior permission of the Client.

4.3.    The Firm will comply with the rules, regulations and directions of the Bar Council of India, any applicable court or any applicable regulatory or administrative authority and the terms of the present engagement must be read in consonance with these requirements.

4.4.    By entering into this engagement letter, Client is not submitting itself to personal jurisdiction in India. We appreciate your choice of Keystone Partners to serve your legal needs. As always, we assure you that all assignments will be met with the highest quality of service, with emphasis on quick and effective delivery.

Yours Sincerely,
For **Keystone Partners**                                        **Accepted by Byju's Alpha, Inc.**


**Anupama Hebbar**                                        _____
Partner                                                               **Timothy R. Pohl, CEO and Secretary**



**1.** Our Permanent Account Number is **AANFK7061J**.
**2.** Cheques may be issued in favour of '**Keystone Partners**'.
**3.** Online payments may be made to
'**Keystone Partners**',
Current Account No. **1611390269,**
Kotak Mahindra Bank, No. 837/1 Binnamangala 1st Stage,
Indiranagar 100 ft Road, Bangalore – 560038
**IFSC Code:** KKBK0000431



**ANNEXURE A: FEE STRUCTURE**

**A.  Chamber work:**

Meetings, conferences and discussions (including briefings of senior counsel / external counsel, if required); negotiation sessions with opposing parties; review of papers; drafting of correspondence and any court petitions / applications; and research:

| Designation | Hourly rate (in USD) |
|---|---|
| Senior Partner | 400 |
| Partner | 350 |
| Principal Associate | 275 |
| Senior Associate | 225 |
| Associates (based on seniority) | 150-200 |

For any hearings or conferences requiring a lawyer to travel outside their city, we will charge a minimum of 8 hours for each day.

**B.  For court hearings / arbitration sessions (Fee per appearance, in USD):**

| | SENIOR PARTNER | PARTNER | PRINCIPAL ASSOCIATE | SENIOR ASSOCIATE | ASSOCIATE |
|---|---|---|---|---|---|
| Court / Tribunal appearances within Delhi, Mumbai and Bengaluru | 700 | 600 | 300 | 225 | 150 |
| Arbitral proceedings within Delhi, Mumbai and Bengaluru (per session of up to 4 hours) | 900 | 700 | 500 | 375 | 225 |

**<u>EXHIBIT B</u>**

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BYJU'S ALPHA, INC.,[1] | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 24-10140 (JTD) |
| | ) | |
| | ) | |
| | ) | **Ref. Docket No. ⸺ 208** |
| | ) | |
| | ) | |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KEYSTONE**
**PARTNERS AS INDIAN COUNSEL EFFECTIVE AS OF MAY 22, 2024**

Upon the application (the "Application")[2] of the Debtor for an order, (a) authorizing the

Debtor to employ and retain Keystone Partners as its Indian counsel, effective as of the

May 22, 2024 (the "Engagement Date"), and in accordance with the terms and conditions set

forth in the Engagement Letter, a copy of which is attached hereto as **Exhibit 1**, and (b) granting

related relief; and this Court having reviewed the Application and the Hebbar Declaration; and

this Court having determined that the relief requested in the Application is in the best interests of

the Debtor, its estate, its creditors, and other parties in interest; and this Court having jurisdiction

to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157

and 1334 and the *Amended Standing Order of Reference* from the United States District Court

for the District of Delaware dated as of February 29, 2012; and consideration of the Application

and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and this

Court having authority to enter a final order consistent with Article III of the United States

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is:  BYJU's Alpha, Inc. (4260).  The location of the Debtor's service address is 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and this Court being satisfied based on the representations made in the Application and the Hebbar Declaration that Keystone Partners is disinterested with respect to the matters on which it is to be employed; and proper and adequate notice of the Application having been provided; and it appearing that no other or further notice being necessary; and it appearing that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and this Court having determined that the relief sought in the Application is in the best interests of the Debtor and its estate; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.       The Application is GRANTED as set forth herein.

2.       The Engagement Letter, attached hereto as **Exhibit 1**, is approved in all respects except as explicitly limited or modified herein.

3.       The Debtor is authorized to retain Keystone Partners as its Indian counsel, effective as of the Engagement Date, and in accordance with the terms and conditions set forth in the Application and in the Engagement Letter.

4.       Keystone Partners is authorized to provide the Debtor with the professional services described in the Application and the Engagement Letter.

~~5.~~   Keystone Partners shall apply to this Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in this Chapter 11 Case regarding professional compensation and reimbursement of expenses. Keystone Partners intends to, and shall, make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Appendix B—Guidelines*

*for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §*

*330 by Attorneys in Larger Chapter 11 Cases,* effective as of November 1, 2013.

5.      The limitation of liability provision contained in the Engagement Letter shall have no force and effect during the pendency of the Chapter 11 Case.

6.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon entry hereof.

7.      The Debtor and Keystone Partners are authorized to take all action necessary to implement the effectuate the relief granted in this Order.

8.      In the event of any inconsistency between the Engagement Letter, the Application, and this Order, this Order shall govern.

9.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.