**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) |
| BYJU'S ALPHA, INC.,[1] | ) Chapter 11 |
| | ) |
| Debtor. | ) Case No. 24-10140 (JTD) |
| | ) |
| | ) |
| | ) **Ref. Docket No. 208** |
| | ) |
| | ) |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KEYSTONE PARTNERS AS INDIAN COUNSEL EFFECTIVE AS OF MAY 22, 2024**

Upon the application (the "Application")[2] of the Debtor for an order, (a) authorizing the Debtor to employ and retain Keystone Partners as its Indian counsel, effective as of the May 22, 2024 (the "Engagement Date"), and in accordance with the terms and conditions set forth in the Engagement Letter, a copy of which is attached hereto as **Exhibit 1**, and (b) granting related relief; and this Court having reviewed the Application and the Hebbar Declaration; and this Court having determined that the relief requested in the Application is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Application and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address is 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and this Court being satisfied based on the representations made in the Application and the Hebbar Declaration that Keystone Partners is disinterested with respect to the matters on which it is to be employed; and proper and adequate notice of the Application having been provided; and it appearing that no other or further notice being necessary; and it appearing that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and this Court having determined that the relief sought in the Application is in the best interests of the Debtor and its estate; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Application is GRANTED as set forth herein.

2.     The Engagement Letter, attached hereto as **Exhibit 1**, is approved in all respects except as explicitly limited or modified herein.

3.     The Debtor is authorized to retain Keystone Partners as its Indian counsel, effective as of the Engagement Date, and in accordance with the terms and conditions set forth in the Application and in the Engagement Letter.

4.     Keystone Partners is authorized to provide the Debtor with the professional services described in the Application and the Engagement Letter.  Keystone Partners shall apply to this Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in this Chapter 11 Case regarding professional compensation and reimbursement of expenses.  Keystone Partners intends to, and shall, make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Appendix B—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013.

5. The limitation of liability provision contained in the Engagement Letter shall have no force and effect during the pendency of the Chapter 11 Case.

6. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon entry hereof.

7. The Debtor and Keystone Partners are authorized to take all action necessary to implement the effectuate the relief granted in this Order.

8. In the event of any inconsistency between the Engagement Letter, the Application, and this Order, this Order shall govern.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

**Dated: July 10th, 2024**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE