# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BYJU's ALPHA, INC.,[1]<br><br>                    Debtor. | Chapter 11<br><br>Case No. 24-10140 (JTD) |
| BYJU'S ALPHA, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>CAMSHAFT CAPITAL FUND, LP,<br>CAMSHAFT CAPITAL ADVISORS, LLC,<br>CAMSHAFT CAPITAL MANAGEMENT, LLC<br>RIJU RAVINDRAN, INSPILEARN LLC, and<br>THINK AND LEARN PRIVATE LIMITED,<br><br>                    Defendants. | Adv. Proc. No. 24-50013 (JTD)<br><br><br><br><u>Hearing Date</u>: 8/20/2024 at 1:00 PM ET<br><u>Objection Deadline</u>: 7/30/2024 at 4:00 PM ET |

## MOTION OF HOGAN LOVELLS US LLP FOR LEAVE TO WITHDRAW AS COUNSEL TO CAMSHAFT CAPITAL FUND, LP, CAMSHAFT CAPITAL ADVISORS, LLC, CAMSHAFT CAPITAL MANAGEMENT, LLC, AND WILLIAM MORTON

Hogan Lovells US LLP ("Hogan Lovells"), counsel to Camshaft Capital Fund, LP, Camshaft Capital Advisors, LLC, and Camshaft Capital Management, LLC ("Camshaft"), and William Morton ("Morton") (collectively, the "Camshaft Parties") files this motion (the "Motion for Leave") seeking the entry of an order granting leave to withdraw as counsel pursuant to Rule 9010-2(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this chapter 11 case is: 1007 N. Market St. Ste. G20 452, Wilmington, DE 19801.

Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of the Motion for Leave, Hogan Lovells respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding as that term is defined in 28 U.S.C. § 157(b)(2) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012. Venue is proper under 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are 11 U.S.C. § 105(a), Local Rule 9010-2(b), and Rule 1.16 of the Delaware Lawyers' Rules of Professional Conduct.

2. As required by Local Rule 9013-1(f), Hogan Lovells confirms its consent to the entry of a final order by the Court solely in connection with this Motion for Leave to the extent it is later determined that the Court, absent consent of the relevant parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

3. On February 1, 2024, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") with the United States Bankruptcy Court for the District of Delaware (the "Court"). On February 2, 2024, the Debtor filed the above-captioned adversary proceeding against Camshaft (the "Adversary Proceeding"). (The Chapter 11 Case and the Adversary Proceeding will be referred to collectively as the "Cases.")

4. As of February 2, 2024, Camshaft had engaged Hogan Lovells to defend it in a Florida state court action (the "Florida Action") involving the same claims that were brought in the Adversary Proceeding. That representation continued in the Cases.

5. The representation in the Florida Action was pursuant to an engagement letter (the "Engagement Letter"). Among other things, the Engagement Letter obligates Camshaft to

2

cooperate with Hogan Lovells and it permits Hogan Lovells to withdraw at any time for any reason without Camshaft's consent.

6. In connection with the contempt order against both Camshaft and Morton in the Adversary Proceeding, the scope of the representation was extended to cover Morton.

7. The Camshaft Parties have not upheld all of their obligations under the Engagement Letter, and there has been a breakdown in the relationship between Hogan Lovells and the Camshaft Parties. Accordingly, Hogan Lovells is entitled to terminate the representation.

8. Pursuant to Formal Opinion 476 from the Standing Committee on Ethics and Professional Responsibility of the American Bar Association, dated December 19, 2016, Hogan Lovells is limited in the details that it can provide publicly regarding its right to terminate. https://www.americanbar.org/content/dam/aba/administrative/professional_responsibility/ethics-opinions/aba-formal-opinion-476.pdf. However, if the Court would find further information to be helpful in deciding the Motion for Leave, we could provide it *ex parte* for *in camera* review.

9. Hogan Lovells has advised the Camshaft Parties that it intends to seek termination of the representation. The Camshaft Parties have indicated that they do not consent to the termination of the representation.

10. Hogan Lovells understands that Saul Ewing LLP, which is local counsel to the Camshaft Parties, will also be seeking to withdraw.

**RELIEF REQUESTED**

11. Hogan Lovells seeks leave to withdraw as counsel to the Camshaft Parties in the Cases.

**BASIS FOR RELIEF REQUESTED**

12. Under Local Rule 9010-2(b), an attorney's appearance may not be withdrawn except by leave of the Court, unless another attorney who is a member of the bar of the United

3

States District Court for the District of Delaware will remain as attorney of record for the withdrawing attorney's client or the client consents and there is no controversy pending before the Court.

13.     As of the time of the Motion to Leave, Hogan Lovells is aware that the Camshaft Parties are in discussions with replacement counsel, but those discussions have not resulted in a finalized engagement.  Also, while the Cases remain pending, Hogan Lovells is prepared to make any necessary filings that pre-date an order of withdrawal, including, without limitation, the filing of papers in opposition to the motion for partial summary judgment filed by Plaintiffs in the Adversary Proceeding.

14.     Sufficient cause exists for this Court to grant leave for Hogan Lovells to withdraw as counsel to the Camshaft Parties. Under Rule 1.16(b) of the Delaware Lawyers' Rules of Professional Conduct, a lawyer may withdraw from representing a client if, *inter alia*: (1) withdrawal can be accomplished without material adverse effect on the interests of the client; (2) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (3) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (4) other good cause for withdrawal exists. Del. Lawyers' Rules of Prof'l Conduct R. 1.16(b)(5).  Moreover, Local Rule 9010-2(b) provides that an appearance may be withdrawn by order on a motion duly filed, served on each party, and served on the party client by registered or certified mail addressed to the client's last known address, at least fourteen (14) days before the motion is heard by the Court.  The Local Rule further provides that the filer is not required to confer other than with its party client prior to filing the motion to withdraw.

15. As noted above, the Camshaft Parties have not satisfied all of their obligations under the Engagement Letter. The Camshaft Parties have likewise received reasonable advance notice that Hogan Lovells would seek Court permission to withdraw from the representation, consistent with the terms of the Engagement Letter.

16. These facts satisfy the criteria for withdrawal as counsel under Delaware's rules of professional conduct.

WHEREFORE, the undersigned respectfully requests that the Court (i) enter an order, substantially in the form attached hereto as **Exhibit A**, granting Hogan Lovells leave to withdraw as counsel to the Camshaft Parties in the Cases, and (ii) grant such other and further relief as the Court deems just and proper.

Dated: July 16, 2024
      Wilmington, DE

HOGAN LOVELLS US LLP

*/s Pieter Van Tol*

Pieter Van Tol (admitted *pro hac vice*)
Christopher R. Bryant (admitted *pro hac vice*)
Elizabeth Carter (admitted *pro hac vice*)
390 Madison Avenue
New York, NY 10017
Tel: (212) 918-3000
Email: pieter.vantol@hoganlovells.com
      chris.bryant@hoganlovells.com
      elizabeth.carter@hoganlovells.com

*Attorneys for Camshaft Parties*