# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BYJU's ALPHA, INC.,[1]<br><br>　　　　　　　Debtor. | Chapter 11<br><br>Case No. 24-10140 (JTD) |
| BYJU'S ALPHA, INC.,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CAMSHAFT CAPITAL FUND, LP,<br>CAMSHAFT CAPITAL ADVISORS, LLC,<br>CAMSHAFT CAPITAL MANAGEMENT, LLC<br>RIJU RAVINDRAN, INSPILEARN LLC, and<br>THINK AND LEARN PRIVATE LIMITED,<br><br>　　　　　　　Defendants. | Adv. Proc. No. 24-50013 (JTD)<br><br><br><u>Hearing Date</u>: 8/20/2024 at 1:00 PM ET<br><u>Objection Deadline</u>: 7/30/2024 at 4:00 PM ET |

**MOTION OF SAUL EWING LLP FOR LEAVE TO WITHDRAW AS COUNSEL
TO CAMSHAFT CAPITAL FUND, LP, CAMSHAFT CAPITAL ADVISORS, LLC,
<u>CAMSHAFT CAPITAL MANAGEMENT, LLC, AND WILLIAM MORTON</u>**

Saul Ewing LLP ("<u>SE</u>"), Delaware co-counsel to Camshaft Capital Fund, LP, Camshaft Capital Advisors, LLC, Camshaft Capital Management, LLC, and William Morton (collectively, the "<u>Camshaft Parties</u>") files this motion ("<u>Motion for Leave</u>") seeking the entry of an order granting leave to withdraw as counsel pursuant to Rule 9010-2(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"). In support of the Motion for Leave, SE respectfully states as follows:

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this chapter 11 case is: 1007 N. Market St. Ste. G20 452, Wilmington, DE 19801.

## JURISDICTION AND VENUE

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding as that term is defined in 28 U.S.C. § 157(b)(2) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012. Venue is proper under 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are 11 U.S.C. § 105(a), Local Rule 9010-2(b), and Rule 1.16 of the Delaware Lawyers' Rules of Professional Conduct.

2. As required by Local Rule 9013-1(f), SE confirms its consent to the entry of a final order by the Court solely in connection with this Motion for Leave to the extent it is later determined that the Court, absent consent of the relevant parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

3. On February 1, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").

4. Following the Petition Date, SE was retained by the Camshaft Parties as Delaware co-counsel to lead counsel Hogan Lovells LLP ("HL") in connection with the above-captioned cases (the main case and adversary proceeding hereafter collectively referred to as the "Cases"). Such retention is memorialized in an engagement letter (the "Engagement Letter").

5. The Engagement Letter provides the initial terms of SE's representation of the Camshaft Parties. The Engagement Letter obligates the Camshaft Parties to cooperate with SE, keep SE apprised of the facts pertinent to the representation, and other obligations. Finally, the Engagement Letter permits SE to withdraw at any time for any reason without the consent of the Camshaft Parties.

6. The Camshaft Parties have not upheld all of their obligations under the Engagement Letter. While SE has accommodated the Camshaft Parties over the course of its representation with respect to these obligations, SE did not waive any of them. As such, SE is entitled to terminate the representation. SE understands that HL is likewise terminating their representation of the Camshaft Parties.

7. Pursuant to Formal Opinion 476 from the Standing Committee on Ethics and Professional Responsibility of the American Bar Association, dated December 19, 2016, SE is limited in the details that it can provide publicly regarding its right to terminate. https://www.americanbar.org/content/dam/aba/administrative/professional_responsibility/ethics-opinions/aba-formal-opinion-476.pdf. However, if the Court would find further information to be helpful in deciding the Motion for Leave, SE could provide it *ex parte* for *in camera* review

8. SE has advised the Camshaft Parties that it intends to seek termination of the representation. As of the time of this Motion for Leave, the Camshaft Parties have not consented to the withdrawal.

## RELIEF REQUESTED

9. SE seeks leave to withdraw as counsel to the Camshaft Parties in these Cases.

## BASIS FOR RELIEF REQUESTED

10. Under Local Rule 9010-2(b), an attorney's appearance may not be withdrawn except by leave of the Court, unless another attorney who is a member of the bar of the United States District Court for the District of Delaware will remain as attorney of record for the withdrawing attorney's client or the client consents and there is no controversy pending before the Court. As of the time of this Motion for Leave, SE and HL have not confirmed replacement attorneys for the Camshaft Parties. Although the Cases remain open, there is no present exigency

that needs to be resolved as to SE. Out of an abundance of caution, SE seeks leave of this Court to withdraw.

11. Sufficient cause exists for this Court to grant leave for SE to withdraw as counsel to the Camshaft Parties. Under Rule 1.16(b) of the Delaware Lawyers' Rules of Professional Conduct, a lawyer may withdraw from representing a client if, *inter alia*: (1) withdrawal can be accomplished without material adverse effect on the interests of the client; (2) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (3) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (4) other good cause for withdrawal exists. Del. Lawyers' Rules of Prof'l Conduct R. 1.16(b)(5). Moreover, Local Rule 9010-2(b) provides that an appearance may be withdrawn by order on a motion duly filed, served on each party and served on the party client by registered or certified mail addressed to the client's last known address, at least fourteen (14) days before the motion is heard by the Court. The Local Rule further provides that the filer is not required to confer other than with its party client prior to filing the motion to withdraw.

12. As noted *supra*, the Camshaft Parties have not satisfied all of their obligations under the Engagement Letter. The Camshaft Parties have likewise received reasonable advance notice that SE would seek Court permission to withdraw from the representation, consistent with the terms of the Engagement Letter. Finally, SE forwarded a draft of this Motion for Leave to the Camshaft Parties in advance of its filing.

13. These facts satisfy the criteria for withdrawal as counsel under Delaware's rules of professional conduct.

WHEREFORE, the undersigned respectfully requests that the Court (i) enter an order, substantially in the form attached hereto as **Exhibit A**, granting SE leave to withdraw as counsel to the Camshaft Parties in the Cases, and (ii) grant such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: July 16, 2024<br>Wilmington, DE | SAUL EWING LLP<br><br>*/s/ Evan T. Miller*<br>Evan T. Miller (No. 5364)<br>1201 N. Market Street, Suite 2300<br>P.O. Box 1266<br>Wilmington, DE 19899<br>Tel: (302) 421-6864<br>Email: Evan.miller@saul.com<br><br>*Delaware Co-counsel to the Camshaft Parties* |