## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BYJU'S ALPHA, INC.,[1] | Case No. 24-10140 (JTD) |
| Debtor. | **Hearing Date: August 20, 2024, at 1:00 p.m. (Eastern Time)** |
| | **Objection Deadline: August 2, 2024, at 4:00 p.m. (Eastern Time)** |

## MOTION TO WITHDRAW AS COUNSEL FOR RIJU RAVINDRAN, TANGIBLE PLAY, INC., EPIC! CREATIONS, INC., AND NEURON FUEL, INC.

Pursuant to Rule 1.16 of the Delaware Lawyers' Rules of Professional Conduct, Chipman Brown Cicero & Cole, LLP ("**CBCC**") respectfully moves this Court for an Order in the form attached hereto granting it and Kasowitz Benson Torres LLP ("**Kasowitz**," together with **CBCC**, "**Counsel**") leave to withdraw as counsel for Riju Ravindran ("**Ravindran**"), Tangible Play, Inc. ("**Tangible Play**"), Epic! Creations, Inc. ("**Epic!**"), and Neuron Fuel, Inc. ("**Neuron**," together with Ravindran, Tangible Play, and Epic!, the "**Parties**"). The grounds for this motion are as follows:

1.     Counsel seeks withdrawal because: (i) the Parties have not satisfied certain obligations to Counsel pursuant to their engagement letters and (ii) irreconcilable differences have arisen that necessitate that Counsel withdraw.

2.     First, the Parties have not satisfied their obligations to counsel. Pursuant to Rule 1.16(b)(5) of the Delaware Lawyers' Rules of Professional Conduct, withdrawal is appropriate when "client[s] [fail] substantially to fulfill an obligation to the lawyer regarding the lawyer's services and [have] been given reasonable warning that the lawyer will withdraw unless the

---

[1]     The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 Case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

obligation is fulfilled."  Counsel has given reasonable notice that failure to fulfill their obligations may result in Counsel filing a motion to withdraw.  As Defendants have not fulfilled their obligations to Counsel, withdrawal by Counsel is appropriate under Rule 1.16(b)(5).  Moreover, because Defendants are unable to fulfill their obligations to Counsel, withdrawal is appropriate because continued "representation will result in an unreasonable financial burden on the lawyer. . . ."  *See* Del. Law. R. Prof. Conduct 1.16(b)(6).

3.      Second, an irreparable breakdown in the attorney-client relationship necessitates that Counsel withdraw from this action.  Counsel no longer believes they can represent the Parties because the Parties have failed to fully cooperate as is necessary to enable Counsel to properly discharge their responsibilities and obligations as counsel for the Parties in this action.  Moreover, significant differences of opinion between Counsel and the Parties make continuing the representation unnecessarily difficult.  Accordingly, good cause exists for withdrawal.  *See* Del. Law. R. Prof. Conduct 1.16(b)(7).

4.      In order not to prejudice the Parties, Counsel has not included the details of the irreparable breakdown of the relationship set forth above.

5.      Third, a lawyer may withdraw from representing clients if "withdrawal can be accomplished without material adverse effect on the interests of the client[s]."  Permitting Counsel to withdraw as counsel for the Parties "can be accomplished without material adverse effect on the interests of the [Parties]" because there presently are no outstanding items concerning Ravindran in this case (other than the Adversary Action *BYJU's Alpha, Inc. v. Camshaft Capital Fund, LP, et al.*, Adv. Case No. 24-50013 (JTD), which is subject to a separate motion to withdraw), and, as an individual, Ravindran may choose to represent himself on a *pro se* basis if he does not retain new counsel.  Moreover, Epic!, Tangible Play, and Neuron are Alleged Debtors in an involuntary

2

action brought by HPS Investment Partners, LLC and on behalf of the Petitioning Creditors jointly administered as *In re: Epic! Creations, Inc.*, Case No. 24-11161 (JTD) and are now represented by DLA Piper LLP (US).

6.      Finally, Counsel notified the Parties in advance of this Motion that they intend to withdraw as counsel and has provided a copy of this motion to the Parties contemporaneously herewith.

**WHEREFORE**, for the foregoing reasons, Counsel respectfully requests that the Court enter the proposed Order submitted herewith and granting such other further relief as the Court deems proper under the circumstances.

Dated:  July 19, 2024
       Wilmington, Delaware

CHIPMAN BROWN CICERO & COLE, LLP

*/s/ Joseph B. Cicero*
William E. Chipman, Jr. (#3818)
Joseph B. Cicero (#4388)
Ryan M. Lindsay (#6435)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191

-and-

**KASOWITZ BENSON TORRES LLP**
Sheron Korpus
David M. Max
Kenneth Coleman
1633 Broadway
New York, New York 10019
(212) 506-1700

*Attorneys for Riju Ravindran, Tangible Play, Inc.,*
*Epic! Creations, Inc., and Neuron Fuel, Inc.*

4880-3233-3522, v. 1