### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BYJU'S ALPHA, INC.,[1] | Case No. 24-10140 (JTD) |
| Debtor. | **Objection Deadline**: **August 19, 2024 at 4:00 p.m. (ET)** |

### SUMMARY OF FIRST MONTHLY FEE APPLICATION OF KEYSTONE PARTNERS FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS INDIAN COUNSEL FOR THE DEBTOR FOR THE PERIOD FROM MAY 22, 2024 THROUGH JUNE 30, 2024

| | |
|---|---|
| Name of Applicant: | Keystone Partners |
| Authorized to Provide Professional Services to: | Debtor |
| Effective Date of Retention: | May 22, 2024 (order entered July 10, 2024) |
| Period for which compensation and reimbursement is sought: | May 22, 2024 through June 30, 2024 |
| Amount of Compensation sought as actual, reasonable and necessary: | $31,606.25 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $137.05 |

This is an:  X  monthly ___ final application

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 case is 1007 N. Market St. Ste. G20 452, Wilmington, Delaware 19801.

31832269.2

**Prior applications**:

| Date Filed; Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| N/A | N/A | N/A | N/A | N/A | N/A |

## COMPENSATION BY INDIVIDUAL

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Pradeep Nayak | Senior Partner, 5 years, 2003, Commercial Litigation and Dispute Resolution | $ 400 | 9.5 | $3,800 |
| Anupama Hebbar | Partner, 9 years, 2008, Commercial Litigation and Dispute Resolution | $ 350 | 7.5 | $ 2,625 |
| Sankeerth Vittal | Principal Associate, 1 year, 2016, Commercial Litigation and Dispute Resolution | $ 275 | 35.75 | $9,831.25 |
| Rose Joy | Senior Associate, 3 months, 2020, Commercial Litigation and Dispute Resolution | $ 225 | 38 | $8,550 |
| **TOTAL** | | | **90.75** | $ 24,806.25 |
| **Blended Rate:** | | | | **273.35** |

31832269.2

3

## COMPENSATION BY PROJECT CATEGORY – APPEARANCE IN COURT

| Project Category | Total Court hearing dates | Total Fees |
|---|---|---|
| Appearances in Court | 7 | $6,800 |
| **TOTAL** | | **$6,800** |

31832269.2

**EXPENSE SUMMARY**

| Expenses Category | Total Expenses |
|---|---|
| Printing on A4 size paper black and white  - 1687 pages at the rate of $ 0.02 per page | 40.30 |
| Printing on legal size paper black and white  - 2700 pages at the rate of $ 0.036 per page | 96.75 |
| **TOTAL** | **137.05** |

31832269.2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BYJU'S ALPHA, INC.,[1] | Case No. 24-10140 (JTD) |
| Debtor. | **Objection Deadline**: <br> **August 19, 2024 at 4:00 p.m. (ET)** |

**FIRST MONTHLY FEE APPLICATION OF KEYSTONE PARTNERS FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS INDIAN COUNSEL FOR THE DEBTOR FOR THE PERIOD FROM MAY 22, 2024 THROUGH JUNE 30, 2024**

Pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure, and in accordance with that certain *Order Authorizing the Employment and Retention of Keystone Partners as Indian Counsel Effective as of May 22, 2024* [Docket No. 221] (the "Retention Order"), and that certain *Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals* [Docket No. 121] (the "Interim Compensation Order"), the law firm of Keystone Partners (hereinafter "Keystone") hereby moves the Court for reasonable compensation for professional legal services rendered as counsel to the above-captioned debtor and debtor in possession (the "Debtor") in the amount of $31,606.25  together with reimbursement for actual and necessary expenses incurred in the amount of $137.05, for the period commencing May 22, 2024  through and including June 30, 2024 (the "Fee Period").   In support of its Application, Keystone respectfully represents as follows:

1.        Pursuant to the Retention Order, Keystone was employed to represent the Debtor as Indian counsel in connection with this chapter 11 case, *effective as of* May 22, 2024.  The

---

[1]    The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is BYJU's Alpha, Inc. (4260).  The location of the Debtor's service address for purposes of this Chapter 11 case is 1007 N. Market St. Ste. G20 452, Wilmington, Delaware 19801.

Retention Order authorized Keystone to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

2.      All services for which compensation is requested by Keystone were performed for or on behalf of the Debtor.

## SUMMARY OF SERVICES RENDERED

3.      Attached hereto as **Exhibit A** is a detailed statement of fees incurred during the Fee Period showing the amount of $31,606.25  due for fees.

4.      The services rendered by Keystone during the Fee Period are grouped into the categories set forth in **Exhibit A**.  The attorneys and paralegals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in the attachments hereto.

## DISBURSEMENTS

5.      Keystone has incurred out-of-pocket disbursements during the Fee Period in the amount of $137.05.  Attached hereto as **Exhibit B** is a detailed statement of expenses paid during the Fee Period.  This disbursement sum is broken down into categories of charges, including, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by Keystone to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.  A complete review by category of the expenses incurred for the Fee Period may be found attached hereto as **Exhibit B**.  To the extent such itemization is insufficient to satisfy the requirements of Rule 2016-2(e)(ii) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware

31832269.2

(the "Local Rules"), Keystone respectfully requests that the Court waive strict compliance with such Local Rule.

6.    Costs incurred for overtime and computer assisted research are not included in Keystone's normal hourly billing rates and, therefore, are itemized and included in Keystone's disbursements. Pursuant to Local Rule 2016-2, Keystone represents that its rate for duplication is $0.10 per page for black and white copies and $0.80 per page for color copies, its rate for outgoing telecopier transmissions is $0.25 per page (excluding related long distance transmission charges), there is no charge for incoming telecopier transmissions and there is no surcharge for computerized research.

**VALUATION OF SERVICES**

7.    Attorneys and paraprofessionals of Keystone have expended a total of 90.75 hours and have appeared on 7 court dates in connection with this matter during the Fee Period.

8.    The amount of time spent by each of these persons providing services to the Debtor for the Fee Period is fully set forth in the detail attached hereto as **Exhibit A**. These are Keystone's normal hourly rates of compensation for work of this character. The reasonable value of the services rendered by Keystone for the Fee Period as counsel for the Debtor in this case is $31,606.25.

9.    Keystone believes that the time entries included in **Exhibit A** attached hereto and the expense breakdown set forth in **Exhibit B** hereto are in compliance with the requirements of Local Rule 2016-2.

10.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount requested is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under chapter 11.

31832269.2

11.     This Application covers the fee period from May 22, 2024 through and including June 30, 2024.   Keystone has and will continue to perform additional necessary services subsequent to June 30, 2024, for which Keystone will file subsequent fee applications.

## CONCLUSION

WHEREFORE, Keystone requests that allowance be made to it in the sum of $31,606.25 as compensation for necessary professional services rendered to the Debtor for the Fee Period, and the sum of $137.05 for reimbursement of actual necessary costs and expenses incurred during that period, and further requests such other and further relief as the Court may deem just and proper.

*[Remainder of page intentionally left blank]*

31832269.2

Dated: July 29, 2024
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Jared W. Kochenash*
Robert S. Brady (Del. No. 2847)
Kenneth J. Enos (Del. No. 4544)
Jared W. Kochenash (Del. No. 6557)
Timothy R. Powell (Del. No. 6894)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
rbrady@ycst.com
kenos@ycst.com
jkochenash@ycst.com
tpowell@ycst.com

-and-

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani (admitted *pro hac vice*)
Benjamin Finestone (admitted *pro hac vice*)
Daniel Holzman (admitted *pro hac vice*)
Jianjian Ye (admitted *pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel.: (212) 849 7000
susheelkirpalani@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
danielholzman@quinnemanuel.com
jianjianye@quinnemanuel.com

*Counsel for Debtor, BYJU's Alpha, Inc.*

31832269.2

5

## **VERIFICATION**

I, Pradeep Nayak, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury:

1.      I am a Senior Partner in the applicant firm, Keystone Partners, and have been admitted to the Karnataka State Bar Council since 2003.

2.      I have personally performed many of the legal services rendered by Keystone Partners, as Indian counsel for the Debtor, and am familiar with all other work performed on behalf of the Debtor by the lawyers and paraprofessionals of Keystone Partners.

3.      The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information, and belief.


Dated: July 29, 2024                    */s/ Pradeep Nayak*_____

31832269.2