# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BYJU'S ALPHA, INC.,[1] | Case No. 24-10140 (JTD) |
| Debtor. | **Objection Deadline**: October 18, 2024 at 4:00 p.m. (ET) |

## SUMMARY OF SIXTH MONTHLY APPLICATION OF YOUNG CONAWAY STARGATT & TAYLOR, LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE DEBTOR FOR THE PERIOD FROM AUGUST 1, 2024 THROUGH AUGUST 31, 2024

| | |
|---|---|
| Name of Applicant: | Young Conaway Stargatt & Taylor, LLP |
| Authorized to Provide Professional Services to: | Debtor |
| Effective Date of Retention: | February 1, 2024 (order entered March 4, 2024) |
| Period for which compensation and reimbursement is sought: | August 1, 2024 through August 31, 2024 |
| Amount of Compensation sought as actual, reasonable and necessary: | $80,564.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $1,781.10 |

This is an: _X_ monthly ___ final application

---

[1] The Debtor in this chapter 11 cases, along with the last four digits of the Debtor's federal tax identification number, is BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 case is 1007 N. Market St. Ste. G20 452, Wilmington, Delaware 19801.

32119047.1

**Prior applications**:

|  |  | Requested | | Approved | | |
| --- | --- | --- | --- | --- | --- | --- |
| Date Filed; Docket No. | Period Covered | Fees | Expenses | Fees (80%) | Holdback (20%) | Expenses |
| 3/27/24; 172 | 2/1/24 – 2/29/24 | $227,037.00 | $4,506.14 | $181,629.60 | $45,407.40 | $4,506.14 |
| 4/29/24; 181 | 3/1/24 – 3/31/24 | $229,426.00 | $6,725.99 | $183,540.80 | $45,885.20 | $6,725.99 |
| 6//12/24; 207 | 4/1/24 – 4/30/24 | $139,634.00 | $3,147.63 | $111,707.20 | $27,926.80 | $3,147.63 |
| 7/16/24; 227 | 5/1/24- 5/31/24 | $109,633.50 | $17,473.76 | $87,706.80 | - | $17,473.76 |
| 8/19/24; 256 | 6/1/24- 7/31/24 | $170,478.00 | $2,868.83 | $136,382.40 | - | $2,868.63 |

32119047.1

## COMPENSATION BY INDIVIDUAL

| Name of Professional | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Robert S. Brady | Partner since 1998. Joined firm as an associate in 1990. Member of DE Bar since 1990 and NY Bar since 2007. | $1,400.00 | 17.30 | $24,220.00 |
| Kenneth J. Enos | Partner since 2015. Joined firm as an associate in 2004. Member of DE Bar since 2004, the DC Bar since 2010 and the NY Bar since 2011. | $995.00 | 39.10 | $38,904.50 |
| Jared W. Kochenash | Joined firm as an associate in 2018. Member of DE Bar since 2018. | $630.00 | 5.20 | $3,276.00 |
| Brenda Walters | Paralegal | $385.00 | 36.40 | $14,014.00 |
| Chad Corazza | Paralegal | $385.00 | .40 | $150.00 |
| **TOTAL** | | | 98.40 | $80,564.50 |
| **Blended Rate:** | | $818.74 | | |
| | | | | |

32119047.1

**COMPENSATION BY PROJECT CATEGORY**

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Case Administration (B001) | 8.00 | $3,398.50 |
| Court Hearings (B002) | 19.10 | $15,744.00 |
| Schedules & Statements, U.S. Trustee Reports (B004) | 3.40 | $2,251.00 |
| Claims Analysis, Objections and Resolutions (B007) | .90 | $1,057.50 |
| Meetings (B008) | 4.0 | $3,980.00 |
| Other Adversary Proceedings (B011) | 49.30 | $47,334.00 |
| Retention of Professionals/Fee Issues (B017) | 4.90 | $2,191.50 |
| Fee Application Preparation (B018) | 8.80 | $4,608.00 |
| **TOTAL** | **98.40** | **$80,564.50** |

**EXPENSE SUMMARY**

| Expenses Category | Total Expense |
|---|---:|
| Delivery / Courier / Process Server | $193.00 |
| Deposition / Transcript | $321.95 |
| Docket Retrieval / Search | $36.00 |
| Federal Express | $30.35 |
| Reproduction Charges | $184.20 |
| Working Meals | $1,015.60 |
| **TOTAL** | **$1,781.10** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BYJU'S ALPHA, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 24-10140 (JTD)<br><br>**Objection Deadline**:<br>**October 18, 2024 at 4:00 p.m. (ET)** |

### SIXTH MONTHLY APPLICATION OF YOUNG CONAWAY STARGATT & TAYLOR, LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE DEBTOR FOR THE PERIOD FROM AUGUST 1, 2024 THROUGH AUGUST 31, 2024

Pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure, and in accordance with that certain *Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Counsel for the Debtor, Effective as of the Petition Date* [Docket No. 120] (the "Retention Order"), and that certain *Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals* [Docket No. 121] (the "Interim Compensation Order"), the law firm of Young Conaway Stargatt & Taylor, LLP (hereinafter "YCS&T") hereby moves this Court for reasonable compensation for professional legal services rendered as counsel to the above-captioned debtor and debtor in possession (the "Debtor") in the amount of $80,564.50 together with reimbursement for actual and necessary expenses incurred in the amount of $1,781.10 for the period commencing August 1, 2024 through and including August

---

[1] The Debtor in this chapter 11 cases, along with the last four digits of the Debtor's federal tax identification number, is BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 case is 1007 N. Market St. Ste. G20 452, Wilmington, Delaware 19801.

32119047.1

31, 2024 (the "Fee Period").  In support of its Application, YCS&T respectfully represents as follows:

1. Pursuant to the Retention Order, YCS&T was employed to represent the Debtor as bankruptcy counsel in connection with these chapter 11 cases, *effective as of* February 1, 2024.  The Retention Order authorized YCS&T to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

2. All services for which compensation is requested by YCS&T were performed for or on behalf of the Debtor.

## SUMMARY OF SERVICES RENDERED

3. Attached hereto as Exhibit A is a detailed statement of fees incurred during the Fee Period showing the amount of $80,564.50 due for fees.

4. The services rendered by YCS&T during the Fee Period are grouped into the categories set forth in Exhibit A.  The attorneys and paralegals who rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in the attachments hereto.

## DISBURSEMENTS

5. YCS&T has incurred out-of-pocket disbursements during the Fee Period in the amount of $1,781.10.  Attached hereto as **Exhibit B** is a detailed statement of expenses paid during the Fee Period.  This disbursement sum is broken down into categories of charges, including, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working

meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. A complete review by category of the expenses incurred for the Fee Period may be found attached hereto as **Exhibit B**. To the extent such itemization is insufficient to satisfy the requirements of Rule 2016-2(e)(ii) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), YCS&T respectfully requests that the Court waive strict compliance with such Local Rule.

6. Costs incurred for overtime and computer assisted research are not included in YCS&T's normal hourly billing rates and, therefore, are itemized and included in YCS&T's disbursements. Pursuant to Local Rule 2016-2, YCS&T represents that its rate for duplication is $.10 per page for black and white copies and $.80 per page for color copies, its rate for outgoing telecopier transmissions is $.25 per page (excluding related long distance transmission charges), there is no charge for incoming telecopier transmissions and there is no surcharge for computerized research.

## VALUATION OF SERVICES

7. Attorneys and paraprofessionals of YCS&T have expended a total of 98.40 hours in connection with this matter during the Fee Period.

8. The amount of time spent by each of these persons providing services to the Debtor for the Fee Period is fully set forth in the detail attached hereto as **Exhibit A**. These are YCS&T's normal hourly rates of compensation for work of this character. The reasonable value of the services rendered by YCS&T for the Fee Period as counsel for the Debtor in these cases is $80,564.50.

9. YCS&T believes that the time entries included in **Exhibit A** attached hereto and the expense breakdown set forth in **Exhibit B** hereto are in compliance with the requirements of Local Rule 2016-2.

10. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount requested is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under chapter 11.

11. This Application covers the interim fee period from August 1, 2024 through and including August 31, 2024.  YCS&T has and will continue to perform additional necessary services subsequent to August 31, 2024, for which YCS&T will file subsequent fee applications.

## CONCLUSION

WHEREFORE, YCS&T requests that allowance be made to it in the sum of $80,564.50 as compensation for necessary professional services rendered to the Debtor for the Fee Period, and the sum of $1,781.10 for reimbursement of actual necessary costs and expenses incurred during that period, and further requests such other and further relief as this Court may deem just and proper.

*[Remainder of page intentionally left blank]*

Dated: September 27, 2024
Wilmington, Delaware

        **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

        */s/ Kenneth J. Enos*
        Robert S. Brady (Del. No. 2847)
        Kenneth J. Enos (Del. No. 4544)
        Jared W. Kochenash (Del. No. 6557)
        Timothy R. Powell (Del. No. 6894)
        1000 North King Street
        Wilmington, Delaware 19801
        Telephone: (302) 571-6600
        Facsimile: (302) 571-1253
        rbrady@ycst.com
        kenos@ycst.com
        jkochenash@ycst.com
        tpowell@ycst.com

        -and-

        **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
        Susheel Kirpalani (admitted *pro hac vice*)
        Benjamin Finestone (admitted *pro hac vice*)
        Daniel Holzman (admitted *pro hac vice*)
        Jianjian Ye (admitted *pro hac vice*)
        51 Madison Avenue, 22nd Floor
        New York, New York 10010
        Tel.: (212) 849 7000
        susheelkirpalani@quinnemanuel.com
        benjaminfinestone@quinnemanuel.com
        danielholzman@quinnemanuel.com
        jianjianye@quinnemanuel.com

        Counsel for Debtor, BYJU's Alpha, Inc.

## **VERIFICATION**

I, Kenneth J. Enos, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury:

1. I am a Partner in the applicant firm, Young Conaway Stargatt & Taylor, LLP, and have been admitted to the bar of the Supreme Court of Delaware since 2004.

2. I have personally performed many of the legal services rendered by Young Conaway Stargatt & Taylor, LLP, as counsel for the Debtor, and am familiar with all other work performed on behalf of the Debtor by the lawyers and paraprofessionals in the firm.

3. The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

Dated: September 27, 2024                     */s/ Kenneth J. Enos*
                                                                KENNETH J. ENOS