**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BYJU'S ALPHA, INC.,[1] | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 24-10140 (JTD) |
| | ) | |
| | ) | |
| | ) | **Hearing Date: TBD (if necessary)** |
| | ) | **Obj. Deadline: October 15, 2024 at 4:00 p.m. (ET)** |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVE
PERIODS FOR THE FILING OF A CHAPTER 11 PLAN AND
SOLICITATION OF ACCEPTANCES THEREOF**

The above-captioned debtor and debtor in possession (the "Debtor") hereby submits this motion (this "Motion") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, pursuant to section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), extending the Exclusive Periods (defined below) by approximately one hundred and twenty (120) days each. Unless extended, the Plan Period (defined below) will expire on September 30, 2024, and Solicitation Period (defined below) will expire on November 27, 2024.[2] The Debtor seeks to extend the Plan Period through and including January 28, 2025, and the Solicitation Period through and including March 27, 2025, without prejudice to the Debtor's right to seek further extensions for cause. In support of this Motion, the Debtor respectfully represents as follows:

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 Case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

[2] Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the filing of this Motion prior to the expiration of the current Exclusive Periods shall automatically extend the Exclusive Periods until the Court acts on this Motion without the necessity for entry of a bridge order.

## JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this chapter 11 case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012 (the "Amended Standing Order"). This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory and legal predicates for the relief requested herein are section 1121(d) of the Bankruptcy Code, Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9006-2.

## BACKGROUND

3.     On February 1, 2024 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code (this "Chapter 11 Case") in the Court. The Debtor is authorized to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committee has been appointed in this Chapter 11 Case, and no request has been made for the appointment of a trustee or an examiner. Additional information regarding the Debtor, its capital structure, and the circumstances leading to the filing of this Chapter 11 Case is set forth in the *Declaration of Timothy R. Pohl, Director, CEO, and Secretary of BYJU's Alpha, Inc., in Support of the Debtor's Chapter 11 Petition* [Docket No. 3].

4.     On May 30, 2024, the Debtor filed a motion seeking to extend the initial Exclusive Periods [Docket No. 200].  On March 1, 2024, the Court entered an order extending the

initial Exclusive Periods to September 30, 2024, and November 27, 2024, respectively [Docket No. 212].

## **RELIEF REQUESTED**

5.      By this Motion, the Debtor requests entry of the Proposed Order extending the Plan Period through and including January 28, 2025, and the Solicitation Period through and including March 27, 2025, without prejudice to the Debtor's rights to seek additional extensions for cause.

## **BASIS FOR RELIEF REQUESTED**

6.      Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after commencement of a chapter 11 case during which a debtor has the exclusive right to propose and file a chapter 11 plan (the "Plan Period").  If a debtor files a plan during the Plan Period, section 1121(c)(3) of the Bankruptcy Code provides a debtor with an additional sixty (60) days following the expiration of such Plan Period (or 180 days following the commencement of the case) to solicit acceptances of the plan without competing plan filings (the "Solicitation Period," and together with the Plan Period, the "Exclusive Periods").  Section 1121(d) of the Bankruptcy Code permits the Court to extend the Exclusive Periods for "cause."  For the reasons set forth herein, the Debtor submits that "cause" exists to extend the Exclusive Periods.

**A.    Section 1121(d) of the Bankruptcy Code Permits the Court to Extend the Exclusive Periods for "Cause"**

7.      The Exclusive Periods are designed to provide a debtor with a full and fair opportunity to propose a consensual plan and solicit acceptances of such plan, without disruption to the administration of the estate that may result from the filing of competing plans by non-debtor parties.   To this end, where the Exclusive Periods prove to be unfeasible timeframes, section 1121(d) of the Bankruptcy Code allows the Court to extend such Exclusive Periods for

cause.[3]  Although the Bankruptcy Code does not define the term "cause," the legislative history indicates it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors.  *See* H.R. REP. NO. 95–595, at 231–32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6191 (noting that Congress intended to give bankruptcy courts flexibility to protect a debtor's interests by allowing unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

8.     Congress built flexibility into section 1121 of the Bankruptcy Code to give a debtor sufficient opportunity to stabilize its business operations at the outset of its chapter 11 case and to negotiate an effective plan with its creditors.  *See In re Newark Airport/Hotel Ltd. P'ship*, 156 B.R. 444, 451 (Bankr. D.N.J.), *aff'd*, 155 B.R. 93 (D.N.J. 1993) (noting that Congress designed chapter 11 provisions to enable a debtor to remain in control for some period of time, thereby making reorganization an attractive alternative to financially troubled companies); *see also Gaines v. Perkins* (*In re Perkins*), 71 B.R. 294, 297–98 (W.D. Tenn. 1987) (Congress designed section 1121 of the Bankruptcy Code to give the debtor time to reach an agreement with its creditors regarding a plan of reorganization).

9.     In making the determination to affirm or deny a request to extend the Exclusive Periods for "cause," courts have considered a variety of factors, including:

(a)     The size and complexity of the debtor's case;

(b)     The necessity of sufficient time to negotiate and prepare adequate information;

(c)     The existence of good-faith progress towards reorganization;

---

[3]  Pursuant to section 1121(d)(2)(A) of the Bankruptcy Code, the Plan Period may not be extended beyond a date that is eighteen (18) months after the commencement of a chapter 11 case.  Pursuant to section 1121(d)(2)(B) of the Bankruptcy Code, the Solicitation Period may not be extended beyond a date that is twenty (20) months after the commencement of a chapter 11 case.

(d)      Whether the debtor is paying its debts as they become due;

(e)      Whether the debtor has made progress negotiating with creditors;

(f)      The length of time a case has been pending;

(g)      Whether the debtor is seeking an extension to pressure creditors; and

(h)      Whether or not unresolved contingencies exist.

*In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002) (citations omitted); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (citing to most of the factors listed above in determining whether to extend the exclusive periods); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (holding that the debtor showed "cause" to extend its exclusive period based upon certain of above-quoted factors).  The Debtor submits that the facts and circumstances of this Chapter 11 Case justify extending the Exclusive Periods.

**B.      Cause Exists for an Extension of the Exclusive Periods in This Chapter 11 Case Based on the Progress Made to Date**

10.      The Debtor commenced this Chapter 11 Case with the paramount goal of maximizing the value of its estate for the benefit of its stakeholders.  To that end, in the approximately eight months since the Petition Date, the Debtor has, among other things, obtained entry of interim and final orders approving the Debtor's post-petition financing; retained professionals; handled various other tasks related to the administration of the Debtor's estate and this Chapter 11 Case; successfully defended a motion to dismiss the Chapter 11 Case; and, most importantly, diligently prosecuted its complaint (and many related ancillary disputes and proceedings) (the "Complaint") against Camshaft Capital Fund, LP, Camshaft Capital Advisors, LLC, Camshaft Management, LLC, Riju Ravindran, Inspilearn LLC, and Think and Learn Private Limited, as well as several appeals related to litigation stemming from the Complaint.  As the Court is aware, the prosecution of the Complaint has been a labor-intensive process, necessitating

the Court's intervention on multiple occasions. Moreover, successful prosecution of the Complaint is paramount if the Debtor is to return value to its creditors. As a result, the Debtor and its representatives have been required to focus substantially all of their efforts on advancing this litigation.

11.     Since the Court entered its previous order extending the Exclusive Periods, the Debtor and GLAS Trust Company LLC filed the *Debtor's and GLAS Trust Company LLC's Motion for Partial Summary Judgment on Counts I, II, IV, VIII, and X of the Second Amended Complaint* [D.I. 275] (the "Summary Judgment Motion"). The Summary Judgment Motion has been fully brief by the parties, and the Court is scheduled to hear oral argument with respect to the Summary Judgment Motion on October 9, 2024. Upon the Court's disposition of the Summary Judgment Motion, the Debtor should have additional clarity regarding a potential exit strategy for the Chapter 11 Case. Given the circumstances, the Debtor respectfully submits that ample cause exists to extend the Exclusive Periods.

## C.     Other Relevant Factors Favor Extending the Exclusive Periods

### i.     *The Size, Complexity, and Duration of the Chapter 11 Case*

12.     This Motion is the Debtor's second request to extend the Exclusive Periods. In the nearly eight months since the Petition Date, as set forth above, the Debtor has addressed necessary case-management issues while prosecuting the Complaint. The time, effort, and planning required to obtain the progress made thus far warrant the requested extension of the Exclusive Periods.

### ii.     *Good Faith Progress Made in the Chapter 11 Case*

13.     As a described herein, the Debtor has made significant and material progress in this Chapter 11 Case. The progress achieved in prosecuting the Complaint has been the result of the diligent efforts of the Debtor, its independent director, and its professional

32138225.3

6

advisors, in cooperation with the Debtor's secured lenders.  Accordingly, the Debtor submits that this factor weighs in favor of extending the Exclusive Periods.

iii.     *The Necessity of Sufficient Time to Negotiate and Prepare Adequate Information*

14.     As set forth above, since the Petition Date, the Debtor and its professionals have focused substantially all of their time, energy, and resources in this Chapter 11 Case on prosecuting the Complaint.  The Debtor believes that, in light of the progress that the Debtor has made in in that regard over approximately the eight months since the Petition Date, and the Debtor's demonstrated efforts to work cooperatively with its stakeholders and parties in interest, it is reasonable and appropriate that the Debtor be granted an extension of the Exclusive Periods.  Accordingly, the Debtor submits that this factor weighs in favor of extending the Exclusive Periods.

iv.     *The Debtor Is Paying Its Debts as They Come Due*

15.     The requested extension of the Exclusive Periods will not prejudice the legitimate interests of postpetition creditors, as the Debtor continues to make timely payments on its undisputed postpetition obligations.  As such, this factor also weighs in favor of allowing the Debtor to extend the Exclusive Periods.

v.     *The Debtor Is Not Seeking an Extension to Pressure Creditors*

16.     The Debtor has no ulterior motive in seeking an extension of the Exclusive Periods.  The Debtor has worked diligently over the past few months to maximize estate value through the prosecution of the Complaint, as efficiently as possible under the circumstances, and requires the extension sought by this Motion.  The Debtor is not seeking an extension to pressure creditors or other parties in interest.

     *vi.*     *Termination of the Debtor's Exclusive Periods Would Adversely Impact This Chapter 11 Case*

17.     Termination of the Exclusive Periods would adversely impact the Debtor's efforts to preserve and maximize the value of its estate and the progress of this Chapter 11 Case. In effect, if the Court were to deny the Debtor's request for an extension of the Exclusive Periods, any party in interest would be free to propose an alternative chapter 11 plan for the Debtor. Terminating the Exclusive Periods would only serve to foster a chaotic environment and only add the opportunity for parties to engage in counterproductive behavior in pursuit of alternatives that are simply not feasible under the circumstances of this Chapter 11 Case.

18.     Based upon the foregoing, the Debtor respectfully submits that cause exists to extend the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code. Specifically, the Debtor requests that the Plan Period be extended through and including January 28, 2025, and the Solicitation Period be extended through and including March 27, 2025, without prejudice to the Debtor's right to seek further extensions for cause.

## NOTICE

19.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to GLAS; and (c) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## CONCLUSION

WHEREFORE the Debtor respectfully requests entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.


Dated: September 30, 2024
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Jared W. Kochenash*
Robert S. Brady (Del. No. 2847)
Kenneth J. Enos (Del. No. 4544)
Jared W. Kochenash (Del. No. 6557)
Timothy R. Powell (Del. No. 6894)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
rbrady@ycst.com
kenos@ycst.com
jkochenash@ycst.com
tpowell@ycst.com

-and-

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani (admitted pro hac vice)
Benjamin Finestone (admitted pro hac vice)
Daniel Holzman (admitted pro hac vice)
Jianjian Ye (admitted pro hac vice)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel.: (212) 849 7000
susheelkirpalani@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
danielholzman@quinnemanuel.com
jianjianye@quinnemanuel.com

Counsel for the Debtor