**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
|  | ) | Case No. 24-10140 (JTD) |
| BYJU'S ALPHA, INC.,[1] | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
|  | ) |  |

**MOTION TO SHORTEN REGARDING DEBTOR'S MOTION FOR
ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO (I)(A) AMEND THE DIP
CREDIT AGREEMENT AND (B) AMEND THE INTERCREDITOR AGREEMENT,
AND (II) GRANTING RELATED RELIEF**

On the date hereof, the above-captioned debtor and debtor in possession (the "***Debtor***"), filed the *Debtor's Motion for Entry of an Order Authorizing the Debtor to (i)(a) Amend the DIP Credit Agreement and (b) Amend the Intercreditor Agreement, and (ii) Granting Related Relief* (the "**Motion**").[2]  The Debtor hereby submits this motion (the "**Motion to Shorten**") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), shortening the time for notice of the hearing to consider the Motion, solely with respect to the Debtor's request to amend the Intercreditor Agreement (as described in greater detail below, the "**Intercreditor Amendment**"),[3] so that the Intercreditor Amendment may be considered at the omnibus hearing scheduled in the

---

[1]  The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260).  The location of the Debtor's service address for purposes of this Chapter 11 Case is 1007 N. Market St., Suite G20 452, Wilmington, Delaware 19801.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[3]  The Debtor proposes to address scheduling issues regarding the remainder of the relief requested in the Motion at the Hearing.

27276475.2

*In re Epic! Creations, Inc.*, Case No. 24-11161 (JTD) for October 31, 2024, at 11:00 a.m. (ET) (the "**Hearing**"). The Debtor further proposes that objections to the Motion, solely with respect to the Intercreditor Amendment, be due at the Hearing. In support of this Motion to Shorten, the Debtor relies upon the factual representations made in the Motion, and respectfully represents as follows:

### Jurisdiction and Venue

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* entered by the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

### Background

3.      On February 1, 2024 (the "**Petition Date**"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code (this "**Chapter 11 Case**") in the Court. The Debtor is authorized to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committee has been appointed in this Chapter 11 Case, and no request has been made for the appointment of a trustee or an examiner.

4.      On February 2, 2024, the Debtor filed a motion [Docket No. 5] (the "**DIP Motion**") seeking approval of the DIP Facility and use of cash collateral. On February 8, 2024,

the Court entered an interim order [Docket No. 56] authorizing the Debtor to, among other things, use cash collateral and provide adequate protection.  On April 8, 2024, the Court entered a final order [Docket No. 160] (the "**Final DIP Order**") authorizing, among other things, the Debtor to (a) incur up to approximately $278.75 million in postpetition financing on a final basis pursuant to that certain *Senior Secured Superpriority Debtor-in-Possession Credit and Guaranty Agreement* (the "**DIP Credit Agreement**"), attached to the Final DIP Order as Exhibit A, and (b) enter into the Intercreditor Agreement (and other DIP Loan Documents).

5.     On June 4, 2024, certain DIP Lenders filed involuntary petitions under chapter 11 of the Bankruptcy Code against Epic! Creations, Inc., Neuron Fuel, Inc., and Tangible Play, Inc. (collectively, the "**Epic! Debtors**") in this Court.  On September 16, 2024, the Court entered the *Order for Relief in Involuntary Cases and Appointing Chapter 11 Trustee* [Epic! Docket No. 147] (the "**Order for Relief**") commencing the chapter 11 cases of the Epic! Debtors (the "**Epic! Cases**") and ordering the appointment of a chapter 11 trustee (the "**Epic! Trustee**"). Pursuant to the Order for Relief and upon the *Application of the United States Trustee for Entry of an Order Approving the Appointment of Claudia Z. Springer as Chapter 11 Trustee* [Epic! Docket No. 151], the Court entered the *Order Approving the Appointment of Claudia Z. Springer as Chapter 11 Trustee* [Epic! Docket No. 180].

6.     The Debtor understands that an agreement has been reached between the Epic! Trustee, on behalf of the Epic! Debtors, and certain lenders (the "Epic! DIP Lenders")—largely encompassing the same population of lenders that makes up the DIP Lenders in this Chapter 11 Case—regarding the provision of postpetition financing in the Epic! Cases (the "Epic! DIP Facility").  To that end, contemporaneously herewith. the Epic! Debtors have filed a motion seeking approval of the Epic! DIP Facility.  The Debtor understands that the Epic! Trustee's access

27276475.2

3

to this financing is critical to fund the ongoing operating expenses of the Epic! Debtors and avoid immediate and irreparable harm.  The Court is scheduled to consider interim approval of the Epic! DIP Facility at the Hearing.

## Relief Requested

7.      By this Motion to Shorten, for the sake of judicial efficiency, the Debtor requests entry of an order shortening the notice period with respect to the hearing to consider the Motion, solely with respect to the Intercreditor Amendment, so that portion of the Motion may be heard at the Hearing.

## Basis for Relief

8.      Bankruptcy Rule 2002(a) requires 21 days' notice prior to a hearing on motions involving the use of estate property. Fed. R. Bankr. P. 2002(a).  Further, Local Rule 9006-1(i) provides that "[u]nless the Fed. R. Bankr. P. or these Local Rules state otherwise, all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least 14 days prior to the hearing date. Del. Bankr. L.R. 9006-1(i).  Local Rule 9006-1(e) provides that such periods may be shortened by order of the Court upon written motion specifying the exigencies supporting shortened notice. *See id.* 9006-1(e).

9.      In connection with entry into the Epic! DIP Facility, the Debtor understands that the DIP Lenders require that the Intercreditor Agreement—to which the Debtor is a signatory—be amended in a manner agreeable to the requisite Prepetition Secured Lenders, DIP Lenders, and Epic! DIP Lenders.  Modifications to the Intercreditor Agreement require the consent of all parties thereto, including the Debtor.  At a high level, the Intercreditor Amendment sets forth a revised distribution waterfall agreed among the requisite lenders that ensures that new money obligations arising in both this Chapter 11 Case and the Epic! Cases have the highest payment

priority, roll-up obligations arising in both cases have the next highest payment priority, and remaining prepetition obligations have the lowest payment priority.

10.     As set forth in greater detail in the Motion, the Debtor submits that the expedited approval of its entry into the Intercreditor Amendment is justified in its business judgment and pursuant to section 105(a) of the Bankruptcy Code because it will (a) ensure that the Epic! DIP Facility can be put in place in furtherance of enforcement and collection efforts under the Prepetition Credit Agreement, which was the impetus for the commencement of this Chapter 11 Case, (b) further inure to the goodwill between the Debtor and the DIP Lenders, which have directed the DIP Agent to approve the Intercreditor Amendment, and (c) allow for effective coordination across this Chapter 11 Case and the "strongly related" Epic! Cases, in each case without substantively changing any rights or obligations of the Debtor.

## Notice

11.     Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) counsel to GLAS; and (c) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

**WHEREFORE,** the Debtor respectfully requests that the Court enter the Proposed

Order and grant the Debtor such other and further relief as is just and proper.

Dated: October 29, 2024
Wilmington, Delaware

/s/ Kenneth J. Enos

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Robert S. Brady (Del. No. 2847)
Kenneth J. Enos (Del. No. 4544)
Jared W. Kochenash (Del. No. 6557)
Timothy R. Powell (Del. No. 6894)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
rbrady@ycst.com
kenos@ycst.com
jkochenash@ycst.com
tpowell@ycst.com

- and -

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani (admitted pro hac vice)
Benjamin Finestone (admitted pro hac vice)
Daniel Holzman (admitted pro hac vice)
Jianjian Ye (admitted pro hac vice)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel.: (212) 849 7000
susheelkirpalani@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
danielholzman@quinnemanuel.com
jianjianye@quinnemanuel.com

*Co-Counsel to the Debtor*

27276475.2