<pre>
 1                 UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF DELAWARE
 2

 3   IN RE:                      .  Chapter 11
                                 .  Case No. 24-10140 (BLS)
 4   BYJU'S ALPHA, INC.,         .
                                 .
 5          Debtor.              .
                                 .
 6   . . . . . . . . . . . . .   .
                                 .
 7   BYJU'S ALPHA, INC.,         .  Adversary Proceeding
                                 .  Case No. 24-50013 (BLS)
 8          Plaintiff,           .
                                 .
 9      v.                       .
                                 .
10   CAMSHAFT CAPITAL FUND, LP,  .
     CAMSHAFT CAPITAL ADVISORS,  .
11   LLC, CAMSHAFT CAPITAL       .
     MANAGEMENT, LLC, RIJU       .
12   RAVINDRAN, INSPILEARN LLC,  .
     and THINK AND LEARN PRIVATE .
13   LIMITED,                    .
                                 .
14          Defendants.          .
                                 .
15   . . . . . . . . . . . . .   .
                                 .
16   BYJU'S ALPHA, INC.,         .  Adversary Proceeding
                                 .  Case No. 25-50526 (BLS)
17          Plaintiff,           .
                                 .
18      v.                       .
                                 .
19   BYJU RAVEENDRAN, DIVYA      .
     GOKULNATH, and ANITA KISHORE. .
20          Defendants.          .
                                 .
21   . . . . . . . . . . . . .   .
                                 .
22
                    -Cont'd-
23

24

25
</pre>

```
 1   BYJU'S ALPHA, INC.,              .  Adversary Proceeding
                                      .  Case No. 25-50822 (BLS)
 2            Plaintiff,              .
                                      .
 3       v.                           .
                                      .  Courtroom No. 1
 4   OCI LIMITED and RUPIN BANKER,    .  824 Market Street
                                      .  Wilmington, Delaware 19801
 5            Defendants.             .
                                      .  Wednesday, May 28, 2025
 6   . . . . . . . . . . . . . . . .  .  10:33 a.m.

 7


 8                        TRANSCRIPT OF HEARING
            BEFORE THE HONORABLE BRENDAN L. SHANNON
 9                 UNITED STATES BANKRUPTCY JUDGE

10

11   APPEARANCES:

12   For the Plaintiff-
     Debtor:                   Debra D. O'Gorman, Esquire
13                             QUINN EMANUEL URQUHART
                                 & SULLIVAN, LLP
14                             295 5th Avenue
                               9th Floor
15                             New York, New York 10016

16

17

18

19

20   Audio Operator:          Dana L. Moore, ECRO

21   Transcription Company:   Reliable
                              The Nemours Building
22                            1007 N. Orange Street, Suite 110
                              Wilmington, Delaware 19801
23                            Telephone: (302)654-8080
                              Email:  gmatthews@reliable-co.com
24
     Proceedings recorded by electronic sound recording,
25   transcript produced by transcription service.
```

3

INDEX

MOTIONS:                                                      PAGE

Agenda
Item 1:    Bench Ruling on Motions to Quash and              4
           Corresponding Motions to Compel


Transcriptionist's Certificate                               10

1          (Proceedings commenced at 10:33 a.m.)

2          THE COURT:  Good morning, all.  This is Judge

3    Shannon.  I understand from the court reporter that all

4    necessary parties have joined.

5          This is a hearing in the BYJU's Alpha family of

6    cases at Case Number 24-10140 and Adversary Proceeding 24-

7    50013.

8          This is the time set by the Court for its ruling

9    on motions to quash and corresponding motions to compel.  The

10   matters were argued to the Court yesterday and the Court took

11   the matters under advisement at the conclusion of yesterday's

12   hearing.  For the reasons that I will share, I will deny all

13   of the motions to quash and I will grant the Plaintiffs'

14   motions to compel.

15         As a threshold matter, I note that Camshaft and

16   Mr. Ravindran have asked for a Rule 16 conference and have

17   asked that all discovery be stayed, pending the occurrence of

18   that conference.  I will deny that request, at least insofar

19   as it seeks to delay discovery.  I am not satisfied that at

20   this stage of the proceedings that Rule 16 would serve a

21   gating function envisioned by the Defendants here.

22         If there is a need for either a Rule 16 conference

23   or a status conference under Section 105(d) of the Bankruptcy

24   Code, the parties certainly are welcome to contact the Court

25   and engage with the Court to get on my calendar.  But the

1  request that the Court set a Rule 16 conference here is

2  denied.

3          That brings us, then, to the discovery dispute and

4  we begin with the applicable rule, which is Rule 69 of the

5  Federal Rules of Civil Procedure, made applicable to this

6  proceeding by Federal Rule of Bankruptcy Procedure 7069.

7  That rule at Section (a)(2) provides as follows:

8          In aid of the judgment or execution, the judgment

9  creditor or a successor in interest, whose interest appears

10  of record may obtain discovery from any person, including the

11  Judgment Debtor, as provided in these rules or by the

12  procedure of the state where the court is located.

13          It is important to note here, as we discussed

14  yesterday, that the discovery that's sought here is in aid of

15  execution on a judgment obtained by the Plaintiffs well in

16  excess of half a billion dollars.  Case law teaches that

17  Rule 69 is liberally construed to afford judgment creditors

18  broad latitude to obtain discovery to allow them to find

19  funds or assets to satisfy a judgment.  And, of course, the

20  rule expressly provides that discovery may be taken from

21  third parties, in addition to the Judgment Debtor.

22          The parties' excellent briefing identified the

23  core proposition, animating Rule 69, that a Judgment Debtor

24  may be reluctant to cooperate, may have spirited away or

25  hidden assets, and that a judgment creditor will often need

1    access to third parties to try to recover on its judgment.
2    And that is precisely what the Plaintiffs are doing here.

3         The Defendants primarily argue that the Plaintiffs
4    should stage their discovery; that is to say, to get whatever
5    discovery or information can be obtained from the Debtors
6    themselves after which the Plaintiffs can start to look at
7    third parties in order to fill in any gaps that may exist.

8         However, Rule 69 does not require a judgment
9    creditor to hold off or to stage its enforcement efforts and,
10   indeed, the Plaintiffs here plausibly argued that a staging
11   exercise or a staging requirement would, in fact, frustrate
12   their efforts, presumably, to succeed in collecting upon
13   their judgment.

14        The Plaintiffs have recited a history of
15   difficulty in getting credible, reliable information from the
16   Defendants and so they seek to get third-party information
17   simultaneously.  This is an exercise specifically permitted
18   by Rule 69.

19        Case law does contemplate a proportionality
20   analysis, even under Rule 69, but among the factors to be
21   considered are the size of the judgment and whether there are
22   legitimate concerns that assets may be hidden or lost.  Both
23   considerations apply here with a very large judgment and over
24   a year of fruitless efforts to locate funds to satisfy the
25   judgment.

1    Accordingly, I am satisfied that the discovery

2 sought here is permissible and appropriate under the broad

3 scope provided by Rule 69.  I would ask that the parties

4 confer and submit orders denying the request for a Rule 16

5 conference, denying the motions to quash, and granting the

6 motions to compel.

7    Are there any questions?

8    UNIDENTIFIED MALE SPEAKER:  None from the

9 Defendants, Your Honor.

10    MS. O'GORMAN:  None from the Debtor, Your Honor.

11    But if I could just make one statement for the

12 record?  Ms. Klein has asked me to inform Your Honor that I

13 misspoke yesterday when I told you that she suggested we hold

14 off discussing the Rule 16 conference until after yesterday's

15 hearing.  At her suggestion, I went back to the email that

16 she sent me and what she actually said was, I suggest we hold

17 off on non-post-judgment scheduling issues until after the

18 mid-May depositions.  So I just got it a little bit wrong

19 there with exactly what she had said --

20    THE COURT:  Well, I think -- thank you,

21 Ms. O'Gorman --

22    MS. O'GORMAN:  -- as to when we should take up the

23 discussion.

24    THE COURT:  -- and, again, and I appreciate you

25 correcting the record.

1        As I noted in my ruling, I don't feel strongly one

2   way or the other about the Rule 16 request.  I'm a big fan of

3   status conferences and I find that they assist the process.

4   I don't believe that, procedurally, it is required here and I

5   am certainly not satisfied that it would serve some kind of

6   gating function precluding the discovery that's been sought

7   pending that.

8        If there is consensus that either, again, a

9   Rule 16 conference or a status conference would be of

10  assistance, I don't believe I've ever turned one down, so I

11  would be prepared to meet with the parties.

12       I will look for you to coordinate with your

13  opposing counsel and submit appropriate orders.  If the

14  orders should be silent on Rule 16, then I would amend my

15  ruling and I would leave that to the parties' continuing

16  negotiations.  But I will leave that in your respective,

17  capable hands.

18       In the absence of any further questions or

19  matters, again, I appreciate everyone's time yesterday on the

20  issues and particularly from Mr. Ye, because I had seen SWIFT

21  subpoenas before, but I've never actually gotten that deep a

22  dive into them and I appreciate getting a little bit of

23  education.

24       With that, we are adjourned.

25       Thank you, Counsel.

1          COUNSEL:  Thank you, Your Honor.

2     (Proceedings concluded at 10:39 a.m.)

1  <u>CERTIFICATION</u>

2          I certify that the foregoing is a correct

3  transcript from the electronic sound recording of the

4  proceedings in the above-entitled matter to the best of my

5  knowledge and ability.

6

7  <u>/s/ William J. Garling</u>                    <u>May 29, 2025</u>

8  William J. Garling, CET-543

9  Certified Court Transcriptionist

10 For Reliable

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25