# Exhibit C

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| BYJU'S ALPHA, INC.,[1] | ) |
| | ) |
| | ) |
| Debtor, | ) |
| | ) |
| ——————————————————— | ) Chapter 11 |
| | ) |
| BYJU'S ALPHA, INC., | ) Case No.  24-10140 (BLS) |
| | ) |
| Plaintiff, | ) |
| | ) Adv. Pro. Case No. 24-50013 (BLS) |
| v. | ) |
| | ) |
| CAMSHAFT CAPITAL FUND, LP, | ) |
| CAMSHAFT CAPITAL ADVISORS, | ) |
| LLC, CAMSHAFT CAPITAL | ) |
| MANAGEMENT, LLC, RIJU | ) |
| RAVINDRAN, INSPILEARN LLC, | ) |
| AND THINK AND LEARN | ) |
| PRIVATE LIMITED, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF SUBPOENA

**PLEASE TAKE NOTICE THAT,** pursuant to Rules 26 and 45 of the Federal Rules of

Civil Procedure, and Rules 7026 and 9016 of the Federal Rules of Bankruptcy Procedure, BYJU'S

Alpha, Inc., by and through its attorneys, are requesting that Bank of America, N.A., Citibank,

N.A., UBS AG, Stamford Branch, Barclays Bank PLC, Bank of New York Mellon, Commerzbank

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260).  The location of the Debtor's service address for purposes of this Chapter 11 Case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

AG, Deutsche Bank Trust Company Americas, HSBC Bank USA, N.A., JP Morgan Chase, N.A.,

Standard Chartered PLC, U.S. Bank, and PNC Bank, N.A. produce at the offices of Quinn Emanuel

Urquhart and Sullivan, LLP, 295 Fifth Avenue, New York, NY 10016, Attn. Jianjian Ye, all

documents and things in its custody, possession, or control as specified in **Attachment A** to the

accompanying subpoenas and within thirty days of service thereof.

<table>
<tr><td>Dated: Wilmington, Delaware<br>March 21, 2025</td><td>**YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Robert S. Brady*<br>Robert S. Brady (Del. No. 2847)<br>Kenneth J. Enos (Del. No. 4544)<br>Jared W. Kochenash (Del. No. 6557)<br>Timothy R. Powell (Del. No. 6894)<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>rbrady@ycst.com<br>kenos@ycst.com<br>jkochenash@ycst.com<br>tpowell@ycst.com<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Susheel Kirpalani (pro hac vice granted)<br>Benjamin Finestone (pro hac vice granted)<br>Kate Scherling (pro hac vice granted)<br>Jianjian Ye (pro hac vice granted)<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Tel.: (212) 849 7000<br>susheelkirpalani@quinnemanuel.com<br>benjaminfinestone@quinnemanuel.com<br>katescherling@quinnemanuel.com<br>jianjianye@quinnemanuel.com<br><br>*Counsel for Debtor, BYJU's Alpha, Inc.*</td></tr>
</table>

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

FOR THE _____ District of _____ DELAWARE

In re _____ BYJU'S ALPHA, INC. _____
Debtor

*(Complete if issued in an adversary proceeding)*

_____ BYJU'S ALPHA, INC., _____
Plaintiff

v.

___ CAMSHAFT CAPITAL FUND, LP, et al. ___
Defendant

Case No. __ 24-10140 (JTD) __

Chapter __ 11 __

Adv. Proc. No. __ 24-50013 (JTD) __

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ Bank of America, N.A. _____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | 4/21/2025 5:30 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __ 3/21/2025 __

CLERK OF COURT

OR

_____          /s/  Jianjian Ye
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ BYJU'S ALPHA, INC. _____ , who issues or requests this subpoena, are:

Jianjian Ye, 295 Fifth Ave., New York, NY 10016, jianjianye@quinnemanuel.com, 212-849-7573, Jordan Nakdimon

212-849-7368          **Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.      "**Action**" means the above-captioned adversary proceeding.

2.      "**Communication**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.      "**SWIFT**" means the Society for World Interbank Financial Telecommunication.

4.      "**MT**" ("message text") means the traditional message type for use on the SWIFT network.

5.      "**MX**" means the XML message type for use on the SWIFT network.

6.      "**Electronically Stored Information**" ("ESI") means, without limitation, the following:

   a.   information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

   b.   internal or external websites and other shared spaces;

   c.   output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

   d.   activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, and related media used to move and store data, such as, but not limited to, a personal digital assistant, e.g., Palm Pilot, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

    e.   archived data, legacy data, and back-up tapes.

7.    "**Document**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure ("**FRCP**") 34(a)(1)(A), made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034. A draft or non-identical copy is a separate document within the meaning of this term per FRCP 34(a)(1)(A) made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034.

8.    When referring to documents, "**to identify**" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

9.    The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

10.    The words "**relating to**" means regarding, relating to, involving, concerning, referring to, describing, evidencing, constituting, relevant to, or in connection with, either directly or indirectly.

11.    "**Byju's Alpha**" means the entity named as Plaintiff in the Action and in whose favor a judgment was entered against Defendants on March 14, 2025, including any agents, predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, and other branches or affiliates, together with all officers, directors, employees, subsidiaries, affiliates, agents, or other person acting (or purporting to act) on behalf of the foregoing.

12.     "**You**" and "**Your**" means the recipient of this subpoena and its officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on its behalf.

13.     "**Person**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14.     "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

15.     The terms defined above and the individual requests for production and inspection are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the FRCP or any applicable laws.

16.     All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the requests for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

17.     These Definitions are provided only for purposes of discovery, in conformance with FRCP 34(a) and Federal Rules of Bankruptcy Procedure 7034, and are not intended to be used for any purpose other than discovery.  Byju's Alpha reserves the right to modify these Definitions or utilize different Definitions for any other purpose.

## <u>RULES OF CONSTRUCTION</u>

The following rules of construction apply to this discovery request:

1.     The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.     The connectives "**and**" and "**or**" shall be construed either disjunctively or

conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other 3rd party IT, cloud or other service providers.

3.      Unless otherwise indicated, these requests seek Documents and Communications concerning the time period from April 1, 2021 through present.  If any Document, Communication, or other information is dated outside of the Relevant Time Period but is necessary for a complete understanding of a Document or Communication covered by the requests, such Document outside of the Relevant Time Period shall be produced. If any Document or Communication is undated and the date of its preparation cannot be determined, the Document or Communication shall be produced if otherwise responsive to the requests.

4.      Each Document or other thing requested shall be produced in its entirety along

with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible.  Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced.  A Document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

5.    Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

6.    Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

7.    All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.  All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files. If such metadata is not available, each Document shall

be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document. If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

8.      Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

9.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

10.     ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

11.     File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

12.     Documents attached to each other shall not be separated. All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments and enclosures.

13.     If there are no Documents or other things responsive to any particular request, Your response shall state so in writing.

14.     In the event that any Document or other thing called for by these requests is withheld on the basis of a claim or privilege or immunity:

      a.   The person asserting the privilege shall identify the nature of the privilege

(including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

b.  The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the allegedly privileged information: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

15.    Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

16.    If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with FRCP 34, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034.  If there is an objection to any part of a request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of a request, You must state the basis of Your objections in accordance with FRCP 34.

17.    In the event that any Document or other thing responsive to these requests has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons

7

authorizing and carrying out such destruction or discard.

18.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

19.     Upon request, counsel for Byju's Alpha will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUEST FOR PRODUCTION

1.     All Documents concerning SWIFT messages received or transmitted during the Relevant Time Period through Your SWIFT portal or stored in Your SWIFT database and satisfying the following SWIFT message search criteria:

SWIFT Message Search Criteria:

1)     Transaction date = April 1, 2021 through the date of the search;

2)     SWIFT Message Standard:

    a.  MT Message Type = 101, 102, 102+, 103, 103+, 104, 110, 111, 121, 195, 196, 198, 199, 200, 201, 202, 202 COV, 203, 205, 207, 210, 295, 296, 298, 299, 304, 307, 320, 321, 400, 410, 416, 420, 495, 496, 498, 499, 500, 502, 509, 515, 600, 601, 604, 605, 606, 607, 608, 609, 620, 700, 701, 707, 710, 756, 760, 767, 795, 796, 798, 799; 900, 910, 940, 941, 942, 950, or 986; and/or

    b.  MX Equivalent Type = pain.001, pacs.008, pacs.009cov, pacs.003, pain.008, camt.026, camt.027, camt.033, camt.034, camt.028, camt.031, camt.029, pacs.009, camt.050, camt.057, tsrv.001, tsrv.005, camt.054, camt.053, or camt.052;

3)     Where numerical values are present, MT Message Field 32$n$ or 33$n$ (where $n$ is an optional letter), or MX Equivalent Type Element <IntrBkSttlmAmt>, <IntrBkSttlmDt>, or <InstdAmt>, or any currency amount field = greater than or equal to **1,000**; and

4)     MT Message Field 50$n$, 59$n$, 70$n$, 72, 82$n$, 87$n$, or 95$n$ (where $n$ is an optional letter), or MX Equivalent Type Element <InstdAmt>, <Dbtr>, <Cdtr>, <RmtInf>, <Ustrd>, <Strd>, <ChrgsInf>, <PrvsInstgAgt1>, <PrvsInstgAgt2>, <PrvsInstgAgt3>, <RltdRmtInf>, or any beneficiary, originator, or instruction field, contain  any of the SWIFT Search Terms listed in **Table A**, including the variations of the SWIFT Search Terms separated by semicolons in **Table A**, regardless of whether the relevant field contains other text.

### TABLE A
### SWIFT SEARCH TERMS TO BE SEARCHED

| Term | Variations |
|------|-----------|
| Aakash Edutech Pvt Ltd | "Aakash Edutech";<br>"Aakash" and "EDU" |
| Accuvise Administrators Limited | "Accuvise" |
| Ackees Mobile Tech Pvt Ltd | "Ackees Mobile Tech" |
| Adar Poonawalla | |
| ███████████████████ | |
| Airretailer Technology LLC | |
| Aiyo International Limited | "Aiyo International" |
| Ajin Purushothaman | "Ajin Purushothaman" |
| Alexandra Tanya Morton | "Alexandra Morton"; "Alexandra T. Morton" |
| Ananya Srivastava | "Ananya Shree" |
| Andrew Simon | "Andrew Simon" AND "DC Legal" |
| Andrew Wagner | |
| Anisree Vellapalath | |
| Anita Kishore | |
| ████████████████ | |
| ████████████████ | |
| ████████████ | |
| Anticee Solutions Ltd | "Anticee Solutions" |
| Anubhav Sinha | |
| Apex Fund | "Apex Fund" AND "Godolphin" |
| Arun Kant | "Arun Kant" |
| Astra Management Services | "Astra Management" |
| Aswani Nambarambath | |
| Aswani Valsaraj | |
| Banker Corporation | |
| Beeaar Investco Pte Ltd | "Beeaar" |
| Benchmark Investments LLC | "Benchmark Investments" |
| Bisy Philip Rajendran | |
| Black Hills Solutions | |
| Blaise Pascal Barrelet | "Blaise Barrelet" |
| Bluebell Capital Investments Ltd | "Bluebell Capital Investments" |
| Brett Borgensen | "Brett Borgensen" |
| Brikram Trading | |
| Burton Varley Ltd | "Burton Varley" |
| Byju Raveendran | "Byju R*"; "Byju Raveendran"; "Byju Ravindran" |

### TABLE A
### SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| BYJU's Alpha, Inc | "Byjus Alpha"; "Byju's Alpha"; "Byju Alpha"; "Byjus"; "Byju's" |
| Byju's Global Pte Ltd | "Byju's Global"; "Byjus Global" |
| Byju's Holdings 1 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Holdings 2 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Investments Pte Ltd | "Byju's Investments" |
| Byju's Pte Ltd | "Byju's Private"; "Byju's Pte" |
| BYJU's UK Ltd | "Byju's UK" |
| ███████████████ | |
| ███████████████ | |
| Byjus Investments Pvt Ltd | "Byjus Investments" |
| Byju's K3 Education Pvt Ltd | "Byju's K3"; "Byjus K3" |
| Byjus Learning Company FZCO | "Byjus Learning Company"; "Byju's Learning Company" |
| BYJU's S.A. de C.V. | "BYJU's S.A."; "BYJUs S.A." |
| BYJU's Tecnologia Educacional LTDA | "BYJU's Tecnologia Educacional"; "BYJUs Technologia Educational" |
| Camelback Financial Corp. | |
| ███████████████ | |
| ███████████████ | |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Camshaft Capital Advisors LLC | "Camshaft" |
| Camshaft Capital Credit LP | "Camshaft" |
| Camshaft Capital Fund LP | "Camshaft" |
| Camshaft Capital Fund, LP | "Camshaft" |
| Camshaft Capital Management, LLC | "Camshaft Capital" |
| Camshaft Capital Advisors, LLC | "Camshaft" |
| Camshaft Consulting LLC | "Camshaft Consulting" |
| Camshaft CRE 1 LLC | "Camshaft CRE" |
| Camshaft Credit LP | "Camshaft Credit" |
| Camshaft Credit LP SPV 1 | "Camshaft" |
| Camshaft Credit Management LLC | "Camshaft" |
| Camshaft Fund, LP | "Camshaft Fund" |
| Camshaft LLC | "Camshaft" |
| Camshaft LP -- Activist I | "Camshaft" |
| Camshaft LP Short Term Liquid Assets 1 | "Camshaft LP" |
| Camshaft LP SPV 1 | "Camshaft" |
| Camshaft Management , LLC | "Camshaft Management" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Camshaft Management LLC | "Camshaft" |
| Cema Language Solutions Corp | "Cema Language Solutions" |
| Charlotte Mason | "Charlotte Mason" w/10 ("OCI" OR "Aiyo") |
| Chris Rigby | "Chris Rigby" AND "Stenn" |
| ██████████ | |
| Cutting Edge Sports FZ-LLC | "Cutting Edge Sports" |
| Davin Goldsztajn | |
| DC Legal FZ LLC | "DC Legal |
| Deeptha AR | "Deeptha Akhila Raghavan"; "Deeptha Ravindran" |
| Delta Management Services | "Delta Management" |
| Dheeraj Guliani | |
| Digital Aristotle Pvt Ltd | "Digital Aristotle" |
| Divya Gokulnath | "Divya G*"; "Divya Gokulnath" |
| ███████████ | |
| ███████████ | |
| ███████████ | |
| Donald J. Morton | "Donald Morton" |
| Dynaveo Ltd | "Dynaveo" |
| ████████ | |
| ███████ | |
| EF Hutton | "EF Hutton" |
| Enso Group | |
| E-Outlets Limited | "E-Outlets" |
| Epic! Creations Inc | "Epic! Creations"; "Epic Creations" |
| Epsilon, Villa B12, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| Epsilon, Villa B13, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| EST Capital AG | "EST Capital" |
| Ethos Fashion Sro | "Ethos Fashion Sro" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Future Ideas Trading LLC | "Future Ideas Trading" |
| GeoGebra GmbH | "GeoGebra" |
| GL Pte Singapore | |
| Global Lingo (S) Pte Ltd | "Global Lingo" |
| Godolphin Fund | "Godolphin Fund" |
| Gokulnath Kuppuswamy Naidu | "Gokulnath Naidu"; "Gokulnath Kuppuswamy" |
| Golden Mile 3, Palm Jumeriah, Dubai | |
| Gorillahouse Tech Ltd | "Gorillahouse" |
| Great Lakes E-Learning Services Pvt Limited | "Great Lakes Learning"; "Great Lakes E-Learning" |
| Great Learning Education Services Pvt Ltd | "Great Learning Education Services" |
| Greengage Investments Ltd | "Greengage Investments" |
| H Motion Ltd | "H Motion" |
| Harrymax Consultants LLC | "Harrymax Consultants" |
| Haygot Services Pvt Ltd | "Haygot" |
| HDFC Bank Limited | |
| HSBC Singapore | |
| Hydra Enforcement, LP | "Hydra Enforcement" |
| Hydra Global LLC | "Hydra Global" |
| ICC Business Corporation FZ LLC | "ICC Business Corporation" |
| ICICI Bank Limited | |
| IIFL Finance Limited | |
| Incred Financial Services | "Incred Financial" |
| Infiken Internet Labs Pvt Ltd | "Infiken" |
| Innovagro Foods LLP | "Innovagro" |
| Inspilearn Education Pvt Ltd | "Inspilearn" |
| Inspilearn LLC | "Inspilearn" |
| Intap Labs Pvt Ltd | "Intap Labs" |
| Itria Venture S | Itria Venture |
| Jamey Jacob | "Jamey Jacob"; "J Jacob" |
| Jason Perz | "Jason Perz"; "J Perz" |
| Jed Trail, Sevierville, TN 37862 | |
| Jino Joseph | "Jino Joseph"; "Jion Joseph"; "J Joseph"; (in conjunction with "Byju's") |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Jon Naseath | Jonathan Naseath |
| Kamran Asghar | "K Asghar" |
| ███████████████ | |
| Kishore Srinivasan | "Srinivasan Kishore" |
| Kranti Growth Catalysts | "Kranti Growth" |
| Krypton Fund Services | |
| Kunnaruvath Raveendran | "Kunnaruvath Ravindran" |
| Kush Banker | "Kush Rupin Banker" |
| L 33 Lailak 2 Street | ("Emirates Hills" OR "Dubai") AND "L33" AND "LAILAK" |
| Leonie Hill Capital Private Limited | "Leonie Hill Capital" |
| Libra Trading | |
| Madison Properties | |
| Madoc Plantation | |
| Magnela Properties | |
| Malav Banker | |
| Maplewood Trading | |
| Marinemast | |
| Marquise International | |
| Mavrus Properties | |
| Meenakshi Banker | "Banker Meenakshi Rupin"; "Minakshi Banker" |
| ███████████████ | |
| ███████████████ | |
| Memphis Global | |
| Merill Tradecom | |
| Michael Lipman | "Michael Lipman"; "M Lipman"; "Mike Lipman" (in conjunction with "Camshaft") |
| Miramac Properties | |
| Mohammad Iqbal Puri | |
| Monique Morley | |
| Montiago General Trading LLC | |
| More Ideas Books Trading LLC | "More Ideas" |
| More Ideas General Trading LLC | "More Ideas"; "BYJUs" AND "MIGT" |
| Morris Properties | |
| Nerissa Infra Projects | |
| Neuron Fuel Inc | "Neuron Fuel" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| No. 206; Green Glen Layout;Bellandur; Bangalore - Ground Floor, Bengaluru, Karnataka, India, 560103 | "Green Glen Layout" "no. 206" W/10 (Bengaluru OR Bangalore) |
| No. 43, Yoganarasimha 14th Main, 15th Cross, HSR Layout, Sector 4, Bengaluru, Karnataka, India, 560102 | "Yoganarasimha 14th Main" ("No 43" w/10 (Bengaluru OR Bangalore)) |
| Northwest Education Pte Ltd | "Northwest Education" |
| OCI Group Ltd | "OCI Group" |
| OCI Limited | "OCI Ltd" |
| OCI Logistics Ltd | "OCI Logistics" |
| OCI Office Ltd | "OCI Office" |
| OCI RESI Ltd | "OCI RESI" |
| Oliver Chapman | ("O Chapman" w/10 "OCI"); "Oliver Philip Chapman" |
| Om Pandey | "Om P Pandey"; "Om Pandey" |
| Orin OCI RB Ltd | "Orin OCI RB" |
| Padam Singhania | |
| Pankaj Srivastava | "Pankaj Srivastava" |
| PP Holdings | |
| Praseeth Pareparambil Sankaramveettil | "Praseeth Sankaramveettil"; "Praseeth Pareparambil Sankaramveettil" |
| Preethi Srivastava | |
| Purplemint Fintech | |
| R Motion Ltd | "R Motion" |
| Rahul Rajendran Vellapalath | |
| Rainbow Ridge Way, Sevierville, TN 37862 | |
| Rajendran Vellapalath | |
| ███████████████████ | |
| ████████████ | |
| Ranjan Pai | |
| Ready Merchantlinks Private Limited | "Ready Merchantlinks"; "Ready Merchantlinks Pvt Ltd"; "Ready Merchantlinks Private Ltd"; "Ready Merchantlinks Pvt Limited" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| ReadyFunds | |
| Red Vinyard Endeavors LLC | Red Vinyard |
| Riju Ravindran | "Riju R*"; "Riju Raveendran"; "Riju Ravindran"; Riju (W/10) Ravindran |
| ██████████ | |
| Rise International | |
| Rizwana Shaheen Ameer Meea | ("Rizwana Meea" OR "Rizwana Ameer Meea") AND Godolphin |
| Robert Forte | |
| Roisin Chapman | "Roisin Chapman"; "R Chapman" w/10 "OCI") |
| Rose Lake | |
| Royal Fort Infracom General Trading | "Royal Fort Infracom" |
| Rupin Banker | ("R Banker" w/10 "OCI"); "Rupin Hemant Banker"; "Rupin Banker Hemant" ("Rupin Bankar"w/10 "OCI"); ("R Bankar" w/10 "OCI") ("Rupin Hemant Bankar" W/10 "OCI") |
| Sairaj Unnikrishnan | |
| Sandeep Krishnan Narayanaswamy | "Sandeep Krishnan"; "Sandeep Krishna" |
| Sandeep Vellapalath | |
| ████████████ | |
| Sean Teeling | "Sean Teeling"; "S Teeling" |
| Secure Capital | |
| Serena Vista LLC | "Serena Vista" |
| Serum Institute | |
| Shaji Puthalath | "Shaji Divakar" |
| Shaman Commodities | |
| Shantanu Prakash | |
| Sharath Kumar | |
| Shenka Ltd | "Shenka" |
| Shobhana Valli Mundani | "Shobhana Raveendran"; "Shobhana Ravindran" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Sindhu Ratna Kul Bhaskar | "Sindhu Bhaskar"; "Dr Sindhu Bhaskar" |
| Skyconsult General Trading LLC | "Skyconsult General Trading" |
| Skywest Trading | |
| Snake River Trust | |
| Sola Fide | |
| Span Thoughtworks Pvt Ltd | "Span Thoughtworks" |
| Specadel Technologies Pvt Ltd | "Specadel" |
| Sreejith Narayanan Kunniyur | |
| Sriharu Marri Sreepathy | "Sriharu Marri Sreepathi" |
| Srisolve IBS Enterprises Private Limited | "Srisolve"; "Innovmania Enterprises" |
| Stallions Investment Management | |
| Stenn Assets UK Limited | "Stenn Assets" |
| Tangible Play Inc | "Tangible Play" |
| Think and Learn | T&L; "Think & Learn"; "Think and Learn" |
| Toppr Technologies Pvt Ltd | "Toppr Technologies" |
| ███████ | |
| ███████ | |
| UAB Capitulus | |
| Venice Land | |
| Vinay Raveendra | |
| Vinay Ravindra | "Vinay Ravindra"; "Vinay Raveendra"; "Vinay Ravindranath" |
| Vinay Ravindranath | |
| Voizzit | |
| Weblength Infonet Pvt Ltd | "Weblength Infonet" |
| Whitehat Education Technology Private Limited | "Whitehat Education Technology" |
| William Cameron Morton | "William Cameron Morton"; "William C Morton"; "William Morton"; "Will Morton"; |

**<u>TABLE A</u>**
**<u>SWIFT SEARCH TERMS TO BE SEARCHED</u>**

| | |
|---|---|
| | "W Cameron Morton"; "Cameron Morton" |
| William Hailer | "Will Hailer"; "W Hailer" |
| ██████████████ | |
| ███████████████ | |
| Wirturbo | "Wirturbo" AND "Andrew Simon"; "Wirturbo" AND "DC Legal" |
| Wondersearch Ltd | "Wondersearch" |
| Yuv Banker | "Yuv Rupin Banker" |
| YWE Business Solutions | |
| ██████████ | |
| ██████████ | |
| ████████████ | |
| ██████████ | |
| ██████████ | |
| █████████████ | |
| █████████████ | |
| █████████████ | |
| █████████ | |
| █████████ | |
| ████████████ | |
| █████████ | |
| █████████ | |
| █████████ | |
| █████████ | |
| █████████ | |
| █████████ | |
| █████████ | |
| 1109 Windmill Properties LLC | "1109 Windmill Properties" |
| 1200 Brickell Avenue, Suite 310 | "1200 Brickell Avenue" w/7 Miami |
| ██████ | |
| ██████████ | █████████ |
| ██████████ | |
| ████████████ | █████████ |
| ████████ | |
| ██████████ | █████████ |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| ███████ | ███████ |
| ██████ | |
| 16850 Collins Avenue,#112408, Sunny Isles Beach, Florida 33160 | "16850 Collins Avenue" w/7 Florida |
| 175 SW 7th Street, Miami, FL 33130 | "175 SW 7th Street" W/5 Miami |
| 18555 Collins Ave Ste 5405, Sunny Isles Beach, FL 33160 | |
| ██████ | |
| ██████ | |
| ██████ | ██████ |
| ████████ | |
| 285 NW 42nd Avenue | |
| ████ | |
| ██████ | |
| ████ | |
| ██████ | |
| ██████ | |
| ██████ | |
| ███████ | |
| ███████ | |
| ██████ | |
| 4/1, 2nd Floor, Tower D, IBC Knowledge Park, Bannerghatta Main Road, Bangalore, Karnataka, India, 560 029 | ("IBC Knowledge Park" and Byju or Byju's) |
| ██████ | |
| ████████ | |
| ██████ | |
| ███████ | |
| ██████ | |
| ██████ | |
| ████ | |
| ██████ | |
| ████████ | |
| ██████ | |
| ██████ | |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| ███████████ | |
| ██████ | |
| █████████ | |
| █████ | |
| █████ | |
| | |
| 777 Brickell Ave, Floor 5, Miami, FL 33131 | "777 Brickell" w/7 Miami |
| █████████ | |
| █████ | |
| ████████ | |
| ███████ | |
| ██ | ████ (w/5 Gokulnath) |
| ██ | ██ (w/5 Raveendran) |
| ██ | ████ (w/5 "Ravindran)" |
| █████ | |
| █████ | |
| ██████ | |
| █████ | ██████ |
| █████████ | |
| ████ | |
| 936 SW 1st Avenue, #1086, Miami, FL 33130 | "936 SW 1st Avenue" W/5 Miami |
| 950 Brickell Bay Drive, #5107, Miami, FL 33130 | "950 Brickell Bay Drive" w/7 Miami |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

| FOR THE | District of | DELAWARE |
|---|---|---|

In re    **BYJU'S ALPHA, INC.**

*Debtor*

*(Complete if issued in an adversary proceeding)*

**BYJU'S ALPHA, INC.,**

*Plaintiff*

v.

CAMSHAFT CAPITAL FUND, LP, et al.

*Defendant*

Case No.  24-10140 (JTD)

Chapter  11

Adv. Proc. No.  24-50013 (JTD)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:                      **Barclays Bank PLC**

*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | 4/21/2025 5:30 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  3/21/2025

CLERK OF COURT

OR

_____    /s/  Jianjian Ye
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____BYJU'S ALPHA, INC._____ , who issues or requests this subpoena, are:

Jianjian Ye, 295 Fifth Ave., New York, NY 10016, jianjianye@quinnemanuel.com, 212-849-7573, Jordan Nakdimon

212-849-7368      **Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.      "**Action**" means the above-captioned adversary proceeding.

2.      "**Communication**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.      "**SWIFT**" means the Society for World Interbank Financial Telecommunication.

4.      "**MT**" ("message text") means the traditional message type for use on the SWIFT network.

5.      "**MX**" means the XML message type for use on the SWIFT network.

6.      "**Electronically Stored Information**" ("ESI") means, without limitation, the following:

    a.   information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

    b.   internal or external websites and other shared spaces;

    c.   output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

    d.   activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, and related media used to move and store data, such as, but not limited to, a personal digital assistant, e.g., Palm Pilot, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e. archived data, legacy data, and back-up tapes.

7. "**Document**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure ("**FRCP**") 34(a)(1)(A), made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034. A draft or non-identical copy is a separate document within the meaning of this term per FRCP 34(a)(1)(A) made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034.

8. When referring to documents, "**to identify**" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

9. The words "**include**" and "**including**" mean "including but not limited to." The use of the term "include" in any request shall not be used to limit the generality or scope of any request. Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

10. The words "**relating to**" means regarding, relating to, involving, concerning, referring to, describing, evidencing, constituting, relevant to, or in connection with, either directly or indirectly.

11. "**Byju's Alpha**" means the entity named as Plaintiff in the Action and in whose favor a judgment was entered against Defendants on March 14, 2025, including any agents, predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, and other branches or affiliates, together with all officers, directors, employees, subsidiaries, affiliates, agents, or other person acting (or purporting to act) on behalf of the foregoing.

2

12.     "**You**" and "**Your**" means the recipient of this subpoena and its officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on its behalf.

13.     "**Person**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14.     "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

15.     The terms defined above and the individual requests for production and inspection are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the FRCP or any applicable laws.

16.     All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the requests for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

17.     These Definitions are provided only for purposes of discovery, in conformance with FRCP 34(a) and Federal Rules of Bankruptcy Procedure 7034, and are not intended to be used for any purpose other than discovery.  Byju's Alpha reserves the right to modify these Definitions or utilize different Definitions for any other purpose.

## **RULES OF CONSTRUCTION**

The following rules of construction apply to this discovery request:

1.     The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.     The connectives "**and**" and "**or**" shall be construed either disjunctively or

conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other 3rd party IT, cloud or other service providers.

3.      Unless otherwise indicated, these requests seek Documents and Communications concerning the time period from April 1, 2021 through present.  If any Document, Communication, or other information is dated outside of the Relevant Time Period but is necessary for a complete understanding of a Document or Communication covered by the requests, such Document outside of the Relevant Time Period shall be produced. If any Document or Communication is undated and the date of its preparation cannot be determined, the Document or Communication shall be produced if otherwise responsive to the requests.

4.      Each Document or other thing requested shall be produced in its entirety along

with all non-identical versions thereof and without abbreviation or redaction. Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced. If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing. For all Documents and other things, any family relationship should be captured and reflected in the production. Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced. A Document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

5.    Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

6.    Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

7.    All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course. All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files. If such metadata is not available, each Document shall

be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document. If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

8.      Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

9.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

10.     ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

11.     File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

12.     Documents attached to each other shall not be separated. All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments and enclosures.

13.     If there are no Documents or other things responsive to any particular request, Your response shall state so in writing.

14.     In the event that any Document or other thing called for by these requests is withheld on the basis of a claim or privilege or immunity:

        a.   The person asserting the privilege shall identify the nature of the privilege

6

(including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

b.  The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the allegedly privileged information: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

15.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

16.     If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with FRCP 34, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034.  If there is an objection to any part of a request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of a request, You must state the basis of Your objections in accordance with FRCP 34.

17.     In the event that any Document or other thing responsive to these requests has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons

authorizing and carrying out such destruction or discard.

18.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

19.     Upon request, counsel for Byju's Alpha will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUEST FOR PRODUCTION

1.      All Documents concerning SWIFT messages received or transmitted during the Relevant Time Period through Your SWIFT portal or stored in Your SWIFT database and satisfying the following SWIFT message search criteria:

SWIFT Message Search Criteria:

1)      Transaction date = April 1, 2021 through the date of the search;

2)      SWIFT Message Standard:

a.   MT Message Type = 101, 102, 102+, 103, 103+, 104, 110, 111, 121, 195, 196, 198, 199, 200, 201, 202, 202 COV, 203, 205, 207, 210, 295, 296, 298, 299, 304, 307, 320, 321, 400, 410, 416, 420, 495, 496, 498, 499, 500, 502, 509, 515, 600, 601, 604, 605, 606, 607, 608, 609, 620, 700, 701, 707, 710, 756, 760, 767, 795, 796, 798, 799; 900, 910, 940, 941, 942, 950, or 986; and/or

b.   MX Equivalent Type = pain.001, pacs.008, pacs.009cov, pacs.003, pain.008, camt.026, camt.027, camt.033, camt.034, camt.028, camt.031, camt.029, pacs.009, camt.050, camt.057, tsrv.001, tsrv.005, camt.054, camt.053, or camt.052;

3)      Where numerical values are present, MT Message Field $32n$ or $33n$ (where $n$ is an optional letter), or MX Equivalent Type Element <IntrBkSttlmAmt>, <IntrBkSttlmDt>, or <InstdAmt>, or any currency amount field = greater than or equal to **1,000**; and

4)      MT Message Field $50n$, $59n$, $70n$, 72, $82n$, $87n$, or $95n$ (where $n$ is an optional letter), or MX Equivalent Type Element <InstdAmt>, <Dbtr>, <Cdtr>, <RmtInf>, <Ustrd>, <Strd>, <ChrgsInf>, <PrvsInstgAgt1>, <PrvsInstgAgt2>, <PrvsInstgAgt3>, <RltdRmtInf>, or any beneficiary, originator, or instruction field, contain  any of the SWIFT Search Terms listed in **Table A**, including the variations of the SWIFT Search Terms separated by semicolons in **Table A**, regardless of whether the relevant field contains other text.

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| Term | Variations |
|---|---|
| Aakash Edutech Pvt Ltd | "Aakash Edutech";<br>"Aakash" and "EDU" |
| Accuvise Administrators Limited | "Accuvise" |
| Ackees Mobile Tech Pvt Ltd | "Ackees Mobile Tech" |
| Adar Poonawalla | |
| ███████████████████ | |
| Airretailer Technology LLC | |
| Aiyo International Limited | "Aiyo International" |
| Ajin Purushothaman | "Ajin Purushothaman" |
| Alexandra Tanya Morton | "Alexandra Morton"; "Alexandra T. Morton" |
| Ananya Srivastava | "Ananya Shree" |
| Andrew Simon | "Andrew Simon" AND "DC Legal" |
| Andrew Wagner | |
| Anisree Vellapalath | |
| Anita Kishore | |
| ███████████████ | |
| ██████████████████ | |
| █████████████ | |
| Anticee Solutions Ltd | "Anticee Solutions" |
| Anubhav Sinha | |
| Apex Fund | "Apex Fund" AND "Godolphin" |
| Arun Kant | "Arun Kant" |
| Astra Management Services | "Astra Management" |
| Aswani Nambarambath | |
| Aswani Valsaraj | |
| Banker Corporation | |
| Beeaar Investco Pte Ltd | "Beeaar" |
| Benchmark Investments LLC | "Benchmark Investments" |
| Bisy Philip Rajendran | |
| Black Hills Solutions | |
| Blaise Pascal Barrelet | "Blaise Barrelet" |
| Bluebell Capital Investments Ltd | "Bluebell Capital Investments" |
| Brett Borgensen | "Brett Borgensen" |
| Brikram Trading | |
| Burton Varley Ltd | "Burton Varley" |
| Byju Raveendran | "Byju R*"; "Byju Raveendran"; "Byju Ravindran" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| BYJU's Alpha, Inc | "Byjus Alpha"; "Byju's Alpha"; "Byju Alpha"; "Byjus"; "Byju's" |
| Byju's Global Pte Ltd | "Byju's Global"; "Byjus Global" |
| Byju's Holdings 1 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Holdings 2 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Investments Pte Ltd | "Byju's Investments" |
| Byju's Pte Ltd | "Byju's Private"; "Byju's Pte" |
| BYJU's UK Ltd | "Byju's UK" |
| ██████████████ | |
| ███████████ | |
| Byjus Investments Pvt Ltd | "Byjus Investments" |
| Byju's K3 Education Pvt Ltd | "Byju's K3"; "Byjus K3" |
| Byjus Learning Company FZCO | "Byjus Learning Company"; "Byju's Learning Company" |
| BYJU's S.A. de C.V. | "BYJU's S.A."; "BYJUs S.A." |
| BYJU's Tecnologia Educacional LTDA | "BYJU's Tecnologia Educational"; "BYJUs Technologia Educational" |
| Camelback Financial Corp. | |
| ██████████████ | |
| ████████████ | |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Camshaft Capital Advisors LLC | "Camshaft" |
| Camshaft Capital Credit LP | "Camshaft" |
| Camshaft Capital Fund LP | "Camshaft" |
| Camshaft Capital Fund, LP | "Camshaft" |
| Camshaft Capital Management, LLC | "Camshaft Capital" |
| Camshaft Capital Advisors, LLC | "Camshaft" |
| Camshaft Consulting LLC | "Camshaft Consulting" |
| Camshaft CRE 1 LLC | "Camshaft CRE" |
| Camshaft Credit LP | "Camshaft Credit" |
| Camshaft Credit LP SPV 1 | "Camshaft" |
| Camshaft Credit Management LLC | "Camshaft" |
| Camshaft Fund, LP | "Camshaft Fund" |
| Camshaft LLC | "Camshaft" |
| Camshaft LP -- Activist I | "Camshaft" |
| Camshaft LP Short Term Liquid Assets 1 | "Camshaft LP" |
| Camshaft LP SPV 1 | "Camshaft" |
| Camshaft Management , LLC | "Camshaft Management" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Camshaft Management LLC | "Camshaft" |
| Cema Language Solutions Corp | "Cema Language Solutions" |
| Charlotte Mason | "Charlotte Mason" w/10 ("OCI" OR "Aiyo") |
| Chris Rigby | "Chris Rigby" AND "Stenn" |
| ▮▮▮▮▮▮▮▮ | |
| Cutting Edge Sports FZ-LLC | "Cutting Edge Sports" |
| Davin Goldsztajn | |
| DC Legal FZ LLC | "DC Legal |
| Deeptha AR | "Deeptha Akhila Raghavan"; "Deeptha Ravindran" |
| Delta Management Services | "Delta Management" |
| Dheeraj Guliani | |
| Digital Aristotle Pvt Ltd | "Digital Aristotle" |
| Divya Gokulnath | "Divya G*"; "Divya Gokulnath" |
| ▮▮▮▮▮▮▮ | |
| ▮▮▮▮▮▮▮ | |
| Donald J. Morton | "Donald Morton" |
| Dynaveo Ltd | "Dynaveo" |
| ▮▮▮▮ | |
| ▮▮▮ | |
| EF Hutton | "EF Hutton" |
| Enso Group | |
| E-Outlets Limited | "E-Outlets" |
| Epic! Creations Inc | "Epic! Creations"; "Epic Creations" |
| Epsilon, Villa B12, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| Epsilon, Villa B13, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| EST Capital AG | "EST Capital" |
| Ethos Fashion Sro | "Ethos Fashion Sro" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Future Ideas Trading LLC | "Future Ideas Trading" |
| GeoGebra GmbH | "GeoGebra" |
| GL Pte Singapore | |
| Global Lingo (S) Pte Ltd | "Global Lingo" |
| Godolphin Fund | "Godolphin Fund" |
| Gokulnath Kuppuswamy Naidu | "Gokulnath Naidu"; "Gokulnath Kuppuswamy" |
| Golden Mile 3, Palm Jumeriah, Dubai | |
| Gorillahouse Tech Ltd | "Gorillahouse" |
| Great Lakes E-Learning Services Pvt Limited | "Great Lakes Learning"; "Great Lakes E-Learning" |
| Great Learning Education Services Pvt Ltd | "Great Learning Education Services" |
| Greengage Investments Ltd | "Greengage Investments" |
| H Motion Ltd | "H Motion" |
| Harrymax Consultants LLC | "Harrymax Consultants" |
| Haygot Services Pvt Ltd | "Haygot" |
| HDFC Bank Limited | |
| HSBC Singapore | |
| Hydra Enforcement, LP | "Hydra Enforcement" |
| Hydra Global LLC | "Hydra Global" |
| ICC Business Corporation FZ LLC | "ICC Business Corporation" |
| ICICI Bank Limited | |
| IIFL Finance Limited | |
| Incred Financial Services | "Incred Financial" |
| Infiken Internet Labs Pvt Ltd | "Infiken" |
| Innovagro Foods LLP | "Innovagro" |
| Inspilearn Education Pvt Ltd | "Inspilearn" |
| Inspilearn LLC | "Inspilearn" |
| Intap Labs Pvt Ltd | "Intap Labs" |
| Itria Venture S | Itria Venture |
| Jamey Jacob | "Jamey Jacob"; "J Jacob" |
| Jason Perz | "Jason Perz"; "J Perz" |
| Jed Trail, Sevierville, TN 37862 | |
| Jino Joseph | "Jino Joseph"; "Jion Joseph"; "J Joseph"; (in conjunction with "Byju's") |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Jon Naseath | Jonathan Naseath |
| Kamran Asghar | "K Asghar" |
| ██████████████ | |
| Kishore Srinivasan | "Srinivasan Kishore" |
| Kranti Growth Catalysts | "Kranti Growth" |
| Krypton Fund Services | |
| Kunnaruvath Raveendran | "Kunnaruvath Ravindran" |
| Kush Banker | "Kush Rupin Banker" |
| L 33 Lailak 2 Street | ("Emirates Hills" OR "Dubai") AND "L33" AND "LAILAK" |
| Leonie Hill Capital Private Limited | "Leonie Hill Capital" |
| Libra Trading | |
| Madison Properties | |
| Madoc Plantation | |
| Magnela Properties | |
| Malav Banker | |
| Maplewood Trading | |
| Marinemast | |
| Marquise International | |
| Mavrus Properties | |
| Meenakshi Banker | "Banker Meenakshi Rupin"; "Minakshi Banker" |
| ██████████████ | |
| ██████████████ | |
| Memphis Global | |
| Merill Tradecom | |
| Michael Lipman | "Michael Lipman"; "M Lipman"; "Mike Lipman" (in conjunction with "Camshaft") |
| Miramac Properties | |
| Mohammad Iqbal Puri | |
| Monique Morley | |
| Montiago General Trading LLC | |
| More Ideas Books Trading LLC | "More Ideas" |
| More Ideas General Trading LLC | "More Ideas"; "BYJUs" AND "MIGT" |
| Morris Properties | |
| Nerissa Infra Projects | |
| Neuron Fuel Inc | "Neuron Fuel" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| No. 206; Green Glen Layout;Bellandur; Bangalore - Ground Floor, Bengaluru, Karnataka, India, 560103 | "Green Glen Layout" "no. 206" W/10 (Bengaluru OR Bangalore) |
| No. 43, Yoganarasimha 14th Main, 15th Cross, HSR Layout, Sector 4, Bengaluru, Karnataka, India, 560102 | "Yoganarasimha 14th Main" ("No 43" w/10 (Bengaluru OR Bangalore)) |
| Northwest Education Pte Ltd | "Northwest Education" |
| OCI Group Ltd | "OCI Group" |
| OCI Limited | "OCI Ltd" |
| OCI Logistics Ltd | "OCI Logistics" |
| OCI Office Ltd | "OCI Office" |
| OCI RESI Ltd | "OCI RESI" |
| Oliver Chapman | ("O Chapman" w/10 "OCI"); "Oliver Philip Chapman" |
| Om Pandey | "Om P Pandey"; "Om Pandey" |
| Orin OCI RB Ltd | "Orin OCI RB" |
| Padam Singhania | |
| Pankaj Srivastava | "Pankaj Srivastava" |
| PP Holdings | |
| Praseeth Pareparambil Sankaramveettil | "Praseeth Sankaramveettil"; "Praseeth Pareparambil Sankaramveettil" |
| Preethi Srivastava | |
| Purplemint Fintech | |
| R Motion Ltd | "R Motion" |
| Rahul Rajendran Vellapalath | |
| Rainbow Ridge Way, Sevierville, TN 37862 | |
| Rajendran Vellapalath | |
| ███████████████████ | |
| ████████████ | |
| Ranjan Pai | |
| Ready Merchantlinks Private Limited | "Ready Merchantlinks"; "Ready Merchantlinks Pvt Ltd"; "Ready Merchantlinks Private Ltd"; "Ready Merchantlinks Pvt Limited" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| ReadyFunds | |
| Red Vinyard Endeavors LLC | Red Vinyard |
| Riju Ravindran | "Riju R*"; "Riju Raveendran"; "Riju Ravindran"; Riju (W/10) Ravindran |
| ████████████ | |
| Rise International | |
| Rizwana Shaheen Ameer Meea | ("Rizwana Meea" OR "Rizwana Ameer Meea") AND Godolphin |
| Robert Forte | |
| Roisin Chapman | "Roisin Chapman"; "R Chapman" w/10 "OCI") |
| Rose Lake | |
| Royal Fort Infracom General Trading | "Royal Fort Infracom" |
| Rupin Banker | ("R Banker" w/10 "OCI"); "Rupin Hemant Banker"; "Rupin Banker Hemant" ("Rupin Bankar"w/10 "OCI"); ("R Bankar" w/10 "OCI") ("Rupin Hemant Bankar" W/10 "OCI") |
| Sairaj Unnikrishnan | |
| Sandeep Krishnan Narayanaswamy | "Sandeep Krishnan"; "Sandeep Krishna" |
| Sandeep Vellapalath | |
| ████████████ | |
| Sean Teeling | "Sean Teeling"; "S Teeling" |
| Secure Capital | |
| Serena Vista LLC | "Serena Vista" |
| Serum Institute | |
| Shaji Puthalath | "Shaji Divakar" |
| Shaman Commodities | |
| Shantanu Prakash | |
| Sharath Kumar | |
| Shenka Ltd | "Shenka" |
| Shobhana Valli Mundani | "Shobhana Raveendran"; "Shobhana Ravindran" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Sindhu Ratna Kul Bhaskar | "Sindhu Bhaskar"; "Dr Sindhu Bhaskar" |
| Skyconsult General Trading LLC | "Skyconsult General Trading" |
| Skywest Trading | |
| Snake River Trust | |
| Sola Fide | |
| Span Thoughtworks Pvt Ltd | "Span Thoughtworks" |
| Specadel Technologies Pvt Ltd | "Specadel" |
| Sreejith Narayanan Kunniyur | |
| Sriharu Marri Sreepathy | "Sriharu Marri Sreepathi" |
| Srisolve IBS Enterprises Private Limited | "Srisolve"; "Innovmania Enterprises" |
| Stallions Investment Management | |
| Stenn Assets UK Limited | "Stenn Assets" |
| Tangible Play Inc | "Tangible Play" |
| Think and Learn | T&L; "Think & Learn"; "Think and Learn" |
| Toppr Technologies Pvt Ltd | "Toppr Technologies" |
| ███████ | |
| ███████ | |
| UAB Capitulus | |
| Venice Land | |
| Vinay Raveendra | |
| Vinay Ravindra | "Vinay Ravindra"; "Vinay Raveendra"; "Vinay Ravindranath" |
| Vinay Ravindranath | |
| Voizzit | |
| Weblength Infonet Pvt Ltd | "Weblength Infonet" |
| Whitehat Education Technology Private Limited | "Whitehat Education Technology" |
| William Cameron Morton | "William Cameron Morton"; "William C Morton"; "William Morton"; "Will Morton"; |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

|  |  |
|---|---|
|  | "W Cameron Morton"; "Cameron Morton" |
| William Hailer | "Will Hailer"; "W Hailer" |
| ██████████████████ |  |
| ██████████████████ |  |
| Wirturbo | "Wirturbo" AND "Andrew Simon"; "Wirturbo" AND "DC Legal" |
| Wondersearch Ltd | "Wondersearch" |
| Yuv Banker | "Yuv Rupin Banker" |
| YWE Business Solutions |  |
| ██████████ |  |
| ██████████ |  |
| ██████████ |  |
| ██████████ |  |
| ██████████ |  |
| ██████████ |  |
| ██████████ |  |
| ██████████ |  |
| ██████████ |  |
| ██████████ |  |
| ██████████ |  |
| ██████████ |  |
| ██████████ |  |
| ██████████ |  |
| ██████████ |  |
| ██████████ |  |
| ██████████ |  |
| 1109 Windmill Properties LLC | "1109 Windmill Properties" |
| 1200 Brickell Avenue, Suite 310 | "1200 Brickell Avenue" w/7 Miami |
| ██████████ |  |
| ██████████ | ██████████ |
| ██████████ |  |
| ██████████ | ██████████ |
| ██████████ |  |
| ██████████ | ██████████ |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| ████████ | ████████ |
| ████ | |
| 16850 Collins Avenue,#112408, Sunny Isles Beach, Florida 33160 | "16850 Collins Avenue" w/7 Florida |
| 175 SW 7th Street, Miami, FL 33130 | "175 SW 7th Street" W/5 Miami |
| 18555 Collins Ave Ste 5405, Sunny Isles Beach, FL 33160 | |
| ████ | |
| ████ | |
| ████ | ████ |
| 26912820083147407006 | |
| 285 NW 42nd Avenue | |
| ██ | |
| ████ | |
| ██ | |
| ███ | |
| ███ | |
| ███ | |
| ████ | |
| ████ | |
| ████ | |
| 4/1, 2nd Floor, Tower D, IBC Knowledge Park, Bannerghatta Main Road, Bangalore, Karnataka, India, 560 029 | ("IBC Knowledge Park" and Byju or Byju's) |
| ████ | |
| █████ | |
| ███ | |
| ████ | |
| ███ | |
| ████ | |
| ████ | |
| ██ | |
| ████ | |
| █████ | |
| ████ | |
| ███ | |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| ███████████ | |
| ██████ | |
| █████████ | |
| ████ | |
| ████ | |
| | |
| 777 Brickell Ave, Floor 5, Miami, FL 33131 | "777 Brickell" w/7 Miami |
| 7777051000013969 | |
| | |
| ████ | |
| ███████ | |
| ███████ | |
| ██ | ████ (w/5 Gokulnath) |
| ██ | ████ (w/5 Raveendran) |
| ███ | ████ (w/5 "Ravindran)" |
| █████ | |
| █████ | |
| ██████ | |
| █████ | ███████ |
| █████████ | |
| ████ | |
| 936 SW 1st Avenue, #1086, Miami, FL 33130 | "936 SW 1st Avenue" W/5 Miami |
| 950 Brickell Bay Drive, #5107, Miami, FL 33130 | "950 Brickell Bay Drive" w/7 Miami |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

FOR THE _____   District of ___ DELAWARE ___

In re ___ BYJU'S ALPHA, INC. ___

Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __ 24-10140 (JTD) __

Chapter __ 11 __

BYJU'S ALPHA, INC.,

Plaintiff

v.

CAMSHAFT CAPITAL FUND, LP, et al.

Defendant

Adv. Proc. No. __ 24-50013 (JTD) __

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: ___ Bank of New York Mellon ___

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | 4/21/2025 5:30 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __ 3/21/2025 __

CLERK OF COURT

OR

_____     /s/ Jianjian Ye
Signature of Clerk or Deputy Clerk          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* ___ BYJU'S ALPHA, INC. ___ , who issues or requests this subpoena, are:

Jianjian Ye, 295 Fifth Ave., New York, NY 10016, jianjianye@quinnemanuel.com, 212-849-7573, Jordan Nakdimon

212-849-7368

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.    "**Action**" means the above-captioned adversary proceeding.

2.    "**Communication**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.    "**SWIFT**" means the Society for World Interbank Financial Telecommunication.

4.    "**MT**" ("message text") means the traditional message type for use on the SWIFT network.

5.    "**MX**" means the XML message type for use on the SWIFT network.

6.    "**Electronically Stored Information**" ("ESI") means, without limitation, the following:

   a.    information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

   b.    internal or external websites and other shared spaces;

   c.    output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

   d.    activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, and related media used to move and store data, such as, but not limited to, a personal digital assistant, e.g., Palm Pilot, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

     e.   archived data, legacy data, and back-up tapes.

7.     "**Document**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure ("**FRCP**") 34(a)(1)(A), made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034. A draft or non-identical copy is a separate document within the meaning of this term per FRCP 34(a)(1)(A) made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034.

8.     When referring to documents, "**to identify**" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

9.     The words "**include**" and "**including**" mean "including but not limited to." The use of the term "include" in any request shall not be used to limit the generality or scope of any request. Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

10.     The words "**relating to**" means regarding, relating to, involving, concerning, referring to, describing, evidencing, constituting, relevant to, or in connection with, either directly or indirectly.

11.     "**Byju's Alpha**" means the entity named as Plaintiff in the Action and in whose favor a judgment was entered against Defendants on March 14, 2025, including any agents, predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, and other branches or affiliates, together with all officers, directors, employees, subsidiaries, affiliates, agents, or other person acting (or purporting to act) on behalf of the foregoing.

12.    "**You**" and "**Your**" means the recipient of this subpoena and its officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on its behalf.

13.    "**Person**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14.    "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

15.    The terms defined above and the individual requests for production and inspection are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the FRCP or any applicable laws.

16.    All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the requests for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

17.    These Definitions are provided only for purposes of discovery, in conformance with FRCP 34(a) and Federal Rules of Bankruptcy Procedure 7034, and are not intended to be used for any purpose other than discovery.  Byju's Alpha reserves the right to modify these Definitions or utilize different Definitions for any other purpose.

## **RULES OF CONSTRUCTION**

The following rules of construction apply to this discovery request:

1.    The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.    The connectives "**and**" and "**or**" shall be construed either disjunctively or

conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    3.     The use of the singular form of any word includes the plural and vice versa.

## **INSTRUCTIONS**

    1.     You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

    2.     A Document or other thing is deemed to be in Your actual or constructive possession, custody or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other 3rd party IT, cloud or other service providers.

    3.     Unless otherwise indicated, these requests seek Documents and Communications concerning the time period from April 1, 2021 through present. If any Document, Communication, or other information is dated outside of the Relevant Time Period but is necessary for a complete understanding of a Document or Communication covered by the requests, such Document outside of the Relevant Time Period shall be produced. If any Document or Communication is undated and the date of its preparation cannot be determined, the Document or Communication shall be produced if otherwise responsive to the requests.

    4.     Each Document or other thing requested shall be produced in its entirety along

with all non-identical versions thereof and without abbreviation or redaction. Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced. If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing. For all Documents and other things, any family relationship should be captured and reflected in the production. Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced. A Document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

5. Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

6. Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

7. All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course. All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files. If such metadata is not available, each Document shall

be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

8.      Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

9.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

10.     ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

11.     File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

12.     Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments and enclosures.

13.     If there are no Documents or other things responsive to any particular request, Your response shall state so in writing.

14.     In the event that any Document or other thing called for by these requests is withheld on the basis of a claim or privilege or immunity:

        a.   The person asserting the privilege shall identify the nature of the privilege

6

(including work product) which is being claimed and, if the privilege is

governed by state law, indicate the state's privilege rule being invoked; and

    b.  The following information shall be provided in the objection unless divulgence

of such information would cause disclosure of the allegedly privileged

information: (i) the type of document, e.g., letter or memorandum; (ii) the

general subject matter of the document; (iii) the date of the document; and (iv)

the author of the document, the addressees of the document, and any other

recipients, and, where not apparent, the relationship of the author, addressees,

and recipients to each other;

15.    Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

16.    If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with FRCP 34, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034. If there is an objection to any part of a request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced. Further, if You object to part of a request, You must state the basis of Your objections in accordance with FRCP 34.

17.    In the event that any Document or other thing responsive to these requests has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons

authorizing and carrying out such destruction or discard.

18.    Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

19.    Upon request, counsel for Byju's Alpha will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUEST FOR PRODUCTION

1.    All Documents concerning SWIFT messages received or transmitted during the Relevant Time Period through Your SWIFT portal or stored in Your SWIFT database and satisfying the following SWIFT message search criteria:

SWIFT Message Search Criteria:

1)    Transaction date = April 1, 2021 through the date of the search;

2)    SWIFT Message Standard:

    a.    MT Message Type = 101, 102, 102+, 103, 103+, 104, 110, 111, 121, 195, 196, 198, 199, 200, 201, 202, 202 COV, 203, 205, 207, 210, 295, 296, 298, 299, 304, 307, 320, 321, 400, 410, 416, 420, 495, 496, 498, 499, 500, 502, 509, 515, 600, 601, 604, 605, 606, 607, 608, 609, 620, 700, 701, 707, 710, 756, 760, 767, 795, 796, 798, 799; 900, 910, 940, 941, 942, 950, or 986; and/or

    b.    MX Equivalent Type = pain.001, pacs.008, pacs.009cov, pacs.003, pain.008, camt.026, camt.027, camt.033, camt.034, camt.028, camt.031, camt.029, pacs.009, camt.050, camt.057, tsrv.001, tsrv.005, camt.054, camt.053, or camt.052;

3)    Where numerical values are present, MT Message Field $32n$ or $33n$ (where $n$ is an optional letter), or MX Equivalent Type Element <IntrBkSttlmAmt>, <IntrBkSttlmDt>, or <InstdAmt>, or any currency amount field = greater than or equal to **1,000**; and

4)    MT Message Field $50n$, $59n$, $70n$, 72, $82n$, $87n$, or $95n$ (where $n$ is an optional letter), or MX Equivalent Type Element <InstdAmt>, <Dbtr>, <Cdtr>, <RmtInf>, <Ustrd>, <Strd>, <ChrgsInf>, <PrvsInstgAgt1>, <PrvsInstgAgt2>, <PrvsInstgAgt3>, <RltdRmtInf>, or any beneficiary, originator, or instruction field, contain  any of the SWIFT Search Terms listed in **Table A**, including the variations of the SWIFT Search Terms separated by semicolons in **Table A**, regardless of whether the relevant field contains other text.

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| Term | Variations |
|------|------------|
| Aakash Edutech Pvt Ltd | "Aakash Edutech";<br>"Aakash" and "EDU" |
| Accuvise Administrators Limited | "Accuvise" |
| Ackees Mobile Tech Pvt Ltd | "Ackees Mobile Tech" |
| Adar Poonawalla | |
| ███████████████████ | |
| Airretailer Technology LLC | |
| Aiyo International Limited | "Aiyo International" |
| Ajin Purushothaman | "Ajin Purushothaman" |
| Alexandra Tanya Morton | "Alexandra Morton"; "Alexandra T. Morton" |
| Ananya Srivastava | "Ananya Shree" |
| Andrew Simon | "Andrew Simon" AND "DC Legal" |
| Andrew Wagner | |
| Anisree Vellapalath | |
| Anita Kishore | |
| ███████████████ | |
| ████████████████ | |
| ██████████████ | |
| Anticee Solutions Ltd | "Anticee Solutions" |
| Anubhav Sinha | |
| Apex Fund | "Apex Fund" AND "Godolphin" |
| Arun Kant | "Arun Kant" |
| Astra Management Services | "Astra Management" |
| Aswani Nambarambath | |
| Aswani Valsaraj | |
| Banker Corporation | |
| Beeaar Investco Pte Ltd | "Beeaar" |
| Benchmark Investments LLC | "Benchmark Investments" |
| Bisy Philip Rajendran | |
| Black Hills Solutions | |
| Blaise Pascal Barrelet | "Blaise Barrelet" |
| Bluebell Capital Investments Ltd | "Bluebell Capital Investments" |
| Brett Borgensen | "Brett Borgensen" |
| Brikram Trading | |
| Burton Varley Ltd | "Burton Varley" |
| Byju Raveendran | "Byju R*"; "Byju Raveendran"; "Byju Ravindran" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| BYJU's Alpha, Inc | "Byjus Alpha"; "Byju's Alpha"; "Byju Alpha"; "Byjus"; "Byju's" |
| Byju's Global Pte Ltd | "Byju's Global"; "Byjus Global" |
| Byju's Holdings 1 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Holdings 2 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Investments Pte Ltd | "Byju's Investments" |
| Byju's Pte Ltd | "Byju's Private"; "Byju's Pte" |
| BYJU's UK Ltd | "Byju's UK" |
| ██████████████ | |
| ██████████████ | |
| Byjus Investments Pvt Ltd | "Byjus Investments" |
| Byju's K3 Education Pvt Ltd | "Byju's K3"; "Byjus K3" |
| Byjus Learning Company FZCO | "Byjus Learning Company"; "Byju's Learning Company" |
| BYJU's S.A. de C.V. | "BYJU's S.A."; "BYJUs S.A." |
| BYJU's Tecnologia Educacional LTDA | "BYJU's Tecnologia Educational"; "BYJUs Tecnologia Educational" |
| Camelback Financial Corp. | |
| ██████████████ | |
| ██████████████ | |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Camshaft Capital Advisors LLC | "Camshaft" |
| Camshaft Capital Credit LP | "Camshaft" |
| Camshaft Capital Fund LP | "Camshaft" |
| Camshaft Capital Fund, LP | "Camshaft" |
| Camshaft Capital Management, LLC | "Camshaft Capital" |
| Camshaft Capital Advisors, LLC | "Camshaft" |
| Camshaft Consulting LLC | "Camshaft Consulting" |
| Camshaft CRE 1 LLC | "Camshaft CRE" |
| Camshaft Credit LP | "Camshaft Credit" |
| Camshaft Credit LP SPV 1 | "Camshaft" |
| Camshaft Credit Management LLC | "Camshaft" |
| Camshaft Fund, LP | "Camshaft Fund" |
| Camshaft LLC | "Camshaft" |
| Camshaft LP -- Activist I | "Camshaft" |
| Camshaft LP Short Term Liquid Assets 1 | "Camshaft LP" |
| Camshaft LP SPV 1 | "Camshaft" |
| Camshaft Management , LLC | "Camshaft Management" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Camshaft Management LLC | "Camshaft" |
| Cema Language Solutions Corp | "Cema Language Solutions" |
| Charlotte Mason | "Charlotte Mason" w/10 ("OCI" OR "Aiyo") |
| Chris Rigby | "Chris Rigby" AND "Stenn" |
| ███████████ | |
| Cutting Edge Sports FZ-LLC | "Cutting Edge Sports" |
| Davin Goldsztajn | |
| DC Legal FZ LLC | "DC Legal |
| Deeptha AR | "Deeptha Akhila Raghavan"; "Deeptha Ravindran" |
| Delta Management Services | "Delta Management" |
| Dheeraj Guliani | |
| Digital Aristotle Pvt Ltd | "Digital Aristotle" |
| Divya Gokulnath | "Divya G*"; "Divya Gokulnath" |
| ███████████ | |
| ███████████ | |
| ███████████ | |
| Donald J. Morton | "Donald Morton" |
| Dynaveo Ltd | "Dynaveo" |
| ███████ | |
| ███████ | |
| EF Hutton | "EF Hutton" |
| Enso Group | |
| E-Outlets Limited | "E-Outlets" |
| Epic! Creations Inc | "Epic! Creations"; "Epic Creations" |
| Epsilon, Villa B12, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| Epsilon, Villa B13, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| EST Capital AG | "EST Capital" |
| Ethos Fashion Sro | "Ethos Fashion Sro" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Future Ideas Trading LLC | "Future Ideas Trading" |
| GeoGebra GmbH | "GeoGebra" |
| GL Pte Singapore | |
| Global Lingo (S) Pte Ltd | "Global Lingo" |
| Godolphin Fund | "Godolphin Fund" |
| Gokulnath Kuppuswamy Naidu | "Gokulnath Naidu"; "Gokulnath Kuppuswamy" |
| Golden Mile 3, Palm Jumeriah, Dubai | |
| Gorillahouse Tech Ltd | "Gorillahouse" |
| Great Lakes E-Learning Services Pvt Limited | "Great Lakes Learning"; "Great Lakes E-Learning" |
| Great Learning Education Services Pvt Ltd | "Great Learning Education Services" |
| Greengage Investments Ltd | "Greengage Investments" |
| H Motion Ltd | "H Motion" |
| Harrymax Consultants LLC | "Harrymax Consultants" |
| Haygot Services Pvt Ltd | "Haygot" |
| HDFC Bank Limited | |
| HSBC Singapore | |
| Hydra Enforcement, LP | "Hydra Enforcement" |
| Hydra Global LLC | "Hydra Global" |
| ICC Business Corporation FZ LLC | "ICC Business Corporation" |
| ICICI Bank Limited | |
| IIFL Finance Limited | |
| Incred Financial Services | "Incred Financial" |
| Infiken Internet Labs Pvt Ltd | "Infiken" |
| Innovagro Foods LLP | "Innovagro" |
| Inspilearn Education Pvt Ltd | "Inspilearn" |
| Inspilearn LLC | "Inspilearn" |
| Intap Labs Pvt Ltd | "Intap Labs" |
| Itria Venture S | Itria Venture |
| Jamey Jacob | "Jamey Jacob"; "J Jacob" |
| Jason Perz | "Jason Perz"; "J Perz" |
| Jed Trail, Sevierville, TN 37862 | |
| Jino Joseph | "Jino Joseph"; "Jion Joseph"; "J Joseph"; (in conjunction with "Byju's") |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Jon Naseath | Jonathan Naseath |
| Kamran Asghar | "K Asghar" |
| ██████████████ | |
| Kishore Srinivasan | "Srinivasan Kishore" |
| Kranti Growth Catalysts | "Kranti Growth" |
| Krypton Fund Services | |
| Kunnaruvath Raveendran | "Kunnaruvath Ravindran" |
| Kush Banker | "Kush Rupin Banker" |
| L 33 Lailak 2 Street | ("Emirates Hills" OR "Dubai") AND "L33" AND "LAILAK" |
| Leonie Hill Capital Private Limited | "Leonie Hill Capital" |
| Libra Trading | |
| Madison Properties | |
| Madoc Plantation | |
| Magnela Properties | |
| Malav Banker | |
| Maplewood Trading | |
| Marinemast | |
| Marquise International | |
| Mavrus Properties | |
| Meenakshi Banker | "Banker Meenakshi Rupin"; "Minakshi Banker" |
| █████████████ | |
| ████████████ | |
| Memphis Global | |
| Merill Tradecom | |
| Michael Lipman | "Michael Lipman"; "M Lipman"; "Mike Lipman" (in conjunction with "Camshaft") |
| Miramac Properties | |
| Mohammad Iqbal Puri | |
| Monique Morley | |
| Montiago General Trading LLC | |
| More Ideas Books Trading LLC | "More Ideas" |
| More Ideas General Trading LLC | "More Ideas"; "BYJUs" AND "MIGT" |
| Morris Properties | |
| Nerissa Infra Projects | |
| Neuron Fuel Inc | "Neuron Fuel" |

### TABLE A
### SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| No. 206; Green Glen Layout;Bellandur; Bangalore - Ground Floor, Bengaluru, Karnataka, India, 560103 | "Green Glen Layout" "no. 206" W/10 (Bengaluru OR Bangalore) |
| No. 43, Yoganarasimha 14th Main, 15th Cross, HSR Layout, Sector 4, Bengaluru, Karnataka, India, 560102 | "Yoganarasimha 14th Main" ("No 43" w/10 (Bengaluru OR Bangalore)) |
| Northwest Education Pte Ltd | "Northwest Education" |
| OCI Group Ltd | "OCI Group" |
| OCI Limited | "OCI Ltd" |
| OCI Logistics Ltd | "OCI Logistics" |
| OCI Office Ltd | "OCI Office" |
| OCI RESI Ltd | "OCI RESI" |
| Oliver Chapman | ("O Chapman" w/10 "OCI"); "Oliver Philip Chapman" |
| Om Pandey | "Om P Pandey"; "Om Pandey" |
| Orin OCI RB Ltd | "Orin OCI RB" |
| Padam Singhania | |
| Pankaj Srivastava | "Pankaj Srivastava" |
| PP Holdings | |
| Praseeth Pareparambil Sankaramveettil | "Praseeth Sankaramveettil"; "Praseeth Pareparambil Sankaramveettil" |
| Preethi Srivastava | |
| Purplemint Fintech | |
| R Motion Ltd | "R Motion" |
| Rahul Rajendran Vellapalath | |
| Rainbow Ridge Way, Sevierville, TN 37862 | |
| Rajendran Vellapalath | |
| ██████████████████ | |
| ████████████ | |
| Ranjan Pai | |
| Ready Merchantlinks Private Limited | "Ready Merchantlinks"; "Ready Merchantlinks Pvt Ltd"; "Ready Merchantlinks Private Ltd"; "Ready Merchantlinks Pvt Limited" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| ReadyFunds | |
| Red Vinyard Endeavors LLC | Red Vinyard |
| Riju Ravindran | "Riju R*"; "Riju Raveendran"; "Riju Ravindran"; Riju (W/10) Ravindran |
| ██████████████ | |
| Rise International | |
| Rizwana Shaheen Ameer Meea | ("Rizwana Meea" OR "Rizwana Ameer Meea") AND Godolphin |
| Robert Forte | |
| Roisin Chapman | "Roisin Chapman"; "R Chapman" w/10 "OCI") |
| Rose Lake | |
| Royal Fort Infracom General Trading | "Royal Fort Infracom" |
| Rupin Banker | ("R Banker" w/10 "OCI"); "Rupin Hemant Banker"; "Rupin Banker Hemant" ("Rupin Bankar"w/10 "OCI"); ("R Bankar" w/10 "OCI") ("Rupin Hemant Bankar" W/10 "OCI") |
| Sairaj Unnikrishnan | |
| Sandeep Krishnan Narayanaswamy | "Sandeep Krishnan"; "Sandeep Krishna" |
| Sandeep Vellapalath | |
| ████████████████████ | |
| Sean Teeling | "Sean Teeling"; "S Teeling" |
| Secure Capital | |
| Serena Vista LLC | "Serena Vista" |
| Serum Institute | |
| Shaji Puthalath | "Shaji Divakar" |
| Shaman Commodities | |
| Shantanu Prakash | |
| Sharath Kumar | |
| Shenka Ltd | "Shenka" |
| Shobhana Valli Mundani | "Shobhana Raveendran"; "Shobhana Ravindran" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Sindhu Ratna Kul Bhaskar | "Sindhu Bhaskar"; "Dr Sindhu Bhaskar" |
| Skyconsult General Trading LLC | "Skyconsult General Trading" |
| Skywest Trading | |
| Snake River Trust | |
| Sola Fide | |
| Span Thoughtworks Pvt Ltd | "Span Thoughtworks" |
| Specadel Technologies Pvt Ltd | "Specadel" |
| Sreejith Narayanan Kunniyur | |
| Sriharu Marri Sreepathy | "Sriharu Marri Sreepathi" |
| Srisolve IBS Enterprises Private Limited | "Srisolve"; "Innovmania Enterprises" |
| Stallions Investment Management | |
| Stenn Assets UK Limited | "Stenn Assets" |
| Tangible Play Inc | "Tangible Play" |
| Think and Learn | T&L; "Think & Learn"; "Think and Learn" |
| Toppr Technologies Pvt Ltd | "Toppr Technologies" |
| ███████ | |
| ███████ | |
| UAB Capitulus | |
| Venice Land | |
| Vinay Raveendra | |
| Vinay Ravindra | "Vinay Ravindra"; "Vinay Raveendra"; "Vinay Ravindranath" |
| Vinay Ravindranath | |
| Voizzit | |
| Weblength Infonet Pvt Ltd | "Weblength Infonet" |
| Whitehat Education Technology Private Limited | "Whitehat Education Technology" |
| William Cameron Morton | "William Cameron Morton"; "William C Morton"; "William Morton"; "Will Morton"; |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| | "W Cameron Morton"; "Cameron Morton" |
| William Hailer | "Will Hailer"; "W Hailer" |
| ███████████████ | |
| ███████████ | |
| Wirturbo | "Wirturbo" AND "Andrew Simon"; "Wirturbo" AND "DC Legal" |
| Wondersearch Ltd | "Wondersearch" |
| Yuv Banker | "Yuv Rupin Banker" |
| YWE Business Solutions | |
| ██████████ | |
| ████████ | |
| ████████████ | |
| █████████ | |
| █████████ | |
| ████████████ | |
| ████████████ | |
| ███████████ | |
| ███████ | |
| ████████ | |
| █████████████ | |
| ██████ | |
| ██████ | |
| ████████ | |
| ████████ | |
| ███████ | |
| ████████ | |
| ███████ | |
| 1109 Windmill Properties LLC | "1109 Windmill Properties" |
| 1200 Brickell Avenue, Suite 310 | "1200 Brickell Avenue" w/7 Miami |
| ██████ | |
| █████████ | █████████ |
| ██████████ | ████████████ |
| █████████████ | █████████ |
| ██████ | |
| ██████████ | █████████ |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| ██████████ | ████████ |
| ████████ | |
| 16850 Collins Avenue,#112408, Sunny Isles Beach, Florida 33160 | "16850 Collins Avenue" w/7 Florida |
| 175 SW 7th Street, Miami, FL 33130 | "175 SW 7th Street" W/5 Miami |
| 18555 Collins Ave Ste 5405, Sunny Isles Beach, FL 33160 | |
| ████████ | |
| ████████ | |
| ████████ | ████████ |
| ██████████████ | |
| 285 NW 42nd Avenue | |
| █████ | |
| █████████ | |
| █████ | |
| ███████ | |
| ███████ | |
| ███████ | |
| █████████ | |
| █████████ | |
| ████████ | |
| 4/1, 2nd Floor, Tower D, IBC Knowledge Park, Bannerghatta Main Road, Bangalore, Karnataka, India, 560 029 | ("IBC Knowledge Park" and Byju or Byju's) |
| ████████ | |
| ████████████ | |
| ████████ | |
| █████████ | |
| █████████ | |
| █████████ | |
| ████ | |
| █████████ | |
| ████████████ | |
| ████████ | |
| █████ | |

### TABLE A
### SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| ████████████ | |
| █████ | |
| ██████████ | |
| ████ | |
| ████ | |
| | |
| 777 Brickell Ave, Floor 5, Miami, FL 33131 | "777 Brickell" w/7 Miami |
| █████████ | |
| ████ | |
| ███████ | |
| ██████ | |
| ██ | (w/5 Gokulnath) |
| ██ | (w/5 Raveendran) |
| ██ | (w/5 "Ravindran)" |
| █████ | |
| █████ | |
| ██████ | |
| █████ | ████████ |
| ██████████ | |
| ████ | |
| 936 SW 1st Avenue, #1086, Miami, FL 33130 | "936 SW 1st Avenue" W/5 Miami |
| 950 Brickell Bay Drive, #5107, Miami, FL 33130 | "950 Brickell Bay Drive" w/7 Miami |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

**FOR THE** _____    District of ___DELAWARE___

In re ___BYJU'S ALPHA, INC.___
_____
Debtor

*(Complete if issued in an adversary proceeding)*

___BYJU'S ALPHA, INC.,___
_____
Plaintiff
v.
___CAMSHAFT CAPITAL FUND, LP, et al.___
_____
Defendant

Case No. ___24-10140 (JTD)___

Chapter ___11___

Adv. Proc. No. ___24-50013 (JTD)___

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____ Citibank N.A. _____
*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | 4/21/2025 5:30 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___3/21/2025___

CLERK OF COURT

OR

_____    ___/s/  Jianjian Ye_____
Signature of Clerk or Deputy Clerk        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
___BYJU'S ALPHA, INC.___ , who issues or requests this subpoena, are:
Jianjian Ye, 295 Fifth Ave., New York, NY 10016, jianjianye@quinnemanuel.com, 212-849-7573, Jordan Nakdimon

212-849-7368        **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


      I declare under penalty of perjury that this information is true and correct.

Date: _____


                                                     _____
                                                                    *Server's signature*


                                                     _____
                                                                    *Printed name and title*


                                                     _____
                                                                    *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.     "**Action**" means the above-captioned adversary proceeding.

2.     "**Communication**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.     "**SWIFT**" means the Society for World Interbank Financial Telecommunication.

4.     "**MT**" ("message text") means the traditional message type for use on the SWIFT network.

5.     "**MX**" means the XML message type for use on the SWIFT network.

6.     "**Electronically Stored Information**" ("ESI") means, without limitation, the following:

    a.   information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

    b.   internal or external websites and other shared spaces;

    c.   output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

    d.   activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, and related media used to move and store data, such as, but not limited to, a personal digital assistant, e.g., Palm Pilot, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

     e.   archived data, legacy data, and back-up tapes.

7.     **Document**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure ("**FRCP**") 34(a)(1)(A), made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034. A draft or non-identical copy is a separate document within the meaning of this term per FRCP 34(a)(1)(A) made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034.

8.     When referring to documents, "**to identify**" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

9.     The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

10.     The words "**relating to**" means regarding, relating to, involving, concerning, referring to, describing, evidencing, constituting, relevant to, or in connection with, either directly or indirectly.

11.     "**Byju's Alpha**" means the entity named as Plaintiff in the Action and in whose favor a judgment was entered against Defendants on March 14, 2025, including any agents, predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, and other branches or affiliates, together with all officers, directors, employees, subsidiaries, affiliates, agents, or other person acting (or purporting to act) on behalf of the foregoing.

12.    "**You**" and "**Your**" means the recipient of this subpoena and its officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on its behalf.

13.    "**Person**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14.    "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

15.    The terms defined above and the individual requests for production and inspection are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the FRCP or any applicable laws.

16.    All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the requests for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

17.    These Definitions are provided only for purposes of discovery, in conformance with FRCP 34(a) and Federal Rules of Bankruptcy Procedure 7034, and are not intended to be used for any purpose other than discovery.  Byju's Alpha reserves the right to modify these Definitions or utilize different Definitions for any other purpose.

## RULES OF CONSTRUCTION

The following rules of construction apply to this discovery request:

1.    The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.    The connectives "**and**" and "**or**" shall be construed either disjunctively or

3

conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other 3rd party IT, cloud or other service providers.

3.      Unless otherwise indicated, these requests seek Documents and Communications concerning the time period from April 1, 2021 through present.  If any Document, Communication, or other information is dated outside of the Relevant Time Period but is necessary for a complete understanding of a Document or Communication covered by the requests, such Document outside of the Relevant Time Period shall be produced. If any Document or Communication is undated and the date of its preparation cannot be determined, the Document or Communication shall be produced if otherwise responsive to the requests.

4.      Each Document or other thing requested shall be produced in its entirety along

with all non-identical versions thereof and without abbreviation or redaction. Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced. If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing. For all Documents and other things, any family relationship should be captured and reflected in the production. Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced. A Document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

5. Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

6. Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

7. All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course. All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files. If such metadata is not available, each Document shall

be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document. If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

8.      Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

9.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

10.     ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

11.     File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

12.     Documents attached to each other shall not be separated. All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments and enclosures.

13.     If there are no Documents or other things responsive to any particular request, Your response shall state so in writing.

14.     In the event that any Document or other thing called for by these requests is withheld on the basis of a claim or privilege or immunity:

        a.   The person asserting the privilege shall identify the nature of the privilege

6

(including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

    b.  The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the allegedly privileged information: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

15.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

16.     If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with FRCP 34, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034. If there is an objection to any part of a request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced. Further, if You object to part of a request, You must state the basis of Your objections in accordance with FRCP 34.

17.     In the event that any Document or other thing responsive to these requests has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons

authorizing and carrying out such destruction or discard.

18.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

19.     Upon request, counsel for Byju's Alpha will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUEST FOR PRODUCTION

1.      All Documents concerning SWIFT messages received or transmitted during the Relevant Time Period through Your SWIFT portal or stored in Your SWIFT database and satisfying the following SWIFT message search criteria:

SWIFT Message Search Criteria:

1)      Transaction date = April 1, 2021 through the date of the search;

2)      SWIFT Message Standard:

    a.  MT Message Type = 101, 102, 102+, 103, 103+, 104, 110, 111, 121, 195, 196, 198, 199, 200, 201, 202, 202 COV, 203, 205, 207, 210, 295, 296, 298, 299, 304, 307, 320, 321, 400, 410, 416, 420, 495, 496, 498, 499, 500, 502, 509, 515, 600, 601, 604, 605, 606, 607, 608, 609, 620, 700, 701, 707, 710, 756, 760, 767, 795, 796, 798, 799; 900, 910, 940, 941, 942, 950, or 986; and/or

    b.  MX Equivalent Type = pain.001, pacs.008, pacs.009cov, pacs.003, pain.008, camt.026, camt.027, camt.033, camt.034, camt.028, camt.031, camt.029, pacs.009, camt.050, camt.057, tsrv.001, tsrv.005, camt.054, camt.053, or camt.052;

3)      Where numerical values are present, MT Message Field $32n$ or $33n$ (where $n$ is an optional letter), or MX Equivalent Type Element <IntrBkSttlmAmt>, <IntrBkSttlmDt>, or <InstdAmt>, or any currency amount field = greater than or equal to **1,000**; and

4)      MT Message Field $50n$, $59n$, $70n$, 72, $82n$, $87n$, or $95n$ (where $n$ is an optional letter), or MX Equivalent Type Element <InstdAmt>, <Dbtr>, <Cdtr>, <RmtInf>, <Ustrd>, <Strd>, <ChrgsInf>, <PrvsInstgAgt1>, <PrvsInstgAgt2>, <PrvsInstgAgt3>, <RltdRmtInf>, or any beneficiary, originator, or instruction field, contain  any of the SWIFT Search Terms listed in **Table A**, including the variations of the SWIFT Search Terms separated by semicolons in **Table A**, regardless of whether the relevant field contains other text.

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| Term | Variations |
|------|------------|
| Aakash Edutech Pvt Ltd | "Aakash Edutech"; "Aakash" and "EDU" |
| Accuvise Administrators Limited | "Accuvise" |
| Ackees Mobile Tech Pvt Ltd | "Ackees Mobile Tech" |
| Adar Poonawalla | |
| ███████████████████ | |
| Airretailer Technology LLC | |
| Aiyo International Limited | "Aiyo International" |
| Ajin Purushothaman | "Ajin Purushothaman" |
| Alexandra Tanya Morton | "Alexandra Morton"; "Alexandra T. Morton" |
| Ananya Srivastava | "Ananya Shree" |
| Andrew Simon | "Andrew Simon" AND "DC Legal" |
| Andrew Wagner | |
| Anisree Vellapalath | |
| Anita Kishore | |
| ██████████████ | |
| █████████████████ | |
| ███████████ | |
| Anticee Solutions Ltd | "Anticee Solutions" |
| Anubhav Sinha | |
| Apex Fund | "Apex Fund" AND "Godolphin" |
| Arun Kant | "Arun Kant" |
| Astra Management Services | "Astra Management" |
| Aswani Nambarambath | |
| Aswani Valsaraj | |
| Banker Corporation | |
| Beeaar Investco Pte Ltd | "Beeaar" |
| Benchmark Investments LLC | "Benchmark Investments" |
| Bisy Philip Rajendran | |
| Black Hills Solutions | |
| Blaise Pascal Barrelet | "Blaise Barrelet" |
| Bluebell Capital Investments Ltd | "Bluebell Capital Investments" |
| Brett Borgensen | "Brett Borgensen" |
| Brikram Trading | |
| Burton Varley Ltd | "Burton Varley" |
| Byju Raveendran | "Byju R*"; "Byju Raveendran"; "Byju Ravindran" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| BYJU's Alpha, Inc | "Byjus Alpha"; "Byju's Alpha"; "Byju Alpha"; "Byjus"; "Byju's" |
| Byju's Global Pte Ltd | "Byju's Global"; "Byjus Global" |
| Byju's Holdings 1 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Holdings 2 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Investments Pte Ltd | "Byju's Investments" |
| Byju's Pte Ltd | "Byju's Private"; "Byju's Pte" |
| BYJU's UK Ltd | "Byju's UK" |
| ███████████████ | |
| ███████████ | |
| Byjus Investments Pvt Ltd | "Byjus Investments" |
| Byju's K3 Education Pvt Ltd | "Byju's K3"; "Byjus K3" |
| Byjus Learning Company FZCO | "Byjus Learning Company"; "Byju's Learning Company" |
| BYJU's S.A. de C.V. | "BYJU's S.A."; "BYJUs S.A." |
| BYJU's Tecnologia Educacional LTDA | "BYJU's Tecnologia Educacional"; "BYJUs Technologia Educacional" |
| Camelback Financial Corp. | |
| ████████████████ | |
| ██████████████ | |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Camshaft Capital Advisors LLC | "Camshaft" |
| Camshaft Capital Credit LP | "Camshaft" |
| Camshaft Capital Fund LP | "Camshaft" |
| Camshaft Capital Fund, LP | "Camshaft" |
| Camshaft Capital Management, LLC | "Camshaft Capital" |
| Camshaft Capital Advisors, LLC | "Camshaft" |
| Camshaft Consulting LLC | "Camshaft Consulting" |
| Camshaft CRE 1 LLC | "Camshaft CRE" |
| Camshaft Credit LP | "Camshaft Credit" |
| Camshaft Credit LP SPV 1 | "Camshaft" |
| Camshaft Credit Management LLC | "Camshaft" |
| Camshaft Fund, LP | "Camshaft Fund" |
| Camshaft LLC | "Camshaft" |
| Camshaft LP -- Activist I | "Camshaft" |
| Camshaft LP Short Term Liquid Assets 1 | "Camshaft LP" |
| Camshaft LP SPV 1 | "Camshaft" |
| Camshaft Management , LLC | "Camshaft Management" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Camshaft Management LLC | "Camshaft" |
| Cema Language Solutions Corp | "Cema Language Solutions" |
| Charlotte Mason | "Charlotte Mason" w/10 ("OCI" OR "Aiyo") |
| Chris Rigby | "Chris Rigby" AND "Stenn" |
| ███████████ | |
| Cutting Edge Sports FZ-LLC | "Cutting Edge Sports" |
| Davin Goldsztajn | |
| DC Legal FZ LLC | "DC Legal |
| Deeptha AR | "Deeptha Akhila Raghavan"; "Deeptha Ravindran" |
| Delta Management Services | "Delta Management" |
| Dheeraj Guliani | |
| Digital Aristotle Pvt Ltd | "Digital Aristotle" |
| Divya Gokulnath | "Divya G*"; "Divya Gokulnath" |
| ██████████████ | |
| ████████████████ | |
| ████████████ | |
| Donald J. Morton | "Donald Morton" |
| Dynaveo Ltd | "Dynaveo" |
| ████████ | |
| ███████ | |
| EF Hutton | "EF Hutton" |
| Enso Group | |
| E-Outlets Limited | "E-Outlets" |
| Epic! Creations Inc | "Epic! Creations"; "Epic Creations" |
| Epsilon, Villa B12, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| Epsilon, Villa B13, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| EST Capital AG | "EST Capital" |
| Ethos Fashion Sro | "Ethos Fashion Sro" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Future Ideas Trading LLC | "Future Ideas Trading" |
| GeoGebra GmbH | "GeoGebra" |
| GL Pte Singapore | |
| Global Lingo (S) Pte Ltd | "Global Lingo" |
| Godolphin Fund | "Godolphin Fund" |
| Gokulnath Kuppuswamy Naidu | "Gokulnath Naidu"; "Gokulnath Kuppuswamy" |
| Golden Mile 3, Palm Jumeriah, Dubai | |
| Gorillahouse Tech Ltd | "Gorillahouse" |
| Great Lakes E-Learning Services Pvt Limited | "Great Lakes Learning"; "Great Lakes E-Learning" |
| Great Learning Education Services Pvt Ltd | "Great Learning Education Services" |
| Greengage Investments Ltd | "Greengage Investments" |
| H Motion Ltd | "H Motion" |
| Harrymax Consultants LLC | "Harrymax Consultants" |
| Haygot Services Pvt Ltd | "Haygot" |
| HDFC Bank Limited | |
| HSBC Singapore | |
| Hydra Enforcement, LP | "Hydra Enforcement" |
| Hydra Global LLC | "Hydra Global" |
| ICC Business Corporation FZ LLC | "ICC Business Corporation" |
| ICICI Bank Limited | |
| IIFL Finance Limited | |
| Incred Financial Services | "Incred Financial" |
| Infiken Internet Labs Pvt Ltd | "Infiken" |
| Innovagro Foods LLP | "Innovagro" |
| Inspilearn Education Pvt Ltd | "Inspilearn" |
| Inspilearn LLC | "Inspilearn" |
| Intap Labs Pvt Ltd | "Intap Labs" |
| Itria Venture S | Itria Venture |
| Jamey Jacob | "Jamey Jacob"; "J Jacob" |
| Jason Perz | "Jason Perz"; "J Perz" |
| Jed Trail, Sevierville, TN 37862 | |
| Jino Joseph | "Jino Joseph"; "Jion Joseph"; "J Joseph"; (in conjunction with "Byju's") |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Jon Naseath | Jonathan Naseath |
| Kamran Asghar | "K Asghar" |
| ██████████████ | |
| Kishore Srinivasan | "Srinivasan Kishore" |
| Kranti Growth Catalysts | "Kranti Growth" |
| Krypton Fund Services | |
| Kunnaruvath Raveendran | "Kunnaruvath Ravindran" |
| Kush Banker | "Kush Rupin Banker" |
| L 33 Lailak 2 Street | ("Emirates Hills" OR "Dubai") AND "L33" AND "LAILAK" |
| Leonie Hill Capital Private Limited | "Leonie Hill Capital" |
| Libra Trading | |
| Madison Properties | |
| Madoc Plantation | |
| Magnela Properties | |
| Malav Banker | |
| Maplewood Trading | |
| Marinemast | |
| Marquise International | |
| Mavrus Properties | |
| Meenakshi Banker | "Banker Meenakshi Rupin"; "Minakshi Banker" |
| ████████████████ | |
| ████████████ | |
| Memphis Global | |
| Merill Tradecom | |
| Michael Lipman | "Michael Lipman"; "M Lipman"; "Mike Lipman" (in conjunction with "Camshaft") |
| Miramac Properties | |
| Mohammad Iqbal Puri | |
| Monique Morley | |
| Montiago General Trading LLC | |
| More Ideas Books Trading LLC | "More Ideas" |
| More Ideas General Trading LLC | "More Ideas"; "BYJUs" AND "MIGT" |
| Morris Properties | |
| Nerissa Infra Projects | |
| Neuron Fuel Inc | "Neuron Fuel" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| No. 206; Green Glen Layout;Bellandur; Bangalore - Ground Floor, Bengaluru, Karnataka, India, 560103 | "Green Glen Layout" "no. 206" W/10 (Bengaluru OR Bangalore) |
| No. 43, Yoganarasimha 14th Main, 15th Cross, HSR Layout, Sector 4, Bengaluru, Karnataka, India, 560102 | "Yoganarasimha 14th Main" ("No 43" w/10 (Bengaluru OR Bangalore)) |
| Northwest Education Pte Ltd | "Northwest Education" |
| OCI Group Ltd | "OCI Group" |
| OCI Limited | "OCI Ltd" |
| OCI Logistics Ltd | "OCI Logistics" |
| OCI Office Ltd | "OCI Office" |
| OCI RESI Ltd | "OCI RESI" |
| Oliver Chapman | ("O Chapman" w/10 "OCI"); "Oliver Philip Chapman" |
| Om Pandey | "Om P Pandey"; "Om Pandey" |
| Orin OCI RB Ltd | "Orin OCI RB" |
| Padam Singhania | |
| Pankaj Srivastava | "Pankaj Srivastava" |
| PP Holdings | |
| Praseeth Pareparambil Sankaramveettil | "Praseeth Sankaramveettil"; "Praseeth Pareparambil Sankaramveettil" |
| Preethi Srivastava | |
| Purplemint Fintech | |
| R Motion Ltd | "R Motion" |
| Rahul Rajendran Vellapalath | |
| Rainbow Ridge Way, Sevierville, TN 37862 | |
| Rajendran Vellapalath | |
| ███████████████████ | |
| ████████████ | |
| Ranjan Pai | |
| Ready Merchantlinks Private Limited | "Ready Merchantlinks"; "Ready Merchantlinks Pvt Ltd"; "Ready Merchantlinks Private Ltd"; "Ready Merchantlinks Pvt Limited" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| ReadyFunds | |
| Red Vinyard Endeavors LLC | Red Vinyard |
| Riju Ravindran | "Riju R*"; "Riju Raveendran"; "Riju Ravindran"; Riju (W/10) Ravindran |
| ███████████████ | |
| Rise International | |
| Rizwana Shaheen Ameer Meea | ("Rizwana Meea" OR "Rizwana Ameer Meea") AND Godolphin |
| Robert Forte | |
| Roisin Chapman | "Roisin Chapman"; "R Chapman" w/10 "OCI") |
| Rose Lake | |
| Royal Fort Infracom General Trading | "Royal Fort Infracom" |
| Rupin Banker | ("R Banker" w/10 "OCI"); "Rupin Hemant Banker"; "Rupin Banker Hemant" ("Rupin Bankar"w/10 "OCI"); ("R Bankar" w/10 "OCI") ("Rupin Hemant Bankar" W/10 "OCI") |
| Sairaj Unnikrishnan | |
| Sandeep Krishnan Narayanaswamy | "Sandeep Krishnan"; "Sandeep Krishna" |
| Sandeep Vellapalath | |
| ████████████████████ | |
| Sean Teeling | "Sean Teeling"; "S Teeling" |
| Secure Capital | |
| Serena Vista LLC | "Serena Vista" |
| Serum Institute | |
| Shaji Puthalath | "Shaji Divakar" |
| Shaman Commodities | |
| Shantanu Prakash | |
| Sharath Kumar | |
| Shenka Ltd | "Shenka" |
| Shobhana Valli Mundani | "Shobhana Raveendran"; "Shobhana Ravindran" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Sindhu Ratna Kul Bhaskar | "Sindhu Bhaskar"; "Dr Sindhu Bhaskar" |
| Skyconsult General Trading LLC | "Skyconsult General Trading" |
| Skywest Trading | |
| Snake River Trust | |
| Sola Fide | |
| Span Thoughtworks Pvt Ltd | "Span Thoughtworks" |
| Specadel Technologies Pvt Ltd | "Specadel" |
| Sreejith Narayanan Kunniyur | |
| Sriharu Marri Sreepathy | "Sriharu Marri Sreepathi" |
| Srisolve IBS Enterprises Private Limited | "Srisolve"; "Innovmania Enterprises" |
| Stallions Investment Management | |
| Stenn Assets UK Limited | "Stenn Assets" |
| Tangible Play Inc | "Tangible Play" |
| Think and Learn | T&L; "Think & Learn"; "Think and Learn" |
| Toppr Technologies Pvt Ltd | "Toppr Technologies" |
| ██████████ | |
| ██████████ | |
| UAB Capitulus | |
| Venice Land | |
| Vinay Raveendra | |
| Vinay Ravindra | "Vinay Ravindra"; "Vinay Raveendra"; "Vinay Ravindranath" |
| Vinay Ravindranath | |
| Voizzit | |
| Weblength Infonet Pvt Ltd | "Weblength Infonet" |
| Whitehat Education Technology Private Limited | "Whitehat Education Technology" |
| William Cameron Morton | "William Cameron Morton"; "William C Morton"; "William Morton"; "Will Morton"; |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| | "W Cameron Morton"; "Cameron Morton" |
| William Hailer | "Will Hailer"; "W Hailer" |
| ███████████████ | |
| ███████████████ | |
| Wirturbo | "Wirturbo" AND "Andrew Simon"; "Wirturbo" AND "DC Legal" |
| Wondersearch Ltd | "Wondersearch" |
| Yuv Banker | "Yuv Rupin Banker" |
| YWE Business Solutions | |
| ██████ | |
| ██████ | |
| ████████ | |
| ███████ | |
| ███████ | |
| ████████ | |
| ████████ | |
| ████████ | |
| ██████ | |
| ██████ | |
| ████████ | |
| ██████ | |
| ██████ | |
| ██████ | |
| ██████ | |
| ██████ | |
| ████████ | |
| ██████ | |
| 1109 Windmill Properties LLC | "1109 Windmill Properties" |
| 1200 Brickell Avenue, Suite 310 | "1200 Brickell Avenue" w/7 Miami |
| ██████ | |
| ███████ | ████████ |
| ████████ | ██████ |
| ████████ | ██████ |
| ██████ | |
| ████████ | ████████ |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| ████████ | ████████ |
| ████████ | |
| 16850 Collins Avenue,#112408, Sunny Isles Beach, Florida 33160 | "16850 Collins Avenue" w/7 Florida |
| 175 SW 7th Street, Miami, FL 33130 | "175 SW 7th Street" W/5 Miami |
| 18555 Collins Ave Ste 5405, Sunny Isles Beach, FL 33160 | |
| ████████ | |
| ████████ | |
| ████████ | ████████ |
| ████████ | |
| ████████ | |
| ███ | |
| ████████ | |
| ███ | |
| ████ | |
| ████ | |
| ████████ | |
| ████████ | |
| ████████ | |
| 4/1, 2nd Floor, Tower D, IBC Knowledge Park, Bannerghatta Main Road, Bangalore, Karnataka, India, 560 029 | ("IBC Knowledge Park" and Byju or Byju's) |
| ████████ | |
| ████████ | |
| ████████ | |
| ████████ | |
| ████████ | |
| ████████ | |
| ███ | |
| ████████ | |
| ████████ | |
| ████████ | |
| ████ | |

### TABLE A
### SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| ███████████ | |
| █████ | |
| ███████████ | |
| ████ | |
| ████ | |
| | |
| 777 Brickell Ave, Floor 5, Miami, FL 33131 | "777 Brickell" w/7 Miami |
| ████████ | |
| ████ | |
| ████████ | |
| ███████ | |
| ██ | ████ (w/5 Gokulnath) |
| ██ | ████ (w/5 Raveendran) |
| ██ | ████ (w/5 "Ravindran)" |
| ████ | |
| ████ | |
| █████ | |
| ████ | ██████ |
| ███████████ | |
| ████ | |
| 936 SW 1st Avenue, #1086, Miami, FL 33130 | "936 SW 1st Avenue" W/5 Miami |
| 950 Brickell Bay Drive, #5107, Miami, FL 33130 | "950 Brickell Bay Drive" w/7 Miami |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

FOR THE _____ District of __DELAWARE__

In re __BYJU'S ALPHA, INC.__
_____
Debtor

*(Complete if issued in an adversary proceeding)*

__BYJU'S ALPHA, INC.,__
_____
Plaintiff

v.

CAMSHAFT CAPITAL FUND, LP, et al.
_____
Defendant

Case No. __24-10140 (JTD)__

Chapter __11__

Adv. Proc. No. __24-50013 (JTD)__

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Commerzbank AG__
*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | 4/21/2025 5:30 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __3/21/2025__

CLERK OF COURT

OR

_____         __/s/ Jianjian Ye__
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__BYJU'S ALPHA, INC.__ , who issues or requests this subpoena, are:
Jianjian Ye, 295 Fifth Ave., New York, NY 10016, jianjianye@quinnemanuel.com, 212-849-7573, Jordan Nakdimon

212-849-7368         **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# SCHEDULE A

# DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.  "**Action**" means the above-captioned adversary proceeding.

2.  "**Communication**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.  "**SWIFT**" means the Society for World Interbank Financial Telecommunication.

4.  "**MT**" ("message text") means the traditional message type for use on the SWIFT network.

5.  "**MX**" means the XML message type for use on the SWIFT network.

6.  "**Electronically Stored Information**" ("ESI") means, without limitation, the following:

    a.  information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

    b.  internal or external websites and other shared spaces;

    c.  output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

    d.  activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, and related media used to move and store data, such as, but not limited to, a personal digital assistant, e.g., Palm Pilot, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e.   archived data, legacy data, and back-up tapes.

7.      "**Document**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure ("**FRCP**") 34(a)(1)(A), made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034. A draft or non-identical copy is a separate document within the meaning of this term per FRCP 34(a)(1)(A) made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034.

8.      When referring to documents, "**to identify**" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

9.      The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

10.     The words "**relating to**" means regarding, relating to, involving, concerning, referring to, describing, evidencing, constituting, relevant to, or in connection with, either directly or indirectly.

11.     "**Byju's Alpha**" means the entity named as Plaintiff in the Action and in whose favor a judgment was entered against Defendants on March 14, 2025, including any agents, predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, and other branches or affiliates, together with all officers, directors, employees, subsidiaries, affiliates, agents, or other person acting (or purporting to act) on behalf of the foregoing.

2

12.     "**You**" and "**Your**" means the recipient of this subpoena and its officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on its behalf.

13.     "**Person**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14.     "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

15.     The terms defined above and the individual requests for production and inspection are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the FRCP or any applicable laws.

16.     All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the requests for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

17.     These Definitions are provided only for purposes of discovery, in conformance with FRCP 34(a) and Federal Rules of Bankruptcy Procedure 7034, and are not intended to be used for any purpose other than discovery.  Byju's Alpha reserves the right to modify these Definitions or utilize different Definitions for any other purpose.

## RULES OF CONSTRUCTION

The following rules of construction apply to this discovery request:

1.     The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.     The connectives "**and**" and "**or**" shall be construed either disjunctively or

conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2. A Document or other thing is deemed to be in Your actual or constructive possession, custody or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other 3rd party IT, cloud or other service providers.

3. Unless otherwise indicated, these requests seek Documents and Communications concerning the time period from April 1, 2021 through present.  If any Document, Communication, or other information is dated outside of the Relevant Time Period but is necessary for a complete understanding of a Document or Communication covered by the requests, such Document outside of the Relevant Time Period shall be produced. If any Document or Communication is undated and the date of its preparation cannot be determined, the Document or Communication shall be produced if otherwise responsive to the requests.

4. Each Document or other thing requested shall be produced in its entirety along

with all non-identical versions thereof and without abbreviation or redaction. Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced. If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing. For all Documents and other things, any family relationship should be captured and reflected in the production. Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced. A Document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

5. Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

6. Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

7. All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course. All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files. If such metadata is not available, each Document shall

be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

8.      Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

9.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

10.     ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

11.     File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

12.     Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments and enclosures.

13.     If there are no Documents or other things responsive to any particular request, Your response shall state so in writing.

14.     In the event that any Document or other thing called for by these requests is withheld on the basis of a claim or privilege or immunity:

        a.  The person asserting the privilege shall identify the nature of the privilege

(including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

    b.  The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the allegedly privileged information: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

15. Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

16. If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with FRCP 34, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034. If there is an objection to any part of a request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced. Further, if You object to part of a request, You must state the basis of Your objections in accordance with FRCP 34.

17. In the event that any Document or other thing responsive to these requests has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons

authorizing and carrying out such destruction or discard.

18.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

19.     Upon request, counsel for Byju's Alpha will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUEST FOR PRODUCTION

1.      All Documents concerning SWIFT messages received or transmitted during the
Relevant Time Period through Your SWIFT portal or stored in Your SWIFT database and
satisfying the following SWIFT message search criteria:

SWIFT Message Search Criteria:

1)      Transaction date = April 1, 2021 through the date of the search;

2)      SWIFT Message Standard:

    a.   MT Message Type = 101, 102, 102+, 103, 103+, 104, 110, 111, 121, 195, 196, 198, 199, 200, 201, 202, 202 COV, 203, 205, 207, 210, 295, 296, 298, 299, 304, 307, 320, 321, 400, 410, 416, 420, 495, 496, 498, 499, 500, 502, 509, 515, 600, 601, 604, 605, 606, 607, 608, 609, 620, 700, 701, 707, 710, 756, 760, 767, 795, 796, 798, 799; 900, 910, 940, 941, 942, 950, or 986; and/or

    b.   MX Equivalent Type = pain.001, pacs.008, pacs.009cov, pacs.003, pain.008, camt.026, camt.027, camt.033, camt.034, camt.028, camt.031, camt.029, pacs.009, camt.050, camt.057, tsrv.001, tsrv.005, camt.054, camt.053, or camt.052;

3)      Where numerical values are present, MT Message Field 32$n$ or 33$n$ (where $n$ is an optional letter), or MX Equivalent Type Element <IntrBkSttlmAmt>, <IntrBkSttlmDt>, or <InstdAmt>, or any currency amount field = greater than or equal to **1,000**; and

4)      MT Message Field 50$n$, 59$n$, 70$n$, 72, 82$n$, 87$n$, or 95$n$ (where $n$ is an optional letter), or MX Equivalent Type Element <InstdAmt>, <Dbtr>, <Cdtr>, <RmtInf>, <Ustrd>, <Strd>, <ChrgsInf>, <PrvsInstgAgt1>, <PrvsInstgAgt2>, <PrvsInstgAgt3>, <RltdRmtInf>, or any beneficiary, originator, or instruction field, contain  any of the SWIFT Search Terms listed in **Table A**, including the variations of the SWIFT Search Terms separated by semicolons in **Table A**, regardless of whether the relevant field contains other text.

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| Term | Variations |
|---|---|
| Aakash Edutech Pvt Ltd | "Aakash Edutech";<br>"Aakash" and "EDU" |
| Accuvise Administrators Limited | "Accuvise" |
| Ackees Mobile Tech Pvt Ltd | "Ackees Mobile Tech" |
| Adar Poonawalla | |
| ███████████████ | |
| Airretailer Technology LLC | |
| Aiyo International Limited | "Aiyo International" |
| Ajin Purushothaman | "Ajin Purushothaman" |
| Alexandra Tanya Morton | "Alexandra Morton"; "Alexandra T. Morton" |
| Ananya Srivastava | "Ananya Shree" |
| Andrew Simon | "Andrew Simon" AND "DC Legal" |
| Andrew Wagner | |
| Anisree Vellapalath | |
| Anita Kishore | |
| █████████████ | |
| █████████████ | |
| ████████████ | |
| Anticee Solutions Ltd | "Anticee Solutions" |
| Anubhav Sinha | |
| Apex Fund | "Apex Fund" AND "Godolphin" |
| Arun Kant | "Arun Kant" |
| Astra Management Services | "Astra Management" |
| Aswani Nambarambath | |
| Aswani Valsaraj | |
| Banker Corporation | |
| Beeaar Investco Pte Ltd | "Beeaar" |
| Benchmark Investments LLC | "Benchmark Investments" |
| Bisy Philip Rajendran | |
| Black Hills Solutions | |
| Blaise Pascal Barrelet | "Blaise Barrelet" |
| Bluebell Capital Investments Ltd | "Bluebell Capital Investments" |
| Brett Borgensen | "Brett Borgensen" |
| Brikram Trading | |
| Burton Varley Ltd | "Burton Varley" |
| Byju Raveendran | "Byju R*"; "Byju Raveendran";<br>"Byju Ravindran" |

### TABLE A
### SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| BYJU's Alpha, Inc | "Byjus Alpha"; "Byju's Alpha"; "Byju Alpha"; "Byjus"; "Byju's" |
| Byju's Global Pte Ltd | "Byju's Global"; "Byjus Global" |
| Byju's Holdings 1 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Holdings 2 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Investments Pte Ltd | "Byju's Investments" |
| Byju's Pte Ltd | "Byju's Private"; "Byju's Pte" |
| BYJU's UK Ltd | "Byju's UK" |
| ███████████████████ | |
| ███████████████████ | |
| Byjus Investments Pvt Ltd | "Byjus Investments" |
| Byju's K3 Education Pvt Ltd | "Byju's K3"; "Byjus K3" |
| Byjus Learning Company FZCO | "Byjus Learning Company"; "Byju's Learning Company" |
| BYJU's S.A. de C.V. | "BYJU's S.A."; "BYJUs S.A." |
| BYJU's Tecnologia Educacional LTDA | "BYJU's Tecnologia Educacional"; "BYJUs Tecnologia Educacional" |
| Camelback Financial Corp. | |
| ███████████████████ | |
| ███████████████████ | |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Camshaft Capital Advisors LLC | "Camshaft" |
| Camshaft Capital Credit LP | "Camshaft" |
| Camshaft Capital Fund LP | "Camshaft" |
| Camshaft Capital Fund, LP | "Camshaft" |
| Camshaft Capital Management, LLC | "Camshaft Capital" |
| Camshaft Capital Advisors, LLC | "Camshaft" |
| Camshaft Consulting LLC | "Camshaft Consulting" |
| Camshaft CRE 1 LLC | "Camshaft CRE" |
| Camshaft Credit LP | "Camshaft Credit" |
| Camshaft Credit LP SPV 1 | "Camshaft" |
| Camshaft Credit Management LLC | "Camshaft" |
| Camshaft Fund, LP | "Camshaft Fund" |
| Camshaft LLC | "Camshaft" |
| Camshaft LP -- Activist I | "Camshaft" |
| Camshaft LP Short Term Liquid Assets 1 | "Camshaft LP" |
| Camshaft LP SPV 1 | "Camshaft" |
| Camshaft Management , LLC | "Camshaft Management" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| Camshaft Management LLC | "Camshaft" |
|---|---|
| Cema Language Solutions Corp | "Cema Language Solutions" |
| Charlotte Mason | "Charlotte Mason" w/10 ("OCI" OR "Aiyo") |
| Chris Rigby | "Chris Rigby" AND "Stenn" |
| ██████████ | |
| Cutting Edge Sports FZ-LLC | "Cutting Edge Sports" |
| Davin Goldsztajn | |
| DC Legal FZ LLC | "DC Legal |
| Deeptha AR | "Deeptha Akhila Raghavan"; "Deeptha Ravindran" |
| Delta Management Services | "Delta Management" |
| Dheeraj Guliani | |
| Digital Aristotle Pvt Ltd | "Digital Aristotle" |
| Divya Gokulnath | "Divya G*"; "Divya Gokulnath" |
| ██████████ | |
| ██████████ | |
| ██████████ | |
| Donald J. Morton | "Donald Morton" |
| Dynaveo Ltd | "Dynaveo" |
| ██████ | |
| ██████ | |
| EF Hutton | "EF Hutton" |
| Enso Group | |
| E-Outlets Limited | "E-Outlets" |
| Epic! Creations Inc | "Epic! Creations"; "Epic Creations" |
| Epsilon, Villa B12, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| Epsilon, Villa B13, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| EST Capital AG | "EST Capital" |
| Ethos Fashion Sro | "Ethos Fashion Sro" |

### TABLE A
### SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Future Ideas Trading LLC | "Future Ideas Trading" |
| GeoGebra GmbH | "GeoGebra" |
| GL Pte Singapore | |
| Global Lingo (S) Pte Ltd | "Global Lingo" |
| Godolphin Fund | "Godolphin Fund" |
| Gokulnath Kuppuswamy Naidu | "Gokulnath Naidu"; "Gokulnath Kuppuswamy" |
| Golden Mile 3, Palm Jumeriah, Dubai | |
| Gorillahouse Tech Ltd | "Gorillahouse" |
| Great Lakes E-Learning Services Pvt Limited | "Great Lakes Learning"; "Great Lakes E-Learning" |
| Great Learning Education Services Pvt Ltd | "Great Learning Education Services" |
| Greengage Investments Ltd | "Greengage Investments" |
| H Motion Ltd | "H Motion" |
| Harrymax Consultants LLC | "Harrymax Consultants" |
| Haygot Services Pvt Ltd | "Haygot" |
| HDFC Bank Limited | |
| HSBC Singapore | |
| Hydra Enforcement, LP | "Hydra Enforcement" |
| Hydra Global LLC | "Hydra Global" |
| ICC Business Corporation FZ LLC | "ICC Business Corporation" |
| ICICI Bank Limited | |
| IIFL Finance Limited | |
| Incred Financial Services | "Incred Financial" |
| Infiken Internet Labs Pvt Ltd | "Infiken" |
| Innovagro Foods LLP | "Innovagro" |
| Inspilearn Education Pvt Ltd | "Inspilearn" |
| Inspilearn LLC | "Inspilearn" |
| Intap Labs Pvt Ltd | "Intap Labs" |
| Itria Venture S | Itria Venture |
| Jamey Jacob | "Jamey Jacob"; "J Jacob" |
| Jason Perz | "Jason Perz"; "J Perz" |
| Jed Trail, Sevierville, TN 37862 | |
| Jino Joseph | "Jino Joseph"; "Jion Joseph"; "J Joseph"; (in conjunction with "Byju's") |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Jon Naseath | Jonathan Naseath |
| Kamran Asghar | "K Asghar" |
| ███████████████ | |
| Kishore Srinivasan | "Srinivasan Kishore" |
| Kranti Growth Catalysts | "Kranti Growth" |
| Krypton Fund Services | |
| Kunnaruvath Raveendran | "Kunnaruvath Ravindran" |
| Kush Banker | "Kush Rupin Banker" |
| L 33 Lailak 2 Street | ("Emirates Hills" OR "Dubai") AND "L33" AND "LAILAK" |
| Leonie Hill Capital Private Limited | "Leonie Hill Capital" |
| Libra Trading | |
| Madison Properties | |
| Madoc Plantation | |
| Magnela Properties | |
| Malav Banker | |
| Maplewood Trading | |
| Marinemast | |
| Marquise International | |
| Mavrus Properties | |
| Meenakshi Banker | "Banker Meenakshi Rupin"; "Minakshi Banker" |
| ████████████████ | |
| ████████████ | |
| Memphis Global | |
| Merill Tradecom | |
| Michael Lipman | "Michael Lipman"; "M Lipman"; "Mike Lipman" (in conjunction with "Camshaft") |
| Miramac Properties | |
| Mohammad Iqbal Puri | |
| Monique Morley | |
| Montiago General Trading LLC | |
| More Ideas Books Trading LLC | "More Ideas" |
| More Ideas General Trading LLC | "More Ideas"; "BYJUs" AND "MIGT" |
| Morris Properties | |
| Nerissa Infra Projects | |
| Neuron Fuel Inc | "Neuron Fuel" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| No. 206; Green Glen Layout;Bellandur; Bangalore - Ground Floor, Bengaluru, Karnataka, India, 560103 | "Green Glen Layout" "no. 206" W/10 (Bengaluru OR Bangalore) |
| No. 43, Yoganarasimha 14th Main, 15th Cross, HSR Layout, Sector 4, Bengaluru, Karnataka, India, 560102 | "Yoganarasimha 14th Main" ("No 43" w/10 (Bengaluru OR Bangalore)) |
| Northwest Education Pte Ltd | "Northwest Education" |
| OCI Group Ltd | "OCI Group" |
| OCI Limited | "OCI Ltd" |
| OCI Logistics Ltd | "OCI Logistics" |
| OCI Office Ltd | "OCI Office" |
| OCI RESI Ltd | "OCI RESI" |
| Oliver Chapman | ("O Chapman" w/10 "OCI"); "Oliver Philip Chapman" |
| Om Pandey | "Om P Pandey"; "Om Pandey" |
| Orin OCI RB Ltd | "Orin OCI RB" |
| Padam Singhania | |
| Pankaj Srivastava | "Pankaj Srivastava" |
| PP Holdings | |
| Praseeth Pareparambil Sankaramveettil | "Praseeth Sankaramveettil"; "Praseeth Pareparambil Sankaramveettil" |
| Preethi Srivastava | |
| Purplemint Fintech | |
| R Motion Ltd | "R Motion" |
| Rahul Rajendran Vellapalath | |
| Rainbow Ridge Way, Sevierville, TN 37862 | |
| Rajendran Vellapalath | |
| ███████████████████ | |
| ████████████ | |
| Ranjan Pai | |
| Ready Merchantlinks Private Limited | "Ready Merchantlinks"; "Ready Merchantlinks Pvt Ltd"; "Ready Merchantlinks Private Ltd"; "Ready Merchantlinks Pvt Limited" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| ReadyFunds | |
| Red Vinyard Endeavors LLC | Red Vinyard |
| Riju Ravindran | "Riju R*"; "Riju Raveendran"; "Riju Ravindran"; Riju (W/10) Ravindran |
| ████████████████ | |
| Rise International | |
| Rizwana Shaheen Ameer Meea | ("Rizwana Meea" OR "Rizwana Ameer Meea") AND Godolphin |
| Robert Forte | |
| Roisin Chapman | "Roisin Chapman"; "R Chapman" w/10 "OCI") |
| Rose Lake | |
| Royal Fort Infracom General Trading | "Royal Fort Infracom" |
| Rupin Banker | ("R Banker" w/10 "OCI"); "Rupin Hemant Banker"; "Rupin Banker Hemant" ("Rupin Bankar"w/10 "OCI"); ("R Bankar" w/10 "OCI") ("Rupin Hemant Bankar" W/10 "OCI") |
| Sairaj Unnikrishnan | |
| Sandeep Krishnan Narayanaswamy | "Sandeep Krishnan"; "Sandeep Krishna" |
| Sandeep Vellapalath | |
| ████████████████ | |
| Sean Teeling | "Sean Teeling"; "S Teeling" |
| Secure Capital | |
| Serena Vista LLC | "Serena Vista" |
| Serum Institute | |
| Shaji Puthalath | "Shaji Divakar" |
| Shaman Commodities | |
| Shantanu Prakash | |
| Sharath Kumar | |
| Shenka Ltd | "Shenka" |
| Shobhana Valli Mundani | "Shobhana Raveendran"; "Shobhana Ravindran" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Sindhu Ratna Kul Bhaskar | "Sindhu Bhaskar"; "Dr Sindhu Bhaskar" |
| Skyconsult General Trading LLC | "Skyconsult General Trading" |
| Skywest Trading | |
| Snake River Trust | |
| Sola Fide | |
| Span Thoughtworks Pvt Ltd | "Span Thoughtworks" |
| Specadel Technologies Pvt Ltd | "Specadel" |
| Sreejith Narayanan Kunniyur | |
| Sriharu Marri Sreepathy | "Sriharu Marri Sreepathi" |
| Srisolve IBS Enterprises Private Limited | "Srisolve"; "Innovmania Enterprises" |
| Stallions Investment Management | |
| Stenn Assets UK Limited | "Stenn Assets" |
| Tangible Play Inc | "Tangible Play" |
| Think and Learn | T&L; "Think & Learn"; "Think and Learn" |
| Toppr Technologies Pvt Ltd | "Toppr Technologies" |
| ███████████ | |
| ████████ | |
| UAB Capitulus | |
| Venice Land | |
| Vinay Raveendra | |
| Vinay Ravindra | "Vinay Ravindra"; "Vinay Raveendra"; "Vinay Ravindranath" |
| Vinay Ravindranath | |
| Voizzit | |
| Weblength Infonet Pvt Ltd | "Weblength Infonet" |
| Whitehat Education Technology Private Limited | "Whitehat Education Technology" |
| William Cameron Morton | "William Cameron Morton"; "William C Morton"; "William Morton"; "Will Morton"; |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| | "W Cameron Morton"; "Cameron Morton" |
| William Hailer | "Will Hailer"; "W Hailer" |
| ██████████████████ | |
| ██████████████████ | |
| Wirturbo | "Wirturbo" AND "Andrew Simon"; "Wirturbo" AND "DC Legal" |
| Wondersearch Ltd | "Wondersearch" |
| Yuv Banker | "Yuv Rupin Banker" |
| YWE Business Solutions | |
| ████████ | |
| ██████████ | |
| ████████ | |
| ████████ | |
| ██████████ | |
| ██████████ | |
| ██████████ | |
| ██████ | |
| ██████ | |
| ██████████ | |
| ██████ | |
| ██████ | |
| ██████ | |
| ██████ | |
| ██████ | |
| ██████ | |
| 1109 Windmill Properties LLC | "1109 Windmill Properties" |
| 1200 Brickell Avenue, Suite 310 | "1200 Brickell Avenue" w/7 Miami |
| ██████ | |
| ██████ | ██████ |
| ██████████ | ██████ |
| ██████████ | ██████ |
| ██████ | |
| ██████████ | ██████ |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| ████████████ | █████████ |
| ████████ | |
| 16850 Collins Avenue,#112408, Sunny Isles Beach, Florida 33160 | "16850 Collins Avenue" w/7 Florida |
| 175 SW 7th Street, Miami, FL 33130 | "175 SW 7th Street" W/5 Miami |
| 18555 Collins Ave Ste 5405, Sunny Isles Beach, FL 33160 | |
| ████████ | |
| ████████ | |
| ████████ | ██████████ |
| | |
| █████████████ | |
| ███████████ | |
| ████ | |
| ██████ | |
| █████ | |
| ██████ | |
| ██████ | |
| █████████ | |
| █████████ | |
| █████████ | |
| 4/1, 2nd Floor, Tower D, IBC Knowledge Park, Bannerghatta Main Road, Bangalore, Karnataka, India, 560 029 | ("IBC Knowledge Park" and Byju or Byju's) |
| ███████ | |
| ████████████ | |
| ███████ | |
| ████████ | |
| ████████ | |
| ████████ | |
| █████ | |
| ███████ | |
| ████████████ | |
| ███████ | |
| ██████ | |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| ██████████ | |
| █████ | |
| ████████ | |
| ████ | |
| ████ | |
| 777 Brickell Ave, Floor 5, Miami, FL 33131 | "777 Brickell" w/7 Miami |
| ███████ | |
| ████ | |
| ██████ | |
| ██████ | |
| ██ | ████ (w/5 Gokulnath) |
| ██ | ████ (w/5 Raveendran) |
| ██ | ████ (w/5 "Ravindran)" |
| █████ | |
| █████ | |
| █████ | |
| █████ | █████ |
| ████████ | |
| ███ | |
| 936 SW 1st Avenue, #1086, Miami, FL 33130 | "936 SW 1st Avenue" W/5 Miami |
| 950 Brickell Bay Drive, #5107, Miami, FL 33130 | "950 Brickell Bay Drive" w/7 Miami |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

| FOR THE | District of   DELAWARE |
|---|---|

In re   **BYJU'S ALPHA, INC.**

Debtor

*(Complete if issued in an adversary proceeding)*

**BYJU'S ALPHA, INC.,**

Plaintiff

v.

CAMSHAFT CAPITAL FUND, LP, et al.

Defendant

Case No.   24-10140 (JTD)

Chapter   11

Adv. Proc. No.   24-50013 (JTD)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:                Deutsche Bank Trust Company Americas

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | 4/21/2025 5:30 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   3/21/2025

               CLERK OF COURT

                         OR

_____      /s/  Jianjian Ye
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
    BYJU'S ALPHA, INC.    , who issues or requests this subpoena, are:

Jianjian Ye, 295 Fifth Ave., New York, NY 10016, jianjianye@quinnemanuel.com, 212-849-7573, Jordan Nakdimon

  212-849-7368       **Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                    _____
                                                                    *Server's signature*

                                                    _____
                                                                    *Printed name and title*

                                                    _____
                                                                    *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# SCHEDULE A

# DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.     "**Action**" means the above-captioned adversary proceeding.

2.     "**Communication**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.     "**SWIFT**" means the Society for World Interbank Financial Telecommunication.

4.     "**MT**" ("message text") means the traditional message type for use on the SWIFT network.

5.     "**MX**" means the XML message type for use on the SWIFT network.

6.     "**Electronically Stored Information**" ("ESI") means, without limitation, the following:

    a.  information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

    b.  internal or external websites and other shared spaces;

    c.  output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

    d.  activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, and related media used to move and store data, such as, but not limited to, a personal digital assistant, e.g., Palm Pilot, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e.   archived data, legacy data, and back-up tapes.

7.       **Document** is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure ("**FRCP**") 34(a)(1)(A), made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034. A draft or non-identical copy is a separate document within the meaning of this term per FRCP 34(a)(1)(A) made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034.

8.       When referring to documents, "**to identify**" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

9.       The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

10.      The words "**relating to**" means regarding, relating to, involving, concerning, referring to, describing, evidencing, constituting, relevant to, or in connection with, either directly or indirectly.

11.      "**Byju's Alpha**" means the entity named as Plaintiff in the Action and in whose favor a judgment was entered against Defendants on March 14, 2025, including any agents, predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, and other branches or affiliates, together with all officers, directors, employees, subsidiaries, affiliates, agents, or other person acting (or purporting to act) on behalf of the foregoing.

12.    "**You**" and "**Your**" means the recipient of this subpoena and its officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on its behalf.

13.    "**Person**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14.    "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

15.    The terms defined above and the individual requests for production and inspection are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the FRCP or any applicable laws.

16.    All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the requests for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

17.    These Definitions are provided only for purposes of discovery, in conformance with FRCP 34(a) and Federal Rules of Bankruptcy Procedure 7034, and are not intended to be used for any purpose other than discovery.  Byju's Alpha reserves the right to modify these Definitions or utilize different Definitions for any other purpose.

## <u>RULES OF CONSTRUCTION</u>

The following rules of construction apply to this discovery request:

1.    The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.    The connectives "**and**" and "**or**" shall be construed either disjunctively or

conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other 3rd party IT, cloud or other service providers.

3.      Unless otherwise indicated, these requests seek Documents and Communications concerning the time period from April 1, 2021 through present.  If any Document, Communication, or other information is dated outside of the Relevant Time Period but is necessary for a complete understanding of a Document or Communication covered by the requests, such Document outside of the Relevant Time Period shall be produced. If any Document or Communication is undated and the date of its preparation cannot be determined, the Document or Communication shall be produced if otherwise responsive to the requests.

4.      Each Document or other thing requested shall be produced in its entirety along

with all non-identical versions thereof and without abbreviation or redaction. Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced. If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing. For all Documents and other things, any family relationship should be captured and reflected in the production. Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced. A Document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

5. Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

6. Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

7. All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course. All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files. If such metadata is not available, each Document shall

be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

8.      Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

9.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

10.      ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

11.      File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

12.      Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments and enclosures.

13.      If there are no Documents or other things responsive to any particular request, Your response shall state so in writing.

14.      In the event that any Document or other thing called for by these requests is withheld on the basis of a claim or privilege or immunity:

a.   The person asserting the privilege shall identify the nature of the privilege

(including work product) which is being claimed and, if the privilege is
governed by state law, indicate the state's privilege rule being invoked; and

b. The following information shall be provided in the objection unless divulgence
of such information would cause disclosure of the allegedly privileged
information: (i) the type of document, e.g., letter or memorandum; (ii) the
general subject matter of the document; (iii) the date of the document; and (iv)
the author of the document, the addressees of the document, and any other
recipients, and, where not apparent, the relationship of the author, addressees,
and recipients to each other;

15.     Any purportedly privileged Document or other thing containing non-privileged
material must be produced, redacting only the portion purportedly privileged.

16.     If You have any good faith objections to any request or any part thereof, the
specific nature of the objection and whether it applies to the entire request or to a part of the
request shall be stated in accordance with FRCP 34, made applicable to this proceeding by Federal
Rules of Bankruptcy Procedure 7034.  If there is an objection to any part of a request, then the
part objected to should be identified and Documents and other things responsive to the remaining
unobjectionable part should be timely produced.  Further, if You object to part of a request, You
must state the basis of Your objections in accordance with FRCP 34.

17.     In the event that any Document or other thing responsive to these requests has
been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as
completely as possible: (a) the authors or creators of the material, (b) all persons who received
copies of the material, including any indicated and blind copy recipients, (c) the present custodian
of the material, (d) the date of the material, (e) the material's date of destruction or discard,
manner of destruction or discard, and the reason for destruction or discard, and (f) the persons

7

authorizing and carrying out such destruction or discard.

18.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

19.     Upon request, counsel for Byju's Alpha will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUEST FOR PRODUCTION

1.     All Documents concerning SWIFT messages received or transmitted during the Relevant Time Period through Your SWIFT portal or stored in Your SWIFT database and satisfying the following SWIFT message search criteria:

SWIFT Message Search Criteria:

1)     Transaction date = April 1, 2021 through the date of the search;

2)     SWIFT Message Standard:

a.   MT Message Type = 101, 102, 102+, 103, 103+, 104, 110, 111, 121, 195, 196, 198, 199, 200, 201, 202, 202 COV, 203, 205, 207, 210, 295, 296, 298, 299, 304, 307, 320, 321, 400, 410, 416, 420, 495, 496, 498, 499, 500, 502, 509, 515, 600, 601, 604, 605, 606, 607, 608, 609, 620, 700, 701, 707, 710, 756, 760, 767, 795, 796, 798, 799; 900, 910, 940, 941, 942, 950, or 986; and/or

b.   MX Equivalent Type = pain.001, pacs.008, pacs.009cov, pacs.003, pain.008, camt.026, camt.027, camt.033, camt.034, camt.028, camt.031, camt.029, pacs.009, camt.050, camt.057, tsrv.001, tsrv.005, camt.054, camt.053, or camt.052;

3)     Where numerical values are present, MT Message Field $32n$ or $33n$ (where $n$ is an optional letter), or MX Equivalent Type Element <IntrBkSttlmAmt>, <IntrBkSttlmDt>, or <InstdAmt>, or any currency amount field = greater than or equal to **1,000**; and

4)     MT Message Field $50n$, $59n$, $70n$, 72, $82n$, $87n$, or $95n$ (where $n$ is an optional letter), or MX Equivalent Type Element <InstdAmt>, <Dbtr>, <Cdtr>, <RmtInf>, <Ustrd>, <Strd>, <ChrgsInf>, <PrvsInstgAgt1>, <PrvsInstgAgt2>, <PrvsInstgAgt3>, <RltdRmtInf>, or any beneficiary, originator, or instruction field, contain  any of the SWIFT Search Terms listed in **Table A**, including the variations of the SWIFT Search Terms separated by semicolons in **Table A**, regardless of whether the relevant field contains other text.

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| Term | Variations |
|---|---|
| Aakash Edutech Pvt Ltd | "Aakash Edutech"; "Aakash" and "EDU" |
| Accuvise Administrators Limited | "Accuvise" |
| Ackees Mobile Tech Pvt Ltd | "Ackees Mobile Tech" |
| Adar Poonawalla | |
| ███████████████ | |
| Airretailer Technology LLC | |
| Aiyo International Limited | "Aiyo International" |
| Ajin Purushothaman | "Ajin Purushothaman" |
| Alexandra Tanya Morton | "Alexandra Morton"; "Alexandra T. Morton" |
| Ananya Srivastava | "Ananya Shree" |
| Andrew Simon | "Andrew Simon" AND "DC Legal" |
| Andrew Wagner | |
| Anisree Vellapalath | |
| Anita Kishore | |
| ██████████████ | |
| ██████████████ | |
| ██████████████ | |
| Anticee Solutions Ltd | "Anticee Solutions" |
| Anubhav Sinha | |
| Apex Fund | "Apex Fund" AND "Godolphin" |
| Arun Kant | "Arun Kant" |
| Astra Management Services | "Astra Management" |
| Aswani Nambarambath | |
| Aswani Valsaraj | |
| Banker Corporation | |
| Beeaar Investco Pte Ltd | "Beeaar" |
| Benchmark Investments LLC | "Benchmark Investments" |
| Bisy Philip Rajendran | |
| Black Hills Solutions | |
| Blaise Pascal Barrelet | "Blaise Barrelet" |
| Bluebell Capital Investments Ltd | "Bluebell Capital Investments" |
| Brett Borgensen | "Brett Borgensen" |
| Brikram Trading | |
| Burton Varley Ltd | "Burton Varley" |
| Byju Raveendran | "Byju R*"; "Byju Raveendran"; "Byju Ravindran" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| BYJU's Alpha, Inc | "Byjus Alpha"; "Byju's Alpha"; "Byju Alpha"; "Byjus"; "Byju's" |
| Byju's Global Pte Ltd | "Byju's Global"; "Byjus Global" |
| Byju's Holdings 1 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Holdings 2 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Investments Pte Ltd | "Byju's Investments" |
| Byju's Pte Ltd | "Byju's Private"; "Byju's Pte" |
| BYJU's UK Ltd | "Byju's UK" |
| ███████████████████ | |
| ██████████████ | |
| Byjus Investments Pvt Ltd | "Byjus Investments" |
| Byju's K3 Education Pvt Ltd | "Byju's K3"; "Byjus K3" |
| Byjus Learning Company FZCO | "Byjus Learning Company"; "Byju's Learning Company" |
| BYJU's S.A. de C.V. | "BYJU's S.A."; "BYJUs S.A." |
| BYJU's Tecnologia Educacional LTDA | "BYJU's Tecnologia Educational"; "BYJUs Technologia Educational" |
| Camelback Financial Corp. | |
| ████████████████ | |
| ███████████████ | |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Camshaft Capital Advisors LLC | "Camshaft" |
| Camshaft Capital Credit LP | "Camshaft" |
| Camshaft Capital Fund LP | "Camshaft" |
| Camshaft Capital Fund, LP | "Camshaft" |
| Camshaft Capital Management, LLC | "Camshaft Capital" |
| Camshaft Capital Advisors, LLC | "Camshaft" |
| Camshaft Consulting LLC | "Camshaft Consulting" |
| Camshaft CRE 1 LLC | "Camshaft CRE" |
| Camshaft Credit LP | "Camshaft Credit" |
| Camshaft Credit LP SPV 1 | "Camshaft" |
| Camshaft Credit Management LLC | "Camshaft" |
| Camshaft Fund, LP | "Camshaft Fund" |
| Camshaft LLC | "Camshaft" |
| Camshaft LP -- Activist I | "Camshaft" |
| Camshaft LP Short Term Liquid Assets 1 | "Camshaft LP" |
| Camshaft LP SPV 1 | "Camshaft" |
| Camshaft Management , LLC | "Camshaft Management" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Camshaft Management LLC | "Camshaft" |
| Cema Language Solutions Corp | "Cema Language Solutions" |
| Charlotte Mason | "Charlotte Mason" w/10 ("OCI" OR "Aiyo") |
| Chris Rigby | "Chris Rigby" AND "Stenn" |
| ███████████ | |
| Cutting Edge Sports FZ-LLC | "Cutting Edge Sports" |
| Davin Goldsztajn | |
| DC Legal FZ LLC | "DC Legal |
| Deeptha AR | "Deeptha Akhila Raghavan"; "Deeptha Ravindran" |
| Delta Management Services | "Delta Management" |
| Dheeraj Guliani | |
| Digital Aristotle Pvt Ltd | "Digital Aristotle" |
| Divya Gokulnath | "Divya G*"; "Divya Gokulnath" |
| ███████████ | |
| ███████████ | |
| ███████████ | |
| Donald J. Morton | "Donald Morton" |
| Dynaveo Ltd | "Dynaveo" |
| ███████ | |
| ███████ | |
| EF Hutton | "EF Hutton" |
| Enso Group | |
| E-Outlets Limited | "E-Outlets" |
| Epic! Creations Inc | "Epic! Creations"; "Epic Creations" |
| Epsilon, Villa B12, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| Epsilon, Villa B13, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| EST Capital AG | "EST Capital" |
| Ethos Fashion Sro | "Ethos Fashion Sro" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Future Ideas Trading LLC | "Future Ideas Trading" |
| GeoGebra GmbH | "GeoGebra" |
| GL Pte Singapore | |
| Global Lingo (S) Pte Ltd | "Global Lingo" |
| Godolphin Fund | "Godolphin Fund" |
| Gokulnath Kuppuswamy Naidu | "Gokulnath Naidu"; "Gokulnath Kuppuswamy" |
| Golden Mile 3, Palm Jumeriah, Dubai | |
| Gorillahouse Tech Ltd | "Gorillahouse" |
| Great Lakes E-Learning Services Pvt Limited | "Great Lakes Learning"; "Great Lakes E-Learning" |
| Great Learning Education Services Pvt Ltd | "Great Learning Education Services" |
| Greengage Investments Ltd | "Greengage Investments" |
| H Motion Ltd | "H Motion" |
| Harrymax Consultants LLC | "Harrymax Consultants" |
| Haygot Services Pvt Ltd | "Haygot" |
| HDFC Bank Limited | |
| HSBC Singapore | |
| Hydra Enforcement, LP | "Hydra Enforcement" |
| Hydra Global LLC | "Hydra Global" |
| ICC Business Corporation FZ LLC | "ICC Business Corporation" |
| ICICI Bank Limited | |
| IIFL Finance Limited | |
| Incred Financial Services | "Incred Financial" |
| Infiken Internet Labs Pvt Ltd | "Infiken" |
| Innovagro Foods LLP | "Innovagro" |
| Inspilearn Education Pvt Ltd | "Inspilearn" |
| Inspilearn LLC | "Inspilearn" |
| Intap Labs Pvt Ltd | "Intap Labs" |
| Itria Venture S | Itria Venture |
| Jamey Jacob | "Jamey Jacob"; "J Jacob" |
| Jason Perz | "Jason Perz"; "J Perz" |
| Jed Trail, Sevierville, TN 37862 | |
| Jino Joseph | "Jino Joseph"; "Jion Joseph"; "J Joseph"; (in conjunction with "Byju's") |

### TABLE A
### SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Jon Naseath | Jonathan Naseath |
| Kamran Asghar | "K Asghar" |
| ████████████████ | |
| Kishore Srinivasan | "Srinivasan Kishore" |
| Kranti Growth Catalysts | "Kranti Growth" |
| Krypton Fund Services | |
| Kunnaruvath Raveendran | "Kunnaruvath Ravindran" |
| Kush Banker | "Kush Rupin Banker" |
| L 33 Lailak 2 Street | ("Emirates Hills" OR "Dubai") AND "L33" AND "LAILAK" |
| Leonie Hill Capital Private Limited | "Leonie Hill Capital" |
| Libra Trading | |
| Madison Properties | |
| Madoc Plantation | |
| Magnela Properties | |
| Malav Banker | |
| Maplewood Trading | |
| Marinemast | |
| Marquise International | |
| Mavrus Properties | |
| Meenakshi Banker | "Banker Meenakshi Rupin"; "Minakshi Banker" |
| ██████████████ | |
| ███████████ | |
| Memphis Global | |
| Merill Tradecom | |
| Michael Lipman | "Michael Lipman"; "M Lipman"; "Mike Lipman" (in conjunction with "Camshaft") |
| Miramac Properties | |
| Mohammad Iqbal Puri | |
| Monique Morley | |
| Montiago General Trading LLC | |
| More Ideas Books Trading LLC | "More Ideas" |
| More Ideas General Trading LLC | "More Ideas"; "BYJUs" AND "MIGT" |
| Morris Properties | |
| Nerissa Infra Projects | |
| Neuron Fuel Inc | "Neuron Fuel" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| No. 206; Green Glen Layout;Bellandur; Bangalore - Ground Floor, Bengaluru, Karnataka, India, 560103 | "Green Glen Layout" "no. 206" W/10 (Bengaluru OR Bangalore) |
| No. 43, Yoganarasimha 14th Main, 15th Cross, HSR Layout, Sector 4, Bengaluru, Karnataka, India, 560102 | "Yoganarasimha 14th Main" ("No 43" w/10 (Bengaluru OR Bangalore)) |
| Northwest Education Pte Ltd | "Northwest Education" |
| OCI Group Ltd | "OCI Group" |
| OCI Limited | "OCI Ltd" |
| OCI Logistics Ltd | "OCI Logistics" |
| OCI Office Ltd | "OCI Office" |
| OCI RESI Ltd | "OCI RESI" |
| Oliver Chapman | ("O Chapman" w/10 "OCI"); "Oliver Philip Chapman" |
| Om Pandey | "Om P Pandey"; "Om Pandey" |
| Orin OCI RB Ltd | "Orin OCI RB" |
| Padam Singhania | |
| Pankaj Srivastava | "Pankaj Srivastava" |
| PP Holdings | |
| Praseeth Pareparambil Sankaramveettil | "Praseeth Sankaramveettil"; "Praseeth Pareparambil Sankaramveettil" |
| Preethi Srivastava | |
| Purplemint Fintech | |
| R Motion Ltd | "R Motion" |
| Rahul Rajendran Vellapalath | |
| Rainbow Ridge Way, Sevierville, TN 37862 | |
| Rajendran Vellapalath | |
| ████████████████████ | |
| ████████████ | |
| Ranjan Pai | |
| Ready Merchantlinks Private Limited | "Ready Merchantlinks"; "Ready Merchantlinks Pvt Ltd"; "Ready Merchantlinks Private Ltd"; "Ready Merchantlinks Pvt Limited" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| ReadyFunds | |
| Red Vinyard Endeavors LLC | Red Vinyard |
| Riju Ravindran | "Riju R*"; "Riju Raveendran"; "Riju Ravindran"; Riju (W/10) Ravindran |
| ██████████████ | |
| Rise International | |
| Rizwana Shaheen Ameer Meea | ("Rizwana Meea" OR "Rizwana Ameer Meea") AND Godolphin |
| Robert Forte | |
| Roisin Chapman | "Roisin Chapman"; "R Chapman" w/10 "OCI") |
| Rose Lake | |
| Royal Fort Infracom General Trading | "Royal Fort Infracom" |
| Rupin Banker | ("R Banker" w/10 "OCI"); "Rupin Hemant Banker"; "Rupin Banker Hemant" ("Rupin Bankar"w/10 "OCI"); ("R Bankar" w/10 "OCI") ("Rupin Hemant Bankar" W/10 "OCI") |
| Sairaj Unnikrishnan | |
| Sandeep Krishnan Narayanaswamy | "Sandeep Krishnan"; "Sandeep Krishna" |
| Sandeep Vellapalath | |
| ██████████████ | |
| Sean Teeling | "Sean Teeling"; "S Teeling" |
| Secure Capital | |
| Serena Vista LLC | "Serena Vista" |
| Serum Institute | |
| Shaji Puthalath | "Shaji Divakar" |
| Shaman Commodities | |
| Shantanu Prakash | |
| Sharath Kumar | |
| Shenka Ltd | "Shenka" |
| Shobhana Valli Mundani | "Shobhana Raveendran"; "Shobhana Ravindran" |

### TABLE A
### SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Sindhu Ratna Kul Bhaskar | "Sindhu Bhaskar"; "Dr Sindhu Bhaskar" |
| Skyconsult General Trading LLC | "Skyconsult General Trading" |
| Skywest Trading | |
| Snake River Trust | |
| Sola Fide | |
| Span Thoughtworks Pvt Ltd | "Span Thoughtworks" |
| Specadel Technologies Pvt Ltd | "Specadel" |
| Sreejith Narayanan Kunniyur | |
| Sriharu Marri Sreepathy | "Sriharu Marri Sreepathi" |
| Srisolve IBS Enterprises Private Limited | "Srisolve"; "Innovmania Enterprises" |
| Stallions Investment Management | |
| Stenn Assets UK Limited | "Stenn Assets" |
| Tangible Play Inc | "Tangible Play" |
| Think and Learn | T&L; "Think & Learn"; "Think and Learn" |
| Toppr Technologies Pvt Ltd | "Toppr Technologies" |
| ███████ | |
| ███████ | |
| UAB Capitulus | |
| Venice Land | |
| Vinay Raveendra | |
| Vinay Ravindra | "Vinay Ravindra"; "Vinay Raveendra"; "Vinay Ravindranath" |
| Vinay Ravindranath | |
| Voizzit | |
| Weblength Infonet Pvt Ltd | "Weblength Infonet" |
| Whitehat Education Technology Private Limited | "Whitehat Education Technology" |
| William Cameron Morton | "William Cameron Morton"; "William C Morton"; "William Morton"; "Will Morton"; |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| | "W Cameron Morton"; "Cameron Morton" |
| William Hailer | "Will Hailer"; "W Hailer" |
| ██████████████ | |
| ██████████████ | |
| Wirturbo | "Wirturbo" AND "Andrew Simon"; "Wirturbo" AND "DC Legal" |
| Wondersearch Ltd | "Wondersearch" |
| Yuv Banker | "Yuv Rupin Banker" |
| YWE Business Solutions | |
| ████████ | |
| ████████ | |
| ██████████ | |
| █████████ | |
| █████████ | |
| █████████ | |
| █████████ | |
| ██████████ | |
| ███████ | |
| ███████ | |
| █████████ | |
| ██████ | |
| ██████ | |
| ████████ | |
| ██████ | |
| ███████ | |
| ███████ | |
| 1109 Windmill Properties LLC | "1109 Windmill Properties" |
| 1200 Brickell Avenue, Suite 310 | "1200 Brickell Avenue" w/7 Miami |
| ██████ | |
| ████████ | ██████████ |
| █████████ | ██████████ |
| ██████████ | ██████████ |
| ███████ | ██████ |
| █████████ | ██████████ |

### TABLE A
### SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| ████████ | ██████ |
| ██████ | |
| 16850 Collins Avenue,#112408, Sunny Isles Beach, Florida 33160 | "16850 Collins Avenue" w/7 Florida |
| 175 SW 7th Street, Miami, FL 33130 | "175 SW 7th Street" W/5 Miami |
| 18555 Collins Ave Ste 5405, Sunny Isles Beach, FL 33160 | |
| ██████ | |
| ██████ | |
| ██████ | ██████ |
| █████████ | |
| 285 NW 42nd Avenue | |
| ███ | |
| ██████ | |
| ███ | |
| █████ | |
| █████ | |
| █████ | |
| ███████ | |
| ███████ | |
| ██████ | |
| 4/1, 2nd Floor, Tower D, IBC Knowledge Park, Bannerghatta Main Road, Bangalore, Karnataka, India, 560 029 | ("IBC Knowledge Park" and Byju or Byju's) |
| ██████ | |
| █████████ | |
| ██████ | |
| ███████ | |
| ███████ | |
| ███████ | |
| ███ | |
| ██████ | |
| █████████ | |
| ██████ | |
| █████ | |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| ███████████ | |
| █████ | |
| ████████ | |
| ████ | |
| ████ | |
| | |
| 777 Brickell Ave, Floor 5, Miami, FL 33131 | "777 Brickell" w/7 Miami |
| 7777051000013969 | |
| | |
| ████ | |
| ██████ | |
| █████ | |
| ██ | ████ (w/5 Gokulnath) |
| ██ | ████ (w/5 Raveendran) |
| ██ | ████ (w/5 "Ravindran)" |
| ████ | |
| ████ | |
| ████ | |
| ████ | ████ |
| ████████ | |
| ███ | |
| 936 SW 1st Avenue, #1086, Miami, FL 33130 | "936 SW 1st Avenue" W/5 Miami |
| 950 Brickell Bay Drive, #5107, Miami, FL 33130 | "950 Brickell Bay Drive" w/7 Miami |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

| | |
|---|---|
| FOR THE | District of **DELAWARE** |

In re **BYJU'S ALPHA, INC.**
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. **24-10140 (JTD)**

Chapter **11**

**BYJU'S ALPHA, INC.,**
_____
Plaintiff

v.

CAMSHAFT CAPITAL FUND, LP, et al.
_____
Defendant

Adv. Proc. No. **24-50013 (JTD)**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **HSBC Bank USA, N.A.**
_____
*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | 4/21/2025 5:30 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **3/21/2025**

CLERK OF COURT

OR

_____          /s/ Jianjian Ye
*Signature of Clerk or Deputy Clerk*          _____
          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
BYJU'S ALPHA, INC.
_____ , who issues or requests this subpoena, are:

Jianjian Ye, 295 Fifth Ave., New York, NY 10016, jianjianye@quinnemanuel.com, 212-849-7573, Jordan Nakdimon

212-849-7368          **Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# SCHEDULE A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.      "**Action**" means the above-captioned adversary proceeding.

2.      "**Communication**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.      "**SWIFT**" means the Society for World Interbank Financial Telecommunication.

4.      "**MT**" ("message text") means the traditional message type for use on the SWIFT network.

5.      "**MX**" means the XML message type for use on the SWIFT network.

6.      "**Electronically Stored Information**" ("ESI") means, without limitation, the following:

   a. information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

   b. internal or external websites and other shared spaces;

   c. output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

   d. activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, and related media used to move and store data, such as, but not limited to, a personal digital assistant, e.g., Palm Pilot, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e. archived data, legacy data, and back-up tapes.

7. "**Document**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure ("**FRCP**") 34(a)(1)(A), made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034. A draft or non-identical copy is a separate document within the meaning of this term per FRCP 34(a)(1)(A) made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034.

8. When referring to documents, "**to identify**" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

9. The words "**include**" and "**including**" mean "including but not limited to." The use of the term "include" in any request shall not be used to limit the generality or scope of any request. Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

10. The words "**relating to**" means regarding, relating to, involving, concerning, referring to, describing, evidencing, constituting, relevant to, or in connection with, either directly or indirectly.

11. "**Byju's Alpha**" means the entity named as Plaintiff in the Action and in whose favor a judgment was entered against Defendants on March 14, 2025, including any agents, predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, and other branches or affiliates, together with all officers, directors, employees, subsidiaries, affiliates, agents, or other person acting (or purporting to act) on behalf of the foregoing.

12.    "**You**" and "**Your**" means the recipient of this subpoena and its officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on its behalf.

13.    "**Person**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14.    "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

15.    The terms defined above and the individual requests for production and inspection are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the FRCP or any applicable laws.

16.    All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the requests for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

17.    These Definitions are provided only for purposes of discovery, in conformance with FRCP 34(a) and Federal Rules of Bankruptcy Procedure 7034, and are not intended to be used for any purpose other than discovery.  Byju's Alpha reserves the right to modify these Definitions or utilize different Definitions for any other purpose.

## RULES OF CONSTRUCTION

The following rules of construction apply to this discovery request:

1.    The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.    The connectives "**and**" and "**or**" shall be construed either disjunctively or

3

conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      The use of the singular form of any word includes the plural and vice versa.

## <u>INSTRUCTIONS</u>

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other 3rd party IT, cloud or other service providers.

3.      Unless otherwise indicated, these requests seek Documents and Communications concerning the time period from April 1, 2021 through present. If any Document, Communication, or other information is dated outside of the Relevant Time Period but is necessary for a complete understanding of a Document or Communication covered by the requests, such Document outside of the Relevant Time Period shall be produced. If any Document or Communication is undated and the date of its preparation cannot be determined, the Document or Communication shall be produced if otherwise responsive to the requests.

4.      Each Document or other thing requested shall be produced in its entirety along

with all non-identical versions thereof and without abbreviation or redaction. Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced. If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing. For all Documents and other things, any family relationship should be captured and reflected in the production. Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced. A Document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

5. Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

6. Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

7. All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course. All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files. If such metadata is not available, each Document shall

be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document. If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

8.      Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

9.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

10.      ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

11.      File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

12.      Documents attached to each other shall not be separated. All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments and enclosures.

13.      If there are no Documents or other things responsive to any particular request, Your response shall state so in writing.

14.      In the event that any Document or other thing called for by these requests is withheld on the basis of a claim or privilege or immunity:

        a.   The person asserting the privilege shall identify the nature of the privilege

(including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

b.  The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the allegedly privileged information: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

15.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

16.     If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with FRCP 34, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034.  If there is an objection to any part of a request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of a request, You must state the basis of Your objections in accordance with FRCP 34.

17.     In the event that any Document or other thing responsive to these requests has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons

authorizing and carrying out such destruction or discard.

18.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

19.     Upon request, counsel for Byju's Alpha will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUEST FOR PRODUCTION

1.    All Documents concerning SWIFT messages received or transmitted during the Relevant Time Period through Your SWIFT portal or stored in Your SWIFT database and satisfying the following SWIFT message search criteria:

SWIFT Message Search Criteria:

1)    Transaction date = April 1, 2021 through the date of the search;

2)    SWIFT Message Standard:

    a.   MT Message Type = 101, 102, 102+, 103, 103+, 104, 110, 111, 121, 195, 196, 198, 199, 200, 201, 202, 202 COV, 203, 205, 207, 210, 295, 296, 298, 299, 304, 307, 320, 321, 400, 410, 416, 420, 495, 496, 498, 499, 500, 502, 509, 515, 600, 601, 604, 605, 606, 607, 608, 609, 620, 700, 701, 707, 710, 756, 760, 767, 795, 796, 798, 799; 900, 910, 940, 941, 942, 950, or 986; and/or

    b.   MX Equivalent Type = pain.001, pacs.008, pacs.009cov, pacs.003, pain.008, camt.026, camt.027, camt.033, camt.034, camt.028, camt.031, camt.029, pacs.009, camt.050, camt.057, tsrv.001, tsrv.005, camt.054, camt.053, or camt.052;

3)    Where numerical values are present, MT Message Field $32n$ or $33n$ (where $n$ is an optional letter), or MX Equivalent Type Element <IntrBkSttlmAmt>, <IntrBkSttlmDt>, or <InstdAmt>, or any currency amount field = greater than or equal to **1,000**; and

4)    MT Message Field $50n$, $59n$, $70n$, 72, $82n$, $87n$, or $95n$ (where $n$ is an optional letter), or MX Equivalent Type Element <InstdAmt>, <Dbtr>, <Cdtr>, <RmtInf>, <Ustrd>, <Strd>, <ChrgsInf>, <PrvsInstgAgt1>, <PrvsInstgAgt2>, <PrvsInstgAgt3>, <RltdRmtInf>, or any beneficiary, originator, or instruction field, contain any of the SWIFT Search Terms listed in **Table A**, including the variations of the SWIFT Search Terms separated by semicolons in **Table A**, regardless of whether the relevant field contains other text.

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| Term | Variations |
|------|------------|
| Aakash Edutech Pvt Ltd | "Aakash Edutech"; "Aakash" and "EDU" |
| Accuvise Administrators Limited | "Accuvise" |
| Ackees Mobile Tech Pvt Ltd | "Ackees Mobile Tech" |
| Adar Poonawalla | |
| ███████████████████ | |
| Airretailer Technology LLC | |
| Aiyo International Limited | "Aiyo International" |
| Ajin Purushothaman | "Ajin Purushothaman" |
| Alexandra Tanya Morton | "Alexandra Morton"; "Alexandra T. Morton" |
| Ananya Srivastava | "Ananya Shree" |
| Andrew Simon | "Andrew Simon" AND "DC Legal" |
| Andrew Wagner | |
| Anisree Vellapalath | |
| Anita Kishore | |
| ██████████████████ | |
| ████████████████████ | |
| █████████████████ | |
| Anticee Solutions Ltd | "Anticee Solutions" |
| Anubhav Sinha | |
| Apex Fund | "Apex Fund" AND "Godolphin" |
| Arun Kant | "Arun Kant" |
| Astra Management Services | "Astra Management" |
| Aswani Nambarambath | |
| Aswani Valsaraj | |
| Banker Corporation | |
| Beeaar Investco Pte Ltd | "Beeaar" |
| Benchmark Investments LLC | "Benchmark Investments" |
| Bisy Philip Rajendran | |
| Black Hills Solutions | |
| Blaise Pascal Barrelet | "Blaise Barrelet" |
| Bluebell Capital Investments Ltd | "Bluebell Capital Investments" |
| Brett Borgensen | "Brett Borgensen" |
| Brikram Trading | |
| Burton Varley Ltd | "Burton Varley" |
| Byju Raveendran | "Byju R*"; "Byju Raveendran"; "Byju Ravindran" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| BYJU's Alpha, Inc | "Byjus Alpha"; "Byju's Alpha"; "Byju Alpha"; "Byjus"; "Byju's" |
| Byju's Global Pte Ltd | "Byju's Global"; "Byjus Global" |
| Byju's Holdings 1 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Holdings 2 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Investments Pte Ltd | "Byju's Investments" |
| Byju's Pte Ltd | "Byju's Private"; "Byju's Pte" |
| BYJU's UK Ltd | "Byju's UK" |
| ██████████████ | |
| ██████████████ | |
| Byjus Investments Pvt Ltd | "Byjus Investments" |
| Byju's K3 Education Pvt Ltd | "Byju's K3"; "Byjus K3" |
| Byjus Learning Company FZCO | "Byjus Learning Company"; "Byju's Learning Company" |
| BYJU's S.A. de C.V. | "BYJU's S.A."; "BYJUs S.A." |
| BYJU's Tecnologia Educacional LTDA | "BYJU's Tecnologia Educacional"; "BYJUs Tecnologia Educacional" |
| Camelback Financial Corp. | |
| ██████████████ | |
| ██████████████ | |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| Camshaft Capital Advisors LLC | "Camshaft" |
|---|---|
| Camshaft Capital Credit LP | "Camshaft" |
| Camshaft Capital Fund LP | "Camshaft" |
| Camshaft Capital Fund, LP | "Camshaft" |
| Camshaft Capital Management, LLC | "Camshaft Capital" |
| Camshaft Capital Advisors, LLC | "Camshaft" |
| Camshaft Consulting LLC | "Camshaft Consulting" |
| Camshaft CRE 1 LLC | "Camshaft CRE" |
| Camshaft Credit LP | "Camshaft Credit" |
| Camshaft Credit LP SPV 1 | "Camshaft" |
| Camshaft Credit Management LLC | "Camshaft" |
| Camshaft Fund, LP | "Camshaft Fund" |
| Camshaft LLC | "Camshaft" |
| Camshaft LP -- Activist I | "Camshaft" |
| Camshaft LP Short Term Liquid Assets 1 | "Camshaft LP" |
| Camshaft LP SPV 1 | "Camshaft" |
| Camshaft Management , LLC | "Camshaft Management" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Camshaft Management LLC | "Camshaft" |
| Cema Language Solutions Corp | "Cema Language Solutions" |
| Charlotte Mason | "Charlotte Mason" w/10 ("OCI" OR "Aiyo") |
| Chris Rigby | "Chris Rigby" AND "Stenn" |
| ██████████ | |
| Cutting Edge Sports FZ-LLC | "Cutting Edge Sports" |
| Davin Goldsztajn | |
| DC Legal FZ LLC | "DC Legal |
| Deeptha AR | "Deeptha Akhila Raghavan"; "Deeptha Ravindran" |
| Delta Management Services | "Delta Management" |
| Dheeraj Guliani | |
| Digital Aristotle Pvt Ltd | "Digital Aristotle" |
| Divya Gokulnath | "Divya G*"; "Divya Gokulnath" |
| █████████ | |
| ████████████ | |
| █████████ | |
| Donald J. Morton | "Donald Morton" |
| Dynaveo Ltd | "Dynaveo" |
| ██████ | |
| ██████ | |
| EF Hutton | "EF Hutton" |
| Enso Group | |
| E-Outlets Limited | "E-Outlets" |
| Epic! Creations Inc | "Epic! Creations"; "Epic Creations" |
| Epsilon, Villa B12, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| Epsilon, Villa B13, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| EST Capital AG | "EST Capital" |
| Ethos Fashion Sro | "Ethos Fashion Sro" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| Future Ideas Trading LLC | "Future Ideas Trading" |
|---|---|
| GeoGebra GmbH | "GeoGebra" |
| GL Pte Singapore | |
| Global Lingo (S) Pte Ltd | "Global Lingo" |
| Godolphin Fund | "Godolphin Fund" |
| Gokulnath Kuppuswamy Naidu | "Gokulnath Naidu"; "Gokulnath Kuppuswamy" |
| Golden Mile 3, Palm Jumeriah, Dubai | |
| Gorillahouse Tech Ltd | "Gorillahouse" |
| Great Lakes E-Learning Services Pvt Limited | "Great Lakes Learning"; "Great Lakes E-Learning" |
| Great Learning Education Services Pvt Ltd | "Great Learning Education Services" |
| Greengage Investments Ltd | "Greengage Investments" |
| H Motion Ltd | "H Motion" |
| Harrymax Consultants LLC | "Harrymax Consultants" |
| Haygot Services Pvt Ltd | "Haygot" |
| HDFC Bank Limited | |
| HSBC Singapore | |
| Hydra Enforcement, LP | "Hydra Enforcement" |
| Hydra Global LLC | "Hydra Global" |
| ICC Business Corporation FZ LLC | "ICC Business Corporation" |
| ICICI Bank Limited | |
| IIFL Finance Limited | |
| Incred Financial Services | "Incred Financial" |
| Infiken Internet Labs Pvt Ltd | "Infiken" |
| Innovagro Foods LLP | "Innovagro" |
| Inspilearn Education Pvt Ltd | "Inspilearn" |
| Inspilearn LLC | "Inspilearn" |
| Intap Labs Pvt Ltd | "Intap Labs" |
| Itria Venture S | Itria Venture |
| Jamey Jacob | "Jamey Jacob"; "J Jacob" |
| Jason Perz | "Jason Perz"; "J Perz" |
| Jed Trail, Sevierville, TN 37862 | |
| Jino Joseph | "Jino Joseph"; "Jion Joseph"; "J Joseph"; (in conjunction with "Byju's") |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Jon Naseath | Jonathan Naseath |
| Kamran Asghar | "K Asghar" |
| ███████████████ | |
| Kishore Srinivasan | "Srinivasan Kishore" |
| Kranti Growth Catalysts | "Kranti Growth" |
| Krypton Fund Services | |
| Kunnaruvath Raveendran | "Kunnaruvath Ravindran" |
| Kush Banker | "Kush Rupin Banker" |
| L 33 Lailak 2 Street | ("Emirates Hills" OR "Dubai") AND "L33" AND "LAILAK" |
| Leonie Hill Capital Private Limited | "Leonie Hill Capital" |
| Libra Trading | |
| Madison Properties | |
| Madoc Plantation | |
| Magnela Properties | |
| Malav Banker | |
| Maplewood Trading | |
| Marinemast | |
| Marquise International | |
| Mavrus Properties | |
| Meenakshi Banker | "Banker Meenakshi Rupin"; "Minakshi Banker" |
| ████████████████ | |
| ███████████ | |
| Memphis Global | |
| Merill Tradecom | |
| Michael Lipman | "Michael Lipman"; "M Lipman"; "Mike Lipman" (in conjunction with "Camshaft") |
| Miramac Properties | |
| Mohammad Iqbal Puri | |
| Monique Morley | |
| Montiago General Trading LLC | |
| More Ideas Books Trading LLC | "More Ideas" |
| More Ideas General Trading LLC | "More Ideas"; "BYJUs" AND "MIGT" |
| Morris Properties | |
| Nerissa Infra Projects | |
| Neuron Fuel Inc | "Neuron Fuel" |

<u>TABLE A</u>
<u>SWIFT SEARCH TERMS TO BE SEARCHED</u>

| | |
|---|---|
| No. 206; Green Glen Layout;Bellandur; Bangalore - Ground Floor, Bengaluru, Karnataka, India, 560103 | "Green Glen Layout" "no. 206" W/10 (Bengaluru OR Bangalore) |
| No. 43, Yoganarasimha 14th Main, 15th Cross, HSR Layout, Sector 4, Bengaluru, Karnataka, India, 560102 | "Yoganarasimha 14th Main" ("No 43" w/10 (Bengaluru OR Bangalore)) |
| Northwest Education Pte Ltd | "Northwest Education" |
| OCI Group Ltd | "OCI Group" |
| OCI Limited | "OCI Ltd" |
| OCI Logistics Ltd | "OCI Logistics" |
| OCI Office Ltd | "OCI Office" |
| OCI RESI Ltd | "OCI RESI" |
| Oliver Chapman | ("O Chapman" w/10 "OCI"); "Oliver Philip Chapman" |
| Om Pandey | "Om P Pandey"; "Om Pandey" |
| Orin OCI RB Ltd | "Orin OCI RB" |
| Padam Singhania | |
| Pankaj Srivastava | "Pankaj Srivastava" |
| PP Holdings | |
| Praseeth Pareparambil Sankaramveettil | "Praseeth Sankaramveettil"; "Praseeth Pareparambil Sankaramveettil" |
| Preethi Srivastava | |
| Purplemint Fintech | |
| R Motion Ltd | "R Motion" |
| Rahul Rajendran Vellapalath | |
| Rainbow Ridge Way, Sevierville, TN 37862 | |
| Rajendran Vellapalath | |
| ██████████████████ | |
| ████████████ | |
| Ranjan Pai | |
| Ready Merchantlinks Private Limited | "Ready Merchantlinks"; "Ready Merchantlinks Pvt Ltd"; "Ready Merchantlinks Private Ltd"; "Ready Merchantlinks Pvt Limited" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| ReadyFunds | |
| Red Vinyard Endeavors LLC | Red Vinyard |
| Riju Ravindran | "Riju R*"; "Riju Raveendran"; "Riju Ravindran"; Riju (W/10) Ravindran |
| ▮▮▮▮▮▮▮▮ | |
| Rise International | |
| Rizwana Shaheen Ameer Meea | ("Rizwana Meea" OR "Rizwana Ameer Meea") AND Godolphin |
| Robert Forte | |
| Roisin Chapman | "Roisin Chapman"; "R Chapman" w/10 "OCI") |
| Rose Lake | |
| Royal Fort Infracom General Trading | "Royal Fort Infracom" |
| Rupin Banker | ("R Banker" w/10 "OCI"); "Rupin Hemant Banker"; "Rupin Banker Hemant" ("Rupin Bankar"w/10 "OCI"); ("R Bankar" w/10 "OCI") ("Rupin Hemant Bankar" W/10 "OCI") |
| Sairaj Unnikrishnan | |
| Sandeep Krishnan Narayanaswamy | "Sandeep Krishnan"; "Sandeep Krishna" |
| Sandeep Vellapalath | |
| ▮▮▮▮▮▮▮▮ | |
| Sean Teeling | "Sean Teeling"; "S Teeling" |
| Secure Capital | |
| Serena Vista LLC | "Serena Vista" |
| Serum Institute | |
| Shaji Puthalath | "Shaji Divakar" |
| Shaman Commodities | |
| Shantanu Prakash | |
| Sharath Kumar | |
| Shenka Ltd | "Shenka" |
| Shobhana Valli Mundani | "Shobhana Raveendran"; "Shobhana Ravindran" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Sindhu Ratna Kul Bhaskar | "Sindhu Bhaskar"; "Dr Sindhu Bhaskar" |
| Skyconsult General Trading LLC | "Skyconsult General Trading" |
| Skywest Trading | |
| Snake River Trust | |
| Sola Fide | |
| Span Thoughtworks Pvt Ltd | "Span Thoughtworks" |
| Specadel Technologies Pvt Ltd | "Specadel" |
| Sreejith Narayanan Kunniyur | |
| Sriharu Marri Sreepathy | "Sriharu Marri Sreepathi" |
| Srisolve IBS Enterprises Private Limited | "Srisolve"; "Innovmania Enterprises" |
| Stallions Investment Management | |
| Stenn Assets UK Limited | "Stenn Assets" |
| Tangible Play Inc | "Tangible Play" |
| Think and Learn | T&L; "Think & Learn"; "Think and Learn" |
| Toppr Technologies Pvt Ltd | "Toppr Technologies" |
| ███████ | |
| ███████ | |
| UAB Capitulus | |
| Venice Land | |
| Vinay Raveendra | |
| Vinay Ravindra | "Vinay Ravindra"; "Vinay Raveendra"; "Vinay Ravindranath" |
| Vinay Ravindranath | |
| Voizzit | |
| Weblength Infonet Pvt Ltd | "Weblength Infonet" |
| Whitehat Education Technology Private Limited | "Whitehat Education Technology" |
| William Cameron Morton | "William Cameron Morton"; "William C Morton"; "William Morton"; "Will Morton"; |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

|  |  |
|---|---|
|  | "W Cameron Morton"; "Cameron Morton" |
| William Hailer | "Will Hailer"; "W Hailer" |
| ██████████████████ |  |
| ██████████████████ |  |
| Wirturbo | "Wirturbo" AND "Andrew Simon"; "Wirturbo" AND "DC Legal" |
| Wondersearch Ltd | "Wondersearch" |
| Yuv Banker | "Yuv Rupin Banker" |
| YWE Business Solutions |  |
| ████████ |  |
| ██████████ |  |
| ████████ |  |
| ████████ |  |
| ██████████ |  |
| ██████████ |  |
| ██████████ |  |
| ██████ |  |
| ██████ |  |
| ██████████ |  |
| ██████ |  |
| ██████ |  |
| ██████ |  |
| ██████ |  |
| ██████ |  |
| ██████ |  |
| 1109 Windmill Properties LLC | "1109 Windmill Properties" |
| 1200 Brickell Avenue, Suite 310 | "1200 Brickell Avenue" w/7 Miami |
| ██████ |  |
| ████████ | ██████████ |
| ██████████ | ██████████ |
| ██████████ | ██████████ |
| ██████ | ██████ |
| ██████████ | ██████████" |

### TABLE A
### SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| ██████████ | ██████████ |
| ██████ | |
| 16850 Collins Avenue,#112408, Sunny Isles Beach, Florida 33160 | "16850 Collins Avenue" w/7 Florida |
| 175 SW 7th Street, Miami, FL 33130 | "175 SW 7th Street" W/5 Miami |
| 18555 Collins Ave Ste 5405, Sunny Isles Beach, FL 33160 | |
| ████████ | |
| ████████ | |
| ██████ | ██████████ |
| ██████████ | |
| 285 NW 42nd Avenue | |
| ████ | |
| ████████ | |
| █████ | |
| ██████ | |
| ██████ | |
| ██████ | |
| █████████ | |
| █████████ | |
| █████████ | |
| 4/1, 2nd Floor, Tower D, IBC Knowledge Park, Bannerghatta Main Road, Bangalore, Karnataka, India, 560 029 | ("IBC Knowledge Park" and Byju or Byju's) |
| ████████ | |
| ███████████ | |
| ████████ | |
| ████████ | |
| ████████ | |
| ████████ | |
| ████ | |
| ████████ | |
| ██████████ | |
| ████████ | |
| █████ | |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| ██████████ | |
| █████ | |
| ████████ | |
| ████ | |
| ████ | |
| | |
| 777 Brickell Ave, Floor 5, Miami, FL 33131 | "777 Brickell" w/7 Miami |
| ████████ | |
| ████ | |
| ██████ | |
| ██████ | |
| ██ | (w/5 Gokulnath) ███ |
| ██ | (w/5 Raveendran) ███ |
| ██ | (w/5 "Ravindran)" ███ |
| ████ | |
| ████ | |
| █████ | |
| ████ | ██████ |
| ████████ | |
| ███ | |
| 936 SW 1st Avenue, #1086, Miami, FL 33130 | "936 SW 1st Avenue" W/5 Miami |
| 950 Brickell Bay Drive, #5107, Miami, FL 33130 | "950 Brickell Bay Drive" w/7 Miami |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

| FOR THE | District of | DELAWARE |
|---|---|---|

In re    BYJU'S ALPHA, INC.
_____
Debtor

*(Complete if issued in an adversary proceeding)*

BYJU'S ALPHA, INC.,
_____
Plaintiff

v.

CAMSHAFT CAPITAL FUND, LP, et al.
_____
Defendant

Case No.    24-10140 (JTD)

Chapter    11

Adv. Proc. No.    24-50013 (JTD)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:    JP Morgan Chase, N.A.
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | DATE AND TIME 4/21/2025 5:30 p.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   3/21/2025

CLERK OF COURT

OR

_____                _____
Signature of Clerk or Deputy Clerk              /s/  Jianjian Ye
                                               *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
BYJU'S ALPHA, INC.    , who issues or requests this subpoena, are:
Jianjian Ye, 295 Fifth Ave., New York, NY 10016, jianjianye@quinnemanuel.com, 212-849-7573, Jordan Nakdimon

212-849-7368          **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
　(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
　*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
　*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or

　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
　*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and
　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.     "**Action**" means the above-captioned adversary proceeding.

2.     "**Communication**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.     "**SWIFT**" means the Society for World Interbank Financial Telecommunication.

4.     "**MT**" ("message text") means the traditional message type for use on the SWIFT network.

5.     "**MX**" means the XML message type for use on the SWIFT network.

6.     "**Electronically Stored Information**" ("ESI") means, without limitation, the following:

   a.  information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

   b.  internal or external websites and other shared spaces;

   c.  output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

   d.  activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, and related media used to move and store data, such as, but not limited to, a personal digital assistant, e.g., Palm Pilot, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e.  archived data, legacy data, and back-up tapes.

7.      "**Document**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure ("**FRCP**") 34(a)(1)(A), made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034. A draft or non-identical copy is a separate document within the meaning of this term per FRCP 34(a)(1)(A) made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034.

8.      When referring to documents, "**to identify**" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

9.      The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

10.     The words "**relating to**" means regarding, relating to, involving, concerning, referring to, describing, evidencing, constituting, relevant to, or in connection with, either directly or indirectly.

11.     "**Byju's Alpha**" means the entity named as Plaintiff in the Action and in whose favor a judgment was entered against Defendants on March 14, 2025, including any agents, predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, and other branches or affiliates, together with all officers, directors, employees, subsidiaries, affiliates, agents, or other person acting (or purporting to act) on behalf of the foregoing.

2

12.     "**You**" and "**Your**" means the recipient of this subpoena and its officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on its behalf.

13.     "**Person**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14.     "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

15.     The terms defined above and the individual requests for production and inspection are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the FRCP or any applicable laws.

16.     All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the requests for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

17.     These Definitions are provided only for purposes of discovery, in conformance with FRCP 34(a) and Federal Rules of Bankruptcy Procedure 7034, and are not intended to be used for any purpose other than discovery.  Byju's Alpha reserves the right to modify these Definitions or utilize different Definitions for any other purpose.

## <u>RULES OF CONSTRUCTION</u>

The following rules of construction apply to this discovery request:

1.     The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.     The connectives "**and**" and "**or**" shall be construed either disjunctively or

3

conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      The use of the singular form of any word includes the plural and vice versa.

## <u>INSTRUCTIONS</u>

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other 3rd party IT, cloud or other service providers.

3.      Unless otherwise indicated, these requests seek Documents and Communications concerning the time period from April 1, 2021 through present.  If any Document, Communication, or other information is dated outside of the Relevant Time Period but is necessary for a complete understanding of a Document or Communication covered by the requests, such Document outside of the Relevant Time Period shall be produced. If any Document or Communication is undated and the date of its preparation cannot be determined, the Document or Communication shall be produced if otherwise responsive to the requests.

4.      Each Document or other thing requested shall be produced in its entirety along

with all non-identical versions thereof and without abbreviation or redaction. Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced. If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing. For all Documents and other things, any family relationship should be captured and reflected in the production. Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced. A Document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

5.    Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

6.    Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

7.    All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course. All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files. If such metadata is not available, each Document shall

be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

8.      Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

9.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

10.     ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

11.     File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

12.     Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments and enclosures.

13.     If there are no Documents or other things responsive to any particular request, Your response shall state so in writing.

14.     In the event that any Document or other thing called for by these requests is withheld on the basis of a claim or privilege or immunity:

        a.  The person asserting the privilege shall identify the nature of the privilege

(including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

    b.   The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the allegedly privileged information: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

15.    Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

16.    If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with FRCP 34, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034. If there is an objection to any part of a request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced. Further, if You object to part of a request, You must state the basis of Your objections in accordance with FRCP 34.

17.    In the event that any Document or other thing responsive to these requests has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons

authorizing and carrying out such destruction or discard.

18.    Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

19.    Upon request, counsel for Byju's Alpha will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUEST FOR PRODUCTION

1.      All Documents concerning SWIFT messages received or transmitted during the Relevant Time Period through Your SWIFT portal or stored in Your SWIFT database and satisfying the following SWIFT message search criteria:

SWIFT Message Search Criteria:

1)      Transaction date = April 1, 2021 through the date of the search;

2)      SWIFT Message Standard:

   a.   MT Message Type = 101, 102, 102+, 103, 103+, 104, 110, 111, 121, 195, 196, 198, 199, 200, 201, 202, 202 COV, 203, 205, 207, 210, 295, 296, 298, 299, 304, 307, 320, 321, 400, 410, 416, 420, 495, 496, 498, 499, 500, 502, 509, 515, 600, 601, 604, 605, 606, 607, 608, 609, 620, 700, 701, 707, 710, 756, 760, 767, 795, 796, 798, 799; 900, 910, 940, 941, 942, 950, or 986; and/or

   b.   MX Equivalent Type = pain.001, pacs.008, pacs.009cov, pacs.003, pain.008, camt.026, camt.027, camt.033, camt.034, camt.028, camt.031, camt.029, pacs.009, camt.050, camt.057, tsrv.001, tsrv.005, camt.054, camt.053, or camt.052;

3)      Where numerical values are present, MT Message Field $32n$ or $33n$ (where $n$ is an optional letter), or MX Equivalent Type Element <IntrBkSttlmAmt>, <IntrBkSttlmDt>, or <InstdAmt>, or any currency amount field = greater than or equal to **1,000**; and

4)      MT Message Field $50n$, $59n$, $70n$, 72, $82n$, $87n$, or $95n$ (where $n$ is an optional letter), or MX Equivalent Type Element <InstdAmt>, <Dbtr>, <Cdtr>, <RmtInf>, <Ustrd>, <Strd>, <ChrgsInf>, <PrvsInstgAgt1>, <PrvsInstgAgt2>, <PrvsInstgAgt3>, <RltdRmtInf>, or any beneficiary, originator, or instruction field, contain any of the SWIFT Search Terms listed in **Table A**, including the variations of the SWIFT Search Terms separated by semicolons in **Table A**, regardless of whether the relevant field contains other text.

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| Term | Variations |
|---|---|
| Aakash Edutech Pvt Ltd | "Aakash Edutech"; "Aakash" and "EDU" |
| Accuvise Administrators Limited | "Accuvise" |
| Ackees Mobile Tech Pvt Ltd | "Ackees Mobile Tech" |
| Adar Poonawalla | |
| ███████████████ | |
| Airretailer Technology LLC | |
| Aiyo International Limited | "Aiyo International" |
| Ajin Purushothaman | "Ajin Purushothaman" |
| Alexandra Tanya Morton | "Alexandra Morton"; "Alexandra T. Morton" |
| Ananya Srivastava | "Ananya Shree" |
| Andrew Simon | "Andrew Simon" AND "DC Legal" |
| Andrew Wagner | |
| Anisree Vellapalath | |
| Anita Kishore | |
| ████████████ | |
| ████████████ | |
| ███████████ | |
| Anticee Solutions Ltd | "Anticee Solutions" |
| Anubhav Sinha | |
| Apex Fund | "Apex Fund" AND "Godolphin" |
| Arun Kant | "Arun Kant" |
| Astra Management Services | "Astra Management" |
| Aswani Nambarambath | |
| Aswani Valsaraj | |
| Banker Corporation | |
| Beeaar Investco Pte Ltd | "Beeaar" |
| Benchmark Investments LLC | "Benchmark Investments" |
| Bisy Philip Rajendran | |
| Black Hills Solutions | |
| Blaise Pascal Barrelet | "Blaise Barrelet" |
| Bluebell Capital Investments Ltd | "Bluebell Capital Investments" |
| Brett Borgensen | "Brett Borgensen" |
| Brikram Trading | |
| Burton Varley Ltd | "Burton Varley" |
| Byju Raveendran | "Byju R*"; "Byju Raveendran"; "Byju Ravindran" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| BYJU's Alpha, Inc | "Byjus Alpha"; "Byju's Alpha"; "Byju Alpha"; "Byjus"; "Byju's" |
|---|---|
| Byju's Global Pte Ltd | "Byju's Global"; "Byjus Global" |
| Byju's Holdings 1 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Holdings 2 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Investments Pte Ltd | "Byju's Investments" |
| Byju's Pte Ltd | "Byju's Private"; "Byju's Pte" |
| BYJU's UK Ltd | "Byju's UK" |
| ███████████████ | |
| Byjus Investments Pvt Ltd | "Byjus Investments" |
| Byju's K3 Education Pvt Ltd | "Byju's K3"; "Byjus K3" |
| Byjus Learning Company FZCO | "Byjus Learning Company"; "Byju's Learning Company" |
| BYJU's S.A. de C.V. | "BYJU's S.A."; "BYJUs S.A." |
| BYJU's Tecnologia Educacional LTDA | "BYJU's Tecnologia Educacional"; "BYJUs Tecnologia Educacional" |
| Camelback Financial Corp. | |
| ███████████████ | |
| ███████████████ | |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Camshaft Capital Advisors LLC | "Camshaft" |
| Camshaft Capital Credit LP | "Camshaft" |
| Camshaft Capital Fund LP | "Camshaft" |
| Camshaft Capital Fund, LP | "Camshaft" |
| Camshaft Capital Management, LLC | "Camshaft Capital" |
| Camshaft Capital Advisors, LLC | "Camshaft" |
| Camshaft Consulting LLC | "Camshaft Consulting" |
| Camshaft CRE 1 LLC | "Camshaft CRE" |
| Camshaft Credit LP | "Camshaft Credit" |
| Camshaft Credit LP SPV 1 | "Camshaft" |
| Camshaft Credit Management LLC | "Camshaft" |
| Camshaft Fund, LP | "Camshaft Fund" |
| Camshaft LLC | "Camshaft" |
| Camshaft LP -- Activist I | "Camshaft" |
| Camshaft LP Short Term Liquid Assets 1 | "Camshaft LP" |
| Camshaft LP SPV 1 | "Camshaft" |
| Camshaft Management , LLC | "Camshaft Management" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Camshaft Management LLC | "Camshaft" |
| Cema Language Solutions Corp | "Cema Language Solutions" |
| Charlotte Mason | "Charlotte Mason" w/10 ("OCI" OR "Aiyo") |
| Chris Rigby | "Chris Rigby" AND "Stenn" |
| ████████ | |
| Cutting Edge Sports FZ-LLC | "Cutting Edge Sports" |
| Davin Goldsztajn | |
| DC Legal FZ LLC | "DC Legal |
| Deeptha AR | "Deeptha Akhila Raghavan"; "Deeptha Ravindran" |
| Delta Management Services | "Delta Management" |
| Dheeraj Guliani | |
| Digital Aristotle Pvt Ltd | "Digital Aristotle" |
| Divya Gokulnath | "Divya G*"; "Divya Gokulnath" |
| ████████ | |
| ████████ | |
| ████████ | |
| Donald J. Morton | "Donald Morton" |
| Dynaveo Ltd | "Dynaveo" |
| ████████ | |
| ████████ | |
| EF Hutton | "EF Hutton" |
| Enso Group | |
| E-Outlets Limited | "E-Outlets" |
| Epic! Creations Inc | "Epic! Creations"; "Epic Creations" |
| Epsilon, Villa B12, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| Epsilon, Villa B13, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| EST Capital AG | "EST Capital" |
| Ethos Fashion Sro | "Ethos Fashion Sro" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Future Ideas Trading LLC | "Future Ideas Trading" |
| GeoGebra GmbH | "GeoGebra" |
| GL Pte Singapore | |
| Global Lingo (S) Pte Ltd | "Global Lingo" |
| Godolphin Fund | "Godolphin Fund" |
| Gokulnath Kuppuswamy Naidu | "Gokulnath Naidu"; "Gokulnath Kuppuswamy" |
| Golden Mile 3, Palm Jumeriah, Dubai | |
| Gorillahouse Tech Ltd | "Gorillahouse" |
| Great Lakes E-Learning Services Pvt Limited | "Great Lakes Learning"; "Great Lakes E-Learning" |
| Great Learning Education Services Pvt Ltd | "Great Learning Education Services" |
| Greengage Investments Ltd | "Greengage Investments" |
| H Motion Ltd | "H Motion" |
| Harrymax Consultants LLC | "Harrymax Consultants" |
| Haygot Services Pvt Ltd | "Haygot" |
| HDFC Bank Limited | |
| HSBC Singapore | |
| Hydra Enforcement, LP | "Hydra Enforcement" |
| Hydra Global LLC | "Hydra Global" |
| ICC Business Corporation FZ LLC | "ICC Business Corporation" |
| ICICI Bank Limited | |
| IIFL Finance Limited | |
| Incred Financial Services | "Incred Financial" |
| Infiken Internet Labs Pvt Ltd | "Infiken" |
| Innovagro Foods LLP | "Innovagro" |
| Inspilearn Education Pvt Ltd | "Inspilearn" |
| Inspilearn LLC | "Inspilearn" |
| Intap Labs Pvt Ltd | "Intap Labs" |
| Itria Venture S | Itria Venture |
| Jamey Jacob | "Jamey Jacob"; "J Jacob" |
| Jason Perz | "Jason Perz"; "J Perz" |
| Jed Trail, Sevierville, TN 37862 | |
| Jino Joseph | "Jino Joseph"; "Jion Joseph"; "J Joseph"; (in conjunction with "Byju's") |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Jon Naseath | Jonathan Naseath |
| Kamran Asghar | "K Asghar" |
| ███████████████ | |
| Kishore Srinivasan | "Srinivasan Kishore" |
| Kranti Growth Catalysts | "Kranti Growth" |
| Krypton Fund Services | |
| Kunnaruvath Raveendran | "Kunnaruvath Ravindran" |
| Kush Banker | "Kush Rupin Banker" |
| L 33 Lailak 2 Street | ("Emirates Hills" OR "Dubai") AND "L33" AND "LAILAK" |
| Leonie Hill Capital Private Limited | "Leonie Hill Capital" |
| Libra Trading | |
| Madison Properties | |
| Madoc Plantation | |
| Magnela Properties | |
| Malav Banker | |
| Maplewood Trading | |
| Marinemast | |
| Marquise International | |
| Mavrus Properties | |
| Meenakshi Banker | "Banker Meenakshi Rupin"; "Minakshi Banker" |
| ███████████████ | |
| ███████████ | |
| Memphis Global | |
| Merill Tradecom | |
| Michael Lipman | "Michael Lipman"; "M Lipman"; "Mike Lipman" (in conjunction with "Camshaft") |
| Miramac Properties | |
| Mohammad Iqbal Puri | |
| Monique Morley | |
| Montiago General Trading LLC | |
| More Ideas Books Trading LLC | "More Ideas" |
| More Ideas General Trading LLC | "More Ideas"; "BYJUs" AND "MIGT" |
| Morris Properties | |
| Nerissa Infra Projects | |
| Neuron Fuel Inc | "Neuron Fuel" |

### TABLE A
### SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| No. 206; Green Glen Layout;Bellandur; Bangalore - Ground Floor, Bengaluru, Karnataka, India, 560103 | "Green Glen Layout" "no. 206" W/10 (Bengaluru OR Bangalore) |
| No. 43, Yoganarasimha 14th Main, 15th Cross, HSR Layout, Sector 4, Bengaluru, Karnataka, India, 560102 | "Yoganarasimha 14th Main" ("No 43" w/10 (Bengaluru OR Bangalore)) |
| Northwest Education Pte Ltd | "Northwest Education" |
| OCI Group Ltd | "OCI Group" |
| OCI Limited | "OCI Ltd" |
| OCI Logistics Ltd | "OCI Logistics" |
| OCI Office Ltd | "OCI Office" |
| OCI RESI Ltd | "OCI RESI" |
| Oliver Chapman | ("O Chapman" w/10 "OCI"); "Oliver Philip Chapman" |
| Om Pandey | "Om P Pandey"; "Om Pandey" |
| Orin OCI RB Ltd | "Orin OCI RB" |
| Padam Singhania | |
| Pankaj Srivastava | "Pankaj Srivastava" |
| PP Holdings | |
| Praseeth Pareparambil Sankaramveettil | "Praseeth Sankaramveettil"; "Praseeth Pareparambil Sankaramveettil" |
| Preethi Srivastava | |
| Purplemint Fintech | |
| R Motion Ltd | "R Motion" |
| Rahul Rajendran Vellapalath | |
| Rainbow Ridge Way, Sevierville, TN 37862 | |
| Rajendran Vellapalath | |
| ███████████████ | |
| ███████████ | |
| Ranjan Pai | |
| Ready Merchantlinks Private Limited | "Ready Merchantlinks"; "Ready Merchantlinks Pvt Ltd"; "Ready Merchantlinks Private Ltd"; "Ready Merchantlinks Pvt Limited" |

<u>**TABLE A**</u>
<u>**SWIFT SEARCH TERMS TO BE SEARCHED**</u>

| | |
|---|---|
| ReadyFunds | |
| Red Vinyard Endeavors LLC | Red Vinyard |
| Riju Ravindran | "Riju R*"; "Riju Raveendran"; "Riju Ravindran"; Riju (W/10) Ravindran |
| ███████████ | |
| Rise International | |
| Rizwana Shaheen Ameer Meea | ("Rizwana Meea" OR "Rizwana Ameer Meea") AND Godolphin |
| Robert Forte | |
| Roisin Chapman | "Roisin Chapman"; "R Chapman" w/10 "OCI") |
| Rose Lake | |
| Royal Fort Infracom General Trading | "Royal Fort Infracom" |
| Rupin Banker | ("R Banker" w/10 "OCI"); "Rupin Hemant Banker"; "Rupin Banker Hemant" ("Rupin Bankar"w/10 "OCI"); ("R Bankar" w/10 "OCI") ("Rupin Hemant Bankar" W/10 "OCI") |
| Sairaj Unnikrishnan | |
| Sandeep Krishnan Narayanaswamy | "Sandeep Krishnan"; "Sandeep Krishna" |
| Sandeep Vellapalath | |
| ████████████ | |
| Sean Teeling | "Sean Teeling"; "S Teeling" |
| Secure Capital | |
| Serena Vista LLC | "Serena Vista" |
| Serum Institute | |
| Shaji Puthalath | "Shaji Divakar" |
| Shaman Commodities | |
| Shantanu Prakash | |
| Sharath Kumar | |
| Shenka Ltd | "Shenka" |
| Shobhana Valli Mundani | "Shobhana Raveendran"; "Shobhana Ravindran" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Sindhu Ratna Kul Bhaskar | "Sindhu Bhaskar"; "Dr Sindhu Bhaskar" |
| Skyconsult General Trading LLC | "Skyconsult General Trading" |
| Skywest Trading | |
| Snake River Trust | |
| Sola Fide | |
| Span Thoughtworks Pvt Ltd | "Span Thoughtworks" |
| Specadel Technologies Pvt Ltd | "Specadel" |
| Sreejith Narayanan Kunniyur | |
| Sriharu Marri Sreepathy | "Sriharu Marri Sreepathi" |
| Srisolve IBS Enterprises Private Limited | "Srisolve"; "Innovmania Enterprises" |
| Stallions Investment Management | |
| Stenn Assets UK Limited | "Stenn Assets" |
| Tangible Play Inc | "Tangible Play" |
| Think and Learn | T&L; "Think & Learn"; "Think and Learn" |
| Toppr Technologies Pvt Ltd | "Toppr Technologies" |
| ███████ | |
| ███████ | |
| UAB Capitulus | |
| Venice Land | |
| Vinay Raveendra | |
| Vinay Ravindra | "Vinay Ravindra"; "Vinay Raveendra"; "Vinay Ravindranath" |
| Vinay Ravindranath | |
| Voizzit | |
| Weblength Infonet Pvt Ltd | "Weblength Infonet" |
| Whitehat Education Technology Private Limited | "Whitehat Education Technology" |
| William Cameron Morton | "William Cameron Morton"; "William C Morton"; "William Morton"; "Will Morton"; |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| | "W Cameron Morton"; "Cameron Morton" |
| William Hailer | "Will Hailer"; "W Hailer" |
| ███████████████ | |
| ███████████████ | |
| Wirturbo | "Wirturbo" AND "Andrew Simon"; "Wirturbo" AND "DC Legal" |
| Wondersearch Ltd | "Wondersearch" |
| Yuv Banker | "Yuv Rupin Banker" |
| YWE Business Solutions | |
| ██████ | |
| ██████ | |
| ████████ | |
| ███████ | |
| ███████ | |
| █████████ | |
| █████████ | |
| █████████ | |
| ██████ | |
| ██████ | |
| ████████ | |
| ██████ | |
| ██████ | |
| ██████ | |
| ██████ | |
| ██████ | |
| ██████ | |
| 1109 Windmill Properties LLC | "1109 Windmill Properties" |
| 1200 Brickell Avenue, Suite 310 | "1200 Brickell Avenue" w/7 Miami |
| █████ | |
| ██████ | █████ |
| ████████ | |
| ████████ | █████ |
| █████ | |
| ██████ | █████ |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| ██████████ | ██████████ |
| ██████ | |
| 16850 Collins Avenue,#112408, Sunny Isles Beach, Florida 33160 | "16850 Collins Avenue" w/7 Florida |
| 175 SW 7th Street, Miami, FL 33130 | "175 SW 7th Street" W/5 Miami |
| 18555 Collins Ave Ste 5405, Sunny Isles Beach, FL 33160 | |
| ██████ | |
| ██████ | |
| ██████ | ████████ |
| ████████████ | |
| ██████████ | |
| ████ | |
| ██████ | |
| ████ | |
| ██████ | |
| ██████ | |
| ████████ | |
| ████████ | |
| ██████ | |
| 4/1, 2nd Floor, Tower D, IBC Knowledge Park, Bannerghatta Main Road, Bangalore, Karnataka, India, 560 029 | ("IBC Knowledge Park" and Byju or Byju's) |
| ██████ | |
| ██████████ | |
| ██████ | |
| ██████ | |
| ██████ | |
| ██████ | |
| ████ | |
| ██████ | |
| ██████████ | |
| ██████ | |
| ████ | |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| ███████████ | |
| ██████ | |
| █████████ | |
| █████ | |
| █████ | |
| | |
| 777 Brickell Ave, Floor 5, Miami, FL 33131 | "777 Brickell" w/7 Miami |
| █████████ | |
| █████ | |
| ███████ | |
| ███████ | |
| ███ | (w/5 Gokulnath) |
| ███ | (w/5 Raveendran) |
| ███ | (w/5 "Ravindran)" |
| █████ | |
| █████ | |
| ██████ | |
| █████ | ██████ |
| █████████ | |
| ████ | |
| 936 SW 1st Avenue, #1086, Miami, FL 33130 | "936 SW 1st Avenue" W/5 Miami |
| 950 Brickell Bay Drive, #5107, Miami, FL 33130 | "950 Brickell Bay Drive" w/7 Miami |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

|  | FOR THE | District of | DELAWARE |
|---|---|---|---|

In re   **BYJU'S ALPHA, INC.**
_____
Debtor

*(Complete if issued in an adversary proceeding)*

**BYJU'S ALPHA, INC.,**
_____
Plaintiff

v.

CAMSHAFT CAPITAL FUND, LP, et al.
_____
Defendant

Case No.  24-10140 (JTD)

Chapter  11

Adv. Proc. No.  24-50013 (JTD)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:                                   PNC Bank N.A.
_____
*(Name of person to whom the subpoena is directed)*

■ *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE<br>Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | DATE AND TIME<br>4/21/2025 5:30 p.m. |
|---|---|

☐ *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  3/21/2025

CLERK OF COURT

OR

_____          /s/  Jianjian Ye
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____BYJU'S ALPHA, INC._____ , who issues or requests this subpoena, are:
Jianjian Ye, 295 Fifth Ave., New York, NY 10016, jianjianye@quinnemanuel.com, 212-849-7573, Jordan Nakdimon

 212-849-7368          **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.     "**Action**" means the above-captioned adversary proceeding.

2.     "**Communication**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.     "**SWIFT**" means the Society for World Interbank Financial Telecommunication.

4.     "**MT**" ("message text") means the traditional message type for use on the SWIFT network.

5.     "**MX**" means the XML message type for use on the SWIFT network.

6.     "**Electronically Stored Information**" ("ESI") means, without limitation, the following:

    a.  information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

    b.  internal or external websites and other shared spaces;

    c.  output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

    d.  activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, and related media used to move and store data, such as, but not limited to, a personal digital assistant, e.g., Palm Pilot, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

     e.   archived data, legacy data, and back-up tapes.

7.     **Document**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure ("**FRCP**") 34(a)(1)(A), made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034. A draft or non-identical copy is a separate document within the meaning of this term per FRCP 34(a)(1)(A) made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034.

8.     When referring to documents, "**to identify**" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

9.     The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

10.     The words "**relating to**" means regarding, relating to, involving, concerning, referring to, describing, evidencing, constituting, relevant to, or in connection with, either directly or indirectly.

11.     "**Byju's Alpha**" means the entity named as Plaintiff in the Action and in whose favor a judgment was entered against Defendants on March 14, 2025, including any agents, predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, and other branches or affiliates, together with all officers, directors, employees, subsidiaries, affiliates, agents, or other person acting (or purporting to act) on behalf of the foregoing.

12.     "**You**" and "**Your**" means the recipient of this subpoena and its officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on its behalf.

13.     "**Person**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14.     "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

15.     The terms defined above and the individual requests for production and inspection are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the FRCP or any applicable laws.

16.     All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the requests for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

17.     These Definitions are provided only for purposes of discovery, in conformance with FRCP 34(a) and Federal Rules of Bankruptcy Procedure 7034, and are not intended to be used for any purpose other than discovery.  Byju's Alpha reserves the right to modify these Definitions or utilize different Definitions for any other purpose.

## **RULES OF CONSTRUCTION**

The following rules of construction apply to this discovery request:

1.     The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.     The connectives "**and**" and "**or**" shall be construed either disjunctively or

3

conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other 3rd party IT, cloud or other service providers.

3.      Unless otherwise indicated, these requests seek Documents and Communications concerning the time period from April 1, 2021 through present.  If any Document, Communication, or other information is dated outside of the Relevant Time Period but is necessary for a complete understanding of a Document or Communication covered by the requests, such Document outside of the Relevant Time Period shall be produced. If any Document or Communication is undated and the date of its preparation cannot be determined, the Document or Communication shall be produced if otherwise responsive to the requests.

4.      Each Document or other thing requested shall be produced in its entirety along

with all non-identical versions thereof and without abbreviation or redaction. Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced. If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing. For all Documents and other things, any family relationship should be captured and reflected in the production. Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced. A Document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

5.      Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

6.      Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

7.      All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course. All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files. If such metadata is not available, each Document shall

be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

8.      Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

9.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

10.     ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

11.     File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

12.     Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments and enclosures.

13.     If there are no Documents or other things responsive to any particular request, Your response shall state so in writing.

14.     In the event that any Document or other thing called for by these requests is withheld on the basis of a claim or privilege or immunity:

a.   The person asserting the privilege shall identify the nature of the privilege

(including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

b. The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the allegedly privileged information: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

15.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

16.     If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with FRCP 34, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034.  If there is an objection to any part of a request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of a request, You must state the basis of Your objections in accordance with FRCP 34.

17.     In the event that any Document or other thing responsive to these requests has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons

authorizing and carrying out such destruction or discard.

18.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

19.     Upon request, counsel for Byju's Alpha will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUEST FOR PRODUCTION

1.  All Documents concerning SWIFT messages received or transmitted during the Relevant Time Period through Your SWIFT portal or stored in Your SWIFT database and satisfying the following SWIFT message search criteria:

SWIFT Message Search Criteria:

1)  Transaction date = April 1, 2021 through the date of the search;

2)  SWIFT Message Standard:

    a.  MT Message Type = 101, 102, 102+, 103, 103+, 104, 110, 111, 121, 195, 196, 198, 199, 200, 201, 202, 202 COV, 203, 205, 207, 210, 295, 296, 298, 299, 304, 307, 320, 321, 400, 410, 416, 420, 495, 496, 498, 499, 500, 502, 509, 515, 600, 601, 604, 605, 606, 607, 608, 609, 620, 700, 701, 707, 710, 756, 760, 767, 795, 796, 798, 799; 900, 910, 940, 941, 942, 950, or 986; and/or

    b.  MX Equivalent Type = pain.001, pacs.008, pacs.009cov, pacs.003, pain.008, camt.026, camt.027, camt.033, camt.034, camt.028, camt.031, camt.029, pacs.009, camt.050, camt.057, tsrv.001, tsrv.005, camt.054, camt.053, or camt.052;

3)  Where numerical values are present, MT Message Field $32n$ or $33n$ (where $n$ is an optional letter), or MX Equivalent Type Element <IntrBkSttlmAmt>, <IntrBkSttlmDt>, or <InstdAmt>, or any currency amount field = greater than or equal to **1,000**; and

4)  MT Message Field $50n$, $59n$, $70n$, 72, $82n$, $87n$, or $95n$ (where $n$ is an optional letter), or MX Equivalent Type Element <InstdAmt>, <Dbtr>, <Cdtr>, <RmtInf>, <Ustrd>, <Strd>, <ChrgsInf>, <PrvsInstgAgt1>, <PrvsInstgAgt2>, <PrvsInstgAgt3>, <RltdRmtInf>, or any beneficiary, originator, or instruction field, contain any of the SWIFT Search Terms listed in **Table A**, including the variations of the SWIFT Search Terms separated by semicolons in **Table A**, regardless of whether the relevant field contains other text.

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| Term | Variations |
|---|---|
| Aakash Edutech Pvt Ltd | "Aakash Edutech"; "Aakash" and "EDU" |
| Accuvise Administrators Limited | "Accuvise" |
| Ackees Mobile Tech Pvt Ltd | "Ackees Mobile Tech" |
| Adar Poonawalla | |
| ███████████████████ | |
| Airretailer Technology LLC | |
| Aiyo International Limited | "Aiyo International" |
| Ajin Purushothaman | "Ajin Purushothaman" |
| Alexandra Tanya Morton | "Alexandra Morton"; "Alexandra T. Morton" |
| Ananya Srivastava | "Ananya Shree" |
| Andrew Simon | "Andrew Simon" AND "DC Legal" |
| Andrew Wagner | |
| Anisree Vellapalath | |
| Anita Kishore | |
| ███████████████ | |
| ████████████████ | |
| █████████████ | |
| Anticee Solutions Ltd | "Anticee Solutions" |
| Anubhav Sinha | |
| Apex Fund | "Apex Fund" AND "Godolphin" |
| Arun Kant | "Arun Kant" |
| Astra Management Services | "Astra Management" |
| Aswani Nambarambath | |
| Aswani Valsaraj | |
| Banker Corporation | |
| Beeaar Investco Pte Ltd | "Beeaar" |
| Benchmark Investments LLC | "Benchmark Investments" |
| Bisy Philip Rajendran | |
| Black Hills Solutions | |
| Blaise Pascal Barrelet | "Blaise Barrelet" |
| Bluebell Capital Investments Ltd | "Bluebell Capital Investments" |
| Brett Borgensen | "Brett Borgensen" |
| Brikram Trading | |
| Burton Varley Ltd | "Burton Varley" |
| Byju Raveendran | "Byju R*"; "Byju Raveendran"; "Byju Ravindran" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| BYJU's Alpha, Inc | "Byjus Alpha"; "Byju's Alpha"; "Byju Alpha"; "Byjus"; "Byju's" |
|---|---|
| Byju's Global Pte Ltd | "Byju's Global"; "Byjus Global" |
| Byju's Holdings 1 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Holdings 2 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Investments Pte Ltd | "Byju's Investments" |
| Byju's Pte Ltd | "Byju's Private"; "Byju's Pte" |
| BYJU's UK Ltd | "Byju's UK" |
| ███████████████ | |
| ███████████████ | |
| Byjus Investments Pvt Ltd | "Byjus Investments" |
| Byju's K3 Education Pvt Ltd | "Byju's K3"; "Byjus K3" |
| Byjus Learning Company FZCO | "Byjus Learning Company"; "Byju's Learning Company" |
| BYJU's S.A. de C.V. | "BYJU's S.A."; "BYJUs S.A." |
| BYJU's Tecnologia Educacional LTDA | "BYJU's Tecnologia Educational"; "BYJUs Tecnologia Educational" |
| Camelback Financial Corp. | |
| ███████████████ | |
| ███████████████ | |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Camshaft Capital Advisors LLC | "Camshaft" |
| Camshaft Capital Credit LP | "Camshaft" |
| Camshaft Capital Fund LP | "Camshaft" |
| Camshaft Capital Fund, LP | "Camshaft" |
| Camshaft Capital Management, LLC | "Camshaft Capital" |
| Camshaft Capital Advisors, LLC | "Camshaft" |
| Camshaft Consulting LLC | "Camshaft Consulting" |
| Camshaft CRE 1 LLC | "Camshaft CRE" |
| Camshaft Credit LP | "Camshaft Credit" |
| Camshaft Credit LP SPV 1 | "Camshaft" |
| Camshaft Credit Management LLC | "Camshaft" |
| Camshaft Fund, LP | "Camshaft Fund" |
| Camshaft LLC | "Camshaft" |
| Camshaft LP -- Activist I | "Camshaft" |
| Camshaft LP Short Term Liquid Assets 1 | "Camshaft LP" |
| Camshaft LP SPV 1 | "Camshaft" |
| Camshaft Management , LLC | "Camshaft Management" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Camshaft Management LLC | "Camshaft" |
| Cema Language Solutions Corp | "Cema Language Solutions" |
| Charlotte Mason | "Charlotte Mason" w/10 ("OCI" OR "Aiyo") |
| Chris Rigby | "Chris Rigby" AND "Stenn" |
| ▮▮▮▮▮▮▮▮▮ | |
| Cutting Edge Sports FZ-LLC | "Cutting Edge Sports" |
| Davin Goldsztajn | |
| DC Legal FZ LLC | "DC Legal |
| Deeptha AR | "Deeptha Akhila Raghavan"; "Deeptha Ravindran" |
| Delta Management Services | "Delta Management" |
| Dheeraj Guliani | |
| Digital Aristotle Pvt Ltd | "Digital Aristotle" |
| Divya Gokulnath | "Divya G*"; "Divya Gokulnath" |
| ▮▮▮▮▮▮▮▮ | |
| ▮▮▮▮▮▮▮▮▮ | |
| ▮▮▮▮▮▮▮ | |
| Donald J. Morton | "Donald Morton" |
| Dynaveo Ltd | "Dynaveo" |
| ▮▮▮▮▮ | |
| ▮▮▮▮▮ | |
| EF Hutton | "EF Hutton" |
| Enso Group | |
| E-Outlets Limited | "E-Outlets" |
| Epic! Creations Inc | "Epic! Creations"; "Epic Creations" |
| Epsilon, Villa B12, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| Epsilon, Villa B13, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| EST Capital AG | "EST Capital" |
| Ethos Fashion Sro | "Ethos Fashion Sro" |

### TABLE A
### SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Future Ideas Trading LLC | "Future Ideas Trading" |
| GeoGebra GmbH | "GeoGebra" |
| GL Pte Singapore | |
| Global Lingo (S) Pte Ltd | "Global Lingo" |
| Godolphin Fund | "Godolphin Fund" |
| Gokulnath Kuppuswamy Naidu | "Gokulnath Naidu"; "Gokulnath Kuppuswamy" |
| Golden Mile 3, Palm Jumeriah, Dubai | |
| Gorillahouse Tech Ltd | "Gorillahouse" |
| Great Lakes E-Learning Services Pvt Limited | "Great Lakes Learning"; "Great Lakes E-Learning" |
| Great Learning Education Services Pvt Ltd | "Great Learning Education Services" |
| Greengage Investments Ltd | "Greengage Investments" |
| H Motion Ltd | "H Motion" |
| Harrymax Consultants LLC | "Harrymax Consultants" |
| Haygot Services Pvt Ltd | "Haygot" |
| HDFC Bank Limited | |
| HSBC Singapore | |
| Hydra Enforcement, LP | "Hydra Enforcement" |
| Hydra Global LLC | "Hydra Global" |
| ICC Business Corporation FZ LLC | "ICC Business Corporation" |
| ICICI Bank Limited | |
| IIFL Finance Limited | |
| Incred Financial Services | "Incred Financial" |
| Infiken Internet Labs Pvt Ltd | "Infiken" |
| Innovagro Foods LLP | "Innovagro" |
| Inspilearn Education Pvt Ltd | "Inspilearn" |
| Inspilearn LLC | "Inspilearn" |
| Intap Labs Pvt Ltd | "Intap Labs" |
| Itria Venture S | Itria Venture |
| Jamey Jacob | "Jamey Jacob"; "J Jacob" |
| Jason Perz | "Jason Perz"; "J Perz" |
| Jed Trail, Sevierville, TN 37862 | |
| Jino Joseph | "Jino Joseph"; "Jion Joseph"; "J Joseph"; (in conjunction with "Byju's") |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Jon Naseath | Jonathan Naseath |
| Kamran Asghar | "K Asghar" |
| ████████████████ | |
| Kishore Srinivasan | "Srinivasan Kishore" |
| Kranti Growth Catalysts | "Kranti Growth" |
| Krypton Fund Services | |
| Kunnaruvath Raveendran | "Kunnaruvath Ravindran" |
| Kush Banker | "Kush Rupin Banker" |
| L 33 Lailak 2 Street | ("Emirates Hills" OR "Dubai") AND "L33" AND "LAILAK" |
| Leonie Hill Capital Private Limited | "Leonie Hill Capital" |
| Libra Trading | |
| Madison Properties | |
| Madoc Plantation | |
| Magnela Properties | |
| Malav Banker | |
| Maplewood Trading | |
| Marinemast | |
| Marquise International | |
| Mavrus Properties | |
| Meenakshi Banker | "Banker Meenakshi Rupin"; "Minakshi Banker" |
| ██████████████ | |
| ████████████ | |
| Memphis Global | |
| Merill Tradecom | |
| Michael Lipman | "Michael Lipman"; "M Lipman"; "Mike Lipman" (in conjunction with "Camshaft") |
| Miramac Properties | |
| Mohammad Iqbal Puri | |
| Monique Morley | |
| Montiago General Trading LLC | |
| More Ideas Books Trading LLC | "More Ideas" |
| More Ideas General Trading LLC | "More Ideas"; "BYJUs" AND "MIGT" |
| Morris Properties | |
| Nerissa Infra Projects | |
| Neuron Fuel Inc | "Neuron Fuel" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| No. 206; Green Glen Layout;Bellandur; Bangalore - Ground Floor, Bengaluru, Karnataka, India, 560103 | "Green Glen Layout" "no. 206" W/10 (Bengaluru OR Bangalore) |
| No. 43, Yoganarasimha 14th Main, 15th Cross, HSR Layout, Sector 4, Bengaluru, Karnataka, India, 560102 | "Yoganarasimha 14th Main" ("No 43" w/10 (Bengaluru OR Bangalore)) |
| Northwest Education Pte Ltd | "Northwest Education" |
| OCI Group Ltd | "OCI Group" |
| OCI Limited | "OCI Ltd" |
| OCI Logistics Ltd | "OCI Logistics" |
| OCI Office Ltd | "OCI Office" |
| OCI RESI Ltd | "OCI RESI" |
| Oliver Chapman | ("O Chapman" w/10 "OCI"); "Oliver Philip Chapman" |
| Om Pandey | "Om P Pandey"; "Om Pandey" |
| Orin OCI RB Ltd | "Orin OCI RB" |
| Padam Singhania | |
| Pankaj Srivastava | "Pankaj Srivastava" |
| PP Holdings | |
| Praseeth Pareparambil Sankaramveettil | "Praseeth Sankaramveettil"; "Praseeth Pareparambil Sankaramveettil" |
| Preethi Srivastava | |
| Purplemint Fintech | |
| R Motion Ltd | "R Motion" |
| Rahul Rajendran Vellapalath | |
| Rainbow Ridge Way, Sevierville, TN 37862 | |
| Rajendran Vellapalath | |
| ██████████████████████ | |
| ██████████████ | |
| Ranjan Pai | |
| Ready Merchantlinks Private Limited | "Ready Merchantlinks"; "Ready Merchantlinks Pvt Ltd"; "Ready Merchantlinks Private Ltd"; "Ready Merchantlinks Pvt Limited" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| ReadyFunds | |
| Red Vinyard Endeavors LLC | Red Vinyard |
| Riju Ravindran | "Riju R*"; "Riju Raveendran"; "Riju Ravindran"; Riju (W/10) Ravindran |
| ███████████ | |
| Rise International | |
| Rizwana Shaheen Ameer Meea | ("Rizwana Meea" OR "Rizwana Ameer Meea") AND Godolphin |
| Robert Forte | |
| Roisin Chapman | "Roisin Chapman"; "R Chapman" w/10 "OCI") |
| Rose Lake | |
| Royal Fort Infracom General Trading | "Royal Fort Infracom" |
| Rupin Banker | ("R Banker" w/10 "OCI"); "Rupin Hemant Banker"; "Rupin Banker Hemant" ("Rupin Bankar"w/10 "OCI"); ("R Bankar" w/10 "OCI") ("Rupin Hemant Bankar" W/10 "OCI") |
| Sairaj Unnikrishnan | |
| Sandeep Krishnan Narayanaswamy | "Sandeep Krishnan"; "Sandeep Krishna" |
| Sandeep Vellapalath | |
| ███████████ | |
| Sean Teeling | "Sean Teeling"; "S Teeling" |
| Secure Capital | |
| Serena Vista LLC | "Serena Vista" |
| Serum Institute | |
| Shaji Puthalath | "Shaji Divakar" |
| Shaman Commodities | |
| Shantanu Prakash | |
| Sharath Kumar | |
| Shenka Ltd | "Shenka" |
| Shobhana Valli Mundani | "Shobhana Raveendran"; "Shobhana Ravindran" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Sindhu Ratna Kul Bhaskar | "Sindhu Bhaskar"; "Dr Sindhu Bhaskar" |
| Skyconsult General Trading LLC | "Skyconsult General Trading" |
| Skywest Trading | |
| Snake River Trust | |
| Sola Fide | |
| Span Thoughtworks Pvt Ltd | "Span Thoughtworks" |
| Specadel Technologies Pvt Ltd | "Specadel" |
| Sreejith Narayanan Kunniyur | |
| Sriharu Marri Sreepathy | "Sriharu Marri Sreepathi" |
| Srisolve IBS Enterprises Private Limited | "Srisolve"; "Innovmania Enterprises" |
| Stallions Investment Management | |
| Stenn Assets UK Limited | "Stenn Assets" |
| Tangible Play Inc | "Tangible Play" |
| Think and Learn | T&L; "Think & Learn"; "Think and Learn" |
| Toppr Technologies Pvt Ltd | "Toppr Technologies" |
| ██████████ | |
| ██████ | |
| UAB Capitulus | |
| Venice Land | |
| Vinay Raveendra | |
| Vinay Ravindra | "Vinay Ravindra"; "Vinay Raveendra"; "Vinay Ravindranath" |
| Vinay Ravindranath | |
| Voizzit | |
| Weblength Infonet Pvt Ltd | "Weblength Infonet" |
| Whitehat Education Technology Private Limited | "Whitehat Education Technology" |
| William Cameron Morton | "William Cameron Morton"; "William C Morton"; "William Morton"; "Will Morton"; |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| | "W Cameron Morton"; "Cameron Morton" |
| William Hailer | "Will Hailer"; "W Hailer" |
| ████████████████ | |
| ███████████████ | |
| Wirturbo | "Wirturbo" AND "Andrew Simon"; "Wirturbo" AND "DC Legal" |
| Wondersearch Ltd | "Wondersearch" |
| Yuv Banker | "Yuv Rupin Banker" |
| YWE Business Solutions | |
| ██████████ | |
| ██████████ | |
| █████████████ | |
| ██████████ | |
| ██████████ | |
| ████████████ | |
| ████████████ | |
| █████████████ | |
| ████████ | |
| ████████ | |
| ████████████ | |
| ███████ | |
| ███████ | |
| ███████ | |
| █████████ | |
| █████████ | |
| ██████████ | |
| ██████████ | |
| 1109 Windmill Properties LLC | "1109 Windmill Properties" |
| 1200 Brickell Avenue, Suite 310 | "1200 Brickell Avenue" w/7 Miami |
| ██████ | |
| ██████████ | ████████ |
| █████████████ | |
| █████████████ | ████████ |
| ███████ | |
| █████████████ | ████████ |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| ███████████ | ████████ |
|---|---|
| ███████ | |
| 16850 Collins Avenue,#112408, Sunny Isles Beach, Florida 33160 | "16850 Collins Avenue" w/7 Florida |
| 175 SW 7th Street, Miami, FL 33130 | "175 SW 7th Street" W/5 Miami |
| 18555 Collins Ave Ste 5405, Sunny Isles Beach, FL 33160 | |
| ████████ | |
| ████████ | |
| ████████ | ████████ |
| █████████████ | |
| ████████████ | |
| ████ | |
| ███████ | |
| ████ | |
| ██████ | |
| ██████ | |
| ██████ | |
| █████████ | |
| █████████ | |
| ████████ | |
| 4/1, 2nd Floor, Tower D, IBC Knowledge Park, Bannerghatta Main Road, Bangalore, Karnataka, India, 560 029 | ("IBC Knowledge Park" and Byju or Byju's) |
| ████████ | |
| █████████████ | |
| █████████ | |
| ████████ | |
| ████████ | |
| ████████ | |
| ████ | |
| ████████ | |
| ████████████ | |
| ████████ | |
| ██████ | |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| ███████████ | |
| ██████ | |
| ██████████ | |
| ██████ | |
| ██████ | |
| 777 Brickell Ave, Floor 5, Miami, FL 33131 | "777 Brickell" w/7 Miami |
| █████████ | |
| ██████ | |
| ████████ | |
| ████████ | |
| ███ | ████ (w/5 Gokulnath) |
| ███ | ████ (w/5 Raveendran) |
| ███ | ████ (w/5 "Ravindran)" |
| ██████ | |
| ██████ | |
| ███████ | |
| ██████ | ███████ |
| ██████████ | |
| █████ | |
| 936 SW 1st Avenue, #1086, Miami, FL 33130 | "936 SW 1st Avenue" W/5 Miami |
| 950 Brickell Bay Drive, #5107, Miami, FL 33130 | "950 Brickell Bay Drive" w/7 Miami |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

| FOR THE | District of | DELAWARE |
|---|---|---|

In re    BYJU'S ALPHA, INC.
_____
Debtor

*(Complete if issued in an adversary proceeding)*

BYJU'S ALPHA, INC.,
_____
Plaintiff

v.

CAMSHAFT CAPITAL FUND, LP, et al.
_____
Defendant

Case No.    24-10140 (JTD)

Chapter    11

Adv. Proc. No.    24-50013 (JTD)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:    Standard Chartered PLC
_____
*(Name of person to whom the subpoena is directed)*

■ *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | 4/21/2025 5:30 p.m. |

☐ *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    3/21/2025

CLERK OF COURT

OR

_____          /s/  Jianjian Ye
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
BYJU'S ALPHA, INC.
_____ , who issues or requests this subpoena, are:

Jianjian Ye, 295 Fifth Ave., New York, NY 10016, jianjianye@quinnemanuel.com, 212-849-7573, Jordan Nakdimon

212-849-7368          **Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.  "**Action**" means the above-captioned adversary proceeding.

2.  "**Communication**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.  "**SWIFT**" means the Society for World Interbank Financial Telecommunication.

4.  "**MT**" ("message text") means the traditional message type for use on the SWIFT network.

5.  "**MX**" means the XML message type for use on the SWIFT network.

6.  "**Electronically Stored Information**" ("ESI") means, without limitation, the following:

    a.  information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

    b.  internal or external websites and other shared spaces;

    c.  output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

    d.  activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, and related media used to move and store data, such as, but not limited to, a personal digital assistant, e.g., Palm Pilot, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

     e.   archived data, legacy data, and back-up tapes.

7.    **Document**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure ("**FRCP**") 34(a)(1)(A), made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034. A draft or non-identical copy is a separate document within the meaning of this term per FRCP 34(a)(1)(A) made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034.

8.    When referring to documents, "**to identify**" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

9.    The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

10.    The words "**relating to**" means regarding, relating to, involving, concerning, referring to, describing, evidencing, constituting, relevant to, or in connection with, either directly or indirectly.

11.    "**Byju's Alpha**" means the entity named as Plaintiff in the Action and in whose favor a judgment was entered against Defendants on March 14, 2025, including any agents, predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, and other branches or affiliates, together with all officers, directors, employees, subsidiaries, affiliates, agents, or other person acting (or purporting to act) on behalf of the foregoing.

12.    "**You**" and "**Your**" means the recipient of this subpoena and its officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on its behalf.

13.    "**Person**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14.    "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

15.    The terms defined above and the individual requests for production and inspection are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the FRCP or any applicable laws.

16.    All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the requests for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

17.    These Definitions are provided only for purposes of discovery, in conformance with FRCP 34(a) and Federal Rules of Bankruptcy Procedure 7034, and are not intended to be used for any purpose other than discovery.  Byju's Alpha reserves the right to modify these Definitions or utilize different Definitions for any other purpose.

## <u>RULES OF CONSTRUCTION</u>

The following rules of construction apply to this discovery request:

1.    The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.    The connectives "**and**" and "**or**" shall be construed either disjunctively or

3

conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      The use of the singular form of any word includes the plural and vice versa.

## **INSTRUCTIONS**

1.      You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.      A Document or other thing is deemed to be in Your actual or constructive possession, custody or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other 3rd party IT, cloud or other service providers.

3.      Unless otherwise indicated, these requests seek Documents and Communications concerning the time period from April 1, 2021 through present.  If any Document, Communication, or other information is dated outside of the Relevant Time Period but is necessary for a complete understanding of a Document or Communication covered by the requests, such Document outside of the Relevant Time Period shall be produced. If any Document or Communication is undated and the date of its preparation cannot be determined, the Document or Communication shall be produced if otherwise responsive to the requests.

4.      Each Document or other thing requested shall be produced in its entirety along

with all non-identical versions thereof and without abbreviation or redaction. Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced. If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing. For all Documents and other things, any family relationship should be captured and reflected in the production. Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced. A Document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

5.      Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

6.      Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

7.      All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course. All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files. If such metadata is not available, each Document shall

be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

8.      Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

9.      For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

10.      ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

11.      File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

12.      Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments and enclosures.

13.      If there are no Documents or other things responsive to any particular request, Your response shall state so in writing.

14.      In the event that any Document or other thing called for by these requests is withheld on the basis of a claim or privilege or immunity:

a.   The person asserting the privilege shall identify the nature of the privilege

6

(including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

b.  The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the allegedly privileged information: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

15.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

16.     If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with FRCP 34, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034.  If there is an objection to any part of a request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of a request, You must state the basis of Your objections in accordance with FRCP 34.

17.     In the event that any Document or other thing responsive to these requests has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons

authorizing and carrying out such destruction or discard.

18.    Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

19.    Upon request, counsel for Byju's Alpha will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUEST FOR PRODUCTION

1.      All Documents concerning SWIFT messages received or transmitted during the Relevant Time Period through Your SWIFT portal or stored in Your SWIFT database and satisfying the following SWIFT message search criteria:

SWIFT Message Search Criteria:

1)      Transaction date = April 1, 2021 through the date of the search;

2)      SWIFT Message Standard:

   a.   MT Message Type = 101, 102, 102+, 103, 103+, 104, 110, 111, 121, 195, 196, 198, 199, 200, 201, 202, 202 COV, 203, 205, 207, 210, 295, 296, 298, 299, 304, 307, 320, 321, 400, 410, 416, 420, 495, 496, 498, 499, 500, 502, 509, 515, 600, 601, 604, 605, 606, 607, 608, 609, 620, 700, 701, 707, 710, 756, 760, 767, 795, 796, 798, 799; 900, 910, 940, 941, 942, 950, or 986; and/or

   b.   MX Equivalent Type = pain.001, pacs.008, pacs.009cov, pacs.003, pain.008, camt.026, camt.027, camt.033, camt.034, camt.028, camt.031, camt.029, pacs.009, camt.050, camt.057, tsrv.001, tsrv.005, camt.054, camt.053, or camt.052;

3)      Where numerical values are present, MT Message Field 32$n$ or 33$n$ (where $n$ is an optional letter), or MX Equivalent Type Element <IntrBkSttlmAmt>, <IntrBkSttlmDt>, or <InstdAmt>, or any currency amount field = greater than or equal to **1,000**; and

4)      MT Message Field 50$n$, 59$n$, 70$n$, 72, 82$n$, 87$n$, or 95$n$ (where $n$ is an optional letter), or MX Equivalent Type Element <InstdAmt>, <Dbtr>, <Cdtr>, <RmtInf>, <Ustrd>, <Strd>, <ChrgsInf>, <PrvsInstgAgt1>, <PrvsInstgAgt2>, <PrvsInstgAgt3>, <RltdRmtInf>, or any beneficiary, originator, or instruction field, contain  any of the SWIFT Search Terms listed in **Table A**, including the variations of the SWIFT Search Terms separated by semicolons in **Table A**, regardless of whether the relevant field contains other text.

9

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| Term | Variations |
|---|---|
| Aakash Edutech Pvt Ltd | "Aakash Edutech";<br>"Aakash" and "EDU" |
| Accuvise Administrators Limited | "Accuvise" |
| Ackees Mobile Tech Pvt Ltd | "Ackees Mobile Tech" |
| Adar Poonawalla | |
| ████████████████████ | |
| Airretailer Technology LLC | |
| Aiyo International Limited | "Aiyo International" |
| Ajin Purushothaman | "Ajin Purushothaman" |
| Alexandra Tanya Morton | "Alexandra Morton"; "Alexandra T. Morton" |
| Ananya Srivastava | "Ananya Shree" |
| Andrew Simon | "Andrew Simon" AND "DC Legal" |
| Andrew Wagner | |
| Anisree Vellapalath | |
| Anita Kishore | |
| ████████████████████ | |
| ████████████████████ | |
| ████████████████ | |
| Anticee Solutions Ltd | "Anticee Solutions" |
| Anubhav Sinha | |
| Apex Fund | "Apex Fund" AND "Godolphin" |
| Arun Kant | "Arun Kant" |
| Astra Management Services | "Astra Management" |
| Aswani Nambarambath | |
| Aswani Valsaraj | |
| Banker Corporation | |
| Beeaar Investco Pte Ltd | "Beeaar" |
| Benchmark Investments LLC | "Benchmark Investments" |
| Bisy Philip Rajendran | |
| Black Hills Solutions | |
| Blaise Pascal Barrelet | "Blaise Barrelet" |
| Bluebell Capital Investments Ltd | "Bluebell Capital Investments" |
| Brett Borgensen | "Brett Borgensen" |
| Brikram Trading | |
| Burton Varley Ltd | "Burton Varley" |
| Byju Raveendran | "Byju R*"; "Byju Raveendran"; "Byju Ravindran" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| BYJU's Alpha, Inc | "Byjus Alpha"; "Byju's Alpha"; "Byju Alpha"; "Byjus"; "Byju's" |
| Byju's Global Pte Ltd | "Byju's Global"; "Byjus Global" |
| Byju's Holdings 1 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Holdings 2 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Investments Pte Ltd | "Byju's Investments" |
| Byju's Pte Ltd | "Byju's Private"; "Byju's Pte" |
| BYJU's UK Ltd | "Byju's UK" |
| ███████████████ | |
| ███████████████ | |
| Byjus Investments Pvt Ltd | "Byjus Investments" |
| Byju's K3 Education Pvt Ltd | "Byju's K3"; "Byjus K3" |
| Byjus Learning Company FZCO | "Byjus Learning Company"; "Byju's Learning Company" |
| BYJU's S.A. de C.V. | "BYJU's S.A."; "BYJUs S.A." |
| BYJU's Tecnologia Educacional LTDA | "BYJU's Tecnologia Educacional"; "BYJUs Technologia Educational" |
| Camelback Financial Corp. | |
| ███████████████ | |
| ███████████████ | |

### TABLE A
### SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Camshaft Capital Advisors LLC | "Camshaft" |
| Camshaft Capital Credit LP | "Camshaft" |
| Camshaft Capital Fund LP | "Camshaft" |
| Camshaft Capital Fund, LP | "Camshaft" |
| Camshaft Capital Management, LLC | "Camshaft Capital" |
| Camshaft Capital Advisors, LLC | "Camshaft" |
| Camshaft Consulting LLC | "Camshaft Consulting" |
| Camshaft CRE 1 LLC | "Camshaft CRE" |
| Camshaft Credit LP | "Camshaft Credit" |
| Camshaft Credit LP SPV 1 | "Camshaft" |
| Camshaft Credit Management LLC | "Camshaft" |
| Camshaft Fund, LP | "Camshaft Fund" |
| Camshaft LLC | "Camshaft" |
| Camshaft LP -- Activist I | "Camshaft" |
| Camshaft LP Short Term Liquid Assets 1 | "Camshaft LP" |
| Camshaft LP SPV 1 | "Camshaft" |
| Camshaft Management , LLC | "Camshaft Management" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Camshaft Management LLC | "Camshaft" |
| Cema Language Solutions Corp | "Cema Language Solutions" |
| Charlotte Mason | "Charlotte Mason" w/10 ("OCI" OR "Aiyo") |
| Chris Rigby | "Chris Rigby" AND "Stenn" |
| ███████████ | |
| Cutting Edge Sports FZ-LLC | "Cutting Edge Sports" |
| Davin Goldsztajn | |
| DC Legal FZ LLC | "DC Legal |
| Deeptha AR | "Deeptha Akhila Raghavan"; "Deeptha Ravindran" |
| Delta Management Services | "Delta Management" |
| Dheeraj Guliani | |
| Digital Aristotle Pvt Ltd | "Digital Aristotle" |
| Divya Gokulnath | "Divya G*"; "Divya Gokulnath" |
| ████████████ | |
| ████████████ | |
| ████████████ | |
| Donald J. Morton | "Donald Morton" |
| Dynaveo Ltd | "Dynaveo" |
| ████████ | |
| ████████ | |
| EF Hutton | "EF Hutton" |
| Enso Group | |
| E-Outlets Limited | "E-Outlets" |
| Epic! Creations Inc | "Epic! Creations"; "Epic Creations" |
| Epsilon, Villa B12, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| Epsilon, Villa B13, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| EST Capital AG | "EST Capital" |
| Ethos Fashion Sro | "Ethos Fashion Sro" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Future Ideas Trading LLC | "Future Ideas Trading" |
| GeoGebra GmbH | "GeoGebra" |
| GL Pte Singapore | |
| Global Lingo (S) Pte Ltd | "Global Lingo" |
| Godolphin Fund | "Godolphin Fund" |
| Gokulnath Kuppuswamy Naidu | "Gokulnath Naidu"; "Gokulnath Kuppuswamy" |
| Golden Mile 3, Palm Jumeriah, Dubai | |
| Gorillahouse Tech Ltd | "Gorillahouse" |
| Great Lakes E-Learning Services Pvt Limited | "Great Lakes Learning"; "Great Lakes E-Learning" |
| Great Learning Education Services Pvt Ltd | "Great Learning Education Services" |
| Greengage Investments Ltd | "Greengage Investments" |
| H Motion Ltd | "H Motion" |
| Harrymax Consultants LLC | "Harrymax Consultants" |
| Haygot Services Pvt Ltd | "Haygot" |
| HDFC Bank Limited | |
| HSBC Singapore | |
| Hydra Enforcement, LP | "Hydra Enforcement" |
| Hydra Global LLC | "Hydra Global" |
| ICC Business Corporation FZ LLC | "ICC Business Corporation" |
| ICICI Bank Limited | |
| IIFL Finance Limited | |
| Incred Financial Services | "Incred Financial" |
| Infiken Internet Labs Pvt Ltd | "Infiken" |
| Innovagro Foods LLP | "Innovagro" |
| Inspilearn Education Pvt Ltd | "Inspilearn" |
| Inspilearn LLC | "Inspilearn" |
| Intap Labs Pvt Ltd | "Intap Labs" |
| Itria Venture S | Itria Venture |
| Jamey Jacob | "Jamey Jacob"; "J Jacob" |
| Jason Perz | "Jason Perz"; "J Perz" |
| Jed Trail, Sevierville, TN 37862 | |
| Jino Joseph | "Jino Joseph"; "Jion Joseph"; "J Joseph"; (in conjunction with "Byju's") |

### TABLE A
### SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Jon Naseath | Jonathan Naseath |
| Kamran Asghar | "K Asghar" |
| ██████████████ | |
| Kishore Srinivasan | "Srinivasan Kishore" |
| Kranti Growth Catalysts | "Kranti Growth" |
| Krypton Fund Services | |
| Kunnaruvath Raveendran | "Kunnaruvath Ravindran" |
| Kush Banker | "Kush Rupin Banker" |
| L 33 Lailak 2 Street | ("Emirates Hills" OR "Dubai") AND "L33" AND "LAILAK" |
| Leonie Hill Capital Private Limited | "Leonie Hill Capital" |
| Libra Trading | |
| Madison Properties | |
| Madoc Plantation | |
| Magnela Properties | |
| Malav Banker | |
| Maplewood Trading | |
| Marinemast | |
| Marquise International | |
| Mavrus Properties | |
| Meenakshi Banker | "Banker Meenakshi Rupin"; "Minakshi Banker" |
| ██████████████ | |
| ██████████████ | |
| Memphis Global | |
| Merill Tradecom | |
| Michael Lipman | "Michael Lipman"; "M Lipman"; "Mike Lipman" (in conjunction with "Camshaft") |
| Miramac Properties | |
| Mohammad Iqbal Puri | |
| Monique Morley | |
| Montiago General Trading LLC | |
| More Ideas Books Trading LLC | "More Ideas" |
| More Ideas General Trading LLC | "More Ideas"; "BYJUs" AND "MIGT" |
| Morris Properties | |
| Nerissa Infra Projects | |
| Neuron Fuel Inc | "Neuron Fuel" |

<u>**TABLE A**</u>
<u>**SWIFT SEARCH TERMS TO BE SEARCHED**</u>

| | |
|---|---|
| No. 206; Green Glen Layout;Bellandur; Bangalore - Ground Floor, Bengaluru, Karnataka, India, 560103 | "Green Glen Layout" "no. 206" W/10 (Bengaluru OR Bangalore) |
| No. 43, Yoganarasimha 14th Main, 15th Cross, HSR Layout, Sector 4, Bengaluru, Karnataka, India, 560102 | "Yoganarasimha 14th Main" ("No 43" w/10 (Bengaluru OR Bangalore)) |
| Northwest Education Pte Ltd | "Northwest Education" |
| OCI Group Ltd | "OCI Group" |
| OCI Limited | "OCI Ltd" |
| OCI Logistics Ltd | "OCI Logistics" |
| OCI Office Ltd | "OCI Office" |
| OCI RESI Ltd | "OCI RESI" |
| Oliver Chapman | ("O Chapman" w/10 "OCI"); "Oliver Philip Chapman" |
| Om Pandey | "Om P Pandey"; "Om Pandey" |
| Orin OCI RB Ltd | "Orin OCI RB" |
| Padam Singhania | |
| Pankaj Srivastava | "Pankaj Srivastava" |
| PP Holdings | |
| Praseeth Pareparambil Sankaramveettil | "Praseeth Sankaramveettil"; "Praseeth Pareparambil Sankaramveettil" |
| Preethi Srivastava | |
| Purplemint Fintech | |
| R Motion Ltd | "R Motion" |
| Rahul Rajendran Vellapalath | |
| Rainbow Ridge Way, Sevierville, TN 37862 | |
| Rajendran Vellapalath | |
| ███████████████████ | |
| ████████████ | |
| Ranjan Pai | |
| Ready Merchantlinks Private Limited | "Ready Merchantlinks"; "Ready Merchantlinks Pvt Ltd"; "Ready Merchantlinks Private Ltd"; "Ready Merchantlinks Pvt Limited" |

<u>TABLE A</u>
<u>SWIFT SEARCH TERMS TO BE SEARCHED</u>

| | |
|---|---|
| ReadyFunds | |
| Red Vinyard Endeavors LLC | Red Vinyard |
| Riju Ravindran | "Riju R*"; "Riju Raveendran"; "Riju Ravindran"; Riju (W/10) Ravindran |
| ██████████████ | |
| Rise International | |
| Rizwana Shaheen Ameer Meea | ("Rizwana Meea" OR "Rizwana Ameer Meea") AND Godolphin |
| Robert Forte | |
| Roisin Chapman | "Roisin Chapman"; "R Chapman" w/10 "OCI") |
| Rose Lake | |
| Royal Fort Infracom General Trading | "Royal Fort Infracom" |
| Rupin Banker | ("R Banker" w/10 "OCI"); "Rupin Hemant Banker"; "Rupin Banker Hemant" ("Rupin Bankar"w/10 "OCI"); ("R Bankar" w/10 "OCI") ("Rupin Hemant Bankar" W/10 "OCI") |
| Sairaj Unnikrishnan | |
| Sandeep Krishnan Narayanaswamy | "Sandeep Krishnan"; "Sandeep Krishna" |
| Sandeep Vellapalath | |
| ██████████████ | |
| Sean Teeling | "Sean Teeling"; "S Teeling" |
| Secure Capital | |
| Serena Vista LLC | "Serena Vista" |
| Serum Institute | |
| Shaji Puthalath | "Shaji Divakar" |
| Shaman Commodities | |
| Shantanu Prakash | |
| Sharath Kumar | |
| Shenka Ltd | "Shenka" |
| Shobhana Valli Mundani | "Shobhana Raveendran"; "Shobhana Ravindran" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Sindhu Ratna Kul Bhaskar | "Sindhu Bhaskar"; "Dr Sindhu Bhaskar" |
| Skyconsult General Trading LLC | "Skyconsult General Trading" |
| Skywest Trading | |
| Snake River Trust | |
| Sola Fide | |
| Span Thoughtworks Pvt Ltd | "Span Thoughtworks" |
| Specadel Technologies Pvt Ltd | "Specadel" |
| Sreejith Narayanan Kunniyur | |
| Sriharu Marri Sreepathy | "Sriharu Marri Sreepathi" |
| Srisolve IBS Enterprises Private Limited | "Srisolve"; "Innovmania Enterprises" |
| Stallions Investment Management | |
| Stenn Assets UK Limited | "Stenn Assets" |
| Tangible Play Inc | "Tangible Play" |
| Think and Learn | T&L; "Think & Learn"; "Think and Learn" |
| Toppr Technologies Pvt Ltd | "Toppr Technologies" |
| ███████ | |
| ███████ | |
| UAB Capitulus | |
| Venice Land | |
| Vinay Raveendra | |
| Vinay Ravindra | "Vinay Ravindra"; "Vinay Raveendra"; "Vinay Ravindranath" |
| Vinay Ravindranath | |
| Voizzit | |
| Weblength Infonet Pvt Ltd | "Weblength Infonet" |
| Whitehat Education Technology Private Limited | "Whitehat Education Technology" |
| William Cameron Morton | "William Cameron Morton"; "William C Morton"; "William Morton"; "Will Morton"; |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| | "W Cameron Morton"; "Cameron Morton" |
| William Hailer | "Will Hailer"; "W Hailer" |
| ███████████████ | |
| ███████████ | |
| Wirturbo | "Wirturbo" AND "Andrew Simon"; "Wirturbo" AND "DC Legal" |
| Wondersearch Ltd | "Wondersearch" |
| Yuv Banker | "Yuv Rupin Banker" |
| █████████ | |
| ██████ | |
| ███████ | |
| ████████ | |
| ███████ | |
| █████████ | |
| █████████ | |
| █████████ | |
| ██████ | |
| ██████ | |
| ████████ | |
| █████ | |
| █████ | |
| ██████ | |
| ██████ | |
| ██████ | |
| █████ | |
| 1109 Windmill Properties LLC | "1109 Windmill Properties" |
| 1200 Brickell Avenue, Suite 310 | "1200 Brickell Avenue" w/7 Miami |
| █████ | |
| ██████ | ████████ |
| ████████ | |
| ███████ | ████████ |
| █████ | |
| ███████ | ████████ |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| ███████████ | ███████████ |
| ████████ | |
| 16850 Collins Avenue,#112408, Sunny Isles Beach, Florida 33160 | "16850 Collins Avenue" w/7 Florida |
| 175 SW 7th Street, Miami, FL 33130 | "175 SW 7th Street" W/5 Miami |
| 18555 Collins Ave Ste 5405, Sunny Isles Beach, FL 33160 | |
| ██████████ | |
| ██████████ | |
| ████████ | ██████████ |
| █████████████ | |
| 285 NW 42nd Avenue | |
| ██████ | |
| ██████████ | |
| ██████ | |
| █████████ | |
| █████████ | |
| ████████ | |
| ████████████ | |
| ████████████ | |
| ████████████ | |
| 4/1, 2nd Floor, Tower D, IBC Knowledge Park, Bannerghatta Main Road, Bangalore, Karnataka, India, 560 029 | ("IBC Knowledge Park" and Byju or Byju's) |
| ██████████ | |
| ██████████████ | |
| █████████ | |
| ██████████ | |
| ██████████ | |
| ██████████ | |
| █████ | |
| █████████ | |
| ████████████ | |
| █████████ | |
| ██████ | |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| ███████████ | |
| ██████ | |
| █████████ | |
| ████ | |
| ████ | |
| | |
| 777 Brickell Ave, Floor 5, Miami, FL 33131 | "777 Brickell" w/7 Miami |
| █████████ | |
| ████ | |
| ██████ | |
| ██████ | |
| ██ | ██ (w/5 Gokulnath) |
| ██ | ██ (w/5 Raveendran) |
| ██ | ██ (w/5 "Ravindran)" |
| ████ | |
| ████ | |
| █████ | |
| ████ | █████ |
| █████████ | |
| ███ | |
| 936 SW 1st Avenue, #1086, Miami, FL 33130 | "936 SW 1st Avenue" W/5 Miami |
| 950 Brickell Bay Drive, #5107, Miami, FL 33130 | "950 Brickell Bay Drive" w/7 Miami |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

FOR THE _____ | District of ___ DELAWARE

In re ___ BYJU'S ALPHA, INC. ___
Debtor

*(Complete if issued in an adversary proceeding)*

BYJU'S ALPHA, INC.,
_____
Plaintiff

v.

CAMSHAFT CAPITAL FUND, LP, et al.
_____
Defendant

Case No. ___ 24-10140 (JTD)

Chapter ___ 11

Adv. Proc. No. ___ 24-50013 (JTD)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: ___ UBS AG, Stamford Branch ___
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | 4/21/2025 5:30 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___ 3/21/2025 ___

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Jianjian Ye
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
___ BYJU'S ALPHA, INC. ___ , who issues or requests this subpoena, are:

Jianjian Ye, 295 Fifth Ave., New York, NY 10016, jianjianye@quinnemanuel.com, 212-849-7573, Jordan Nakdimon

212-849-7368 **Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
                             *Server's signature*

_____
                             *Printed name and title*

_____
                             *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.  "**Action**" means the above-captioned adversary proceeding.

2.  "**Communication**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.  "**SWIFT**" means the Society for World Interbank Financial Telecommunication.

4.  "**MT**" ("message text") means the traditional message type for use on the SWIFT network.

5.  "**MX**" means the XML message type for use on the SWIFT network.

6.  "**Electronically Stored Information**" ("ESI") means, without limitation, the following:

    a.  information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

    b.  internal or external websites and other shared spaces;

    c.  output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

    d.  activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, and related media used to move and store data, such as, but not limited to, a personal digital assistant, e.g., Palm Pilot, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e.   archived data, legacy data, and back-up tapes.

7.      "**Document**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure ("**FRCP**") 34(a)(1)(A), made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034. A draft or non-identical copy is a separate document within the meaning of this term per FRCP 34(a)(1)(A) made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034.

8.      When referring to documents, "**to identify**" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

9.      The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

10.     The words "**relating to**" means regarding, relating to, involving, concerning, referring to, describing, evidencing, constituting, relevant to, or in connection with, either directly or indirectly.

11.     "**Byju's Alpha**" means the entity named as Plaintiff in the Action and in whose favor a judgment was entered against Defendants on March 14, 2025, including any agents, predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, and other branches or affiliates, together with all officers, directors, employees, subsidiaries, affiliates, agents, or other person acting (or purporting to act) on behalf of the foregoing.

12.     "**You**" and "**Your**" means the recipient of this subpoena and its officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on its behalf.

13.     "**Person**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14.     "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

15.     The terms defined above and the individual requests for production and inspection are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the FRCP or any applicable laws.

16.     All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the requests for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

17.     These Definitions are provided only for purposes of discovery, in conformance with FRCP 34(a) and Federal Rules of Bankruptcy Procedure 7034, and are not intended to be used for any purpose other than discovery.  Byju's Alpha reserves the right to modify these Definitions or utilize different Definitions for any other purpose.

## RULES OF CONSTRUCTION

The following rules of construction apply to this discovery request:

1.     The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.     The connectives "**and**" and "**or**" shall be construed either disjunctively or

conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.       The use of the singular form of any word includes the plural and vice versa.

## <u>INSTRUCTIONS</u>

1.       You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.       A Document or other thing is deemed to be in Your actual or constructive possession, custody or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other 3rd party IT, cloud or other service providers.

3.       Unless otherwise indicated, these requests seek Documents and Communications concerning the time period from April 1, 2021 through present.  If any Document, Communication, or other information is dated outside of the Relevant Time Period but is necessary for a complete understanding of a Document or Communication covered by the requests, such Document outside of the Relevant Time Period shall be produced. If any Document or Communication is undated and the date of its preparation cannot be determined, the Document or Communication shall be produced if otherwise responsive to the requests.

4.       Each Document or other thing requested shall be produced in its entirety along

with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible.  Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced.  A Document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

5.      Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

6.      Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

7.      All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.  All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files. If such metadata is not available, each Document shall

be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

8. Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

9. For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

10. ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

11. File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

12. Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments and enclosures.

13. If there are no Documents or other things responsive to any particular request, Your response shall state so in writing.

14. In the event that any Document or other thing called for by these requests is withheld on the basis of a claim or privilege or immunity:

     a. The person asserting the privilege shall identify the nature of the privilege

(including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

b.  The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the allegedly privileged information: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

15.    Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

16.    If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with FRCP 34, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034.  If there is an objection to any part of a request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of a request, You must state the basis of Your objections in accordance with FRCP 34.

17.    In the event that any Document or other thing responsive to these requests has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons

authorizing and carrying out such destruction or discard.

18.    Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

19.    Upon request, counsel for Byju's Alpha will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUEST FOR PRODUCTION

1.     All Documents concerning SWIFT messages received or transmitted during the Relevant Time Period through Your SWIFT portal or stored in Your SWIFT database and satisfying the following SWIFT message search criteria:

SWIFT Message Search Criteria:

1)     Transaction date = April 1, 2021 through the date of the search;

2)     SWIFT Message Standard:

    a.  MT Message Type = 101, 102, 102+, 103, 103+, 104, 110, 111, 121, 195, 196, 198, 199, 200, 201, 202, 202 COV, 203, 205, 207, 210, 295, 296, 298, 299, 304, 307, 320, 321, 400, 410, 416, 420, 495, 496, 498, 499, 500, 502, 509, 515, 600, 601, 604, 605, 606, 607, 608, 609, 620, 700, 701, 707, 710, 756, 760, 767, 795, 796, 798, 799; 900, 910, 940, 941, 942, 950, or 986; and/or

    b.  MX Equivalent Type = pain.001, pacs.008, pacs.009cov, pacs.003, pain.008, camt.026, camt.027, camt.033, camt.034, camt.028, camt.031, camt.029, pacs.009, camt.050, camt.057, tsrv.001, tsrv.005, camt.054, camt.053, or camt.052;

3)     Where numerical values are present, MT Message Field $32n$ or $33n$ (where $n$ is an optional letter), or MX Equivalent Type Element <IntrBkSttlmAmt>, <IntrBkSttlmDt>, or <InstdAmt>, or any currency amount field = greater than or equal to **1,000**; and

4)     MT Message Field $50n$, $59n$, $70n$, 72, $82n$, $87n$, or $95n$ (where $n$ is an optional letter), or MX Equivalent Type Element <InstdAmt>, <Dbtr>, <Cdtr>, <RmtInf>, <Ustrd>, <Strd>, <ChrgsInf>, <PrvsInstgAgt1>, <PrvsInstgAgt2>, <PrvsInstgAgt3>, <RltdRmtInf>, or any beneficiary, originator, or instruction field, contain  any of the SWIFT Search Terms listed in **Table A**, including the variations of the SWIFT Search Terms separated by semicolons in **Table A**, regardless of whether the relevant field contains other text.

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| Term | Variations |
|---|---|
| Aakash Edutech Pvt Ltd | "Aakash Edutech"; "Aakash" and "EDU" |
| Accuvise Administrators Limited | "Accuvise" |
| Ackees Mobile Tech Pvt Ltd | "Ackees Mobile Tech" |
| Adar Poonawalla | |
| ███████████████████ | |
| Airretailer Technology LLC | |
| Aiyo International Limited | "Aiyo International" |
| Ajin Purushothaman | "Ajin Purushothaman" |
| Alexandra Tanya Morton | "Alexandra Morton"; "Alexandra T. Morton" |
| Ananya Srivastava | "Ananya Shree" |
| Andrew Simon | "Andrew Simon" AND "DC Legal" |
| Andrew Wagner | |
| Anisree Vellapalath | |
| Anita Kishore | |
| ████████████████ | |
| ██████████████████ | |
| ███████████████ | |
| Anticee Solutions Ltd | "Anticee Solutions" |
| Anubhav Sinha | |
| Apex Fund | "Apex Fund" AND "Godolphin" |
| Arun Kant | "Arun Kant" |
| Astra Management Services | "Astra Management" |
| Aswani Nambarambath | |
| Aswani Valsaraj | |
| Banker Corporation | |
| Beeaar Investco Pte Ltd | "Beeaar" |
| Benchmark Investments LLC | "Benchmark Investments" |
| Bisy Philip Rajendran | |
| Black Hills Solutions | |
| Blaise Pascal Barrelet | "Blaise Barrelet" |
| Bluebell Capital Investments Ltd | "Bluebell Capital Investments" |
| Brett Borgensen | "Brett Borgensen" |
| Brikram Trading | |
| Burton Varley Ltd | "Burton Varley" |
| Byju Raveendran | "Byju R*"; "Byju Raveendran"; "Byju Ravindran" |

### TABLE A
### SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| BYJU's Alpha, Inc | "Byjus Alpha"; "Byju's Alpha"; "Byju Alpha"; "Byjus"; "Byju's" |
| Byju's Global Pte Ltd | "Byju's Global"; "Byjus Global" |
| Byju's Holdings 1 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Holdings 2 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Investments Pte Ltd | "Byju's Investments" |
| Byju's Pte Ltd | "Byju's Private"; "Byju's Pte" |
| BYJU's UK Ltd | "Byju's UK" |
| ███████████████████ | |
| ███████████████████ | |
| Byjus Investments Pvt Ltd | "Byjus Investments" |
| Byju's K3 Education Pvt Ltd | "Byju's K3"; "Byjus K3" |
| Byjus Learning Company FZCO | "Byjus Learning Company"; "Byju's Learning Company" |
| BYJU's S.A. de C.V. | "BYJU's S.A."; "BYJUs S.A." |
| BYJU's Tecnologia Educacional LTDA | "BYJU's Tecnologia Educational"; "BYJUs Tecnologia Educational" |
| Camelback Financial Corp. | |
| ███████████████████ | |
| ███████████████████ | |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Camshaft Capital Advisors LLC | "Camshaft" |
| Camshaft Capital Credit LP | "Camshaft" |
| Camshaft Capital Fund LP | "Camshaft" |
| Camshaft Capital Fund, LP | "Camshaft" |
| Camshaft Capital Management, LLC | "Camshaft Capital" |
| Camshaft Capital Advisors, LLC | "Camshaft" |
| Camshaft Consulting LLC | "Camshaft Consulting" |
| Camshaft CRE 1 LLC | "Camshaft CRE" |
| Camshaft Credit LP | "Camshaft Credit" |
| Camshaft Credit LP SPV 1 | "Camshaft" |
| Camshaft Credit Management LLC | "Camshaft" |
| Camshaft Fund, LP | "Camshaft Fund" |
| Camshaft LLC | "Camshaft" |
| Camshaft LP -- Activist I | "Camshaft" |
| Camshaft LP Short Term Liquid Assets 1 | "Camshaft LP" |
| Camshaft LP SPV 1 | "Camshaft" |
| Camshaft Management , LLC | "Camshaft Management" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Camshaft Management LLC | "Camshaft" |
| Cema Language Solutions Corp | "Cema Language Solutions" |
| Charlotte Mason | "Charlotte Mason" w/10 ("OCI" OR "Aiyo") |
| Chris Rigby | "Chris Rigby" AND "Stenn" |
| ███████████ | |
| Cutting Edge Sports FZ-LLC | "Cutting Edge Sports" |
| Davin Goldsztajn | |
| DC Legal FZ LLC | "DC Legal |
| Deeptha AR | "Deeptha Akhila Raghavan"; "Deeptha Ravindran" |
| Delta Management Services | "Delta Management" |
| Dheeraj Guliani | |
| Digital Aristotle Pvt Ltd | "Digital Aristotle" |
| Divya Gokulnath | "Divya G*"; "Divya Gokulnath" |
| ███████████ | |
| ███████████ | |
| ███████████ | |
| Donald J. Morton | "Donald Morton" |
| Dynaveo Ltd | "Dynaveo" |
| ███████ | |
| ███████ | |
| EF Hutton | "EF Hutton" |
| Enso Group | |
| E-Outlets Limited | "E-Outlets" |
| Epic! Creations Inc | "Epic! Creations"; "Epic Creations" |
| Epsilon, Villa B12, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| Epsilon, Villa B13, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| EST Capital AG | "EST Capital" |
| Ethos Fashion Sro | "Ethos Fashion Sro" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Future Ideas Trading LLC | "Future Ideas Trading" |
| GeoGebra GmbH | "GeoGebra" |
| GL Pte Singapore | |
| Global Lingo (S) Pte Ltd | "Global Lingo" |
| Godolphin Fund | "Godolphin Fund" |
| Gokulnath Kuppuswamy Naidu | "Gokulnath Naidu"; "Gokulnath Kuppuswamy" |
| Golden Mile 3, Palm Jumeriah, Dubai | |
| Gorillahouse Tech Ltd | "Gorillahouse" |
| Great Lakes E-Learning Services Pvt Limited | "Great Lakes Learning"; "Great Lakes E-Learning" |
| Great Learning Education Services Pvt Ltd | "Great Learning Education Services" |
| Greengage Investments Ltd | "Greengage Investments" |
| H Motion Ltd | "H Motion" |
| Harrymax Consultants LLC | "Harrymax Consultants" |
| Haygot Services Pvt Ltd | "Haygot" |
| HDFC Bank Limited | |
| HSBC Singapore | |
| Hydra Enforcement, LP | "Hydra Enforcement" |
| Hydra Global LLC | "Hydra Global" |
| ICC Business Corporation FZ LLC | "ICC Business Corporation" |
| ICICI Bank Limited | |
| IIFL Finance Limited | |
| Incred Financial Services | "Incred Financial" |
| Infiken Internet Labs Pvt Ltd | "Infiken" |
| Innovagro Foods LLP | "Innovagro" |
| Inspilearn Education Pvt Ltd | "Inspilearn" |
| Inspilearn LLC | "Inspilearn" |
| Intap Labs Pvt Ltd | "Intap Labs" |
| Itria Venture S | Itria Venture |
| Jamey Jacob | "Jamey Jacob"; "J Jacob" |
| Jason Perz | "Jason Perz"; "J Perz" |
| Jed Trail, Sevierville, TN 37862 | |
| Jino Joseph | "Jino Joseph"; "Jion Joseph"; "J Joseph"; (in conjunction with "Byju's") |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Jon Naseath | Jonathan Naseath |
| Kamran Asghar | "K Asghar" |
| ███████████████ | |
| Kishore Srinivasan | "Srinivasan Kishore" |
| Kranti Growth Catalysts | "Kranti Growth" |
| Krypton Fund Services | |
| Kunnaruvath Raveendran | "Kunnaruvath Ravindran" |
| Kush Banker | "Kush Rupin Banker" |
| L 33 Lailak 2 Street | ("Emirates Hills" OR "Dubai") AND "L33" AND "LAILAK" |
| Leonie Hill Capital Private Limited | "Leonie Hill Capital" |
| Libra Trading | |
| Madison Properties | |
| Madoc Plantation | |
| Magnela Properties | |
| Malav Banker | |
| Maplewood Trading | |
| Marinemast | |
| Marquise International | |
| Mavrus Properties | |
| Meenakshi Banker | "Banker Meenakshi Rupin"; "Minakshi Banker" |
| ████████████████ | |
| ██████████ | |
| Memphis Global | |
| Merill Tradecom | |
| Michael Lipman | "Michael Lipman"; "M Lipman"; "Mike Lipman" (in conjunction with "Camshaft") |
| Miramac Properties | |
| Mohammad Iqbal Puri | |
| Monique Morley | |
| Montiago General Trading LLC | |
| More Ideas Books Trading LLC | "More Ideas" |
| More Ideas General Trading LLC | "More Ideas"; "BYJUs" AND "MIGT" |
| Morris Properties | |
| Nerissa Infra Projects | |
| Neuron Fuel Inc | "Neuron Fuel" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| No. 206; Green Glen Layout;Bellandur; Bangalore - Ground Floor, Bengaluru, Karnataka, India, 560103 | "Green Glen Layout" "no. 206" W/10 (Bengaluru OR Bangalore) |
| No. 43, Yoganarasimha 14th Main, 15th Cross, HSR Layout, Sector 4, Bengaluru, Karnataka, India, 560102 | "Yoganarasimha 14th Main" ("No 43" w/10 (Bengaluru OR Bangalore)) |
| Northwest Education Pte Ltd | "Northwest Education" |
| OCI Group Ltd | "OCI Group" |
| OCI Limited | "OCI Ltd" |
| OCI Logistics Ltd | "OCI Logistics" |
| OCI Office Ltd | "OCI Office" |
| OCI RESI Ltd | "OCI RESI" |
| Oliver Chapman | ("O Chapman" w/10 "OCI"); "Oliver Philip Chapman" |
| Om Pandey | "Om P Pandey"; "Om Pandey" |
| Orin OCI RB Ltd | "Orin OCI RB" |
| Padam Singhania | |
| Pankaj Srivastava | "Pankaj Srivastava" |
| PP Holdings | |
| Praseeth Pareparambil Sankaramveettil | "Praseeth Sankaramveettil"; "Praseeth Pareparambil Sankaramveettil" |
| Preethi Srivastava | |
| Purplemint Fintech | |
| R Motion Ltd | "R Motion" |
| Rahul Rajendran Vellapalath | |
| Rainbow Ridge Way, Sevierville, TN 37862 | |
| Rajendran Vellapalath | |
| ██████████████████ | |
| ██████████ | |
| Ranjan Pai | |
| Ready Merchantlinks Private Limited | "Ready Merchantlinks"; "Ready Merchantlinks Pvt Ltd"; "Ready Merchantlinks Private Ltd"; "Ready Merchantlinks Pvt Limited" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| ReadyFunds | |
| Red Vinyard Endeavors LLC | Red Vinyard |
| Riju Ravindran | "Riju R*"; "Riju Raveendran"; "Riju Ravindran"; Riju (W/10) Ravindran |
| ███████████████ | |
| Rise International | |
| Rizwana Shaheen Ameer Meea | ("Rizwana Meea" OR "Rizwana Ameer Meea") AND Godolphin |
| Robert Forte | |
| Roisin Chapman | "Roisin Chapman"; "R Chapman" w/10 "OCI") |
| Rose Lake | |
| Royal Fort Infracom General Trading | "Royal Fort Infracom" |
| Rupin Banker | ("R Banker" w/10 "OCI"); "Rupin Hemant Banker"; "Rupin Banker Hemant" ("Rupin Bankar"w/10 "OCI"); ("R Bankar" w/10 "OCI") ("Rupin Hemant Bankar" W/10 "OCI") |
| Sairaj Unnikrishnan | |
| Sandeep Krishnan Narayanaswamy | "Sandeep Krishnan"; "Sandeep Krishna" |
| Sandeep Vellapalath | |
| ████████████████████ | |
| Sean Teeling | "Sean Teeling"; "S Teeling" |
| Secure Capital | |
| Serena Vista LLC | "Serena Vista" |
| Serum Institute | |
| Shaji Puthalath | "Shaji Divakar" |
| Shaman Commodities | |
| Shantanu Prakash | |
| Sharath Kumar | |
| Shenka Ltd | "Shenka" |
| Shobhana Valli Mundani | "Shobhana Raveendran"; "Shobhana Ravindran" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Sindhu Ratna Kul Bhaskar | "Sindhu Bhaskar"; "Dr Sindhu Bhaskar" |
| Skyconsult General Trading LLC | "Skyconsult General Trading" |
| Skywest Trading | |
| Snake River Trust | |
| Sola Fide | |
| Span Thoughtworks Pvt Ltd | "Span Thoughtworks" |
| Specadel Technologies Pvt Ltd | "Specadel" |
| Sreejith Narayanan Kunniyur | |
| Sriharu Marri Sreepathy | "Sriharu Marri Sreepathi" |
| Srisolve IBS Enterprises Private Limited | "Srisolve"; "Innovmania Enterprises" |
| Stallions Investment Management | |
| Stenn Assets UK Limited | "Stenn Assets" |
| Tangible Play Inc | "Tangible Play" |
| Think and Learn | T&L; "Think & Learn"; "Think and Learn" |
| Toppr Technologies Pvt Ltd | "Toppr Technologies" |
| ███████ | |
| ███████ | |
| UAB Capitulus | |
| Venice Land | |
| Vinay Raveendra | |
| Vinay Ravindra | "Vinay Ravindra"; "Vinay Raveendra"; "Vinay Ravindranath" |
| Vinay Ravindranath | |
| Voizzit | |
| Weblength Infonet Pvt Ltd | "Weblength Infonet" |
| Whitehat Education Technology Private Limited | "Whitehat Education Technology" |
| William Cameron Morton | "William Cameron Morton"; "William C Morton"; "William Morton"; "Will Morton"; |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| | "W Cameron Morton"; "Cameron Morton" |
| William Hailer | "Will Hailer"; "W Hailer" |
| ███████████████ | |
| ███████████████ | |
| Wirturbo | "Wirturbo" AND "Andrew Simon"; "Wirturbo" AND "DC Legal" |
| Wondersearch Ltd | "Wondersearch" |
| Yuv Banker | "Yuv Rupin Banker" |
| YWE Business Solutions | |
| █████████ | |
| ████████████ | |
| ███████████ | |
| ██████████ | |
| ██████████ | |
| ██████████ | |
| ███████████ | |
| ████████ | |
| ████████ | |
| ████████████ | |
| ████████ | |
| ████████ | |
| ████████ | |
| ████████ | |
| ████████ | |
| █████████ | |
| 1109 Windmill Properties LLC | "1109 Windmill Properties" |
| 1200 Brickell Avenue, Suite 310 | "1200 Brickell Avenue" w/7 Miami |
| █████ | |
| █████████ | ████████ |
| ██████████ | |
| ███████████ | ████████ |
| ███████ | |
| ████████████ | ████████ |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| ███████████ | ████████ |
| ████████ | |
| 16850 Collins Avenue,#112408, Sunny Isles Beach, Florida 33160 | "16850 Collins Avenue" w/7 Florida |
| 175 SW 7th Street, Miami, FL 33130 | "175 SW 7th Street" W/5 Miami |
| 18555 Collins Ave Ste 5405, Sunny Isles Beach, FL 33160 | |
| ████████ | |
| ████████ | |
| ████████ | ████████ |
| █████████████ | |
| 285 NW 42nd Avenue | |
| █████ | |
| ████████ | |
| █████ | |
| ██████ | |
| ██████ | |
| ██████ | |
| █████████ | |
| █████████ | |
| █████████ | |
| 4/1, 2nd Floor, Tower D, IBC Knowledge Park, Bannerghatta Main Road, Bangalore, Karnataka, India, 560 029 | ("IBC Knowledge Park" and Byju or Byju's) |
| ███████ | |
| ██████████ | |
| ███████ | |
| ███████ | |
| ███████ | |
| ███████ | |
| ████ | |
| ███████ | |
| ██████████ | |
| ████████ | |
| █████ | |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| ███████████ | |
| ██████ | |
| ████████ | |
| █████ | |
| █████ | |
| | |
| 777 Brickell Ave, Floor 5, Miami, FL 33131 | "777 Brickell" w/7 Miami |
| 7777051000013969 | |
| █████ | |
| ███████ | |
| ███████ | |
| ███ | (w/5 Gokulnath) |
| ███ | (w/5 Raveendran) |
| ███ | (w/5 "Ravindran)" |
| ██████ | |
| ██████ | |
| ██████ | |
| ██████ | ███████ |
| ████████ | |
| ████ | |
| 936 SW 1st Avenue, #1086, Miami, FL 33130 | "936 SW 1st Avenue" W/5 Miami |
| 950 Brickell Bay Drive, #5107, Miami, FL 33130 | "950 Brickell Bay Drive" w/7 Miami |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

| FOR THE | District of | DELAWARE |
|---|---|---|

In re      BYJU'S ALPHA, INC.
_____
Debtor

*(Complete if issued in an adversary proceeding)*

BYJU'S ALPHA, INC.,
_____
Plaintiff

v.

CAMSHAFT CAPITAL FUND, LP, et al.
_____
Defendant

Case No.   24-10140 (JTD)

Chapter   11

Adv. Proc. No.   24-50013 (JTD)

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:            U.S. Bank
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | 4/21/2025 5:30 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   3/21/2025
_____

           CLERK OF COURT

                        OR

_____     /s/ Jianjian Ye
    *Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____
   BYJU'S ALPHA, INC.    , who issues or requests this subpoena, are:

Jianjian Ye, 295 Fifth Ave., New York, NY 10016, jianjianye@quinnemanuel.com, 212-849-7573, Jordan Nakdimon

   212-849-7368       **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

          I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction ─ which may include lost earnings and reasonable attorney's fees ─ on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises ─ or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required ─ and also, after a motion is transferred, the issuing court ─ may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.      "**Action**" means the above-captioned adversary proceeding.

2.      "**Communication**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.      "**SWIFT**" means the Society for World Interbank Financial Telecommunication.

4.      "**MT**" ("message text") means the traditional message type for use on the SWIFT network.

5.      "**MX**" means the XML message type for use on the SWIFT network.

6.      "**Electronically Stored Information**" ("ESI") means, without limitation, the following:

     a.   information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

     b.   internal or external websites and other shared spaces;

     c.   output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

     d.   activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, and related media used to move and store data, such as, but not limited to, a personal digital assistant, e.g., Palm Pilot, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e.   archived data, legacy data, and back-up tapes.

7.     "**Document**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure ("**FRCP**") 34(a)(1)(A), made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034. A draft or non-identical copy is a separate document within the meaning of this term per FRCP 34(a)(1)(A) made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034.

8.     When referring to documents, "**to identify**" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

9.     The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

10.    The words "**relating to**" means regarding, relating to, involving, concerning, referring to, describing, evidencing, constituting, relevant to, or in connection with, either directly or indirectly.

11.    "**Byju's Alpha**" means the entity named as Plaintiff in the Action and in whose favor a judgment was entered against Defendants on March 14, 2025, including any agents, predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, and other branches or affiliates, together with all officers, directors, employees, subsidiaries, affiliates, agents, or other person acting (or purporting to act) on behalf of the foregoing.

12.    "**You**" and "**Your**" means the recipient of this subpoena and its officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on its behalf.

13.    "**Person**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14.    "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

15.    The terms defined above and the individual requests for production and inspection are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the FRCP or any applicable laws.

16.    All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the requests for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

17.    These Definitions are provided only for purposes of discovery, in conformance with FRCP 34(a) and Federal Rules of Bankruptcy Procedure 7034, and are not intended to be used for any purpose other than discovery.  Byju's Alpha reserves the right to modify these Definitions or utilize different Definitions for any other purpose.

## RULES OF CONSTRUCTION

The following rules of construction apply to this discovery request:

1.    The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.    The connectives "**and**" and "**or**" shall be construed either disjunctively or

3

conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.  The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.  You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.  A Document or other thing is deemed to be in Your actual or constructive possession, custody or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other 3rd party IT, cloud or other service providers.

3.  Unless otherwise indicated, these requests seek Documents and Communications concerning the time period from April 1, 2021 through present.  If any Document, Communication, or other information is dated outside of the Relevant Time Period but is necessary for a complete understanding of a Document or Communication covered by the requests, such Document outside of the Relevant Time Period shall be produced. If any Document or Communication is undated and the date of its preparation cannot be determined, the Document or Communication shall be produced if otherwise responsive to the requests.

4.  Each Document or other thing requested shall be produced in its entirety along

with all non-identical versions thereof and without abbreviation or redaction. Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced. If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing. For all Documents and other things, any family relationship should be captured and reflected in the production. Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced. A Document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

5.      Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

6.      Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

7.      All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course. All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files. If such metadata is not available, each Document shall

be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document. If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

8.    Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

9.    For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

10.    ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

11.    File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

12.    Documents attached to each other shall not be separated. All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments and enclosures.

13.    If there are no Documents or other things responsive to any particular request, Your response shall state so in writing.

14.    In the event that any Document or other thing called for by these requests is withheld on the basis of a claim or privilege or immunity:

    a.    The person asserting the privilege shall identify the nature of the privilege

6

(including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

b. The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the allegedly privileged information: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

15.     Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

16.     If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with FRCP 34, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034.  If there is an objection to any part of a request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of a request, You must state the basis of Your objections in accordance with FRCP 34.

17.     In the event that any Document or other thing responsive to these requests has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons

authorizing and carrying out such destruction or discard.

18.    Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

19.    Upon request, counsel for Byju's Alpha will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUEST FOR PRODUCTION

1.    All Documents concerning SWIFT messages received or transmitted during the Relevant Time Period through Your SWIFT portal or stored in Your SWIFT database and satisfying the following SWIFT message search criteria:

<u>SWIFT Message Search Criteria</u>:

1)     Transaction date = April 1, 2021 through the date of the search;

2)     SWIFT Message Standard:

    a.  MT Message Type = 101, 102, 102+, 103, 103+, 104, 110, 111, 121, 195, 196, 198, 199, 200, 201, 202, 202 COV, 203, 205, 207, 210, 295, 296, 298, 299, 304, 307, 320, 321, 400, 410, 416, 420, 495, 496, 498, 499, 500, 502, 509, 515, 600, 601, 604, 605, 606, 607, 608, 609, 620, 700, 701, 707, 710, 756, 760, 767, 795, 796, 798, 799; 900, 910, 940, 941, 942, 950, or 986; and/or

    b.  MX Equivalent Type = pain.001, pacs.008, pacs.009cov, pacs.003, pain.008, camt.026, camt.027, camt.033, camt.034, camt.028, camt.031, camt.029, pacs.009, camt.050, camt.057, tsrv.001, tsrv.005, camt.054, camt.053, or camt.052;

3)     Where numerical values are present, MT Message Field 32$n$ or 33$n$ (where $n$ is an optional letter), or MX Equivalent Type Element <IntrBkSttlmAmt>, <IntrBkSttlmDt>, or <InstdAmt>, or any currency amount field = greater than or equal to **1,000**; and

4)     MT Message Field 50$n$, 59$n$, 70$n$, 72, 82$n$, 87$n$, or 95$n$ (where $n$ is an optional letter), or MX Equivalent Type Element <InstdAmt>, <Dbtr>, <Cdtr>, <RmtInf>, <Ustrd>, <Strd>, <ChrgsInf>, <PrvsInstgAgt1>, <PrvsInstgAgt2>, <PrvsInstgAgt3>, <RltdRmtInf>, or any beneficiary, originator, or instruction field, contain any of the SWIFT Search Terms listed in **Table A**, including the variations of the SWIFT Search Terms separated by semicolons in **Table A**, regardless of whether the relevant field contains other text.

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| Term | Variations |
|---|---|
| Aakash Edutech Pvt Ltd | "Aakash Edutech"; "Aakash" and "EDU" |
| Accuvise Administrators Limited | "Accuvise" |
| Ackees Mobile Tech Pvt Ltd | "Ackees Mobile Tech" |
| Adar Poonawalla | |
| ███████████████████ | |
| Airretailer Technology LLC | |
| Aiyo International Limited | "Aiyo International" |
| Ajin Purushothaman | "Ajin Purushothaman" |
| Alexandra Tanya Morton | "Alexandra Morton"; "Alexandra T. Morton" |
| Ananya Srivastava | "Ananya Shree" |
| Andrew Simon | "Andrew Simon" AND "DC Legal" |
| Andrew Wagner | |
| Anisree Vellapalath | |
| Anita Kishore | |
| ████████████████ | |
| ████████████████ | |
| ████████████████ | |
| Anticee Solutions Ltd | "Anticee Solutions" |
| Anubhav Sinha | |
| Apex Fund | "Apex Fund" AND "Godolphin" |
| Arun Kant | "Arun Kant" |
| Astra Management Services | "Astra Management" |
| Aswani Nambarambath | |
| Aswani Valsaraj | |
| Banker Corporation | |
| Beeaar Investco Pte Ltd | "Beeaar" |
| Benchmark Investments LLC | "Benchmark Investments" |
| Bisy Philip Rajendran | |
| Black Hills Solutions | |
| Blaise Pascal Barrelet | "Blaise Barrelet" |
| Bluebell Capital Investments Ltd | "Bluebell Capital Investments" |
| Brett Borgensen | "Brett Borgensen" |
| Brikram Trading | |
| Burton Varley Ltd | "Burton Varley" |
| Byju Raveendran | "Byju R*"; "Byju Raveendran"; "Byju Ravindran" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| BYJU's Alpha, Inc | "Byjus Alpha"; "Byju's Alpha"; "Byju Alpha"; "Byjus"; "Byju's" |
| Byju's Global Pte Ltd | "Byju's Global"; "Byjus Global" |
| Byju's Holdings 1 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Holdings 2 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Investments Pte Ltd | "Byju's Investments" |
| Byju's Pte Ltd | "Byju's Private"; "Byju's Pte" |
| BYJU's UK Ltd | "Byju's UK" |
| ███████████████ | |
| ███████████████ | |
| Byjus Investments Pvt Ltd | "Byjus Investments" |
| Byju's K3 Education Pvt Ltd | "Byju's K3"; "Byjus K3" |
| Byjus Learning Company FZCO | "Byjus Learning Company"; "Byju's Learning Company" |
| BYJU's S.A. de C.V. | "BYJU's S.A."; "BYJUs S.A." |
| BYJU's Tecnologia Educacional LTDA | "BYJU's Tecnologia Educacional"; "BYJUs Tecnologia Educacional" |
| Camelback Financial Corp. | |
| ███████████████ | |
| ███████████████ | |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| Camshaft Capital Advisors LLC | "Camshaft" |
|---|---|
| Camshaft Capital Credit LP | "Camshaft" |
| Camshaft Capital Fund LP | "Camshaft" |
| Camshaft Capital Fund, LP | "Camshaft" |
| Camshaft Capital Management, LLC | "Camshaft Capital" |
| Camshaft Capital Advisors, LLC | "Camshaft" |
| Camshaft Consulting LLC | "Camshaft Consulting" |
| Camshaft CRE 1 LLC | "Camshaft CRE" |
| Camshaft Credit LP | "Camshaft Credit" |
| Camshaft Credit LP SPV 1 | "Camshaft" |
| Camshaft Credit Management LLC | "Camshaft" |
| Camshaft Fund, LP | "Camshaft Fund" |
| Camshaft LLC | "Camshaft" |
| Camshaft LP -- Activist I | "Camshaft" |
| Camshaft LP Short Term Liquid Assets 1 | "Camshaft LP" |
| Camshaft LP SPV 1 | "Camshaft" |
| Camshaft Management , LLC | "Camshaft Management" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Camshaft Management LLC | "Camshaft" |
| Cema Language Solutions Corp | "Cema Language Solutions" |
| Charlotte Mason | "Charlotte Mason" w/10 ("OCI" OR "Aiyo") |
| Chris Rigby | "Chris Rigby" AND "Stenn" |
| ▮▮▮▮▮▮ | |
| Cutting Edge Sports FZ-LLC | "Cutting Edge Sports" |
| Davin Goldsztajn | |
| DC Legal FZ LLC | "DC Legal |
| Deeptha AR | "Deeptha Akhila Raghavan"; "Deeptha Ravindran" |
| Delta Management Services | "Delta Management" |
| Dheeraj Guliani | |
| Digital Aristotle Pvt Ltd | "Digital Aristotle" |
| Divya Gokulnath | "Divya G*"; "Divya Gokulnath" |
| ▮▮▮▮▮▮ | |
| ▮▮▮▮▮▮ | |
| ▮▮▮▮▮▮ | |
| Donald J. Morton | "Donald Morton" |
| Dynaveo Ltd | "Dynaveo" |
| ▮▮▮▮ | |
| ▮▮▮▮ | |
| EF Hutton | "EF Hutton" |
| Enso Group | |
| E-Outlets Limited | "E-Outlets" |
| Epic! Creations Inc | "Epic! Creations"; "Epic Creations" |
| Epsilon, Villa B12, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| Epsilon, Villa B13, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| EST Capital AG | "EST Capital" |
| Ethos Fashion Sro | "Ethos Fashion Sro" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Future Ideas Trading LLC | "Future Ideas Trading" |
| GeoGebra GmbH | "GeoGebra" |
| GL Pte Singapore | |
| Global Lingo (S) Pte Ltd | "Global Lingo" |
| Godolphin Fund | "Godolphin Fund" |
| Gokulnath Kuppuswamy Naidu | "Gokulnath Naidu"; "Gokulnath Kuppuswamy" |
| Golden Mile 3, Palm Jumeriah, Dubai | |
| Gorillahouse Tech Ltd | "Gorillahouse" |
| Great Lakes E-Learning Services Pvt Limited | "Great Lakes Learning"; "Great Lakes E-Learning" |
| Great Learning Education Services Pvt Ltd | "Great Learning Education Services" |
| Greengage Investments Ltd | "Greengage Investments" |
| H Motion Ltd | "H Motion" |
| Harrymax Consultants LLC | "Harrymax Consultants" |
| Haygot Services Pvt Ltd | "Haygot" |
| HDFC Bank Limited | |
| HSBC Singapore | |
| Hydra Enforcement, LP | "Hydra Enforcement" |
| Hydra Global LLC | "Hydra Global" |
| ICC Business Corporation FZ LLC | "ICC Business Corporation" |
| ICICI Bank Limited | |
| IIFL Finance Limited | |
| Incred Financial Services | "Incred Financial" |
| Infiken Internet Labs Pvt Ltd | "Infiken" |
| Innovagro Foods LLP | "Innovagro" |
| Inspilearn Education Pvt Ltd | "Inspilearn" |
| Inspilearn LLC | "Inspilearn" |
| Intap Labs Pvt Ltd | "Intap Labs" |
| Itria Venture S | Itria Venture |
| Jamey Jacob | "Jamey Jacob"; "J Jacob" |
| Jason Perz | "Jason Perz"; "J Perz" |
| Jed Trail, Sevierville, TN 37862 | |
| Jino Joseph | "Jino Joseph"; "Jion Joseph"; "J Joseph"; (in conjunction with "Byju's") |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Jon Naseath | Jonathan Naseath |
| Kamran Asghar | "K Asghar" |
| ███████████████ | |
| Kishore Srinivasan | "Srinivasan Kishore" |
| Kranti Growth Catalysts | "Kranti Growth" |
| Krypton Fund Services | |
| Kunnaruvath Raveendran | "Kunnaruvath Ravindran" |
| Kush Banker | "Kush Rupin Banker" |
| L 33 Lailak 2 Street | ("Emirates Hills" OR "Dubai") AND "L33" AND "LAILAK" |
| Leonie Hill Capital Private Limited | "Leonie Hill Capital" |
| Libra Trading | |
| Madison Properties | |
| Madoc Plantation | |
| Magnela Properties | |
| Malav Banker | |
| Maplewood Trading | |
| Marinemast | |
| Marquise International | |
| Mavrus Properties | |
| Meenakshi Banker | "Banker Meenakshi Rupin"; "Minakshi Banker" |
| █████████████ | |
| █████████████ | |
| Memphis Global | |
| Merill Tradecom | |
| Michael Lipman | "Michael Lipman"; "M Lipman"; "Mike Lipman" (in conjunction with "Camshaft") |
| Miramac Properties | |
| Mohammad Iqbal Puri | |
| Monique Morley | |
| Montiago General Trading LLC | |
| More Ideas Books Trading LLC | "More Ideas" |
| More Ideas General Trading LLC | "More Ideas"; "BYJUs" AND "MIGT" |
| Morris Properties | |
| Nerissa Infra Projects | |
| Neuron Fuel Inc | "Neuron Fuel" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| No. 206; Green Glen Layout;Bellandur; Bangalore - Ground Floor, Bengaluru, Karnataka, India, 560103 | "Green Glen Layout" "no. 206" W/10 (Bengaluru OR Bangalore) |
| No. 43, Yoganarasimha 14th Main, 15th Cross, HSR Layout, Sector 4, Bengaluru, Karnataka, India, 560102 | "Yoganarasimha 14th Main" ("No 43" w/10 (Bengaluru OR Bangalore)) |
| Northwest Education Pte Ltd | "Northwest Education" |
| OCI Group Ltd | "OCI Group" |
| OCI Limited | "OCI Ltd" |
| OCI Logistics Ltd | "OCI Logistics" |
| OCI Office Ltd | "OCI Office" |
| OCI RESI Ltd | "OCI RESI" |
| Oliver Chapman | ("O Chapman" w/10 "OCI"); "Oliver Philip Chapman" |
| Om Pandey | "Om P Pandey"; "Om Pandey" |
| Orin OCI RB Ltd | "Orin OCI RB" |
| Padam Singhania | |
| Pankaj Srivastava | "Pankaj Srivastava" |
| PP Holdings | |
| Praseeth Pareparambil Sankaramveettil | "Praseeth Sankaramveettil"; "Praseeth Pareparambil Sankaramveettil" |
| Preethi Srivastava | |
| Purplemint Fintech | |
| R Motion Ltd | "R Motion" |
| Rahul Rajendran Vellapalath | |
| Rainbow Ridge Way, Sevierville, TN 37862 | |
| Rajendran Vellapalath | |
| ███████████████████████ | |
| █████████████ | |
| Ranjan Pai | |
| Ready Merchantlinks Private Limited | "Ready Merchantlinks"; "Ready Merchantlinks Pvt Ltd"; "Ready Merchantlinks Private Ltd"; "Ready Merchantlinks Pvt Limited" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| ReadyFunds | |
| Red Vinyard Endeavors LLC | Red Vinyard |
| Riju Ravindran | "Riju R*"; "Riju Raveendran"; "Riju Ravindran"; Riju (W/10) Ravindran |
| ████████████ | |
| Rise International | |
| Rizwana Shaheen Ameer Meea | ("Rizwana Meea" OR "Rizwana Ameer Meea") AND Godolphin |
| Robert Forte | |
| Roisin Chapman | "Roisin Chapman"; "R Chapman" w/10 "OCI") |
| Rose Lake | |
| Royal Fort Infracom General Trading | "Royal Fort Infracom" |
| Rupin Banker | ("R Banker" w/10 "OCI"); "Rupin Hemant Banker"; "Rupin Banker Hemant" ("Rupin Bankar"w/10 "OCI"); ("R Bankar" w/10 "OCI") ("Rupin Hemant Bankar" W/10 "OCI") |
| Sairaj Unnikrishnan | |
| Sandeep Krishnan Narayanaswamy | "Sandeep Krishnan"; "Sandeep Krishna" |
| Sandeep Vellapalath | |
| ████████████ | |
| Sean Teeling | "Sean Teeling"; "S Teeling" |
| Secure Capital | |
| Serena Vista LLC | "Serena Vista" |
| Serum Institute | |
| Shaji Puthalath | "Shaji Divakar" |
| Shaman Commodities | |
| Shantanu Prakash | |
| Sharath Kumar | |
| Shenka Ltd | "Shenka" |
| Shobhana Valli Mundani | "Shobhana Raveendran"; "Shobhana Ravindran" |

<u>**TABLE A**</u>
<u>**SWIFT SEARCH TERMS TO BE SEARCHED**</u>

| | |
|---|---|
| Sindhu Ratna Kul Bhaskar | "Sindhu Bhaskar"; "Dr Sindhu Bhaskar" |
| Skyconsult General Trading LLC | "Skyconsult General Trading" |
| Skywest Trading | |
| Snake River Trust | |
| Sola Fide | |
| Span Thoughtworks Pvt Ltd | "Span Thoughtworks" |
| Specadel Technologies Pvt Ltd | "Specadel" |
| Sreejith Narayanan Kunniyur | |
| Sriharu Marri Sreepathy | "Sriharu Marri Sreepathi" |
| Srisolve IBS Enterprises Private Limited | "Srisolve"; "Innovmania Enterprises" |
| Stallions Investment Management | |
| Stenn Assets UK Limited | "Stenn Assets" |
| Tangible Play Inc | "Tangible Play" |
| Think and Learn | T&L; "Think & Learn"; "Think and Learn" |
| Toppr Technologies Pvt Ltd | "Toppr Technologies" |
| ███████████ | |
| ███████ | |
| UAB Capitulus | |
| Venice Land | |
| Vinay Raveendra | |
| Vinay Ravindra | "Vinay Ravindra"; "Vinay Raveendra"; "Vinay Ravindranath" |
| Vinay Ravindranath | |
| Voizzit | |
| Weblength Infonet Pvt Ltd | "Weblength Infonet" |
| Whitehat Education Technology Private Limited | "Whitehat Education Technology" |
| William Cameron Morton | "William Cameron Morton"; "William C Morton"; "William Morton"; "Will Morton"; |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | "W Cameron Morton"; "Cameron Morton" |
|---|---|
| | |
| William Hailer | "Will Hailer"; "W Hailer" |
| ████████████████ | |
| ████████████████ | |
| Wirturbo | "Wirturbo" AND "Andrew Simon"; "Wirturbo" AND "DC Legal" |
| Wondersearch Ltd | "Wondersearch" |
| Yuv Banker | "Yuv Rupin Banker" |
| YWE Business Solutions | |
| ████████ | |
| ████████ | |
| ████████ | |
| ████████ | |
| ████████ | |
| ████████ | |
| ████████ | |
| ████████ | |
| ██████ | |
| ██████ | |
| ████████ | |
| █████ | |
| █████ | |
| ██████ | |
| ██████ | |
| ██████ | |
| ██████ | |
| 1109 Windmill Properties LLC | "1109 Windmill Properties" |
| 1200 Brickell Avenue, Suite 310 | "1200 Brickell Avenue" w/7 Miami |
| █████ | |
| ██████ | ██████ |
| ██████ | █████ |
| ██████ | ██████ |
| █████ | |
| ██████ | ██████ |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| ███████████ | ████████ |
| ███████ | |
| 16850 Collins Avenue,#112408, Sunny Isles Beach, Florida 33160 | "16850 Collins Avenue" w/7 Florida |
| 175 SW 7th Street, Miami, FL 33130 | "175 SW 7th Street" W/5 Miami |
| 18555 Collins Ave Ste 5405, Sunny Isles Beach, FL 33160 | |
| ██████████ | |
| ██████████ | |
| ████████ | █████████ |
| ██████████████ | |
| 285 NW 42nd Avenue | |
| ██████ | |
| ██████████ | |
| ██████ | |
| █████████ | |
| █████████ | |
| █████████ | |
| ███████████ | |
| ███████████ | |
| ███████████ | |
| 4/1, 2nd Floor, Tower D, IBC Knowledge Park, Bannerghatta Main Road, Bangalore, Karnataka, India, 560 029 | ("IBC Knowledge Park" and Byju or Byju's) |
| ██████████ | |
| ███████████████ | |
| █████████ | |
| ██████████ | |
| ██████████ | |
| ██████████ | |
| ██████ | |
| ██████████ | |
| ███████████████ | |
| ██████████ | |
| ██████ | |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| ███████████████ | |
| █████████ | |
| ████████████ | |
| ███████ | |
| ███████ | |
| 777 Brickell Ave, Floor 5, Miami, FL 33131 | "777 Brickell" w/7 Miami |
| ███████████ | |
| ███████ | |
| ████████████ | |
| ██████████ | |
| ████ | ██████ (w/5 Gokulnath) |
| ████ | ██████ (w/5 Raveendran) |
| ████ | ██████ (w/5 "Ravindran)" |
| █████████ | |
| █████████ | |
| █████████ | |
| ████████ | ████████ |
| ████████████ | |
| ██████ | |
| 936 SW 1st Avenue, #1086, Miami, FL 33130 | "936 SW 1st Avenue" W/5 Miami |
| 950 Brickell Bay Drive, #5107, Miami, FL 33130 | "950 Brickell Bay Drive" w/7 Miami |

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

FOR THE _____    District of    DELAWARE

In re    BYJU'S ALPHA, INC.
_____
Debtor

*(Complete if issued in an adversary proceeding)*

BYJU'S ALPHA, INC.,
_____
Plaintiff

v.

CAMSHAFT CAPITAL FUND, LP, et al.
_____
Defendant

Case No.  24-10140 (JTD)

Chapter  11

Adv. Proc. No.  24-50013 (JTD)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:    Wells Fargo Bank, N.A.
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Avenue, New York, NY 10016 | 4/21/2025 5:30 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  3/21/2025
_____

CLERK OF COURT

OR

_____          /s/  Jianjian Ye
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
BYJU'S ALPHA, INC.
_____ , who issues or requests this subpoena, are:

Jianjian Ye, 295 Fifth Ave., New York, NY 10016, jianjianye@quinnemanuel.com, 212-849-7573, Jordan Nakdimon

212-849-7368        **Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## DEFINITIONS

As used herein, the following terms have the meanings indicated below:

1.      "**Action**" means the above-captioned adversary proceeding.

2.      "**Communication**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.      "**SWIFT**" means the Society for World Interbank Financial Telecommunication.

4.      "**MT**" ("message text") means the traditional message type for use on the SWIFT network.

5.      "**MX**" means the XML message type for use on the SWIFT network.

6.      "**Electronically Stored Information**" ("ESI") means, without limitation, the following:

  a.  information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

  b.  internal or external websites and other shared spaces;

  c.  output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, SWIFT database, AOL Instant MessengerTM (or similar programs) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

  d.  activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, and related media used to move and store data, such as, but not limited to, a personal digital assistant, e.g., Palm Pilot, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e. archived data, legacy data, and back-up tapes.

7.    "**Document**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure ("**FRCP**") 34(a)(1)(A), made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034. A draft or non-identical copy is a separate document within the meaning of this term per FRCP 34(a)(1)(A) made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034.

8.    When referring to documents, "**to identify**" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

9.    The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

10.    The words "**relating to**" means regarding, relating to, involving, concerning, referring to, describing, evidencing, constituting, relevant to, or in connection with, either directly or indirectly.

11.    "**Byju's Alpha**" means the entity named as Plaintiff in the Action and in whose favor a judgment was entered against Defendants on March 14, 2025, including any agents, predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, and other branches or affiliates, together with all officers, directors, employees, subsidiaries, affiliates, agents, or other person acting (or purporting to act) on behalf of the foregoing.

12.     "**You**" and "**Your**" means the recipient of this subpoena and its officers, directors, employees, subsidiaries, affiliates, agents, or other persons acting (or purporting to act) on its behalf.

13.     "**Person**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14.     "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

15.     The terms defined above and the individual requests for production and inspection are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the FRCP or any applicable laws.

16.     All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the requests for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

17.     These Definitions are provided only for purposes of discovery, in conformance with FRCP 34(a) and Federal Rules of Bankruptcy Procedure 7034, and are not intended to be used for any purpose other than discovery.  Byju's Alpha reserves the right to modify these Definitions or utilize different Definitions for any other purpose.

## RULES OF CONSTRUCTION

The following rules of construction apply to this discovery request:

1.     The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

2.     The connectives "**and**" and "**or**" shall be construed either disjunctively or

3

conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.       The use of the singular form of any word includes the plural and vice versa.

## **INSTRUCTIONS**

1.       You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody or control, or in the possession, custody or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their control.

2.       A Document or other thing is deemed to be in Your actual or constructive possession, custody or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order or otherwise, to use inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other 3rd party IT, cloud or other service providers.

3.       Unless otherwise indicated, these requests seek Documents and Communications concerning the time period from April 1, 2021 through present.  If any Document, Communication, or other information is dated outside of the Relevant Time Period but is necessary for a complete understanding of a Document or Communication covered by the requests, such Document outside of the Relevant Time Period shall be produced. If any Document or Communication is undated and the date of its preparation cannot be determined, the Document or Communication shall be produced if otherwise responsive to the requests.

4.       Each Document or other thing requested shall be produced in its entirety along

with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of any Document is responsive to any request in this subpoena, the entire Document is to be produced.  A Document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

5.    Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

6.    Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

7.    All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course.  All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files. If such metadata is not available, each Document shall

be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document.  If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

8.    Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

9.    For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

10.    ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

11.    File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

12.    Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments and enclosures.

13.    If there are no Documents or other things responsive to any particular request, Your response shall state so in writing.

14.    In the event that any Document or other thing called for by these requests is withheld on the basis of a claim or privilege or immunity:

   a.    The person asserting the privilege shall identify the nature of the privilege

(including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

b. The following information shall be provided in the objection unless divulgence of such information would cause disclosure of the allegedly privileged information: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

15.    Any purportedly privileged Document or other thing containing non-privileged material must be produced, redacting only the portion purportedly privileged.

16.    If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated in accordance with FRCP 34, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7034.  If there is an objection to any part of a request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced.  Further, if You object to part of a request, You must state the basis of Your objections in accordance with FRCP 34.

17.    In the event that any Document or other thing responsive to these requests has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons

7

authorizing and carrying out such destruction or discard.

18.      Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

19.      Upon request, counsel for Byju's Alpha will provide to You an electronic copy of this subpoena in Microsoft Word document file format to facilitate Your answering the request below.

## REQUEST FOR PRODUCTION

1.   All Documents concerning SWIFT messages received or transmitted during the Relevant Time Period through Your SWIFT portal or stored in Your SWIFT database and satisfying the following SWIFT message search criteria:

SWIFT Message Search Criteria:

1)   Transaction date = April 1, 2021 through the date of the search;

2)   SWIFT Message Standard:

   a.  MT Message Type = 101, 102, 102+, 103, 103+, 104, 110, 111, 121, 195, 196, 198, 199, 200, 201, 202, 202 COV, 203, 205, 207, 210, 295, 296, 298, 299, 304, 307, 320, 321, 400, 410, 416, 420, 495, 496, 498, 499, 500, 502, 509, 515, 600, 601, 604, 605, 606, 607, 608, 609, 620, 700, 701, 707, 710, 756, 760, 767, 795, 796, 798, 799; 900, 910, 940, 941, 942, 950, or 986; and/or

   b.  MX Equivalent Type = pain.001, pacs.008, pacs.009cov, pacs.003, pain.008, camt.026, camt.027, camt.033, camt.034, camt.028, camt.031, camt.029, pacs.009, camt.050, camt.057, tsrv.001, tsrv.005, camt.054, camt.053, or camt.052;

3)   Where numerical values are present, MT Message Field $32n$ or $33n$ (where $n$ is an optional letter), or MX Equivalent Type Element <IntrBkSttlmAmt>, <IntrBkSttlmDt>, or <InstdAmt>, or any currency amount field = greater than or equal to **1,000**; and

4)   MT Message Field $50n$, $59n$, $70n$, 72, $82n$, $87n$, or $95n$ (where $n$ is an optional letter), or MX Equivalent Type Element <InstdAmt>, <Dbtr>, <Cdtr>, <RmtInf>, <Ustrd>, <Strd>, <ChrgsInf>, <PrvsInstgAgt1>, <PrvsInstgAgt2>, <PrvsInstgAgt3>, <RltdRmtInf>, or any beneficiary, originator, or instruction field, contain any of the SWIFT Search Terms listed in **Table A**, including the variations of the SWIFT Search Terms separated by semicolons in **Table A**, regardless of whether the relevant field contains other text.

9

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| Term | Variations |
|------|------------|
| Aakash Edutech Pvt Ltd | "Aakash Edutech"; "Aakash" and "EDU" |
| Accuvise Administrators Limited | "Accuvise" |
| Ackees Mobile Tech Pvt Ltd | "Ackees Mobile Tech" |
| Adar Poonawalla | |
| ██████████████████ | |
| Airretailer Technology LLC | |
| Aiyo International Limited | "Aiyo International" |
| Ajin Purushothaman | "Ajin Purushothaman" |
| Alexandra Tanya Morton | "Alexandra Morton"; "Alexandra T. Morton" |
| Ananya Srivastava | "Ananya Shree" |
| Andrew Simon | "Andrew Simon" AND "DC Legal" |
| Andrew Wagner | |
| Anisree Vellapalath | |
| Anita Kishore | |
| ██████████████ | |
| ████████████████ | |
| █████████████ | |
| Anticee Solutions Ltd | "Anticee Solutions" |
| Anubhav Sinha | |
| Apex Fund | "Apex Fund" AND "Godolphin" |
| Arun Kant | "Arun Kant" |
| Astra Management Services | "Astra Management" |
| Aswani Nambarambath | |
| Aswani Valsaraj | |
| Banker Corporation | |
| Beeaar Investco Pte Ltd | "Beeaar" |
| Benchmark Investments LLC | "Benchmark Investments" |
| Bisy Philip Rajendran | |
| Black Hills Solutions | |
| Blaise Pascal Barrelet | "Blaise Barrelet" |
| Bluebell Capital Investments Ltd | "Bluebell Capital Investments" |
| Brett Borgensen | "Brett Borgensen" |
| Brikram Trading | |
| Burton Varley Ltd | "Burton Varley" |
| Byju Raveendran | "Byju R*"; "Byju Raveendran"; "Byju Ravindran" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| BYJU's Alpha, Inc | "Byjus Alpha"; "Byju's Alpha"; "Byju Alpha"; "Byjus"; "Byju's" |
| Byju's Global Pte Ltd | "Byju's Global"; "Byjus Global" |
| Byju's Holdings 1 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Holdings 2 Pte Ltd | "Byju's Holdings"; "Byjus Holdings" |
| Byju's Investments Pte Ltd | "Byju's Investments" |
| Byju's Pte Ltd | "Byju's Private"; "Byju's Pte" |
| BYJU's UK Ltd | "Byju's UK" |
| ███████████████ | |
| ███████████████ | |
| Byjus Investments Pvt Ltd | "Byjus Investments" |
| Byju's K3 Education Pvt Ltd | "Byju's K3"; "Byjus K3" |
| Byjus Learning Company FZCO | "Byjus Learning Company"; "Byju's Learning Company" |
| BYJU's S.A. de C.V. | "BYJU's S.A."; "BYJUs S.A." |
| BYJU's Tecnologia Educacional LTDA | "BYJU's Tecnologia Educacional"; "BYJUs Technologia Educational" |
| Camelback Financial Corp. | |
| ███████████████ | |
| ███████████████ | |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Camshaft Capital Advisors LLC | "Camshaft" |
| Camshaft Capital Credit LP | "Camshaft" |
| Camshaft Capital Fund LP | "Camshaft" |
| Camshaft Capital Fund, LP | "Camshaft" |
| Camshaft Capital Management, LLC | "Camshaft Capital" |
| Camshaft Capital Advisors, LLC | "Camshaft" |
| Camshaft Consulting LLC | "Camshaft Consulting" |
| Camshaft CRE 1 LLC | "Camshaft CRE" |
| Camshaft Credit LP | "Camshaft Credit" |
| Camshaft Credit LP SPV 1 | "Camshaft" |
| Camshaft Credit Management LLC | "Camshaft" |
| Camshaft Fund, LP | "Camshaft Fund" |
| Camshaft LLC | "Camshaft" |
| Camshaft LP -- Activist I | "Camshaft" |
| Camshaft LP Short Term Liquid Assets 1 | "Camshaft LP" |
| Camshaft LP SPV 1 | "Camshaft" |
| Camshaft Management , LLC | "Camshaft Management" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Camshaft Management LLC | "Camshaft" |
| Cema Language Solutions Corp | "Cema Language Solutions" |
| Charlotte Mason | "Charlotte Mason" w/10 ("OCI" OR "Aiyo") |
| Chris Rigby | "Chris Rigby" AND "Stenn" |
| ██████████████ | |
| Cutting Edge Sports FZ-LLC | "Cutting Edge Sports" |
| Davin Goldsztajn | |
| DC Legal FZ LLC | "DC Legal |
| Deeptha AR | "Deeptha Akhila Raghavan"; "Deeptha Ravindran" |
| Delta Management Services | "Delta Management" |
| Dheeraj Guliani | |
| Digital Aristotle Pvt Ltd | "Digital Aristotle" |
| Divya Gokulnath | "Divya G*"; "Divya Gokulnath" |
| ████████████ | |
| ██████████████ | |
| ██████████████ | |
| Donald J. Morton | "Donald Morton" |
| Dynaveo Ltd | "Dynaveo" |
| █████████ | |
| █████████ | |
| EF Hutton | "EF Hutton" |
| Enso Group | |
| E-Outlets Limited | "E-Outlets" |
| Epic! Creations Inc | "Epic! Creations"; "Epic Creations" |
| Epsilon, Villa B12, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| Epsilon, Villa B13, Yemlur village, Varthur hobli, Bangalore, Kartnataka, India, 560037 | Epsilon w/10 (Bengaluru OR Bangalore) |
| EST Capital AG | "EST Capital" |
| Ethos Fashion Sro | "Ethos Fashion Sro" |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| Future Ideas Trading LLC | "Future Ideas Trading" |
| GeoGebra GmbH | "GeoGebra" |
| GL Pte Singapore | |
| Global Lingo (S) Pte Ltd | "Global Lingo" |
| Godolphin Fund | "Godolphin Fund" |
| Gokulnath Kuppuswamy Naidu | "Gokulnath Naidu"; "Gokulnath Kuppuswamy" |
| Golden Mile 3, Palm Jumeriah, Dubai | |
| Gorillahouse Tech Ltd | "Gorillahouse" |
| Great Lakes E-Learning Services Pvt Limited | "Great Lakes Learning"; "Great Lakes E-Learning" |
| Great Learning Education Services Pvt Ltd | "Great Learning Education Services" |
| Greengage Investments Ltd | "Greengage Investments" |
| H Motion Ltd | "H Motion" |
| Harrymax Consultants LLC | "Harrymax Consultants" |
| Haygot Services Pvt Ltd | "Haygot" |
| HDFC Bank Limited | |
| HSBC Singapore | |
| Hydra Enforcement, LP | "Hydra Enforcement" |
| Hydra Global LLC | "Hydra Global" |
| ICC Business Corporation FZ LLC | "ICC Business Corporation" |
| ICICI Bank Limited | |
| IIFL Finance Limited | |
| Incred Financial Services | "Incred Financial" |
| Infiken Internet Labs Pvt Ltd | "Infiken" |
| Innovagro Foods LLP | "Innovagro" |
| Inspilearn Education Pvt Ltd | "Inspilearn" |
| Inspilearn LLC | "Inspilearn" |
| Intap Labs Pvt Ltd | "Intap Labs" |
| Itria Venture S | Itria Venture |
| Jamey Jacob | "Jamey Jacob"; "J Jacob" |
| Jason Perz | "Jason Perz"; "J Perz" |
| Jed Trail, Sevierville, TN 37862 | |
| Jino Joseph | "Jino Joseph"; "Jion Joseph"; "J Joseph"; (in conjunction with "Byju's") |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Jon Naseath | Jonathan Naseath |
| Kamran Asghar | "K Asghar" |
| ████████████ | |
| Kishore Srinivasan | "Srinivasan Kishore" |
| Kranti Growth Catalysts | "Kranti Growth" |
| Krypton Fund Services | |
| Kunnaruvath Raveendran | "Kunnaruvath Ravindran" |
| Kush Banker | "Kush Rupin Banker" |
| L 33 Lailak 2 Street | ("Emirates Hills" OR "Dubai") AND "L33" AND "LAILAK" |
| Leonie Hill Capital Private Limited | "Leonie Hill Capital" |
| Libra Trading | |
| Madison Properties | |
| Madoc Plantation | |
| Magnela Properties | |
| Malav Banker | |
| Maplewood Trading | |
| Marinemast | |
| Marquise International | |
| Mavrus Properties | |
| Meenakshi Banker | "Banker Meenakshi Rupin"; "Minakshi Banker" |
| ████████████ | |
| ████████████ | |
| Memphis Global | |
| Merill Tradecom | |
| Michael Lipman | "Michael Lipman"; "M Lipman"; "Mike Lipman" (in conjunction with "Camshaft") |
| Miramac Properties | |
| Mohammad Iqbal Puri | |
| Monique Morley | |
| Montiago General Trading LLC | |
| More Ideas Books Trading LLC | "More Ideas" |
| More Ideas General Trading LLC | "More Ideas"; "BYJUs" AND "MIGT" |
| Morris Properties | |
| Nerissa Infra Projects | |
| Neuron Fuel Inc | "Neuron Fuel" |

<u>**TABLE A**</u>
<u>**SWIFT SEARCH TERMS TO BE SEARCHED**</u>

| | |
|---|---|
| No. 206; Green Glen Layout;Bellandur; Bangalore - Ground Floor, Bengaluru, Karnataka, India, 560103 | "Green Glen Layout" "no. 206" W/10 (Bengaluru OR Bangalore) |
| No. 43, Yoganarasimha 14th Main, 15th Cross, HSR Layout, Sector 4, Bengaluru, Karnataka, India, 560102 | "Yoganarasimha 14th Main" ("No 43" w/10 (Bengaluru OR Bangalore)) |
| Northwest Education Pte Ltd | "Northwest Education" |
| OCI Group Ltd | "OCI Group" |
| OCI Limited | "OCI Ltd" |
| OCI Logistics Ltd | "OCI Logistics" |
| OCI Office Ltd | "OCI Office" |
| OCI RESI Ltd | "OCI RESI" |
| Oliver Chapman | ("O Chapman" w/10 "OCI"); "Oliver Philip Chapman" |
| Om Pandey | "Om P Pandey"; "Om Pandey" |
| Orin OCI RB Ltd | "Orin OCI RB" |
| Padam Singhania | |
| Pankaj Srivastava | "Pankaj Srivastava" |
| PP Holdings | |
| Praseeth Pareparambil Sankaramveettil | "Praseeth Sankaramveettil"; "Praseeth Pareparambil Sankaramveettil" |
| Preethi Srivastava | |
| Purplemint Fintech | |
| R Motion Ltd | "R Motion" |
| Rahul Rajendran Vellapalath | |
| Rainbow Ridge Way, Sevierville, TN 37862 | |
| Rajendran Vellapalath | |
| ████████████████████ | |
| ████████████ | |
| Ranjan Pai | |
| Ready Merchantlinks Private Limited | "Ready Merchantlinks"; "Ready Merchantlinks Pvt Ltd"; "Ready Merchantlinks Private Ltd"; "Ready Merchantlinks Pvt Limited" |

<u>**TABLE A**</u>
<u>**SWIFT SEARCH TERMS TO BE SEARCHED**</u>

| | |
|---|---|
| ReadyFunds | |
| Red Vinyard Endeavors LLC | Red Vinyard |
| Riju Ravindran | "Riju R*"; "Riju Raveendran"; "Riju Ravindran"; Riju (W/10) Ravindran |
| ███████████ | |
| Rise International | |
| Rizwana Shaheen Ameer Meea | ("Rizwana Meea" OR "Rizwana Ameer Meea") AND Godolphin |
| Robert Forte | |
| Roisin Chapman | "Roisin Chapman"; "R Chapman" w/10 "OCI") |
| Rose Lake | |
| Royal Fort Infracom General Trading | "Royal Fort Infracom" |
| Rupin Banker | ("R Banker" w/10 "OCI"); "Rupin Hemant Banker"; "Rupin Banker Hemant" ("Rupin Bankar"w/10 "OCI"); ("R Bankar" w/10 "OCI") ("Rupin Hemant Bankar" W/10 "OCI") |
| Sairaj Unnikrishnan | |
| Sandeep Krishnan Narayanaswamy | "Sandeep Krishnan"; "Sandeep Krishna" |
| Sandeep Vellapalath | |
| ███████████ | |
| ███████████ | |
| Sean Teeling | "Sean Teeling"; "S Teeling" |
| Secure Capital | |
| Serena Vista LLC | "Serena Vista" |
| Serum Institute | |
| Shaji Puthalath | "Shaji Divakar" |
| Shaman Commodities | |
| Shantanu Prakash | |
| Sharath Kumar | |
| Shenka Ltd | "Shenka" |
| Shobhana Valli Mundani | "Shobhana Raveendran"; "Shobhana Ravindran" |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| Sindhu Ratna Kul Bhaskar | "Sindhu Bhaskar"; "Dr Sindhu Bhaskar" |
| Skyconsult General Trading LLC | "Skyconsult General Trading" |
| Skywest Trading | |
| Snake River Trust | |
| Sola Fide | |
| Span Thoughtworks Pvt Ltd | "Span Thoughtworks" |
| Specadel Technologies Pvt Ltd | "Specadel" |
| Sreejith Narayanan Kunniyur | |
| Sriharu Marri Sreepathy | "Sriharu Marri Sreepathi" |
| Srisolve IBS Enterprises Private Limited | "Srisolve"; "Innovmania Enterprises" |
| Stallions Investment Management | |
| Stenn Assets UK Limited | "Stenn Assets" |
| Tangible Play Inc | "Tangible Play" |
| Think and Learn | T&L; "Think & Learn"; "Think and Learn" |
| Toppr Technologies Pvt Ltd | "Toppr Technologies" |
| ████████ | |
| ████████ | |
| UAB Capitulus | |
| Venice Land | |
| Vinay Raveendra | |
| Vinay Ravindra | "Vinay Ravindra"; "Vinay Raveendra"; "Vinay Ravindranath" |
| Vinay Ravindranath | |
| Voizzit | |
| Weblength Infonet Pvt Ltd | "Weblength Infonet" |
| Whitehat Education Technology Private Limited | "Whitehat Education Technology" |
| William Cameron Morton | "William Cameron Morton"; "William C Morton"; "William Morton"; "Will Morton"; |

**TABLE A**
**SWIFT SEARCH TERMS TO BE SEARCHED**

| | |
|---|---|
| | "W Cameron Morton"; "Cameron Morton" |
| William Hailer | "Will Hailer"; "W Hailer" |
| ███████████████████ | |
| ███████████████ | |
| Wirturbo | "Wirturbo" AND "Andrew Simon"; "Wirturbo" AND "DC Legal" |
| Wondersearch Ltd | "Wondersearch" |
| Yuv Banker | "Yuv Rupin Banker" |
| YWE Business Solutions | |
| ██████████ | |
| ██████████ | |
| █████████████ | |
| ██████████ | |
| ██████████ | |
| █████████████ | |
| █████████████ | |
| █████████████ | |
| ████████ | |
| ████████ | |
| █████████████ | |
| ████████ | |
| ████████ | |
| ████████ | |
| ████████ | |
| ████████ | |
| ████████ | |
| 1109 Windmill Properties LLC | "1109 Windmill Properties" |
| 1200 Brickell Avenue, Suite 310 | "1200 Brickell Avenue" w/7 Miami |
| ██████ | |
| █████████ | ████████ |
| ██████████ | ████████ |
| █████████████ | ████████ |
| ██████ | |
| █████████ | ████████ |

## TABLE A
## SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| ███████████ | ███████████ |
| ███████ | |
| 16850 Collins Avenue,#112408, Sunny Isles Beach, Florida 33160 | "16850 Collins Avenue" w/7 Florida |
| 175 SW 7th Street, Miami, FL 33130 | "175 SW 7th Street" W/5 Miami |
| 18555 Collins Ave Ste 5405, Sunny Isles Beach, FL 33160 | |
| ██████████ | |
| ██████████ | |
| ████████ | ██████████ |
| █████████████ | |
| 285 NW 42nd Avenue | |
| █████ | |
| █████████ | |
| █████ | |
| ████████ | |
| ████████ | |
| ████████ | |
| ██████████ | |
| ██████████ | |
| ██████████ | |
| 4/1, 2nd Floor, Tower D, IBC Knowledge Park, Bannerghatta Main Road, Bangalore, Karnataka, India, 560 029 | ("IBC Knowledge Park" and Byju or Byju's) |
| █████████ | |
| █████████████ | |
| █████████ | |
| █████████ | |
| █████████ | |
| █████████ | |
| ████ | |
| █████████ | |
| ████████████ | |
| █████████ | |
| ██████ | |

### TABLE A
### SWIFT SEARCH TERMS TO BE SEARCHED

| | |
|---|---|
| ███████████ | |
| █████ | |
| ██████████ | |
| ████ | |
| ████ | |
| 777 Brickell Ave, Floor 5, Miami, FL 33131 | "777 Brickell" w/7 Miami |
| █████████ | |
| ████ | |
| █████████ | |
| █████████ | |
| ██ | ████ (w/5 Gokulnath) |
| ██ | ████ (w/5 Raveendran) |
| ██ | ████ (w/5 "Ravindran)" |
| █████ | |
| █████ | |
| ██████ | |
| █████ | ██████ |
| ██████████ | |
| █████ | |
| 936 SW 1st Avenue, #1086, Miami, FL 33130 | "936 SW 1st Avenue" W/5 Miami |
| 950 Brickell Bay Drive, #5107, Miami, FL 33130 | "950 Brickell Bay Drive" w/7 Miami |