# Exhibit F

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BYJU'S ALPHA, INC.,[1]<br><br>Debtor,<br><br>BYJU'S ALPHA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CAMSHAFT CAPITAL FUND, LP, CAMSHAFT CAPITAL ADVISORS, LLC, CAMSHAFT CAPITAL MANAGEMENT, LLC, RIJU RAVINDRAN, INSPILEARN LLC, AND THINK AND LEARN PRIVATE LIMITED,<br><br>Defendants. | Chapter 11<br><br>Case No. 24-10140 (BLS)<br><br>Adv. Pro. Case No. 24-50013 (BLS) |

**DEBTOR/JUDGMENT CREDITOR'S DISCOVERY REQUESTS TO DEFENDANTS/JUDGMENT DEBTORS CAMSHAFT CAPITAL FUND, LP, CAMSHAFT CAPITAL ADVISORS, AND CAMSHAFT CAPITAL MANAGEMENT, LLC**

Pursuant to Rules 26, 33, 34, and 69 of the Federal Rules of Civil Procedure ("**FRCP**"), as made applicable herein by Federal Rules of Bankruptcy Procedure ("**FRBP**") 7026, 7033, 7034, and 7069, Debtor/Judgment Creditor BYJU's Alpha, Inc. (the "**Debtor**") hereby requests that Defendants/Judgment Debtors Camshaft Capital Fund, LP, Camshaft Capital Advisors, and Camshaft Capital Management, LLC, Procedure ("**FRBP**") each separately respond to the

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 Case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

33041326.1

12013-00001/15736073.2

following Interrogatories and Requests for Production of Documents ("**Requests**"). These Interrogatories and Requests are being made in aid of the enforcement of the money judgment entered by the Court in the above-captioned matter on March 14, 2025 (Dkt. 388). All documents and things responsive to the Requests should be produced to the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 295 Fifth Avenue, New York, NY 10016 or at a location agreed to by the parties, on or by May 2, 2025 at 5:00 P.M. (ET). A written response to the Requests on or by May 2, 2025 is also required pursuant to Rule 34(b)(2)(A) of the FRCP, as made applicable by FRBP 7034. The Interrogatories are to be answered in writing and under oath within 30 days of service.

## DEFINITIONS

1. "**Affiliate**" means with respect to any person or entity, any other person or entity that directly or indirectly, is controlled or is under common control with, another entity, in each case where the term "control" means possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of an entity, whether through ownership of voting interests, by contract interest, or otherwise.

2. "**Agent**" or "**Agents**" means any agent, employee, attorney, officer, director, independent contractor, or any other Person acting at the direction of or on behalf of another.

3. "**Camshaft Entity**" or "**Camshaft Entities**" means Camshaft Capital Fund, LP; Camshaft Capital Advisors, LLC; Camshaft Capital Management, LLC; Camshaft CRE 1 LLC; Camshaft LLC; Camshaft Consulting LLC; Red Vinyard Endeavors LLC; Windmill Properties LLC; Serena Vista, LLC; Hydra Enforcement, LP; and Camshaft, LP; -- Activist I, Camelback Financial Corp, Sola Fide, Camshaft Capital Fund, LP, Camshaft Capital Credit, LP; Camshaft Credit, LP; Camshaft, LP Short Term Liquid Assets 1, Camshaft, LP SPV 1, Camshaft Credit, LP

33041326.1

2

SPV 1, Camshaft Management, LLC; Camshaft Credit Management, LLC; and William Cameron Morton. For any of the above that are not natural persons, the definition of includes: (a) any of their parents (and their parents, continued up the chain of ownership until the level of ownership by non-corporate Persons); (b) subsidiaries (and their subsidiaries, continued until the end of the chain of subsidiary ownership); and (c) Affiliates.

4. "**Communication**" or "**Communications**" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5. "**Concerning**" means relating to, referring to, describing, evidencing or constituting.

6. "**Document**" or "**Documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in FRCP 34(a)(1)(A), as made applicable herein by FRBP 7034 and 7069. A draft or non-identical copy is a separate document within the meaning of this term.

7. "**Electronically Stored Information**" ("**ESI**") means, without limitation, the following:

   a. information that is generated, received, processed, recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

   b. internal or external websites and other shared spaces;

   c. output resulting from the use of any software program, database, or other system, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, AOL Instant MessengerTM (or similar programs) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

33041326.1

3

    d. activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, and related media used to move and store data, such as, but not limited to, a personal digital assistant, e.g., Palm Pilot, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein; and

    e. archived data, legacy data, and back-up tapes.

    8. "**Identify**;" when referring to a Person, "to identify" means to give, to the extent known, the Person's full name, present or last known address, and when referring to a natural Person, additionally, the present or last known place of employment.  Once a Person has been identified in accordance with this subparagraph, only the name of that Person need be listed in response to subsequent discovery requesting the identification of that Person.  When referring to Documents, "to identify" means to give, to the extent known, the: (i) type of Document; (ii) general subject matter; (iii) date of the Document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the Documents, together with identifying information sufficient to satisfy FRCP 33(d).

    9. "**Own**" or "**Owned**" means to have ownership of an interest in something and shall include all types of ownership, including legal, beneficial, of record, direct, indirect, whole, partial, sole, and joint ownership, including without limitation as a general partner, limited partner, limited liability member, fiduciary, equity or debt holder, and demand deposit holder.

    10. "**Person**" or "**Persons**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

    11. "**Property**" means any and all things that may be Owned and the rights thereto, including, but not limited to, real property, personal property, intellectual property, intangible property, goods, financial and bank accounts, debts (whether or not due and owing), letters of credit, trade receivables, accounts receivable, contract rights, machinery, vehicles and

33041326.1

4

transportation equipment, raw materials and inventory, manufacturing facilities, solar generation facilities, photovoltaic module inventory, financial assets, securities, equity in subsidiaries, commodities, digital assets, and environmental and energy credits.

12. "**Relevant Time Period**" means the time period between April 1, 2021, and the date that You respond to these Interrogatories and Requests.

13. "**You**" or "**Your**" means Camshaft Capital Fund, LP, Camshaft Capital Advisors, or Camshaft Capital Management, LLC.

14. All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make more information be covered by the Interrogatory or request should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the information from the scope of the Request or Interrogatory.

## RULES OF CONSTRUCTION

The following rules of construction apply to these Interrogatories and Requests:

15. The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

16. The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory or Request all responses that might otherwise be construed to be outside of its scope.  The use of the singular form of any word includes the plural and vice versa.

# POST-JUDGMENT INTERROGATORIES

## INSTRUCTIONS

1. These Interrogatories must be answered fully unless You object in good faith. If You do object, You must state in detail the reasons for Your objection(s). If an objection pertains only to a portion of an Interrogatory, or a word, phrase or clause contained within it, You are required to state Your objection to that portion only and to respond to the remainder of the Interrogatory using Your best efforts.

2. These Interrogatories call for the production of responsive information in Your possession, custody, or control, including but not limited to any of Your current or former employees, Agents, attorneys, or other persons acting or purporting to act on Your behalf, regardless of location.

3. If You cannot answer any of these Interrogatories after exercising due diligence to secure the information necessary to do so: (i) answer to the extent possible; (ii) state the basis for Your inability to answer the remainder; (iii) state whatever information or knowledge You have concerning the unanswered portion; and (iv) specify the type of information that You contend is not available, the reason that the information is not available to You, and what You have done to locate such information.

4. In the event that any answer to these Interrogatories is withheld on the basis of a claim of privilege, You must follow the applicable procedures and guidelines outlined in FRCP 26(b)(5), as made applicable herein by FRBP 7026 and 7069.

5. If You object to the scope or breadth of an Interrogatory, answer the portion of the Interrogatory that You can answer notwithstanding Your objection.

6. If You answer an Interrogatory by reference to Documents from which the answer may be derived or ascertained, You are requested to: (i) identify the production numbers of the

33041326.1

6

Documents from which the answer may be derived or ascertained; (ii) produce to Plaintiffs any such Document that has not been produced to date; and (iii) describe in detail how to derive or ascertain the answer from the Document.

7. These Interrogatories are continuing in nature and Your responses to them are to be promptly supplemented or amended if, after the time of Your initial response, You learn that Your responses are or have become in some material respect incomplete or incorrect, to the full extent provided for by the FRCP, as made applicable herein by the FRBP.

8. Each Interrogatory is independent. No Interrogatory limits the scope of any other Interrogatory.

9. Unless otherwise stated in a specific Interrogatory, these Interrogatories seek responsive information relating to the Relevant Time Period.

**INTERROGATORY NO. 1**

Identify all Persons designated, whether formally or informally, as Your Agent. For each such Person Identified, further Identify: (i) the Agent's current phone number(s); (ii) the Agent's current email address(es); (iii) the type of agency relationship; (iv) any documentation defining the relationship; and (v) the tasks performed by the Agent.

**INTERROGATORY NO. 2**

Identify any Property Owned, held, controlled, sold, or purchased by You on behalf of or as an Agent for any of the other Camshaft Entities, or vice versa. For each Property Identified, further Identify: (i) the address; (ii) the type of Property; (iii) the Camshaft Entity or Entities involved; and (iv) the current Property value and basis for such valuation.

**INTERROGATORY NO. 3**

Identify any transactions, contract negotiations or executions, financing, or other business conducted by, through, or in conjunction with any of the Camshaft Entities on behalf of or as an Agent for You, or vice versa. For each one Identified, further Identify: (i) the parties involved, including those for which You were acting as an Agent/those acting as Your Agent; (ii) the dates of such transaction or negotiation; (iii) the nature of the transactions or negotiations; (iv) their outcome(s); and (v) any assets or expected payments arising out of the transactions or negotiations.

**INTERROGATORY NO. 4**

Identify any judicial or administrative decisions that have held You responsible for obligations of any of the other Camshaft Entities, or vice versa, including but not limited to judgments based on theories of agency or alter ego. For each decision Identified, further Identify: (i) the court, tribunal, or other judicial entity; (ii) the date of issuance; (iii) the Person responsible for Your obligations or vice versa; (iv) any other parties involved, including co-defendants or co-respondents; and (v) whether the decision is subject to appeal.

**INTERROGATORY NO. 5**

Identify the role You have in reviewing, negotiating, approving, guaranteeing, and/or paying obligations of any other Camshaft Entities, and vice versa.

**INTERROGATORY NO. 6**

Identify any payments to, from, or among You and each of the other Camshaft Entities, including the circumstances in which You are responsible for obligations of any other Camshaft Entities, and vice versa, during the Relevant Time Period. For each payment Identified, further Identify: (i) the date; (ii) the transferor entity; (iii) the transferee entity; (iv) the size of the transfer; and (v) the purpose of the transfer.

33041326.1

8

**INTERROGATORY NO. 7**

Identify all of Your Affiliates. For each Identified, further Identify: (i) the address of the Affiliate's primary place of business; (ii) Your ownership interest; and (iii) any other Person(s) with an ownership interest and their respective percentage share(s).

**INTERROGATORY NO. 8**

Identify the structure of and among You and the Camshaft Entities, including (for each Camshaft Entity that is not a natural person) each entity's: (i) parents (and their parents, continued up the chain of ownership until the level of ownership by non-corporate persons) and their respective ownership percentages; (ii) subsidiaries (and their subsidiaries, continued until the end of the chain of subsidiary ownership) and the ownership percentages at each step of the chain; and (iii) Affiliates.

**INTERROGATORY NO. 9**

Identify all Your officers, directors, and employees during the Relevant Time Period. For each Person Identified, further Identify: (i) dates of employment; (ii) their title(s) and the dates the Person held each such title; (iii) their titles with any other Camshaft Entity and the dates the Person held each such title.

**INTERROGATORY NO. 10**

Identify any Property of any kind whatsoever with a value of US $5,000 or greater Owned by You or any of the Camshaft Entities, irrespective of its location. For each Property Identified, further Identify: (i) the type of Property; (ii) the location of the Property; (iii) Your percentage ownership; (iv) the names of any other owners and their respective percentage interests (where applicable); and (v) the estimated value of the Property and Your basis for such valuation.

**INTERROGATORY NO. 11**

Identify each occasion on which You or any of the Camshaft Entities sold or transferred, directly or indirectly and with or without consideration, any Property of a value equivalent to or exceeding US $5,000. For each sale or transfer Identified, further Identify: (i) the parties involved; (ii) the value of the Property transferred or sold; (iii) the date(s) of each exchange; (iv) the current location(s) of the Property transferred or sold; and (v) the reason for the transfer or sale.

**INTERROGATORY NO. 12**

Identify every domestic and foreign bank, financial institution, or digital or cryptocurrency exchange in which You or any of the Camshaft Entities directly hold any account or are the beneficiary of an account. For each one Identified, further Identify: (i) the bank, financial institution, or cryptocurrency exchange; (ii) the accountholder's name(s); (iii) the beneficiaries of the account; (iv) the account number/wallet address; (v) the date the account was created; (vi) the type of account; (vii) the assets currently held in the account; and (viii) the current value of the account.

**INTERROGATORY NO. 13**

Identify any of the following that You or any of the Camshaft Entities Own or have Owned: (a) balances on any money transfer software applications including but not limited to PayPal, Dwolla, Venmo, or Cash App; and (b) virtual currencies, including but not limited to bitcoin, airline miles, mileage points or online game currency. For each one Identified, further Identify: (i) the application/account manager/software where the currency is exchanged or stored; (ii) the web address to access the account; (iii) the accountholder's name(s); (iv) the account number; (v) the date You created the account; (vi) the type of account; (vii) the assets currently held in the

account; (viii) the current value of the account; and (ix) the username, password, and/or other login details.

**INTERROGATORY NO. 14**

Identify every legal action, including arbitration, in which You or any of the Camshaft Entities have been a party.  For each one Identified, further Identify:  (i) the full caption of the action, including the names of all parties and the docket number; (ii) the name of the court, tribunal, or other judicial entity; (iii) a description of the nature of the action; (iv) where applicable, the result of the legal action (e.g., judgment in a certain amount, settlement in a certain amount, etc.); and (v) where applicable, the amount of any unpaid judgment (whether owed to or by You).

**INTERROGATORY NO. 15**

Identify any Person who owes any receivable due and owing to You or any of the Camshaft Entities.  For each Person Identified, further Identify: (i) any written contracts or agreements defining the relationship; (ii) the product or service provided in exchange for the receivable; (iii) the amount of the receivable; and (iv) the expected date of payment.

**INTERROGATORY NO. 16**

Identify any loans or accounts receivable controlled by You or any of the Camshaft Entities.  For each loan or account receivable Identified, further Identify: (i) the parties; (ii) the amounts at issue; and (iii) the date(s) of all past or forthcoming payments.

**INTERROGATORY NO. 17**

Identify all interests in collateral held by You or any of the Camshaft Entities.  For each interest Identified, further Identify: (i) the underlying asset; (ii) the underlying transaction or agreement; (iii) the value of the collateral; (iv) the Person holding the collateral; and (v) the amount of debt secured by the collateral.

**INTERROGATORY NO. 18**

Identify any lien, mortgage, or similar obligation against You or any of the Camshaft Entities. For each one Identified, further Identify: (i) the date(s); (ii) the name(s) on the lien, mortgage, or other obligation; (iii) the amount owed; (iv) the nature of the obligation(s); (v) the location(s) and possession of the underlying asset; and (vi) the status of payment.

**INTERROGATORY NO. 19**

Identify any transactions the result of which You or any of the Camshaft Entities may now have, or may in the future become entitled to, money or a credit. For each transaction identified, further Identify: (i) the date(s); (ii) the Person(s) involved in the transaction; (iii) the amounts at issue; (iv) the nature of the transaction; (v) the status of the transaction; (vi) the amounts or value You expect to be entitled to; and (vii) the expected date(s) of such entitlement.

**INTERROGATORY NO. 20**

Identify all Persons with knowledge of Your answers to, and who participated in answering, these Interrogatories and Requests. For each Person Identified, further Identify: (i) the Interrogatories or Requests on which that Person is knowledgeable and/or assisted; and (ii) the Documents that Person reviewed or consulted in connection with his or her assistance.

**POST-JUDGMENT REQUESTS FOR PRODUCTION OF DOCUMENTS**

**INSTRUCTIONS**

1. You are requested to produce all non-privileged Documents described below that are within Your possession, custody, or control, or in the possession, custody or control of Your attorneys, directors, officers, Agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and Persons under their control.

2. A Document is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and

You: (a) have a right, by control, contract, statute, order, or otherwise, to use, inspect, examine or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so. Such other Persons include record retention vendors, and technology, data, or other third-party IT, cloud, hosting, or other service providers.

3. Each Document requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction. Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced. If a Document responsive to any Request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible. Any alteration of a responsive Document, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document and is to be produced as a separate Document. For all Documents, any family relationship should be captured and reflected in the production. Further, if any portion of any Document is responsive to any Request in these Requests, the entire Document is to be produced. A Document with handwritten, typewritten, or other recorded notes, editing marks, deletions, modifications, additions, or annotations, is not and shall not be deemed to be identical to one without such recorded notes, editing marks, deletions, modifications, additions, or annotations.

4. Documents not otherwise responsive to a Request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a Request, or if such materials are attached to materials called for by a Request (e.g., routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

5. Each Request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6. All Documents produced pursuant to these Requests are to be produced as they are kept in the usual course. All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files. If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document. If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

7. Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation of the data, should be produced in their native format.

8. For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

9. File folders with tabs or labels or directories of files identifying documents shall be produced intact with such Documents.

10. Documents attached to each other shall not be separated. All documents that respond, in whole or in part, to any portion of any Request shall be produced in their entirety, including all addenda, appendices, attachments, exhibits, and enclosures.

33041326.1

14

11. If there are no Documents responsive to a Request, Your response shall state so in writing.

12. In the event that any Document called for by a Request is withheld on the basis of a claim of privilege, You must follow the applicable procedures and guidelines outlined in FRCP 26(b)(5), as made applicable herein by FRBP 7026 and 7069.

13. In the event that any Document responsive to a Request has been lost, discarded, or destroyed, that Document is to be identified by stating as completely as possible: (a) the authors or creators of the material; (b) all persons who received copies of the material, including any indicated and blind copy recipients; (c) the present custodian of the material; (d) the date of the material; € the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard; and (f) the persons authorizing and carrying out such destruction or discard.

14. These Requests are continuing in nature and Your responses to them are to be promptly supplemented or amended if, after the time of Your initial response, You learn that Your responses are or have become in some material respect incomplete or incorrect, to the full extent provided for by the Federal Rules of Civil Procedure, as made applicable herein by the FRBP.

15. Unless otherwise stated in a specific request, these Requests seek responsive Documents relating to the Relevant Time Period.

16. Upon request, counsel for Debtor will provide to You an electronic copy of these Requests in Microsoft Word document file format to facilitate Your answering the Requests below.

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1**

All audited and unaudited financial statements, monthly balance sheets, tax returns, or financial, tax, or accounting documents of any kind filed by You.

**REQUEST NO. 2**

All Communications among or between You and any of the other Camshaft Entities concerning repudiation, payment, or non-payment of Camshaft Entity obligations.

**REQUEST NO. 3**

Documents sufficient to identify any financial obligation of any of the Camshaft Entities that was reviewed, approved, guaranteed, and/or paid by You, or vice versa.

**REQUEST NO. 4**

Documents sufficient to identify any agency relationship between You and any of the other Camshaft Entities, including but not limited to any agency agreements, powers or attorney, or other formal or informal delegations of authority.

**REQUEST NO. 5**

Documents sufficient to identify any transactions, contract negotiations or executions, financing, or other business You conducted by, through, or in conjunction with any of the Camshaft Entities.

**REQUEST NO. 6**

All organizational charts and documents, including, but not limited to, charters, articles of association, corporate resolutions, board minutes, bylaws, stock certificates, and corporate formation documents and amendments thereto, for You.

**REQUEST NO. 7**

Documents sufficient to identify any and all transfers of Property or payments to, from, or among You and any of the other Camshaft Entities.

**REQUEST NO. 8**

Documents sufficient to identify, including powers of attorney, the authority of Your officers, directors, and/or employees to act on behalf of and/or direct the activities of any of the other Camshaft Entities, and vice versa.

**REQUEST NO. 9**

Documents sufficient to identify any Property of any kind that You Own with a value of US $5,000 or greater.

**REQUEST NO. 10**

All Documents and Communications Concerning any transfer, including but not limited to payment, wire transfer, or other transmission, of funds or value equivalent to US $5,000 or greater involving You.

**REQUEST NO. 11**

All Documents and Communications Concerning any domestic or foreign bank and/or financial institution in which You have any account or interest, including but not limited to checking accounts, savings accounts, brokerage accounts, investment accounts, trusts, time deposits, and certificates of deposits.

**REQUEST NO. 12**

All Documents and Communications Concerning (a) any money transfer software application where You or any Camshaft Entity Own an account, including but not limited to PayPal, Dwolla, Venmo, or Cash App; and (b) any virtual or digital currency in Your possession or held by

33041326.1

17

someone else for Your benefit, including but not limited to bitcoin, airline miles, mileage points, or online game currency.

**REQUEST NO. 13**

All Documents with account transaction histories Concerning any account, virtual currency, or digital currency Identified in response to Interrogatory No. 13 or Request No. 12, including any lists of transactions with any online exchanges or phone software.

**REQUEST NO. 14**

Any Documents You provided to the IRS or any other tax authority Concerning virtual currencies or digital currencies, including reporting of foreign accounts and capital gains.

**REQUEST NO. 15**

All Documents and Communications Concerning any insurance policies: (i) Owned directly or indirectly by You; (ii) on which You are an additional insured; or (ii) which may provide coverage for the claims in this Action.

**REQUEST NO. 16**

All Documents and Communications Concerning any insurance claims asserted by or against You.

**REQUEST NO. 17**

All Documents and Communications concerning any loans or accounts receivable held by You or on Your behalf.

**REQUEST NO. 18**

All Documents and Communications Concerning any legal fees paid by You or on Your behalf.

**REQUEST NO 19**

All Documents and Communications supporting or Concerning Your responses to the Interrogatories above to the extent not already produced in connection with any other Request

33041326.1

18

Dated: Wilmington, Delaware  
April 2, 2025

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Kenneth J. Enos*
Robert S. Brady (Del. No. 2847)
Kenneth J. Enos (Del. No. 4544)
Jared W. Kochenash (Del. No. 6557)
Timothy R. Powell (Del. No. 6894)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
rbrady@ycst.com
kenos@ycst.com
jkochenash@ycst.com
tpowell@ycst.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani (pro hac vice granted)
Benjamin Finestone (pro hac vice granted)
Kate Scherling (pro hac vice granted)
Jianjian Ye (pro hac vice granted)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel.: (212) 849 7000
susheelkirpalani@quinnemanuel.com
benjaminfinestone@quinnemanuel.com
katescherling@quinnemanuel.com
jianjianye@quinnemanuel.com

*Counsel for Debtor, BYJU's Alpha, Inc.*

33041326.1

19