**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>BYJU'S ALPHA, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 24-10140 (BLS) |
| BYJU'S ALPHA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CAMSHAFT CAPITAL FUND, LP, CAMSHAFT CAPITAL ADVISORS, LLC, CAMSHAFT CAPITAL MANAGEMENT, LLC, RIJU RAVINDRAN, INSPILEARN LLC, AND THINK & LEARN PRIVATE, LTD,<br><br>Defendants. | Adv. Pro. Case No. 24-50013 (BLS) |

**NOTICE OF CORRECTED MOTION AND MOTION TO QUASH OR MODIFY SUBPOENA AND OBJECTIONS TO CONTENTS OF SUBPOENA**

TO: Kate Scherling, Attorney for BYJU'S ALPHA INC, 295 Fifth Ave., New York, NY 10016

Email: katescherling@quinnemanuel.com

Phone: 212-849-7178

PLEASE TAKE NOTICE that **Camelback Financial Corp.**, a non-party to the above-captioned bankruptcy case or adversary proceeding, will move the Court, pursuant to Federal Rule of Civil Procedure 45(d)(3), as made applicable by Federal Rule of Bankruptcy Procedure 9016, for an order quashing or modifying the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding.

The motion will be heard before the Honorable Brendan L. Shannon, United States

Bankruptcy Judge, in Courtroom #1, 6th Floor, 824 North Market Street, Wilmington, DE 19801, on May 7, 2025, at 1:00 PM (Eastern Time). Any opposition to this motion must be filed and served by close of business on May 6, 2025, in accordance with the Local Rules of the United States Bankruptcy Court for the District of Delaware.

The motion is based on this Notice, the attached Motion to Quash or Modify Subpoena, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this case, and such further evidence and argument as may be presented at the hearing. Pursuant to the Court's scheduling order, any opposition to this motion must be filed and served by close of business on May 6, 2025.

Camelback Financial Corp. ("Camelback"), a non-party to the above-captioned bankruptcy case and adversary proceeding, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 45(d)(3), as made applicable by Federal Rule of Bankruptcy Procedure 9016, to quash or, in the alternative, modify the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in an Adversary Proceeding issued by BYJU'S ALPHA, INC. ("Judgment Creditor"). The subpoena, which has not yet been served but is anticipated to be served on Camelback, is defective for multiple reasons, including improper service, violation of geographical limits, undue burden, overbreadth, and failure to tender fees. This motion is set for hearing on May 7, 2025, at 1:00 PM before the Honorable Brendan L. Shannon.

Camelback seeks to quash the subpoena on the grounds that: (1) it has not been properly served,; (2) it violates the geographical limits of Federal Rule of Civil Procedure 45(c)(2)(A); (3) it imposes an undue burden on a non-party; (4) it is overly broad and seeks irrelevant documents; (5) it potentially seeks privileged or confidential information; and (6) it fails to tender required witness fees. In the alternative, Camelback requests modification to limit the scope of production and ensure compliance with Rule 45.

The grounds for the motion are set forth in the accompanying Motion to Quash or Modify

Subpoena and include, but are not limited to, improper service, lack of personal jurisdiction, undue burden on a non-party, and overbreadth.

Dated: May 4, 2025

LAW OFFICE OF JORGE I. HERNANDEZ

/s/ Jorge I. Hernandez

Jorge I. Hernandez, Esq.
823 Anchorage Place
Chula Vista, CA 91914
Ph: (619) 985-0348
E-Mail: Jorge@jihlaw.com

Counsel for Camelback Financial Corp.

**CORRECTED OBJECTION OF NON-PARTY CAMELBACK FINANCIAL CORP. TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**

TO: Kate Scherling, Esq. Quinn Emanuel Urquhart & Sullivan, LLP 295 Fifth Ave., New York, NY 10016 katescherling@quinnemanuel.com

Camelback Financial Corp. ("Camelback"), a non-party, objects to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) issued by BYJU'S ALPHA, INC. ("Plaintiff") on April 8, 2025, served on Camelback's registered agent in Arizona on April 14, 2025, requiring compliance by May 8, 2025, at 5:30 p.m. at Colville & Dippel, LLC, 1309 East Broadway Boulevard, Tucson, AZ 85719. Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B) and Federal Rule of Bankruptcy Procedure 9016, Camelback serves these written objections and moves the Court to quash or modify the subpoena under Rule 45(d)(3).

**OBJECTIONS TO SUBPOENA**

Camelback objects to the subpoena and each of its 19 Requests for Production on the following grounds, reserving the right to assert additional objections.

**GENERAL OBJECTIONS**

1. **Undue Burden (Rule 45(d)(3)(A)(iv))**: The subpoena's 19 requests demand extensive documents and communications unrelated to Camelback's operations, imposing disproportionate costs and time on a non-party

> Fed. R. Civ. P. 45(d)(1). Also, on a timely motion, the court "must quash or modify a subpoena that ... subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Undue burden is to be assessed in a case-specific manner considering "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 53 (S.D.N.Y. 1996) ).

*In re: Mod. Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018).

2. **Overbreadth and Lack of Relevance (Rule 26(b)(1))**: The requests seek virtually all financial and operational records, many irrelevant to the adversary proceeding, violating proportionality and relevance standards.

> the Court may nevertheless exercise its inherent authority to limit irrelevant or non-proportional discovery." *Hughes v. Hartford Life & Accident Ins. Co.*, 507 F. Supp. 3d 384, 405 (D. Conn. 2020). Indeed, "the question of standing is beside the point where the objection to the subpoena is on relevance or proportionality." *All Cnty.*, 2020 WL 5668956, at *2 (construing the defendant's motion to quash a subpoena on relevancy and proportionality grounds as a motion for a protective order pursuant to Rule 26(c)(1)). "The federal rules give district courts broad discretion to manage the manner in which discovery proceeds." *See In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003)

*Gilead Scis., Inc. v. Khaim*, 755 F. Supp. 3d 285, 294 (E.D.N.Y. 2024).

**Privileged or Protected Matter (Rule 45(d)(3)(A)(iii))**: The requests may include attorney-client communications or confidential commercial information, protected absent waiver (*In re: Mod. Plastics Corp. Supra*).

3. **Lack of Proportionality**: The requests are not proportional to the needs of the case, as they require a non-party to undertake significant effort and expense without a clear showing of necessity or relevance to the core issues in the bankruptcy proceeding, per Rule 26(b)(1), applicable via Bankruptcy Rule 7026.

> The scope of discovery is the same under both Federal Rules of Civil Procedure 45 and 26," *Garcia*, 2017 WL 187577, at *2, the Court may properly apply the Rule 26(b)(1) proportionality factors in the context of a Rule 45(d)(3)(A) motion to quash or a Rule 45(d)(2)(B)(i) motion to compel or, for that matter, in the context of Rule 45(d)(1)'s duty to avoid imposing undue burden or expense on a person subject to the subpoena, *see Am. Fed'n*, 313 F.R.D. at 44-45. And, as another judge in this circuit has noted, where " 'non-parties have greater protections from discovery,' " " 'burdens on non-parties will impact the proportionality analysis.' " *Hume v. Consolidated Grain & Barge, Inc., Civ. A. No. 15-935*, 2016 WL 7385699, at *3 (E.D. La. Dec. 21, 2016) (quoting E. Laporte and J. Redgrave, A Practical Guide to Achieving Proportionality Under New Federal Rule of Civil Procedure 26, 9 FED. CTS. L. REV. 19, 57 (2015) ). *MetroPCS v. Thomas*, 327 F.R.D. 600, 610 (N.D. Tex. 2018). "Deloitte does not contend or attempt to show that it has been unable to obtain this information from those parties to the underlying litigation. *See Moon*, 232 F.R.D. 633, 637–38 (requesting party's failure to demonstrate that it had attempted to obtain documents from party to underlying litigation before serving subpoena on non-party weighed in court's determination that requests were an undue burden). Consequently, 40/86 Advisors' motion is well-taken and the Court grants its motion to quash.

*WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 896 (S.D. Ind. 2006).

4. **Failure to Tender Witness Fees**: The Proof of Service section of the subpoena does not indicate that the required witness fees and mileage allowance, as mandated by Rule 45(b)(1), were tendered to Windmill Properties. The Proof of Service section of the subpoena does not indicate that the required witness fees and mileage allowance, as mandated by Rule 45(b)(1), were tendered to Ms. Morton. Unless the subpoena was issued on behalf of the United States, failure to tender these fees renders service defective and provides an additional basis for objection. “a court does not abuse its discretion by quashing a subpoena where the subpoenaing party tendered no mileage allowance whatsoever with the subpoena. (*In re Dennis*, 330 F.3d 696, 705 (5th Cir. 2003).

5. **Lack of Possession, Custody, or Control**: Windmill Properties objects to the extent the Subpoena seeks documents not in her possession, custody, or control, particularly those concerning the Judgment Debtors, Camshaft Entities, or William Cameron Morton. As an individual non-party, Windmill Properties does not have access to such records.

> Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand.” *Searock v. Stripling,* 736 F.2d 650, 653 (11th Cir.1984).[2] “Control” may also be found where an entity has “access to” and the “ability to obtain the documents.” *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.,* 171 F.R.D. 135, 144 (S.D.N.Y.1997); *see also, e.g., In re Ski Train Fire of November 11, 2000 Kaprun Austria,* 2006 WL 1328259, *5 (S.D.N.Y.2006) (same); *Addamax Corp. v. Open Software Found., Inc.,* 148 F.R.D. 462, 467 (D.Mass.1993) (same). The party seeking to compel a subsidiary to produce the documents of its foreign parent has the burden of showing that the documents are within the local subsidiary's control. *See, e.g., State of New York v. Nat'l R.R. Passenger Corp.,* 233 F.R.D. 259 (N.D.N.Y.2006). “Access” and “ability to obtain documents” have been found where “documents ordinarily flow freely between” parent and subsidiary.

*Hunter Douglas, Inc. v. Comfortex Corp.,* No. CIV. A. M8–85, 1999 WL 14007, at *3 (S.D.N.Y. Jan. 11, 1999).

6. **Unreasonable Time to Comply (Rule 45(d)(3)(A)(i))**: The 24-day period (April 14 to May 8, 2025) is insufficient for the voluminous requests.

> Because Rule 45 has been crafted to mirror “the other discovery rules,” *see* Federal Rule of Civil Procedure 45, Advisory Committee Note, 1970 Amendment, Rule 34, which governs document productions, is helpful is in determining what is a reasonable amount of time. Under Rule 34, a

> party is generally afforded 30 days to produce documents, no matter how small or non-complex the request. Fed. R. Civ. P. 34(b)(2)(A).

*BNSF Ry. Co. on behalf of United States v. Ctr. for Asbestos Related Disease, Inc.*, No. CV 19-40-M-DLC, 2022 WL 1442854, at *4 (D. Mont. May 6, 2022).

7. **Confidential Information (Rule 45(d)(3)(B)(i))**: Requests for financial statements and funding sources seek trade secrets or sensitive business information.

> Material protected under Rule 45(d)(3)(B) includes "a trade secret or other confidential research, development, or commercial information" or "an unretained expert's opinion or information that does not describe the specific occurrences in dispute and results from the expert's study that was not requested by a party."
> The serve-and-volley of the federal discovery rules govern the resolution of" a motion to quash. *Mycogen Plant Sci., Inc. v. Monsanto Co.,* 164 F.R.D. 623, 625 (E.D.Pa.1996). The **subpoenaing party <u>must first show</u>** that its requests are relevant to its claims or defenses, within the meaning of Federal Rule of Civil Procedure 26(b)(1). *Id.* at 625–26.

*In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014).

8. **Geographical Compliance (Rule 45(c)(2)(A))**: If Camelback's principal place of business is more than 100 miles from Tucson, the subpoena may exceed geographical limits, pending confirmation of Camelback's operational location.

> We conclude that mandamus relief is warranted. We have not previously addressed the application of Rule 45(c)'s geographical limitations to testimony provided via remote video transmission, which is a question of increasing import given the recent proliferation of such technology in judicial proceedings. Moreover, we conclude that despite changes in technology and professional norms, the rule governing the court's subpoena power has not changed and does not except remote appearances from the geographical limitations on the power to compel a witness to *1052 appear and testify at trial. Because the bankruptcy court concluded otherwise, we grant the Kirklands' petition and issue a writ of mandamus ordering the bankruptcy court to quash their trial subpoenas. *See Cheney*, 542 U.S. at 380, 124 S.Ct. 2576.

*In re Kirkland*, 75 F.4th 1030, 1051–52 (9th Cir. 2023).

**SPECIFIC OBJECTIONS**

**Request No. 1**: Documents sufficient to identify any Property of any kind Owned by You, any of the Judgment Debtors, any of the other Camshaft Entities, or Morton with a value equivalent to US $5,000 or greater.

- **Objection**: Overbroad, unduly burdensome, and irrelevant. Assumes Camelback controls property of unrelated entities and Morton without evidence, violating Rule 26(b)(1) (*Gilead Scis., Inc., 755 F. Supp. at 294*). Camelback lacks possession, custody, or control of such documents. Compliance is burdensome for a non-party (*In*

*re: Mod. Plastics Corp., 890 F.3d at 251*).

**Request No. 2**: All audited and unaudited financial statements, monthly balance sheets, tax returns, or financial, tax, or accounting Documents of any kind Concerning You, any of the Judgment Debtors, any of the other Camshaft Entities, or Morton.

- **Objection**: Overbroad, unduly burdensome, and seeks confidential information. Camelback's financial records are proprietary and irrelevant absent a nexus (*In re: Mod. Plastics Corp., 890 F.3d at 251*). Documents of other entities or Morton are not in Camelback's control (*Hunter Douglas, Inc. WL 14007, at *3* ).

**Request No. 3**: All Documents and Communications Concerning any transfer, including payment, wire transfer, or other transmission, of funds or value equivalent to US $5,000 or greater by You, any of the Judgment Debtors, any of the other Camshaft Entities, or Morton.

- **Objection**: Overbroad, unduly burdensome, and irrelevant. Encompasses unrelated transactions, assuming Camelback's involvement without evidence (*Gilead Scis., Inc., 755 F. Supp. at 294*). Reviewing transfers is costly for a non-party (*Moon*, 232 F.R.D. at 637). Camelback lacks documents for other entities or Morton.

**Request No. 4**: All Documents and Communications Concerning any domestic or foreign bank or financial institution in which You, any of the Judgment Debtors, any of the other Camshaft Entities, or Morton have any account or interest.

- **Objection**: Overbroad, unduly burdensome, and seeks confidential information. Camelback's banking records are private, and disclosure is unjustified (*In re: Mod. Plastics Corp., 890 F.3d at 251*). Documents for other entities or Morton are not in Camelback's possession (*Hunter Douglas, Inc. WL 14007, at *3*).

**Request No. 5**: All Documents and Communications Concerning the use of any payment application, virtual currency, or digital currency by You, any of the Judgment Debtors, any of the other Camshaft Entities, or Morton.

- **Objection**: Overbroad, unduly burdensome, and irrelevant. Lacks specificity and assumes Camelback's use of digital currencies without evidence (*Gilead Scis., Inc., 755 F. Supp. at 294*). Camelback has no documents for other entities or Morton

(*Hunter Douglas, Inc. WL 14007, at *3* ).

**Request No. 6**: All Documents and Communications Concerning any insurance policies: (i) Owned by You, any of the Judgment Debtors, any of the other Camshaft Entities, or Morton; (ii) on which You, any of the Judgment Debtors, any of the other Camshaft Entities, or Morton is an additional insured; or (iii) which may provide coverage for the claims in this Action.

- **Objection**: Overbroad, unduly burdensome, and irrelevant. Policies of other entities or Morton are not in Camelback's control, and Camelback's policies are confidential (*In re: Mod. Plastics Corp., 890 F.3d at 251*). Relevance is unclear (*Gilead Scis., Inc., 755 F. Supp. at 294*).

**Request No. 7**: All Documents and Communications Concerning any insurance claims asserted by or against You, any of the Judgment Debtors, any of the other Camshaft Entities, or Morton.

- **Objection**: Overbroad, unduly burdensome, and irrelevant. Seeks speculative information unrelated to the proceeding (*Gilead Scis., Inc., 755 F. Supp. at 294*). Camelback lacks documents for other entities or Morton (*Hunter Douglas, Inc. WL 14007, at *3* ).

**Request No. 8**: All Documents and Communications Concerning any loans or accounts receivable by You, any of the Judgment Debtors, any of the other Camshaft Entities, or Morton.

- **Objection**: Overbroad, unduly burdensome, and seeks confidential information. Camelback's financial arrangements are proprietary (*In re: Mod. Plastics Corp., 890 F.3d at 251*). Documents for other entities or Morton are not in Camelback's control (*Hunter Douglas, Inc. WL 14007, at *3* ).

**Request No. 9**: All Documents and Communications Concerning any legal fees paid by or on behalf of You, any of the Judgment Debtors, any of the other Camshaft Entities, or Morton.

- **Objection**: Overbroad, unduly burdensome, and may seek privileged information. Legal fee records may include attorney-client communications (*In re Domestic*

*Drywall Antitrust Litig.*, 300 F.R.D., 239). Irrelevant absent evidence of Camelback's involvement (*Gilead Scis., Inc., 755 F. Supp. at 294*).

**Request No. 10**: All Documents and Communications Concerning any safe deposit box that You, any of the Judgment Debtors, any of the other Camshaft Entities, or Morton Own, maintain, or have access to.

- **Objection**: Overbroad, unduly burdensome, and irrelevant. Seeks private information without demonstrating relevance (*Gilead Scis., Inc., 755 F. Supp. at 294*). Camelback lacks documents for other entities or Morton (*Hunter Douglas, Inc. WL 14007, at *3* ).

**Request No. 11**: All Documents and Communications Concerning any real estate used, Owned, or maintained by You, any of the Judgment Debtors, any of the other Camshaft Entities, or Morton.

- **Objection**: Overbroad, unduly burdensome, and seeks confidential information. Camelback's real estate records are proprietary (*In re: Mod. Plastics Corp., 890 F.3d at 251*). Documents for other entities or Morton are not in Camelback's control (*Hunter Douglas, Inc. WL 14007, at *3* ).

**Request No. 12**: All Documents and Communications Concerning any vehicles and automobiles Owned or used by You, any of the Judgment Debtors, any of the other Camshaft Entities, or Morton.

- **Objection**: Overbroad, unduly burdensome, and irrelevant. Seeks information unrelated to the proceeding (*Gilead Scis., Inc., 755 F. Supp. at 294*). Camelback lacks documents for other entities or Morton (*Hunter Douglas, Inc. WL 14007, at *3* ).

**Request No. 13**: All Documents and Communications Concerning Your funding sources or income or the funding source or income of any of the Judgment Debtors, the Camshaft Entities, or Morton.

- **Objection**: Overbroad, unduly burdensome, and seeks confidential information. Camelback's funding sources are proprietary (*In re: Mod. Plastics Corp., 890 F.3d at 251*). Documents for other entities or Morton are not in Camelback's possession (*Hunter Douglas, Inc. WL 14007, at *3* ).

**Request No. 14**: All Communications among or between You and any of the other Camshaft Entities or Morton Concerning repudiation, payment, or non-payment of their obligations, and vice versa.

- **Objection**: Overbroad, unduly burdensome, and irrelevant. Camelback has no known communications with Camshaft Entities or Morton (*Gilead Scis., Inc., 755 F. Supp. at 294*). Assumes relationships not evidenced (*Hunter Douglas, Inc. WL 14007, at *3* ).

**Request No. 15**: Documents sufficient to identify any obligation of any of the Camshaft Entities or Morton that was reviewed, approved, guaranteed, and/or paid by You, or vice versa.

- **Objection**: Overbroad, unduly burdensome, and irrelevant. Camelback has no documents concerning obligations of Camshaft Entities or Morton (*Hunter Douglas, Inc. WL 14007, at *3* ). Assumes unproven relationships (*Gilead Scis., Inc., 755 F. Supp. at 294*).

**Request No. 16**: Documents sufficient to identify any agency relationship between or among You, any of the other Camshaft Entities, or Morton, including any agency agreements, powers of attorney, or other formal or informal delegations of authority.

- **Objection**: Overbroad, unduly burdensome, and irrelevant. Camelback has no agency relationships with Camshaft Entities or Morton (*Hunter Douglas, Inc. WL 14007, at *3*). Speculative request (*Gilead Scis., Inc., 755 F. Supp. at 294*).

**Request No. 17**: Documents sufficient to identify any transactions, contract negotiations or executions, financing, or other business conducted by, through, or in conjunction with any of the Judgment Debtors, the Camshaft Entities, or Morton.

- **Objection**: Overbroad, unduly burdensome, and irrelevant. Camelback has no such documents, and the request assumes unproven business ties (*Gilead Scis., Inc., 755 F. Supp. at 294*; *Hunter Douglas, Inc. WL 14007, at *3* ).

**Request No. 18**: All organizational charts and documents, including, but not limited to, charters, articles of association, corporate resolutions, board minutes, bylaws, stock certificates, and corporate formation documents and amendments thereto, for You or any of

the other Camshaft Entities.

- **Objection**: Overbroad, unduly burdensome, and seeks confidential information. Camelback's organizational documents are proprietary (*In re: Mod. Plastics Corp., 890 F.3d at 251*). Documents for Camshaft Entities are not in Camelback's control (*Hunter Douglas, Inc. WL 14007, at *3* ).

**Request No. 19**: Documents sufficient to identify any and all transfers of Property or payments to, from, or among You and any of the other Camshaft Entities or Morton.

- **Objection**: Overbroad, unduly burdensome, and irrelevant. Camelback has no records of such transfers (*Hunter Douglas, Inc. WL 14007, at *3* ). Assumes unproven relationships (*Gilead Scis., Inc., 755 F. Supp. at 294*).

**MOTION TO QUASH OR MODIFY SUBPOENA**

Camelback moves the U.S. Bankruptcy Court for the District of Arizona to quash or modify the subpoena under Rule 45(d)(3).

**I. INTRODUCTION**

On April 14, 2025, Plaintiff served Camelback, a non-party, with a subpoena demanding extensive documents by May 8, 2025, in Tucson, AZ. The 19 requests seek financial, property, and business records related to Camelback, Judgment Debtors, Camshaft Entities, and Morton, spanning over four years. The subpoena is unduly burdensome, overbroad, and seeks privileged/confidential information. Camelback requests the Court quash the subpoena or modify its scope, timeline, and cost allocation.

**II. LEGAL STANDARD**

Rule 45(d)(3)(A) mandates quashing or modifying a subpoena that: (i) fails to allow reasonable time; (ii) exceeds geographical limits; (iii) seeks privileged/protected matter; or (iv) imposes undue burden. Rule 45(d)(3)(B) permits quashing/modifying for trade secrets or confidential information. Non-parties receive heightened protection (*In re: Mod. Plastics Corp.*, 890 F.3d 244, 251).

/ / /

**III. ARGUMENT**

**A. Undue Burden on Non-Party (Rule 45(d)(3)(A)(iv))**

The subpoena's scope, covering thousands of documents across multiple entities, imposes significant costs and time on Camelback (*In re: Mod. Plastics Corp., 890 F.3d at 251*). As a non-party, Camelback is entitled to protection. (*In re: Mod. Plastics Corp., 890 F.3d at 251*).

**B. Overbroad and Irrelevant Requests**

The requests seek irrelevant documents, assuming Camelback's connection to Judgment Debtors and Morton without evidence (*Gilead Scis., Inc., 755 F. Supp. at 294*). This violates Rule 26(b)(1) (*Hunter Douglas, Inc. WL 14007, at *3* ).

**C. Privileged and Confidential Information**

Requests may include attorney-client communications or trade secrets (e.g., financial statements), protected under Rule 45(d)(3)(A)(iii) and (B)(i) (*In re: Mod. Plastics Corp., 890 F.3d at 251*). Production, if ordered, must be under the Stipulated Confidentiality Agreement (Adv. D.I. 134).

**D. Unreasonable Compliance Timeline**

The 24-day period is insufficient for the voluminous requests (*BNSF Ry. Co. on behalf of United States*, 2022 WL 1442854, at *4). A 60-day period is more reasonable.

**E. Potential Geographical Issue**

If Camelback's principal place of business is more than 100 miles from Tucson, the subpoena may violate Rule 45(c)(2)(A) (*In re Kirkland*, 75 F.4th at1051–52). Camelback reserves this objection pending confirmation of its operational location.

**IV. RELIEF REQUESTED**

Camelback requests the Court:

1. **Quash the Subpoena**: For undue burden, overbreadth, proportionality, and privileged/confidential information.
2. **Alternatively, Modify the Subpoena**: a. Limit to documents directly relevant to the adversary proceeding, excluding unrelated entities/Morton; b. Extend compliance to

July 8, 2025; c. Require Plaintiff to reimburse costs, including attorney's fees (*Rule 45(d)(2)(B)(ii)*); d. Mandate production under the Stipulated Confidentiality Agreement.

3. **Issue a Protective Order**: To safeguard privileged/confidential information.

**V. CERTIFICATION**

Camelback served these objections on Plaintiff's counsel by email (katescherling@quinnemanuel.com) on April 29, 2025, within 14 days of service. Camelback attempted to confer with counsel without response as of filing.

**VI. CONCLUSION**

The subpoena is defective and burdensome. Camelback requests the Court quash or modify it as outlined.

Dated: May 4, 2025, Los Angeles, California

Respectfully submitted,

LAW OFFICE OF JORGE I. HERNANDEZ

/s/ Jorge I. Hernandez

Jorge I. Hernandez, Esq.
823 Anchorage Place
Chula Vista, CA 91914
Ph: (619) 985-0348
E-Mail: Jorge@jihlaw.com

Counsel for Non-Party Camelback Financial Corp.

CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2025, a true and correct copy of the foregoing Objection was served via email and first-class mail on Kate Scherling, Esq., Quinn Emanuel Urquhart & Sullivan, LLP, 295 Fifth Ave., New York, NY 10016, katescherling@quinnemanuel.com, and on all parties entitled to notice via the Court's CM/ECF system or as otherwise required by Fed. R. Civ. P. 45 and Fed. R. Bankr. P. 9016.

/s/ Jorge I. Hernandez

Jorge I. Hernandez, Esq.
823 Anchorage Place
Chula Vista, CA 91914
Ph: (619) 985-0348
E-Mail: Jorge@jihlaw.com