**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BYJU'S ALPHA, INC.[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 24-10140 (BLS)<br><br>Ref. D.I. 470 |

**NOTICE OF FILING OF BLACKLINE OF COMBINED DISCLOSURE STATEMENT
AND CHAPTER 11 PLAN OF BYJU'S ALPHA, INC.**

  **PLEASE TAKE NOTICE** that, on August 29, 2025, the above-captioned debtor and debtor in possession filed the *Combined Disclosure Statement and Chapter 11 Plan of BYJU's Alpha, Inc.* [Docket No. 470] (as modified or amended from time to time, the "Combined Plan and Disclosure Statement") with the United States Bankruptcy Court for the District of Delaware (the "Court").

  **PLEASE TAKE FURTHER NOTICE** that the Debtor has amended the Combined Plan and Disclosure Statement to address certain informal comments received from the Office of the United States Trustee, which was filed contemporaneously herewith (the "Amended Combined Plan and Disclosure Statement"). For the convenience of the Court and all interested parties, a changed pages only blackline of the Combined Plan and Disclosure Statement compared against the Amended Combined Plan and Disclosure Statement is attached hereto as **Exhibit A**. The Debtor reserves its rights to further amend, supplement, or modify the Amended Combined Plan and Disclosure Statement.

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number is BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 Case is 1007 N. Market St. Ste. G20 452, Wilmington, DE 19801.

Dated: September 16, 2025
    Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Kenneth J. Enos*
Robert S. Brady (Del. No. 2847)
Kenneth J. Enos (Del. No. 4544)
Jared W. Kochenash (Del. No. 6557)
Timothy R. Powell (Del. No. 6894)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
rbrady@ycst.com
kenos@ycst.com
jkochenash@ycst.com
tpowell@ycst.com

-and-

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Benjamin Finestone (admitted pro hac vice)
Kate Scherling (admitted pro hac vice)
Jordan M. Nakdimon (admitted pro hac vice)
295 Fifth Avenue
New York, New York 10016
Tel.: (212) 849 7000
benjaminfinestone@quinnemanuel.com
katescherling@quinnemanuel.com
jordannakdimon@quinnemanuel.com

Counsel for Debtor, BYJU's Alpha, Inc.

# **Exhibit A**

**Changed Pages Only Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BYJU'S ALPHA, INC.[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 24-10140 (BLS) |

**<u>AMENDED COMBINED DISCLOSURE STATEMENT<br>AND CHAPTER 11 PLAN OF BYJU'S ALPHA, INC.</u>**

| | |
|---|---|
| **QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP**<br>Susheel Kirpalani (admitted *pro hac vice*)<br>Benjamin Finestone (admitted *pro hac vice*)<br>Daniel Holzman (admitted *pro hac vice*)<br>Jianjian Ye (admitted *pro hac vice*)<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: (212) 849-7000<br>susheelkirpalani@quinnemanuel.com<br>benjaminfinestone@quinnemanuel.com<br>danielholzman@quinnemanuel.com<br>jianjianye@quinnemanuel.com<br><br>*Counsel for the Debtor* | **YOUNG CONAWAY STARGATT &<br>TAYLOR, LLP**<br>Robert S. Brady (Del. No. 2847)<br>Kenneth J. Enos (Del. No. 4544)<br>Jared W. Kochenash (Del. No. 6557)<br>Timothy R. Powell (Del. No. 6894)<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>rbrady@ycst.com<br>kenos@ycst.com<br>jkochenash@ycst.com<br>tpowell@ycst.com<br><br>*Counsel for the Debtor* |

Dated: ~~August 29~~September 16, 2025
Wilmington, Delaware

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number is BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 Case is 1007 N. Market St. Ste. G20 452, Wilmington, DE 19801.


~~23521563.1~~
33521563.3

4. "**Administrative Claims Reserve**" means the reserve for the Allowed Administrative Claims established by the Debtor in an amount equal to the Administrative Claims Amount.

5. "**Adversary Proceedings**" means the Camshaft Adversary, the Raveendran Adversary, the OCI Adversary, and any other adversary proceedings commenced by the Debtor before the Effective Date.

6. "**Affiliate**" means, with respect to any Person, any other Person that, directly or indirectly, Controls or is Controlled by, or is under common Control with, such Person, and shall include the meaning of "affiliate" set forth in section 101(2) of the Bankruptcy Code as if such Person were a debtor in a case under the Bankruptcy Code. "**Affiliated**" has a correlative meaning.

7. "**Allowed**" means with respect to any Claim, except as otherwise provided in the Plan: (a) a Claim that is evidenced by a Proof of Claim or request for payment of an Administrative Claim, as applicable~~, Filed by the Claims Bar Date or the Administrative Claims Bar Date, as applicable~~ (or for which Claim under the Plan, the Bankruptcy Code, or pursuant to a Final Order a Proof of Claim is not or shall not be required to be Filed) ~~in accordance with the terms of the Bar Date Order~~; (b) a Claim that is listed in the Schedules as not contingent, not unliquidated, and not Disputed, and for which no Proof of Claim, as applicable, has been ~~timely~~ Filed; or (c) a Claim Allowed pursuant to the Plan or a Final Order of the Bankruptcy Court; *provided* that with respect to a Claim described in the foregoing clauses (a) and (b), such Claim shall be considered Allowed only if and to the extent that, with respect to such Claim, no objection to the allowance thereof has been interposed within the applicable period of time fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or such an objection is so interposed and the Claim, as applicable, shall have been Allowed by a Final Order. Except as otherwise specified in the Plan or any Final Order, and except for any Claim that is Secured by property of a value in excess of the principal amount of such Claims, the amount of an Allowed Claim shall not include interest on such Claim from and after the Petition Date. For purposes of determining the amount of an Allowed Claim, there may be deducted therefrom an amount equal to the amount of any Claim that the Debtor may hold against the Holder thereof, to the extent such Claim may be offset, recouped, or otherwise reduced under applicable Law. Any Claim that has been or is hereafter listed in the Schedules as contingent, unliquidated, or Disputed, and for which no Proof of Claim is or has been timely Filed (where such Proof of Claim is required to be Filed), is not considered Allowed ~~and shall be expunged from the claims register maintained by the Debtor without further action by the Debtor and without further notice to any party or action, approval, or order of the Bankruptcy Court~~. For the avoidance of doubt: (x) a Proof of Claim Filed after the Claims Bar Date is deemed Disputed; (y) a request for payment of an Administrative Claim Filed after the Administrative Claims Bar Date shall not be Allowed for any purposes whatsoever absent entry of a Final Order allowing such late-Filed Administrative Claim or agreement in writing by the Debtor or Wind-Down Debtor, as applicable, and the Holder of such late-Filed Administrative Claim; and (z) the Debtor or Wind-Down Debtor, as applicable, may affirmatively determine to deem Unimpaired Claims


~~33521563.1~~
33521563.3

### G. Resolution of Disputed Claims

#### 1. Allowance of Claims

After the Effective Date, the Wind-Down Debtor shall have and retain any and all rights and defenses the Debtor had with respect to any Claim or Interest immediately before the Effective Date.

Any Claim that has been or is hereafter listed in the Schedules as contingent, unliquidated, or Disputed or listed at zero or any other Claim for which a Proof of Claim was required to be timely filed pursuant to the Bar Date Order, and for which no Proof of Claim is or has been timely Filed, or that is not or has not been Allowed by the Plan or a Final Order is ~~not considered Allowed and shall be expunged without further action by the Debtor, Wind-Down Debtor, or Plan Administrator, as applicable, and without further notice to any party or action, approval, or order of the Bankruptcy Court.~~ Disputed and subject to Disallowance after notice and an opportunity for hearing.

To the extent not Disallowed pursuant to section 502(d) of the Bankruptcy Code, the Camshaft Claims and any OCI Claims shall be deemed Disputed, notwithstanding whether a written objection has been Filed as of the Claims Objection Deadline with respect to such Claims.

#### 2. Prosecution of Objections to Claims

The Debtor (prior to the Effective Date with the Consent of the Agents) and the Wind-Down Debtor (following the Effective Date), shall have the authority to (a) determine, without the need for notice to or action, order, or approval of the Bankruptcy Court, that a Claim subject to any Proof of Claim that is Filed is Allowed and (b) File, settle, compromise, withdraw, or litigate to judgment any objections to Claims as permitted under the Plan. Except as otherwise provided herein, all Proofs of Claim Filed after the earlier of (x) the Effective Date, or (y) the applicable Claims Bar Date are deemed Disputed.

#### 3. Deadline to File Objections to Claims

Unless a different time is set by an order of the Bankruptcy Court or otherwise established pursuant to the Combined Plan and Disclosure Statement, all objections to Claims and Interests must be filed by the Claims Objection Deadline; *provided* that no such objection may be filed with respect to any Claim after a Final Order has been entered Allowing such Claim.

#### 4. Amendments to Claims

~~On or after the Effective Date, a Claim may not be amended without the prior authorization of the Bankruptcy Court or the Plan Administrator. Any such unauthorized new or amended Claim Filed shall be deemed Disallowed and expunged without any further notice to or action, order, or approval of the Bankruptcy Court.~~



Any amendment to a proof of Claim filed after the Effective Date shall be subject to disallowance by objection after notice and an opportunity for hearing.

H.     **Disallowance of Certain Claims Subject to Avoidance or Recovery**

Any Claims held by Persons or Entities from which property is recoverable under sections 542, 543, 544, 545, 547, 548, 549, 550, or 553 of the Bankruptcy Code or Persons or Entities that are transferees of transfers avoidable under sections 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code, provided that such Cause of Action is retained by the Wind-Down Debtor, shall be deemed Disallowed pursuant to section 502(d) of the Bankruptcy Code, and Holders of such Claims may not receive any Distributions on account of such Claims until such time as such Causes of Action the Estate or Wind-Down Debtor hold or may hold against any Entity have been resolved or a Bankruptcy Court order with respect thereto has been entered and all sums due, if any, to the Estate by that Entity have been turned over or paid to the Debtor or Wind-Down Debtor, as applicable.

1.     **The Alpha Funds Judgment Order**

Pursuant to the Alpha Funds Judgment Order, it was adjudged that, among other things: (i) the transfer of the Alpha Funds to Camshaft Capital Fund, LP ("**Camshaft Fund**") was an actual fraudulent transfer and avoided under sections 544(b) and 548(a)(1)(A) of the Bankruptcy Code; (ii) Camshaft Fund is liable to the Debtor and GLAS in the amount of $533 million, plus interest and costs; (iii) the transfer of the limited partnership interest in Camshaft Fund to Inspilearn LLC ("**Inspilearn**"), for the benefit of T&L, was an actual fraudulent transfer and is avoided under sections 544(b) and 548(a)(1)(A) of the Bankruptcy Code; (iv) Inspilearn and T&L are jointly and severally liable to the Debtor and GLAS in the amount of $540,647,109.20, plus interest and costs; (v) Riju Ravindran breached his fiduciary duties to the Debtor by authorizing the transfer to Camshaft Fund and the subsequent transfer to Inspilearn;  (vi) Riju Ravindran is liable to the Debtor and GLAS in the amount of $540,647,109.20, plus interest and costs; (vii) Riju Ravindran and T&L are each liable for the conversion of the Camshaft LP Interest; and (viii) Ravindran is liable to the Debtor and Prepetition Agent in the amount of $540,647,109.20, plus interest and costs. ¶¶  2– 4, 6 Judgment Order.

For the avoidance of doubt, the Camshaft Indemnification Counterclaim, as well as any Claims Filed or otherwise asserted by or on behalf of Camshaft Fund, Inspilearn, and T&L shall be deemed Disallowed pursuant to section 502(d) of the Bankruptcy Code, and Holders of such Claims shall not receive any Distributions on account of such Claims until such time as all sums due to the Estate by any such Entity pursuant to the Alpha Funds Judgment Order, or otherwise, have been turned over or paid to the Debtor or Wind-Down Debtor, as applicable, and such other Causes of Action the Estate or Wind-Down Debtor holds or may hold against that Entity have been resolved or a Bankruptcy Court order with respect thereto has been entered.

2.     **The Camshaft Complaint**

Pursuant to the Second Amended Complaint, the Debtor asserted claims for constructive fraudulent transfer against Camshaft Capital Advisors, LLC ("**Camshaft Advisors**") and Camshaft Capital Management, LLC ("**Camshaft Management**") related to the fraudulent



Disputed Claim and subject to any objection under section 502(e)(1)(B) of the Bankruptcy Code. The Debtor's indemnification obligations shall not apply to or cover any Claims, suits, or actions against a Person that result in a Final Order determining that such Person is liable for fraud, willful misconduct, gross negligence, bad faith, self-dealing, or breach of the duty of loyalty.

For the avoidance of doubt, any indemnification obligations of the Debtor arising under the Director Indemnity Agreement shall survive confirmation of the Plan and become obligations of the Wind-Down Debtor as of the Effective Date.

## ARTICLE X:
## EXCULPATION, RELEASES, AND INJUNCTIONS

A.      Exculpation

**Notwithstanding anything contained herein to the contrary, on the Confirmation Date and effective as of the Effective Date and to the fullest extent authorized by applicable Law, none of the Exculpated Parties shall have or incur any liability for any Exculpated Claim, or other assertion of liability for any act taken or omitted to be taken in connection with, or arising out of, the Chapter 11 Case, including, without limitation (1) the negotiation, formulation, or preparation of the Combined Plan and Disclosure Statement or any contract, instrument, document, or other agreement entered into pursuant thereto, (2) any Distributions made pursuant to or in accordance with the Combined Plan and Disclosure Statement, (3) the exercise of their respective business judgment and the performance of their respective fiduciary obligations, (4) the administration of the Estate, and (5) the pursuit of confirmation of the Plan;** *provided* **that the foregoing shall not affect the liability of any Person that otherwise would result from any such act or omission to the extent such act or omission is determined by a Final Order to have constituted willful misconduct, actual fraud, or gross negligence.** ~~The Bankruptcy Court shall act as a gate-keeper with respect to any Claim or Cause of Action that any Person wants to bring against an Exculpated Party and the provisions of~~ *~~Barton v. Barbour,~~* ~~104 U.S. 126 (1881), shall apply to require prior Bankruptcy Court approval before any such Claim or Cause of Action may be brought.~~ **Notwithstanding anything to the contrary contained herein, nothing in this Article X.A shall release or exculpate any Exculpated Party for any act or omission arising before the Petition Date or after the Effective Date.**

B.      Plan Injunction

**Notwithstanding anything contained herein to the contrary, on the Confirmation Date and effective as of the Effective Date and to the fullest extent authorized by applicable Law, all Entities who have held, hold, or may hold Claims or Interests that have been released pursuant to the Plan**~~, compromised and settled pursuant to the Plan,~~ **or are exculpated pursuant to the Plan, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Estate, the Debtor, the Wind-Down Debtor, the Plan Administrator, or the Exculpated Parties, or their respective property (collectively, the "Enjoined Actions"): (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such released, compromised, settled, or Exculpated Claim or**


~~2~~3521563.1
~~3~~3521563.3

67

O.   **No Admissions**

Notwithstanding anything herein to the contrary, nothing contained in the Plan shall be deemed an admission by any Entity with respect to any matter set forth herein.

P.   **Reservation of Rights**

Except as expressly set forth herein, the Plan shall have no force or effect unless the Bankruptcy Court shall enter the Confirmation Order and the Effective Date shall occur. None of the filing of the Plan, any statement or provision contained herein, or the taking of any action by the Debtor with respect to the Plan shall be or shall be deemed to be an admission or waiver of any rights of the Debtor, Holders of Claims, or Holders of Interests before the Effective Date.

Q.   **Compromise of Controversies**

Pursuant to Bankruptcy Rule 9019, and in consideration for the classification, distribution and other benefits provided under the Plan, the provisions of the Plan that incorporate mutually agreed settlements shall constitute a good-faith compromise and settlement of all Claims or controversies resolved pursuant to ~~the Plan~~those provisions and in this Chapter 11 Case. The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of each of the foregoing compromises or settlements, and all other compromises and settlements provided for in the applicable Plan provisions and this Chapter 11 Case, and the Bankruptcy Court's findings shall constitute its determination that such compromises and settlements are in the best interests of the Debtor, its Estate and all Holders of Claims and Interests against the Debtor. Notwithstanding any other provision in the Plan, the settlements are approved among the parties that have agreed to them (among any other party who has expressly entered into a written settlement), and the treatment of Claims and Interests is being afforded pursuant to confirmation of the Plan by satisfying the requirements of section 1129 of the Bankruptcy Code.

Dated: ~~August 29~~September 15, 2025    Respectfully Submitted,
      Wilmington, Delaware

                                              */s/ Timothy R. Pohl*
                                              Timothy R. Pohl
                                              Director, CEO, and Secretary
                                              BYJU's Alpha, Inc.