**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> BYJU'S ALPHA, INC., <br><br> Debtor. | Chapter 11 <br><br> Case No. 24-10140 (BLS) |

**NOTICE OF APPROVAL OF COMBINED PLAN AND DISCLOSURE STATEMENT ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY AND THE HEARING TO CONSIDER (A) FINAL APPROVAL OF THE COMBINED PLAN AND DISCLOSURE STATEMENT AS CONTAINING ADEQUATE INFORMATION AND (B) CONFIRMATION OF THE PLAN**

1. On September 16, 2025, the above-captioned debtor and debtor in possession (the "Debtor") filed the *Amended Combined Disclosure Statement and Chapter 11 Plan of BYJU's Alpha, Inc.* (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "Combined Plan and Disclosure Statement"). [D.I. 475] **This Notice provides information about important dates and procedures in connection with proposed confirmation of the Debtor's Plan.**

I. **APPROVAL OF COMBINED PLAN AND DISCLOSURE STATEMENT ON AN INTERIM BASIS AND INFORMATION ABOUT WHERE TO OBTAIN INFORMATION AND CASE FILINGS**

2. On September 16, 2025, the Bankruptcy Court entered an order (the "Interim Approval and Procedures Order"),[1] which, among other things, approved the Disclosure Statement on an interim basis for solicitation purposes only.

3. Copies of this Notice, the Interim Approval and Procedures Order, the Combined Plan and Disclosure Statement, and all other documents filed in the Chapter 11 Case may be obtained and reviewed without charge upon request to the Debtor: (i) via email at bwalters@ycst.com or (ii) via telephone at 302-573-7791 (toll-free in the U.S. and Canada).

4. If you have any questions about this notice or any documents or materials that you received, or if you need a Solicitation Package, either in electronic or print form, contact the Debtor at bwalters@ycst.com or via telephone at 302-573-7791 (toll-free in the U.S. and Canada).

5. **THE DEBTOR CANNOT AND WILL NOT PROVIDE LEGAL ADVICE. DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

---

[1] Capitalized terms used herein shall have the meanings ascribed to them in the Interim Approval and Procedures Order or the Combined Plan and Disclosure Statement, as applicable.

6. The Plan Supplement will be filed no later than October 12, 2025 and will be available from the Debtor at bwalters@ycst.com or via telephone at 302-573-7791.

II. **THE HEARING TO CONSIDER (I) FINAL APPROVAL OF THE COMBINED PLAN AND DISCLOSURE STATEMENT AS CONTAINING ADEQUATE INFORMATION AND (II) CONFIRMATION OF THE PLAN**

7. **Combined Hearing**. A combined hearing (the "Combined Hearing") to consider (i) final approval of the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and (ii) confirmation of the Plan will be held before the Honorable Brendan L. Shannon, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801, on **October 29, 2025 at 11:00 a.m. (prevailing Eastern Time)**. The Combined Hearing may be continued from time to time without further notice other than the announcement by the Debtor in open court of the adjourned date at the Combined Hearing or any continued hearing or as indicated in any notice filed with the Bankruptcy Court on the docket in this Chapter 11 Case.

8. **Voting Deadline**. Only holders of Claims in Class 3 (Prepetition Term Loan Claims) are entitled to vote to accept or reject the Plan. The deadline for the submission of such votes to the Debtor is October 19, 2025, at 4:00 p.m. (prevailing Eastern Time).

9. **PARTIES NOT ENTITLED TO VOTE. HOLDERS OF UNIMPAIRED CLAIMS IN CLASS 1 (OTHER SECURED CLAIMS) AND CLASS 2 (OTHER PRIORITY CLAIMS) WILL BE PAID IN FULL AND ARE PRESUMED TO ACCEPT THE PLAN. HOLDERS OF CLAIMS OR INTERESTS IN CLASS 4 (GENERAL UNSECURED CLAIMS), CLASS 5 (INTERCOMPANY CLAIMS), CLASS 6 (510(B) CLAIMS), AND CLASS 7 (INTERESTS) FOR THE DEBTOR ARE IMPAIRED AND ARE NOT ENTITLED TO ANY RECOVERY UNDER THE PLAN. CLASSES 4, 5, 6, AND 7 ARE THEREFORE DEEMED TO REJECT THE PLAN AND ARE NOT ENTITLED TO VOTE. IN ACCORDANCE WITH SECTION 1123(A)(1) OF THE BANKRUPTCY CODE, ADMINISTRATIVE EXPENSE CLAIMS, PROFESSIONAL FEE CLAIMS, AND PRIORITY TAX CLAIMS, AS DESCRIBED IN THE COMBINED PLAN AND DISCLOSURE STATEMENT, HAVE NOT BEEN CLASSIFIED AND, THEREFORE, HOLDERS OF SUCH CLAIMS ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN. THE RESPECTIVE TREATMENT OF SUCH UNCLASSIFIED CLAIMS IS SET FORTH IN ARTICLE III OF THE PLAN.**

**YOU MAY WISH TO SEEK INDEPENDENT LEGAL ADVICE CONCERNING THE PLAN AND THE CLASSIFICATION AND TREATMENT OF YOUR CLAIM OR INTEREST THEREUNDER. NO PERSON OR OTHER ENTITY HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE COMBINED PLAN**

**AND DISCLOSURE STATEMENT OR THE OTHER MATERIALS ACCOMPANYING THIS NOTICE.**

10.   **Objections to Confirmation**.  Objections to confirmation of the Plan, including any objection to the adequacy of the disclosures, if any, must: (a) be in writing, (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, (c) state the name and address of the objecting party and the amount and nature of their Claim or Interest, (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections, and (e) be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, DE 19801, and served so as to be actually received on or before **October 22, 2025, at 4:00 p.m. (prevailing Eastern Time)** by the following parties (the "Notice Parties"):

- co-counsel to the Debtor:  (i) Quinn Emanuel Urquhart & Sullivan, LLP, Attn: Susheel Kirpalani (susheelkirpalani@quinnemanuel.com), Benjamin Finestone (benjaminfinestone@quinnemanuel.com), Daniel Holzman (danielholzman@quinnemanuel.com), and Jianjian Ye (jianjianye@quinnemanuel.com); and (ii) co-counsel to the Debtor, Young Conaway Stargatt & Taylor, LLP, Attn: Robert S. Brady (rbrady@ycst.com), Kenneth J. Enos (kenos@ycst.com), Jared W. Kochenash (jkochenash@ycst.com) and Timothy R. Powell (tpowell@ycst.com);

- co-counsel to the Prepetition Agent and the DIP Agent:  (i) Kirkland & Ellis LLP, Attn: Brian Schartz (brian.schartz@kirkland.com), Patrick Nash (patrick.nash@kirkland.com), and Jordan Elkin (jordan.elkin@kirkland.com); (ii) Reed Smith LLP, David A. Pisciotta (dpisciotta@reedsmith.com) and Nicholas B. Vislocky (nvislocky@reedsmith.com); and (iii) Pachulski Stang Ziehl & Jones LLP, Laura Davis Jones (ljones@pszjlaw.com) and Peter J. Keane (pkeane@pszjlaw.com); and

- the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Linda Casey (linda.casey@usdoj.gov).

11.   **RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS ARE FOUND IN ARTICLE X OF THE PLAN. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE COMBINED PLAN AND DISCLOSURE STATEMENT, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

12.   **Administrative Claims Bar Date.**  Pursuant to the Plan, the proposed deadline for parties to request the allowance and payment of Administrative Claims: (a) with respect to Administrative Claims other than Professional Fee Claims, shall be the later of (i) thirty (30) days after the Effective Date or (ii) in the event an Executory Contract is rejected following the Effective Date, solely as to Administrative Claims related to such rejected Executory Contract, thirty (30) days after notice to the counterparty to such rejected Executory Contract; and (b) with respect to Professional Fee Claims, shall be forty-five (45) days after the Effective Date.

Dated: September 18, 2025

| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
|---|---|
| Robert S. Brady (Del. No. 2847)<br>Kenneth J. Enos (Del. No. 4544)<br>Jared W. Kochenash (Del. No. 6557)<br>Timothy R. Powell (Del. No. 6894)<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>rbrady@ycst.com<br>kenos@ycst.com<br>jkochenash@ycst.com<br>tpowell@ycst.com | Susheel Kirpalani (admitted pro hac vice)<br>Benjamin Finestone (admitted pro hac vice)<br>Daniel Holzman (admitted pro hac vice)<br>Jianjian Ye (admitted pro hac vice)<br>295 Fifth Avenue<br>New York, New York 10016<br>Tel.: (212) 849 7000<br>susheelkirpalani@quinnemanuel.com<br>benjaminfinestone@quinnemanuel.com<br>danielholzman@quinnemanuel.com<br>jianjianye@quinnemanuel.com<br><br>*Counsel for Debtor, BYJU's Alpha, Inc.* |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BYJU'S ALPHA, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 24-10140 (BLS) |

**FIRST AMENDED COMBINED PLAN AND DISCLOSURE STATEMENT SUMMARY**

  **YOU ARE RECEIVING THIS FIRST AMENDED COMBINED PLAN AND DISCLOSURE STATEMENT SUMMARY BECAUSE YOU ARE NOT ENTITLED TO VOTE ON THE COMBINED PLAN AND DISCLOSURE STATEMENT.**[1] Holders of Unimpaired Claims in Class 1 (Other Secured Claims) and Class 2 (Other Priority Claims) will be paid in full and are presumed to accept the Plan. Holders of Claims or Interests in Class 4 (General Unsecured Claims), Class 5 (Intercompany Claims), Class 6 (510(b) Claims), and Class 7 (Interests) for the Debtor are deemed to reject the Plan and are not entitled to vote.

  **IF YOU WOULD LIKE TO REVIEW THE COMBINED PLAN AND DISCLOSURE STATEMENT**, this document can be obtained and reviewed without charge upon request to the Debtor: (i) via email at bwalters@ycst.com or (ii) via telephone at 302-571-7791 (toll-free in the U.S. and Canada). The Plan Supplement will be filed no later than October 12, 2025. Copies of the Combined Plan and Disclosure Statement are also available for a fee on the Court's website, www.deb.uscourts.gov (a PACER account is required).

  **THE FOLLOWING IS A SUMMARY (THE "SUMMARY") OF THE KEY TERMS OF THE PLAN:**

  1. **Case Background.** On February 1, 2024, BYJU's Alpha, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. [D.I. 1.] The Debtor is operating its business and managing its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 8, 2024, the Court authorized the Debtor to borrow necessary operating capital (the "DIP Facility") from certain of lenders (the "DIP Lenders"), with GLAS Trust Company LLC as administrative and collateral agent under the DIP Facility (the "DIP Agent"), and to use cash collateral. [D.I. 160.] As of the date of the filing of this Summary, the DIP Facility remains an outstanding obligation of the Debtor.

  2. **Treatment of Claims**. Because all of the Debtor's remaining assets are worth less than the approximate $1.4 billion owed to Holders of Prepetition Term Loan Claims, creditors holding claims or interests in Class 4 (General Unsecured Claims), Class 5 (Intercompany Claims),

---

[1] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to them in the Combined Plan and Disclosure Statement.

Class 6 (510(b) Claims), and Class 7 (Interests) will not receive any recovery under the Plan. The Claims of the Prepetition Term Loan Lenders are classified in Class 3.

3. **Release, Injunction, and Exculpation**. The Combined Plan and Disclosure Statement contains the following release, injunction, and exculpation provisions:

    **A.**    **Exculpation**

Notwithstanding anything contained herein to the contrary, on the Confirmation Date and effective as of the Effective Date and to the fullest extent authorized by applicable Law, none of the Exculpated Parties shall have or incur any liability for any Exculpated Claim, or other assertion of liability for any act taken or omitted to be taken in connection with, or arising out of, the Chapter 11 Case, including, without limitation (1) the negotiation, formulation, or preparation of the Combined Plan and Disclosure Statement or any contract, instrument, document, or other agreement entered into pursuant thereto, (2) any Distributions made pursuant to or in accordance with the Combined Plan and Disclosure Statement, (3) the exercise of their respective business judgment and the performance of their respective fiduciary obligations, (4) the administration of the Estate, and (5) the pursuit of confirmation of the Plan; *provided* that the foregoing shall not affect the liability of any Person that otherwise would result from any such act or omission to the extent such act or omission is determined by a Final Order to have constituted willful misconduct, actual fraud, or gross negligence. The Bankruptcy Court shall act as a gate-keeper with respect to any Claim or Cause of Action that any Person wants to bring against an Exculpated Party and the provisions of *Barton v. Barbour,* 104 U.S. 126 (1881), shall apply to require prior Bankruptcy Court approval before any such Claim or Cause of Action may be brought. Notwithstanding anything to the contrary contained herein, nothing in this Article X.A shall release or exculpate any Exculpated Party for any act or omission arising before the Petition Date or after the Effective Date.

"**Exculpated Parties**" means, to the extent that they are estate fiduciaries, and in each case solely in their capacities as such on or after the Petition Date through and including the Effective Date, the Debtor, any of the Debtor's current officers and directors, and the Estate Professionals.

"**Estate Professionals**" means the Professionals of BYJU's Alpha.

"**Professional**" means an Entity employed pursuant to a Bankruptcy Court order in accordance with sections 327, 363, or 1103 of the Bankruptcy Code and to be compensated for services rendered prior to or on the Confirmation Date, pursuant to sections 327, 328, 329, 330, 331, and 363 of the Bankruptcy Code.

    **B.**    **Plan Injunction**

Notwithstanding anything contained herein to the contrary, on the Confirmation Date and effective as of the Effective Date and to the fullest extent authorized by applicable Law, all Entities who have held, hold, or may hold Claims or Interests that have been released pursuant to the Plan, compromised and settled pursuant to the Plan, or are exculpated pursuant to the Plan, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Estate, the Debtor, the Wind-Down Debtor, the Plan Administrator, or

2

the Exculpated Parties, or their respective property (collectively, the "Enjoined Actions"): (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such released, compromised, settled, or Exculpated Claim or Interest; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such released, compromised, settled, or Exculpated Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the Estate of such Entities on account of or in connection with or with respect to any such released, compromised, settled, or Exculpated Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such entities on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests unless such entity has timely filed a Proof of Claim with the Bankruptcy Court preserving such right of setoff, subrogation, or recoupment; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such released, compromised, settled, or Exculpated Claims or Interests; *provided* that the foregoing injunction does not enjoin any actions to enforce obligations arising on or after the Effective Date under the Plan or any document, instrument, or agreement executed to implement the Plan.

### C.    Injunction Related to Releases and Exculpation

To the maximum extent permitted under applicable Law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person, whether directly, derivatively or otherwise, of any Causes of Action released pursuant to this Plan, including, without limitation, the Causes of Action released or exculpated in this Plan.

### D.    Debtor's and Estate's Releases

Effective as of the Effective Date, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is hereby deemed to be, conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtor, the Estate, and the Wind-Down Debtor, in each case on behalf of itself and its respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action derivatively, by, through, or for, the foregoing Entities, from any and all Claims, and Causes of Action, including any derivative claims asserted by or assertable on behalf of the Debtor, the Estate, or the Wind-Down Debtor, as applicable, whether known or unknown, foreseen or unforeseen, matured or unmatured, liquidated or unliquidated, contingent or noncontingent, accrued or unaccrued, existing or hereafter arising, in law (or any applicable rule, statute, regulation, treaty, right, duty, or requirement), equity, contract, tort, or otherwise that, the Debtor, the Estate, or the Wind-Down Debtor would have been legally entitled to assert in its own right or otherwise or on behalf of the Holder of any Claim or Interest based on or relating to, or in any manner arising from, in whole or in part, the Debtor (including the management, ownership, or operation thereof), the purchase, sale, amendment, or rescission of any Security of the Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the assertion or enforcement of rights and remedies against the Debtor, the Debtor's in- or out-of-court restructuring efforts, any Avoidance Actions, the

Chapter 11 Case, and any related adversary proceedings, the formulation, documentation, preparation, dissemination, solicitation, negotiation, entry into, or Filing of, as applicable, the Disclosure Statement, the Plan Administrator Agreement, the Plan (including, for the avoidance of doubt, the Plan Supplement), or any restructuring transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the foregoing (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), the Filing of the Chapter 11 Case, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities and any beneficial trust interests pursuant to the Plan, or the distribution of property under the Plan (including the Retained Assets and Distributable Proceeds) or any other related agreement, or upon any act, or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (a) any obligations arising on or after the Effective Date of any party or Entity under the Plan, the Confirmation Order, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, (b) any Claims or Causes of Action included in the Schedule of Retained Causes of Action, or (c) any Claims or Causes of Action arising out of, or related to, any act or omission of a Released Party that is determined by a Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence. For the avoidance of doubt, the Debtor Release does not release any Excluded Party from any Claim or Cause of Action of any kind whatsoever (including the Retained Causes of Action) whether arising before or after the Effective Date.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further shall constitute the Bankruptcy Court's finding that the Debtor Release is: (i) essential to the Confirmation of the Plan; (ii) given in exchange for the good and valuable consideration provided by the Released Parties; (iii) a good faith settlement and compromise of the Claims or Causes of Action released by the Debtor Release; (iv) in the best interests of the Debtor, the Estate, and all Holders of Claims and Interests; (v) fair, equitable, and reasonable; (vi) given and made after reasonable investigation by the Debtor, and after due notice and opportunity for a hearing; and (vii) a bar to the Debtor, the Wind-Down Debtor, or the Debtor's Estate asserting any Claim or Cause of Action released pursuant to the Debtor Release.

For the avoidance of doubt, unless expressly released pursuant to the terms of the Plan, nothing herein shall discharge, release, or otherwise modify the liability of any non-Debtor party for any obligations of any kind whatsoever whether arising before or after the Effective Date.

"**Released Parties**" means (a) the current Prepetition Term Loan Lenders; (b) the Prepetition Agent; (c) the DIP Lenders; (d) the DIP Agent and each of their Related Parties and any other related Persons, but solely in their capacity as such.