IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BYJU'S ALPHA, INC.,[1] | ) | Case No. 24-10140 (BLS) |
| | ) | |
| Debtor. | ) | **Re: Docket No. 480** |
| | ) | |

### ORDER (I) AUTHORIZING THE DEBTOR TO AMEND THE
### DIP CREDIT AGREEMENT AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtor (the "Debtor") for entry of an order (this "Order") (a) authorizing the Debtor to enter into the Second DIP Amendment to provide for (i) the Second DIP Upsize and (ii) the Roll-Up Modifications, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided under the circumstances; and this Court having reviewed the Motion; and this Court having entered the Final DIP Order and the First DIP

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 Case is: 1007 N. Market St. Ste. G20 452, Wilmington, DE 19801.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion, the DIP Credit Agreement, the Second DIP Amendment, or the Final DIP Order, as applicable.

Amendment Order; and it appearing that the Debtor's proposed entry into the Second DIP Amendment is a sound and prudent exercise of the Debtor's business judgment; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

IT IS FOUND, DETERMINED, ORDERED, AND ADJUDGED, that:

1. *Disposition*. The relief requested in the Motion is GRANTED in accordance with the terms of this Order.

    a. *The Second DIP Amendment*. The Second DIP Amendment, substantially in the form attached hereto as **Exhibit 1**, is authorized and approved, subject to the terms and conditions set forth in the Second DIP Amendment, this Order, and the Final DIP Order (as modified by this Order, the Intercreditor Amendment Order, and the First DIP Amendment Order).

    b. Any and all objections to the Motion with respect to the entry of this Order that have not been withdrawn, waived, settled, or resolved and all reservations of rights included therein, are hereby denied and overruled on the merits. This Order shall become effective immediately upon its entry.

2. *Approval of the Second DIP Amendment*.

    a. The Debtor is authorized to incur up to $220,123,388.64 in additional aggregate principal postpetition financing (the "Second DIP Upsize Loans"), consisting of (i) $27,515,423.58 of New Money DIP Loans, effective as of the entry of this Order, and (ii) $192,607,965.06 of additional Roll-Up Loan capacity. The Second DIP Upsize Loans shall be treated in accordance with the terms of the DIP Credit Agreement, the First DIP Amendment, and

the Second DIP Amendment, in each case subject to this Order and the Final DIP Order (as modified by this Order, the Intercreditor Amendment Order, and the First DIP Amendment Order).

b. The Debtor is authorized to make the Roll-Up Modifications. To the extent that a DIP Lender elects to deliver a Roll-Up Notice or is deemed to have done so, and absent any direction from the Required Lenders otherwise, the Prepetition Secured Obligations of such DIP Lender rolled up in connection therewith shall be deemed to apply in accordance with and in the order set forth in section 8.2 of the Prepetition Term Loan Credit Agreement. No reduction of the Prepetition Secured Obligations of a lower priority set forth in section 8.2 of the Prepetition Term Loan Credit Agreement owing to such DIP Lender shall be deemed to have occurred until all Prepetition Secured Obligations of a higher priority owing to such DIP Lender have been rolled up in full, absent contrary direction from the Required Lenders. Each DIP Lender shall be authorized to roll-up the Prepetition Term Loans held by such DIP Lender to the maximum extent allowable under the DIP Credit Agreement, as modified by the Second DIP Amendment, including, for the avoidance of doubt, in connection with any outstanding New Money Term Loan Commitments. For the avoidance of doubt, the Loan Documents and the Prepetition Secured Obligations owed thereunder continue in full force and effect.

c. The Debtor is authorized to make the Adequate Protection Payments in accordance with the Final DIP Order. In the event that a DIP Lender pays its *pro rata* share of currently accrued and unpaid fees directly to the Administrative Agent pursuant to the Cooperation Agreement and the Prepetition Credit Agreement, such lender's payment shall give rise to a claim under the DIP Facility as if it was included in the Second DIP Upsize; *provided* that no roll-up right shall be provided on account thereof.

    d.  In furtherance of the foregoing and without further approval of this Court, the Debtor is authorized to enter into the Second DIP Amendment.

  3.  *Findings Regarding the Second DIP Amendment.*

    a.  Good and sufficient cause has been shown for the entry of this Order.

    b.  The terms of the Second DIP Amendment are fair and reasonable and reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties.

    c.  The terms of the Second DIP Amendment have been negotiated in good faith and at arm's-length among the Debtor and the DIP Secured Parties, and all parties' obligations and indebtedness arising under, in respect of, or in connection with the Second DIP Amendment shall be deemed to have been extended by the DIP Secured Parties in good faith, as that term is used in section 364(e) of the Bankruptcy Code and in express reliance upon the protections offered by section 364(e) of the Bankruptcy Code, and the DIP Secured Parties (and the successors and assigns thereof, solely in their capacity as such) shall be entitled to the full protection of section 364(e) of the Bankruptcy Code in the event that this Order or any provision hereof is vacated, reversed, or modified, on appeal or otherwise.

  4.  *Privileges and Protections.* All liens, security interests, priorities and other rights, remedies, benefits, privileges, and protections provided to the DIP Secured Parties in the Final DIP Order and the DIP Loan Documents with respect to or relating to the DIP Facility shall apply with equal force and effect with respect to the Second DIP Upsize Loans and all obligations in connection therewith or related thereto. In furtherance of the foregoing, except as modified by this Order, for all purposes under the Final DIP Order the defined terms "DIP Loans" and "DIP Facility" shall include the Second DIP Upsize Loans.

4

5. *The DIP Orders*.  The terms of the Final DIP Order, Intercreditor Amendment Order, and First DIP Amendment Order are incorporated herein and made part of this Order.  Except as expressly modified by this Order, the Final DIP Order, Intercreditor Amendment Order, and First DIP Amendment Order shall remain unchanged and in full force and effect.  All factual and other findings and conclusions of law contained in the Final DIP Order, Intercreditor Amendment Order, and First DIP Amendment Order shall remain fully applicable, including with respect to the Second DIP Upsize Loans, except to the extent specifically modified herein.  In the event of any inconsistency among the provisions of this Order and the Final DIP Order, Intercreditor Amendment Order, and First DIP Amendment Order, the provisions of the Final DIP Order shall govern, except as expressly modified by this Order.

6. *Rights of DIP Secured Parties*.  For the avoidance of doubt, nothing in this Order or the Second DIP Amendment is intended to nor shall alter, impair, or otherwise affect the claims, liens, and security interests, or the priority thereof, or the other rights and interests of the DIP Secured Parties under the Final DIP Order, the DIP Loan Documents, or the Prepetition Secured Parties under the Final DIP Order and the Prepetition Term Loan Documents.

7. *Binding Effect; Successors and Assigns*.  The provisions of this Order, including all findings herein, shall be binding upon all parties in interest in this Chapter 11 Case, including, without limitation, the DIP Secured Parties, any statutory or non-statutory committees appointed or formed in this Chapter 11 Case, the Debtor and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the estate of the Debtor, an examiner appointed pursuant to section 1104 of the Bankruptcy Code, or any other fiduciary appointed as a legal representative of the Debtor or with respect to the property of the

estate of the Debtor) and shall inure to the benefit of the DIP Secured Parties and the Debtor and their respective successors and assigns.

8. *Liens*. All liens and priority granted to the DIP Agent, for the benefit of itself and the other DIP Secured Parties, pursuant to this Order shall be deemed effective and perfected upon the date of this Order and without the necessity of the execution, recordation, or filing by any DIP Secured Party or any other party of mortgages, security agreements, control agreements, pledge agreements, financing statements, or other similar documents, or the possession or control by the DIP Secured Parties of, or over, any DIP Collateral.

9. *Headings*. Section headings used herein are for convenience only and are not to affect the construction of or to be taken into consideration in interpreting this Order.

10. *Effectiveness*. This Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable immediately upon entry hereof. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062, or 9014, or any Local Rule, or rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order.

11. *Retention of Jurisdiction*. The Court shall retain jurisdiction to implement, interpret, and enforce the provisions of this Order, and this retention of jurisdiction shall survive the confirmation and consummation of any chapter 11 plan for the Debtor notwithstanding the terms or provisions of any such chapter 11 plan or any order confirming any such chapter 11 plan.

Dated: September 26th, 2025
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE