## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BYJU'S ALPHA, INC.,[1] | ) | Case No. 24-10140 (BLS) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### DECLARATION OF TIMOTHY R. POHL, DIRECTOR, CEO, AND SECRETARY OF BYJU'S ALPHA, INC., IN SUPPORT OF FINAL APPROVAL AND CONFIRMATION OF THE AMENDED COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF BYJU'S ALPHA, INC.

I, Timothy R. Pohl, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information, and belief:

1.      I am the Director, Chief Executive Officer, and Secretary of BYJU's Alpha, Inc., the above-captioned debtor and debtor in possession (the "Debtor"), having served in these roles since March 3, 2023.

2.      For over three decades, I have worked for, with, and opposite distressed companies in in-court and out-of-court restructurings, as a lawyer, investment banker, financial advisor, and director. I graduated from the University of Chicago Law School in 1991 and joined the law firm of Jones Day as an associate in the firm's Business Restructuring and Reorganization practice. From 1999 to 2008, I was an attorney at Skadden, Arps, Slate, Meagher & Flom LLP, where I became a partner and eventually the Co-Head of its Corporate Restructuring Group.

3.      In 2009, following the onset of the 2008 financial crisis, I joined the Restructuring and Capital Solutions Group at Lazard, where I was a Managing Director until I

---

[1]     The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 Case is 1007 N. Market St. Ste. G20 452, Wilmington, DE 19801.

retired in 2019.  At Lazard, I continued to represent clients in restructuring matters as an investment banker and financial advisor.  I served as an expert witness in a variety of cases, testifying on corporate governance and valuation.

4.      After retiring from Lazard, I founded TRP Advisors, LLC, through which I have provided strategic advice to many companies, financial institutions, and private equity firms with respect to distressed situations, troubled portfolio companies, and acquisition opportunities over the last approximately five years.  I also have served as an independent director for over 20 other companies in a variety of industries and for which I led internal investigations in several situations and testified in court.

5.      I am over the age of 18 years and am authorized to submit this declaration (this "Declaration") on behalf of the Debtor.  If called to testify, I could and would testify competently to the facts set forth herein.

6.      I submit this Declaration in support of final approval and confirmation of the *Amended Combined Disclosure Statement and Chapter 11 Plan of BYJU's Alpha, Inc.* [Docket No. 475] (as modified, amended, or supplemented from time to time, the "Disclosure Statement," "Plan," or "Combined Disclosure Statement and Plan," as applicable).[2]

7.      I am generally familiar with the Combined Disclosure Statement and Plan, and the *Notice of Filing of Plan Supplement* [Docket No. 503] (as modified, amended, or supplemented from time to time, the "Plan Supplement").  I am also familiar with the requirements for final approval of the Disclosure Statement under section 1125 of title 11 of the United States

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and confirmation of the Plan under section 1129 of the Bankruptcy Code.

8.      In conferring with Debtor's legal counsel and based on my involvement and familiarity with this Chapter 11 Case, I believe that the Debtor proposed the Plan in good faith, and, as detailed more fully below, the Plan satisfies the requirements of sections 1123 and 1129 of the Bankruptcy Code.  Furthermore, I believe that the Plan is in the best interests of the Debtor's Estate and creditors.

## II.   The Disclosure Statement Should Be Approved on a Final Basis.

9.      The Disclosure Statement provides Holders of Claims and Interests in the Chapter 11 Case with information about, among other things:  (i) the major events that occurred prior to, and during the course of, the Chapter 11 Case; (ii) a summary of the classification and treatment of all Classes of Claims and Interests under the Plan; (iii) an estimate of distributions to Holders of Allowed Claims pursuant to the Plan; (iv) the provisions governing distributions under the Plan; (v) the means for implementation of the Plan; (vi) a summary of the Debtor assets that will be transferred to the Wind-Down Debtor on the Effective Date; (vii) information regarding the Plan Administrator; (viii) information regarding certain risk factors that could affect recoveries under the Plan or the implementation of the Plan; (ix) the right and ability of the Plan Administrator to assert, compromise, or dispose of certain causes of action; (x) the tax consequences of the Plan; (xi) conspicuous language containing releases of the Debtor and third parties, exculpation and limitation of liabilities, and the injunction to be entered by and in connection with the Plan; and (xii) such other and further information that informs Holders of Claims and Interests of their rights arising from and relating to the Plan.

10.     Accordingly, I believe that the Disclosure Statement contains "adequate information," satisfies section 1125 of the Bankruptcy Code, and should be approved on a final basis.

## III.     The Plan Satisfies the Bankruptcy Code's Requirements for Confirmation.

### A.     The Plan Satisfies Section 1129(a)(1) of the Bankruptcy Code.

11.     I understand that section 1129(a)(1) of the Bankruptcy Code requires a chapter 11 plan to comply with all applicable provisions of the Bankruptcy Code.  As set forth below, I believe the Plan satisfies section 1129(a)(1) of the Bankruptcy Code.

#### 1.     The Plan's Classification of Claims and Interests Complies with Section 1122 of the Bankruptcy Code.

12.     Through discussions with the Debtor's professionals and my familiarity with the Plan, I understand that the Plan designates Claims and Interests against the Debtor into seven (7) Classes, as set forth in Article IV of the Plan, in addition to Administrative Claims, DIP Facility Claims, Professional Fee Claims, Priority Tax Claims, and Statutory Fees, which are unclassified.  Through these discussions, I understand that the Claims or Interests assigned to each particular Class in the Plan are substantially similar to the other Claims or Interests in such Class and the separate classification of Claims and Interests against the Debtor is based upon the legal or factual nature of those Claims and Interests and other relevant criteria and was not implemented for any improper purpose and does not unfairly discriminate between or among the Holders of Claims or Interests.  In addition, I am advised by the Debtor's professionals that the classification scheme is rational and complies with the Bankruptcy Code.  I understand that the Plan incorporates a distribution scheme that follows the statutory priorities prescribed in the Bankruptcy Code, and that the Debtor separately classified Claims and Interests based on a number of factors, including whether a particular Class comprises Claims or Interests, and whether the Claims in a Class are

4

unsecured or secured.  The Plan's classification scheme was not promulgated for any improper

purpose and is necessary to implement the Plan.  Accordingly, based upon the foregoing, I believe

that the Plan satisfies section 1122 of the Bankruptcy Code.

> **2.      The Plan Complies with the Requirements of Section 1123(a) of the Bankruptcy Code.**

13.      I believe that the Plan satisfies the applicable requirements set forth in

section 1123(a) of the Bankruptcy Code because, based upon discussions with the Debtor's

professionals and my review of the Plan, I understand that:

> a.      Section 1123(a)(1) of the Bankruptcy Code.  The Plan designates Classes of Claims and Interests as required under section 1123(a)(1) of the Bankruptcy Code.

> b.      Sections 1123(a)(2)–(4) of the Bankruptcy Code.  Article IV of the Plan (i) identifies each Class of Claims that is not Impaired under the Plan, and sets forth the treatment of Impaired Claims pursuant to sections 1123(a)(2)–(3) of the Bankruptcy Code, and (ii) provides for the same treatment of each Claim in each respective Class (unless otherwise agreed to by a Holder of a particular Claim or Interest) as required under section 1123(a)(4) of the Bankruptcy Code.

> c.      Section 1123(a)(5) of the Bankruptcy Code.  The Plan provides adequate means for its implementation, as required by section 1123(a)(5) of the Bankruptcy Code.  Through these discussions, I also understand that the Plan provides for:  (i) the wind-down and dissolution of the Debtor; (ii) the vesting of assets in the Wind-Down Debtor; (iii) the sources of consideration for Plan distributions; (iv) the treatment of Executory Contracts and Unexpired Leases; (v) the treatment of Claims and Interests; (vi) the preservation and vesting of certain Retained Causes of Action in the Wind-Down Debtor; and (vii) the taking of all necessary and appropriate actions by the Debtor to effectuate the transactions under and in connection with the Plan.

> d.      Section 1123(a)(6) of the Bankruptcy Code.  Section 1123(a)(6) is inapplicable to the Plan, as the Plan does not provide for the issuance of non-voting equity securities or preferred interests because the Debtor is being wound down.

> e.      Section 1123(a)(7) of the Bankruptcy Code.  From and after the Effective Date, the Plan Administrator shall be authorized to act on behalf of the Estate.  The disclosure of my selection as Plan Administrator along with my compensation as Plan Administrator are included in the Plan Supplement.  Based upon discussions with the Debtor's professionals, I believe that any provisions of

the Plan governing the manner of selection of any trustee or fiduciary under the Plan are consistent with the interests of creditors and equity security holders and with public policy in accordance with section 1123(a)(7) of the Bankruptcy Code.

**3.      The Plan Complies with Section 1123(b) of the Bankruptcy Code.**

14.      I understand that the Plan includes the following permissive provisions, which, based upon discussions with the Debtor's professionals and my review of the Plan, I believe to be consistent with section 1123(b) of the Bankruptcy Code:

a.      Article IV of the Plan provides that (i) Classes 1 and 2 are Unimpaired, and (ii) Classes 3, 4, 5, 6, and 7 are Impaired as permitted under section 1123(b)(1) of the Bankruptcy Code.

b.      Article IX of the Plan provides that all Executory Contracts or Unexpired Leases will be deemed automatically rejected by the Debtor unless otherwise agreed by the applicable counterparty, in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, other than those that:  (a) are otherwise provided for in the Plan, such as being specifically assumed in connection with confirmation of the Plan, or are identified on the Schedule of Assumed Executory Contracts and Unexpired Leases; (b) have been previously assumed, assumed and assigned, or rejected by the Debtor pursuant to any Bankruptcy Court order; (c) are the subject of a Filed motion to assume, assume and assign, or reject such Executory Contract or Unexpired Lease (or of a Filed objection with respect thereto) that is pending on the Confirmation Date; or (d) are a contract, release, or other agreement or document entered into in connection with the Plan.  Through discussions with the Debtor's professionals, I also understand that the Debtor believes that rejecting all Executory Contracts and Unexpired Leases is in the best interests of its Estate because the Plan provides that the Debtor's Estate will be wound down after the Effective Date.  Therefore, I believe the Debtor exercised sound business judgment in determining to reject the Executory Contracts and Unexpired Leases under the Plan.  Accordingly, the Plan satisfies sections 1123(b)(2) and 365(a) of the Bankruptcy Code.

c.      Article X of the Plan contains release, exculpation, and injunctive provisions, which are supported by the Debtor.  It is my belief that, among other things, these provisions are the product of arm's-length negotiations, have been important to obtaining the support of the various constituencies for the Plan, have not been objected to by any party in interest in the Chapter 11 Case, are an appropriate exercise of the Debtor's business judgment, and are reasonable.  In addition, in the case of the Exculpated Parties, such Exculpated Parties participated in good faith in formulating and negotiating the Plan.  Finally, with respect to the Plan Injunction, it is my belief that it is narrowly tailored and serves

as a necessary and critical component of the Plan, as it ensures that the release and exculpation provisions contained in the Plan can be effectuated.  I believe that the release, exculpation, and injunction provisions set forth in the Plan are appropriate and necessary to implement the Plan, narrowly tailored, and consistent with established Third Circuit law.  Accordingly, the Plan satisfies section 1123(b)(3) of the Bankruptcy Code.

d.      Article IV of the Plan modifies or leaves unaffected, as the case may be, the rights of certain Holders of Claims, as permitted by section 1123(b)(5) of the Bankruptcy Code.

e.      Article X contains release, exculpation, and injunctive provisions that are consistent with the applicable provisions of the Bankruptcy Code and are essential to an orderly wind-down.

**B.      The Plan Satisfies Section 1129(a)(2) of the Bankruptcy Code.**

15.    Based upon discussions with the Debtor's advisors, I believe that, as required by section 1129(a)(2) of the Bankruptcy Code, the Debtor has complied with the applicable provisions of the Bankruptcy Code, including sections 1125 and 1126 of the Bankruptcy Code, regarding disclosure and plan solicitation.

**C.      The Debtor Proposed the Plan in Good Faith in Compliance with Section 1129(a)(3) of the Bankruptcy Code.**

16.    Based on discussions with the Debtor's professionals and my involvement in the Chapter 11 Case, I believe the Debtor proposed the Plan in good faith and not by any means forbidden by law, with the legitimate and honest purposes of maximizing the value of the Debtor's Estate, effectuating a comprehensive and feasible liquidation, and maximizing the recoveries of all creditor constituencies.

17.    Furthermore, the Plan is the result of collaborative efforts between the Debtor, its advisors, and its key stakeholders.  I believe the Plan maximizes the economic return to the Debtor's secured lenders—the sole recovering creditors.  Accordingly, it is my understanding that the Plan facilitates transactions that will provide greater value to the Debtor's

stakeholders compared to the alternative of a chapter 7 liquidation.  Furthermore, I understand that the Debtor's secured stakeholders support confirmation of the Plan; no party in interest has objected to the Plan on the basis that it was proposed in bad faith.  Finally, it is also my understanding that none of the transactions contemplated by the Plan are forbidden by law.  Based upon the foregoing, I believe the Plan represents the best result the Debtor could have achieved under the circumstances, with the best possible outcome for all interested parties, and is consistent with the purposes of the Bankruptcy Code, and therefore, the Plan has been proposed in good faith and satisfies section 1129(a)(3) of the Bankruptcy Code.

     **D.**      **The Plan Complies with Section 1129(a)(4) of the Bankruptcy Code.**

     18.     Based upon discussions with the Debtor's professionals and my familiarity with the Plan, I understand that, under Article III.L of the Plan, all Professionals requesting compensation pursuant to the Bankruptcy Code for services rendered or reimbursement of costs, expenses or other charges incurred before the Effective Date must file a fee application for final allowance of their Professional Fee Claims no later than forty-five (45) days after the Effective Date.  Any objections to any Professional Fee Claim must be filed and served no later than twenty-one (21) days after the Filing of the Professional Fee Claim.  Any such objections that are not consensually resolved may be set for hearing after notice.  Accordingly, I believe that the Plan satisfies section 1129(a)(4) of the Bankruptcy Code.

     **E.**      **The Debtor Has Complied with Section 1129(a)(5) of the Bankruptcy Code.**

     19.     As noted, the Plan Supplement identified that I would serve as the Plan Administrator commencing on the Effective Date.  I was selected by the Debtor, following consultation with the Debtor's secured lenders.  As Plan Administrator, one of my primary responsibilities will be the ongoing prosecution of the Debtor's Retained Causes of Action in

connection with adversary proceedings currently underway. I believe that my restructuring experience, in addition to my familiarity with the relevant claims and ongoing investigations over the past two years and my historical relationship with the Debtor's secured lenders, will prove helpful in the wind-down of the Debtor's Estate and the prosecution of any ongoing and outstanding claims in order to maximize returns for key stakeholders. Therefore, my appointment is in the best interests of creditors and consistent with public policy. Accordingly, I believe the Plan satisfies the requirements of section 1129(a)(5) of the Bankruptcy Code.

**F.**   **The Plan Does Not Contain Any Rate Changes Subject to Section 1129(a)(6) of the Bankruptcy Code.**

20.     The Plan does not provide for any rate changes by the Debtor. Therefore, section 1129(a)(6) of the Bankruptcy Code is inapplicable to the Chapter 11 Case.

**G.**   **The Plan Is in the Best Interests of All Creditors and Equity Holders Under 1129(a)(7) of the Bankruptcy Code.**

21.     I believe that the Plan satisfies section 1129(a)(7) of the Bankruptcy Code, because—due to higher anticipated costs and lower anticipated recoveries to the Estate in a hypothetical chapter 7 case as compared to under the Plan in this Chapter 11 Case, especially where I would continue the Debtor's prosecution of value-maximizing causes of action alongside the Debtor's current professionals—all holders of impaired Claims and Interests will receive property with a value, as of the Effective Date, that is not less than the value such holders would receive in a liquidation under chapter 7. In light of the foregoing, I believe that the Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

**H.**   **The Plan Has Been Accepted by Impaired Voting Classes and Complies with Section 1129(a)(8) of the Bankruptcy Code.**

22.     Based on my discussions with the Debtor's legal advisors, I understand that Classes 1 and 2 are presumed to accept the Plan, and Class 3 voted to accept the Plan pursuant to

section 1126(c) of the Bankruptcy Code.  I further understand that Classes 4, 5, 6, and 7 are Impaired, but are not entitled to vote on the Plan, and are deemed to reject the Plan.  With respect to such Classes, the Debtor is seeking to confirm the Plan under section 1129(b) of the Bankruptcy Code, as set forth below.

I.    **The Plan Provides for Payment in Full of All Allowed Priority Claims and Complies with Section 1129(a)(9) of the Bankruptcy Code.**

23.    Based upon discussions with the Debtor's professionals and my familiarity with the Plan, I understand that, except to the extent that the holder of a particular Allowed Claim has agreed to a different treatment of such Claim, Article IV of the Plan provides for the treatment required by section 1129(a)(9) of the Bankruptcy Code for each of the various claims specified in sections 507(a)(1)–(8) of the Bankruptcy Code.

J.    **The Plan Satisfies Section 1129(a)(10) of the Bankruptcy Code.**

24.    Based upon discussions with the Debtor's professionals, it is my understanding that the one Impaired Class eligible to vote on the Plan—Class 3 (Prepetition Term Loan Claims)—voted to accept the Plan in the requisite number and amount, without including any acceptance of the Plan by an insider.  Accordingly, based upon the foregoing, it is my belief that the Plan satisfies section 1129(a)(10) of the Bankruptcy Code.

K.    **The Plan Is Feasible and Satisfies Section 1129(a)(11) of the Bankruptcy Code.**

25.    Section 1129(a)(11) of the Bankruptcy Code requires that confirmation of a plan is not likely to be followed by the liquidation or further reorganization of the debtor or any successor thereto unless such liquidation or reorganization is proposed in the plan.  Simply put, section 1129(a)(11) of the Bankruptcy Code requires a plan to be "feasible."  I understand that, in

the context of the Plan, the feasibility test requires that the Bankruptcy Court determine whether the Plan may be implemented and has a reasonable likelihood of success.

26.     It is my belief that the Plan is feasible in that, at a minimum, there are adequate means of implementation.  The Plan provides for reasonable procedures, by which, the Debtor and the Plan Administrator may make the necessary distributions under the Plan. Therefore, I believe the Plan is feasible because it:  (i) provides the financial wherewithal necessary to implement the Plan; and (ii) offers reasonable assurance that the Plan is workable and has a reasonable likelihood of success.  Accordingly, based upon the foregoing, it is my belief that the Plan satisfies the feasibility requirements of section 1129(a)(11) of the Bankruptcy Code.

**L.     Section 1129(a)(12) of the Bankruptcy Code Is Satisfied.**

27.     I understand that Article III.N of the Plan provides for the payment of fees under 28 U.S.C. § 1930, and that such fees due and owing to the U.S. Trustee shall be paid on the Effective Date.  After the Effective Date, such fees shall be paid when due and payable until the Chapter 11 Case is closed, dismissed, or converted to a case under chapter 7 of the Bankruptcy Code.  Accordingly, I believe that the Plan complies with section 1129(a)(12) of the Bankruptcy Code.

**M.     Sections 1129(a)(13)–1129(a)(16) of the Bankruptcy Code Are Inapplicable.**

28.     Based upon discussions with the Debtor's professionals, it is my understanding that sections 1129(a)(13)–1129(a)(16) are inapplicable to the Plan.

**N.     The Plan Satisfies the "Cramdown" Requirements for Non-Accepting Classes Under Section 1129(b) of the Bankruptcy Code.**

29.     I understand that, pursuant to section 1129(b) of the Bankruptcy Code, a plan may be confirmed notwithstanding the deemed rejection by a class of claims or equity

interests (*i.e.*, "crammed down") so long as the plan satisfies all the requirements of section 1129(a) of the Bankruptcy Code and the plan does not discriminate unfairly and is fair and equitable as to such non-accepting class or classes.  For the reasons discussed below, I believe that the Plan may be confirmed as to Classes 4, 5, 6, and 7, which are deemed to reject the Plan (each, a "<u>Rejecting Class</u>" and together, the "<u>Rejecting Classes</u>") pursuant to the "cramdown" provisions of section 1129(b) of the Bankruptcy Code.

### 1.    The Plan Does Not Discriminate Unfairly.

30.    It is my belief, after consultation with the Debtor's professionals, that the Plan does not discriminate unfairly against any Class of Claims or Interests.  As discussed above, each Rejecting Class is classified separately because it is legally distinct from other Classes, and all Claims of a similar legal nature are classified together and afforded the same treatment under the Plan.  Accordingly, I believe that the Plan does not discriminate unfairly in contravention of section 1129(b)(1) of the Bankruptcy Code.

### 2.    The Plan Is Fair and Equitable.

31.    I have been advised that sections 1129(b)(2)(B)–(C) of the Bankruptcy Code provide that a plan is fair and equitable with respect to a class of impaired dissenting unsecured claims or equity interests if it provides that any holder of a claim or equity interest in a class junior to such dissenting class of claims or equity interests will not receive or retain any property under the plan on account of such junior claim or equity interest.  It is my understanding, after consultation with the Debtor's professionals, that no Holder of a Claim or Interest in a Class junior to any of the Rejecting Classes will receive or retain any property under the Plan on account of such junior Claim or Interest.  It is my further understanding that no Holder of a Claim or Interest in a Class senior to Holders in the Rejecting Classes will receive or retain any property under the

Plan in an amount in excess of such Holder's Claims or Interests.  For these reasons, I believe the Plan is "fair and equitable" and, therefore, consistent with the requirements of section 1129(b) of the Bankruptcy Code.

      **O.**    **The Debtor Complied with Section 1129(d) of the Bankruptcy Code.**

      32.    Through discussions with the Debtor's professionals and my familiarity with the Plan, I understand that the purpose of the Plan is not to avoid taxes or the application of section 5 of the Securities Act of 1933, and no Governmental Unit or any other entity has thus far lodged an objection to the Plan on these grounds.  Therefore, I believe the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

**IV.**    **The Exercise of the Debtor's Business Judgment in Allowing Claims and Formulating the Plan Is Appropriate.**

      33.    From the outset of the Chapter 11 Case, the Debtor, under my direction and in conjunction with its professionals, has worked to reach the best outcome for the Debtor's Estate and its creditors.  These efforts have resulted in a plan that provides for the efficient and prompt distribution of the Estate's assets.  The Plan is the product of diligence and negotiations and provides an efficient mechanism to distribute the Debtor's assets to creditors.  I therefore believe that the Plan implements a value-maximizing liquidation that will inure to the benefit of the Debtor and its stakeholders.

**V.**    **Cause Exists to Waive the Stay of the Confirmation Order.**

      34.    I have been advised that Bankruptcy Rule 3020(e) generally provides a 14-day stay of the effectiveness of an order confirming a chapter 11 plan, unless the Bankruptcy Court orders otherwise.  I understand a stay of such order will delay the Debtor's implementation of the Plan, extending the time that the Debtor must remain in chapter 11.  I believe that extending

the length of time that the Debtor remains in chapter 11 would only serve to increase the administrative and professional costs incurred by the Debtor's Estate.  I therefore believe the Bankruptcy Court should grant the Debtor's request to waive the stay imposed by the Bankruptcy Rules, so that the Bankruptcy Court's order confirming the Plan may be effective immediately upon its entry.

## VI.    Conclusion.

35.    In light of the foregoing, and based upon discussions with the Debtor's professionals and my familiarity with the Plan, I believe that:  (i) the Disclosure Statement contains "adequate information," satisfies section 1125 of the Bankruptcy Code, and should be approved on a final basis; and (ii) the Plan complies with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and other applicable non-bankruptcy laws as they have been explained to me, and was proposed in good faith.

36.     I hereby certify that the foregoing statements are true and correct to the best of my knowledge, information, and belief, and respectfully request, as set forth above, that the Plan should be confirmed and that all of the actions and transactions contemplated by the Plan should be approved.

Dated: October 27, 2025

*/s/ Timothy R. Pohl*
Name: Timothy R. Pohl
Title: Director, CEO, and Secretary
BYJU's Alpha, Inc.