## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BYJU'S ALPHA, INC.[1] | Case No. 24-10140 (BLS) |
| Debtor. | Re: D.I. 470, 475, 478, and 503 |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE AMENDED COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF BYJU'S ALPHA, INC.

The above captioned debtor and debtor in possession (the "**Debtor**"), having:[2]

a.    commenced, on February 1, 2024 (the "**Petition Date**"), this chapter 11 case (the "**Chapter 11 Case**") by filing a voluntary petition in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

b.    filed, on August 29, 2025, the *Combined Disclosure Statement and Chapter 11 Plan of BYJU'S Alpha, Inc.* [D.I. 470];

c.    filed, on September 16, 2025, the *Amended Combined Disclosure Statement and Chapter 11 Plan of BYJU's Alpha, Inc.* [D.I. 475] (the "**Plan**," the "**Disclosure Statement**," or the "**Combined Plan and Disclosure Statement**," as the context indicates);

d.    filed, on September 18, 2025, the *Notice of Approval of Combined Plan and Disclosure Statement on an Interim Basis for Solicitation Purposes Only and the Hearing to Consider (A) Final Approval of the Combined Plan and Disclosure Statement as Containing Adequate Information and (B) Confirmation of the Plan* [D.I. 481] (the "**Confirmation Hearing Notice**");

---

[1]    The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number is BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 Case is 1007 N. Market St. Ste. G20 452, Wilmington, DE 19801.

[2]    All capitalized terms used but otherwise not defined in these findings of fact, conclusions of law, and order (collectively, this "**Confirmation Order**") shall have the meanings set forth in the Combined Plan and Disclosure Statement (as defined herein). The rules of interpretation set forth in Article II.B of the Combined Plan and Disclosure Statement shall apply to this Confirmation Order.

e.    caused notice of the Confirmation Hearing to be published on September 25, 2025, in the *Wall Street Journal* as evidenced by the *Affidavit Regarding Publication Notice of Hearing on Combined Disclosure Statement and Chapter 11 Plan* [D.I. 487] (the "**Publication Affidavit**");

f.    filed, on October 9, 2025, the *Affidavit of Service* [D.I. 499] (the "**Solicitation Affidavit**" and, together with the Publication Affidavit, the "**Affidavits**") confirming that the Combined Plan and Disclosure Statement and the Confirmation Hearing Notice were properly served;

g.    filed, on October 14, 2025, the *Notice of Filing of Plan Supplement* [D.I. 503] (the "**Plan Supplement**");

h.    filed, on October 27, 2025, the *Declaration of Brenda S. Walers of Young Conaway Stargatt & Taylor LLP Regarding the Tabulation of ballots Cast on the Amended Combined Disclosure Statement and Chapter 11 Plan of BYJU's Alpha, Inc.* [D.I. 509] (the "**Voting Report**");

i.    filed, on October 27, 2025, the *Debtor's Memorandum of Law in Support of Confirmation of the Amended Combined Disclosure Statement and Chapter 11 Plan of BYJU's Alpha, Inc.* [D.I. 511] (the "**Confirmation Brief**");

j.    filed, on October 27, 2025, the *Declaration of Timothy R. Pohl, Director, CEO, and Secretary of BJYU's Alpha, Inc. in Support of Final Approval and Confirmation of the Amended Combined Disclosure Statement and Chapter 11 Plan of BYJU's Alpha, Inc.* [D.I. 510] (the "**Pohl Declaration**"); and

This Bankruptcy Court having:

a.  entered, on April 8, 2024, the *Final Order (I) Authorizing the Use of Cash Collateral, (II) Authorizing the Debtor to Obtain Postpetition Financing, (III) Granting Senior Postpetition Security Interests, and According Superpriority Administrative Expense Status Pursuant to Sections 364(c) and 364(d) of the Bankruptcy Code, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [D.I. 160];

b.  entered, on November 18, 2024, the *Order Authorizing the Debtor to Amend the DIP Credit Agreement and Granting Related Relief* [D.I. 290];

c.  entered, on March 27, 2025, the *Order (I) Establishing Bar Dates for Filing Proofs of Claim, Including Claims under 11 U.S.C. §§ 507(a)(3) through (a)(10) and 503(b)(9), (II) Approving the Form and Manner for Filing Proofs of Claim, (III) Approving Notice Thereof, and (IV) Granting Related Relief* [D.I. 338];

d.  entered, on September 16, 2025, the *Order (I) Approving the Combined Plan and Disclosure Statement on an Interim Basis for Solicitation Purposes Only; (II) Establishing Solicitation and Voting Procedures; (III) Approving the Form of Ballots and Solicitation Materials; (IV) Establishing the Voting Record Date; (V) Fixing the Date, Time, and Place for the Combined Hearing and the Deadlines for Filing Objections Thereto; and (VI) Granting Related Relief* [D.I. 478] (the "**Interim Approval and Procedures Order**");

e.  entered, on September 26, 2025, the *Order Authorizing the Debtor to Amend the DIP Credit Agreement and (II) Granting Related Relief* [D.I. 491];

f.  set October 29, 2025, at 10:00 a.m., prevailing Eastern Time, as the date and time for the Confirmation Hearing pursuant to Bankruptcy Rules 3017 and 3018 and sections 1126, 1128, and 1129 of the Bankruptcy Code (the "**Confirmation Hearing**");

g.  reviewed the Plan, the Disclosure Statement, the Confirmation Brief, the Pohl Declaration, the Voting Report, the Confirmation Hearing Notice, the Affidavits, the Ballots, and all filed pleadings, exhibits, statements, and comments regarding approval of the Disclosure Statement and Confirmation of the Plan ("**Confirmation**"), including all objections, statements, and reservations of rights;

h.  held the Confirmation Hearing;

i.  heard the statements and arguments made by counsel in respect of approval of the Combined Plan and Disclosure Statement;

j.  considered all oral representations, affidavits, testimony, documents, filings, and other evidence regarding approval of the Combined Plan and Disclosure Statement;

k.  overruled any and all objections to approval of the Disclosure Statement on a final basis and Confirmation of the Plan, and any and all statements and reservations of rights related thereto not consensually resolved or withdrawn unless otherwise indicated herein; and

l.  taken judicial notice of all pleadings and other documents filed, all orders, entered, and all evidence and arguments presented in this Chapter 11 Case.

**NOW, THEREFORE**, the Bankruptcy Court having found that notice of the Confirmation Hearing and the opportunity for any party in interest to object to approval of the Disclosure Statement on a final basis and Confirmation of the Plan have been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby, and the Bankruptcy Court having found that the record of this Chapter 11 Case and the legal and factual bases set forth in the documents filed in support of approval of the Disclosure Statement and Confirmation of the Plan and all evidence presented at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefor, the Bankruptcy Court hereby makes and issues the following findings of fact and conclusions of law and orders:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:

**A.**    **Findings of Fact and Conclusions of Law.**

1.  The findings of fact and the conclusions of law set forth herein, and in the record of the Confirmation Hearing, constitute the Bankruptcy Court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. Each finding of fact set forth or incorporated in this Confirmation Order, to the extent it is or may be deemed a conclusion of law, shall also constitute a conclusion of law. Each conclusion of law set forth or incorporated in this Confirmation Order, to the extent it is or may be deemed a finding of fact, shall also constitute a finding of fact.

**B.** **Jurisdiction and Venue.**

2.      The Bankruptcy Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. The Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be approved and confirmed. Venue is proper before the Bankruptcy Court under sections 1408 and 1409 of the Bankruptcy Code. Confirmation of the Plan is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

**C.** **Eligibility for Relief.**

3.      The Debtor was at all times during this Chapter 11 Case and continues to be an entity eligible for relief under section 109 of the Bankruptcy Code, and the Debtor is a proper proponent of the Plan under section 1121(a) of the Bankruptcy Code.

**D.** **Commencement of the Chapter 11 Case.**

4.      On the Petition Date, the Debtor commenced this Chapter 11 Case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has operated as a debtor in possession pursuant to section 1107(a) of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this Chapter 11 Case.

**E.** **Bankruptcy Rule 3016.**

5.      The Plan and all modifications thereto are dated and identify the entity submitting them, satisfying Bankruptcy Rule 3016(a). The Debtor appropriately filed the Combined Plan and Disclosure Statement with the Bankruptcy Court, satisfying Bankruptcy Rule 3016(b). The injunction, release, and exculpation provisions in the Combined Plan and Disclosure Statement describe, in bold font and with specific and conspicuous language, all acts to be enjoined and identify the entities that will be subject to the injunction, satisfying Bankruptcy Rule 3016(c).

**F.       Judicial Notice.**

6.        The Bankruptcy Court takes judicial notice of (and deems admitted into evidence for purposes of approval of the Disclosure Statement and Confirmation of the Plan) the docket of this Chapter 11 Case maintained by the clerk of the Bankruptcy Court or its duly appointed agent, including, without limitation, all pleadings and other documents filed and orders entered thereon. The Bankruptcy Court also takes judicial notice of all evidence proffered or adduced and all arguments made at the hearings held before the Bankruptcy Court during the pendency of this Chapter 11 Case.

**G.       Plan Supplement.**

7.        The documents identified in the Plan Supplement were filed as required and notice of such documents was appropriate and satisfactory based upon the circumstances of this Chapter 11 Case and in compliance with the provisions of the Plan, the Interim Approval and Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable laws, rules, and regulations. All parties required to be given notice of the documents identified in the Plan Supplement have been provided due, proper, timely, and adequate notice and have had an opportunity to appear and be heard with respect thereto. The transmittal and notice of the Plan Supplement (and all documents identified in the Plan Supplement) was appropriate and satisfactory based upon the circumstances of this Chapter 11 Case and was conducted in good faith. No other or further notice with respect to the Plan Supplement (and all documents identified in the Plan Supplement) is necessary or shall be required. All documents included in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan and this Confirmation Order. Subject to the terms of the Plan, the Debtor reserves the right to alter, amend, update, or modify the Plan Supplement in accordance with the terms of the Plan, this Confirmation Order, the Bankruptcy Code, and the Bankruptcy Rules.

H.    **Objections.**

8.    All parties have had a fair opportunity to litigate all issues raised, or that might have been raised, in objections to final approval of the Disclosure Statement and Confirmation of the Plan and such objections, if any, have been fully and fairly litigated or resolved. Any resolution of objections to confirmation or final approval of the Disclosure Statement explained on the record at the Confirmation Hearing is hereby incorporated by reference. All unresolved objections, statements, informal objections, and reservations of rights (except with respect to unresolved cure amounts, if any) related to the Disclosure Statement or Confirmation of the Plan are hereby overruled on the merits.

9.    All objections to Confirmation, if any, not filed and served prior to the Objection Deadline set forth in the Confirmation Hearing Notice or such other applicable deadline are deemed waived and shall not be considered by the Bankruptcy Court.

I.    **Modifications to the Plan.**

10.    Pursuant to section 1127 of the Bankruptcy Code, the modifications to the Plan made after the entry of the Interim Approval and Procedures Order constitute technical or clarifying changes or modifications that do not otherwise materially or adversely affect or change the treatment of any other Claim or Interest under the Plan. These modifications are consistent with the disclosures previously made pursuant to the Disclosure Statement and Solicitation Package served pursuant to the Interim Approval and Procedures Order. After giving effect to these modifications, the Combined Plan and Disclosure Statement continues to satisfy the requirements of sections 1122 and 1123 of the Bankruptcy Code and notice of these modifications was adequate and appropriate under the facts and circumstances of this Chapter 11 Case. In accordance with Bankruptcy Rule 3019, these modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or the resolicitation of votes under section 1126 of the Bankruptcy Code,

and they do not require that holders of Claims be afforded an opportunity to change previously cast acceptances or rejections of the Plan. The filing with this Bankruptcy Court of the Plan as modified by the Plan modifications, and the disclosure of the Plan modifications on the record at the Confirmation Hearing, constitute due and sufficient notice thereof. Accordingly, the Plan is properly before this Bankruptcy Court and all votes cast with respect to the Plan prior to such modifications shall be binding and shall apply with respect to the Plan. The Plan, as attached hereto, and as may be further modified consistent with the terms of this Confirmation Order, shall constitute the Plan submitted for confirmation by this Bankruptcy Court.

**J.     Adequacy of the Disclosure Statement.**

11.     The Disclosure Statement contains (a) extensive material information regarding the Debtor's administration of the Chapter 11 Case so that parties entitled to vote on the Plan could make informed decisions regarding the Plan, thereby satisfying the disclosure requirements of all applicable nonbankruptcy laws, rules, and regulations, including, to the extent applicable, the Securities Act of 1933, 15 U.S.C. §§ 77a–77aa, together with the rules and regulations promulgated thereunder, as amended from time to time (the "**Securities Act**"), and (b) "adequate information" (as such term is defined in section 1125(a) of the Bankruptcy Code and used in section 1126(b)(2) of the Bankruptcy Code) with respect to the Debtor, the Debtor's administration of the Chapter 11 Case, the Plan, and the transactions contemplated therein, and the Disclosure Statement is approved in all respects. The Debtor's solicitation of acceptances and rejections of the Plan via transmittal of the Interim Approval and Procedures Order and the other materials in the Solicitation Package was authorized by and complied with the Interim Approval and Procedures Order and was appropriate under the circumstances, and the Disclosure Statement is approved on a final basis pursuant to this Confirmation Order.

**K.**     **Notice.**

12.     On September 16, 2025, the Bankruptcy Court entered the Interim Approval and Procedures Order. As evidenced by the Solicitation Affidavit and the record in this Chapter 11 Case, the Debtor provided due, adequate, and sufficient notice of the Combined Plan and Disclosure Statement, the Interim Approval and Procedures Order, the Solicitation Package, the non-voting package, the Combined Notice, the Combined Plan and Disclosure Statement Summary, the Plan Supplement, the settlement, release, exculpation, and injunction provisions contained in the Plan, the Confirmation Hearing, the Voting Deadline, the objection deadline for the Combined Plan and Disclosure Statement, and any other applicable bar dates described in the Interim Approval and Procedures Order, in compliance with the Bankruptcy Code, the Bankruptcy Rules, including Bankruptcy Rules 2002(b), 3016, 3017, 3019, and 3020(b), the Local Rules, and the Interim Approval and Procedures Order. No other or further notice is or shall be required.

**L.**     **Solicitation and Voting Report.**

13.     The Debtor solicited votes for acceptance or rejection of the Plan in good faith, and such solicitation complied with the Bankruptcy Code, including sections 1125 and 1126 of the Bankruptcy Code, the Bankruptcy Rules, including Bankruptcy Rules 3017, 3018, and 3019, the Local Rules, the Interim Approval and Procedures Order, and all other applicable rules, laws, and regulations. Transmission and service of the Solicitation Package was timely, adequate, and sufficient under the facts and circumstances of this Chapter 11 Case.

14.     As described in the Voting Report, all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to approval of the Disclosure Statement and Confirmation of the Plan) have been provided due, proper, timely, and adequate notice and have had an opportunity to appear and be heard with respect thereto. Such notice was adequate and sufficient pursuant to section 1128 of the Bankruptcy Code, Bankruptcy

Rules 2002, 3017, and 3020, and any other applicable laws, rules, and regulations, and no other or further notice is or shall be required.

15.      The Voting Report was admitted into evidence during the Confirmation Hearing without objection. The procedures used to tabulate Ballots were fair, in good faith, and conducted in accordance with the Interim Approval and Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable rules, laws, and regulations.  Under the circumstances of this Chapter 11 Case, the period during which the Debtor solicited acceptances or rejections of the Plan was a reasonable and sufficient period of time for Holders of Claims in the Voting Class to make an informed decision to accept or reject the Plan.

16.      As set forth in the Plan, holders of Claims in Class 3 (the "**Voting Class**") were eligible to vote to accept or reject the Plan in accordance with the Interim Approval and Procedures Order. As evidenced by the Voting Report, the Voting Class voted to accept the Plan in accordance with section 1126 of the Bankruptcy Code.

17.      The solicitation of votes on the Plan complied with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and all applicable non-bankruptcy rules, laws, and regulations, and was appropriate and satisfactory and is approved in all respects. The Debtor, the Wind-Down Debtor, the Released Parties, the Exculpated Parties, and each of their respective Affiliates, agents, representatives, members, principals, shareholders, officers, directors, employees, advisors, and attorneys are hereby granted the protections provided under section 1125(e) of the Bankruptcy Code.

**M.      Burden of Proof.**

18.      The Debtor, as the proponent of the Plan, has met its burden of proving the applicable elements of sections 1129(a) and 1129(b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard for Confirmation of the Plan. Further,

to the extent applicable, the Debtor has proven the elements of sections 1129(a) and 1129(b) by clear and convincing evidence. Each witness who has testified (by declaration, proffer, or otherwise) on behalf of the Debtor in connection with the Confirmation Hearing was credible, reliable, and qualified to testify as to the topics addressed in his or her testimony.

**N.      Compliance with the Bankruptcy Code (11 U.S.C. § 1129).**

19.      The Plan complies with all applicable provisions of section 1129 of the Bankruptcy Code as follows:

      **a.      Compliance with Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).**

20.      The Plan complies with all applicable provisions of the Bankruptcy Code, including sections 1122 and 1123, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

          **i.      Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1)).**

21.      The Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code. The classification of Claims and Interests under the Plan is proper under the Bankruptcy Code. Article IV of the Plan designates Classes of Claims and Interests, other than Administrative Claims and Priority Tax Claims, which, pursuant to section 1123(a)(1) of the Bankruptcy Code, need not be designated. As required by section 1122(a) of the Bankruptcy Code, each Class of Claims and Interests contains only Claims or Interests that are substantially similar to the other Claims or Interests within that Class. Valid reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan. The classifications reflect no improper purpose and do not unfairly discriminate between, or among, Holders of Claims or Interests. The Plan, therefore, satisfies the requirements of sections 1122 and 1123(a)(1) of the Bankruptcy Code.

          **ii.      Specified Unimpaired and Impaired Classes (11 U.S.C. §§ 1123(a)(2) and 1123(a)(3)).**

22.     The Plan satisfies sections 1123(a)(2) and 1123(a)(3) of the Bankruptcy Code. Article IV of the Plan specifies that Claims in Classes 1 and 2 are Unimpaired.  Article IV of the Plan also specifies the treatment of each Impaired Class under the Plan, which are Classes 3, 4, 5, 6, and 7. Holders of Claims in Classes 4, 5, 6, and 7 are Impaired under the Plan and are deemed to reject the Plan.

### iii.     No Discrimination (11 U.S.C. § 1123(a)(4)).

23.     The Plan satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code. Article IV of the Plan provides the same treatment for each Claim or Interest within a particular Class unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment with respect to such Claim or Interest.

### iv.     Implementation of the Plan (11 U.S.C. § 1123(a)(5)).

24.     The Plan and the various documents and agreements set forth in the Plan Supplement (collectively, the "**Plan Documents**") satisfy the requirements of section 1123(a)(5) of the Bankruptcy Code. The Plan and Plan Documents provide adequate and proper means for the Plan's implementation, including, without limitation: (a) the establishment of the Wind-Down Debtor; (b) the Wind-Down Financing Facility and the authorization for the wind-down transactions and other necessary actions; (c) the vesting of Retained Causes of Action in the Wind-Down Debtor; (d) the appointment of the Plan Administrator; (e) the appointment of the Wind-Down Debtor Oversight Committee; (f) the procedures for distributions under the Plan; and (g) the resolution of Disputed Claims, all as fully described in the Plan. The Plan, therefore, satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.

### v.     Designation of Directors and Officers (11 U.S.C. § 1123(a)(7)).

25.     The Plan satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code. The identity of the Plan Administrator is disclosed in the Plan Supplement. The selection of the

Plan Administrator is consistent with the interests of holders of Claims and Interests and public policy.

### vi.  Inapplicable Provisions (11 U.S.C. § 1123(a)(6) and (a)(8)).

26.  The Plan does not provide for the issuance of new equity interests and, therefore, section 1123(a)(6) of the Bankruptcy Code is inapplicable. Additionally, the Debtor is not an individual and, therefore, section 1123(a)(8) of the Bankruptcy Code is inapplicable.

### vii.  Discretionary Contents of the Plan (11 U.S.C. § 1123(b)).

27.  The Plan satisfies the requirements of section 1123(b) of the Bankruptcy Code. The other provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code.

### (a)  Preservation of Causes of Action (11 U.S.C. § 1123(b)(3)).

28.  The vesting of the Retained Causes of Action in the Wind-Down Debtor, and the Plan Administrator's investigation and prosecution of the Retained Causes of Action, is a critical and integral component of the Plan. Article X.F of the Plan provides that the Wind-Down Debtor and the Plan Administrator expressly reserve such Retained Causes of Action for later investigation and/or adjudication by the Plan Administrator. The Plan and the Plan Supplement provide adequate disclosure with respect to the Retained Causes of Action to be vested in the Wind-Down Debtor, and all parties in interest received adequate notice thereof. The Plan and Plan Supplement are specific and unequivocal with respect to Causes of Action to be preserved and retained by the Wind-Down Debtor and investigated and prosecuted by the Plan Administrator.

29.  Notwithstanding anything to the contrary, the term "Retained Causes of Action" means all Claims and Causes of Action (including, for the avoidance of doubt, the Adversary Proceedings and the Avoidance Actions) belonging to the Debtor, including, but not limited to, all Causes of Action enumerated on the Schedule of Retained Causes of Action filed with the Plan

Supplement, all of which shall vest in the Wind-Down Debtor pursuant to the terms of the Plan and be deemed an integral part thereof. For the avoidance of doubt, Retained Causes of Action shall include all Claims and Causes of Action against the Excluded Parties, whether or not listed on the Schedule of Retained Causes of Action. For the further avoidance of doubt, Retained Causes of Action shall include all Claims and Causes of Action arising out of or in connection with: (a) the efforts of all Persons, including but not limited to Byju Raveendran, Riju Ravindran, the Camshaft Entities, William Cameron Morton, OCI Limited, Oliver Chapman, Rupin Banker, Divya Golkunath, Anita Kishore, or the Debtor's insiders, or any of their respective Affiliates or associates, to transfer or take the Debtor's assets either before the Petition Date or during the Chapter 11 Case, (b) the efforts of all Persons, including but not limited to Byju Raveendran, Riju Ravindran, the Camshaft Entities, William Cameron Morton, OCI Limited, Oliver Chapman, Rupin Banker, Divya Golkunath, Anita Kishore, or the Debtor's insiders, or any of their respective Affiliates or associates, to disrupt or impair the Chapter 11 Case, (c) the Alpha Funds, including the transfer of some or all of those funds from the Camshaft Entities, OCI Limited, and other successor transferees, and (d) any breach of fiduciary duties by any Person, including but not limited to the Debtor's former directors or officers, with the exception of any individual appointed as a director or officer by the Prepetition Agent, including, for the avoidance of doubt, Timothy R. Pohl. Retained Causes of Action shall not include any Causes of Action that are settled, released, or exculpated under the Plan.

**(b)      Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)).**

30.      Article IX of the Plan governs the assumption or rejection of the Debtor's Executory Contracts and Unexpired Leases that were not previously assumed, assumed and assigned, or rejected pursuant to an order of the Bankruptcy Court.

31.     On the Effective Date, each Executory Contract or Unexpired Lease shall be deemed automatically rejected by the Debtor unless otherwise agreed by the applicable counterparty, in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, other than those that: (a) are otherwise provided for in the Plan, such as being specifically assumed in connection with confirmation of the Plan, or are identified on the Schedule of Assumed Executory Contracts and Unexpired Leases; (b) have been previously assumed, assumed and assigned, or rejected by the Debtor pursuant to any Bankruptcy Court order; (c) are the subject of a Filed motion to assume, assume and assign, or reject such Executory Contract or Unexpired Lease (or of a Filed objection with respect thereto) that is pending on the Confirmation Date; or (d) are a contract, release, or other agreement or document entered into in connection with the Plan.

32.     Entry of this Confirmation Order by the Bankruptcy Court shall, subject to and upon the occurrence of the Effective Date, constitute an Order approving the assumptions or rejections of the Executory Contracts and Unexpired Leases assumed or rejected pursuant to the Plan. Each Executory Contract and Unexpired Lease assumed pursuant to Article IX of the Plan or by any order of the Bankruptcy Court, which has not been assigned to a third party prior to the entry this Confirmation Order, shall revest in and be fully enforceable by the Wind-Down Debtor in accordance with its terms, except as such terms are modified by the provisions of the Plan or any order of the Bankruptcy Court authorizing and providing for its assumption under applicable federal law. Notwithstanding anything to the contrary in the Plan, the Debtor reserves the right to alter, amend, modify, or supplement the Schedule of Assumed Executory Contracts and Unexpired Leases to add any Executory Contract or Unexpired Lease to the Schedule of Assumed Executory Contracts and Unexpired Leases at any time through and including the Effective Date; provided

that after the date of the Confirmation Hearing and through the Effective Date, the Debtor may only alter, amend, modify, or supplement the Schedule of Assumed Executory Contracts and Unexpired Leases with the consent of the applicable counterparty or a separate order of the Bankruptcy Court. The Debtor shall provide notice of any amendments to the Schedule of Assumed Executory Contracts and Unexpired Leases to the counterparties to the Executory Contracts or Unexpired Leases affected thereby.

33.     Assumption of an Executory Contract or Unexpired Lease pursuant to the Plan or otherwise shall result in payment of the cure costs in full release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest, composition, or other bankruptcy-related defaults arising under any assumed Executory Contract or Unexpired Lease at any time before the date the Debtor assumes such Executory Contract or Unexpired Lease.

**(c)     Releases by the Debtor and its Estate (11 U.S.C. § 1123(b)(3)).**

34.     Article X.D of the Plan (the "**Debtor Release**") describes certain releases granted by the Debtor, its Estate, and the Wind-Down Debtor. Such releases are a necessary and integral element of the Plan, and are fair, reasonable, and in the best interests of the Debtor, its Estate, the Wind-Down Debtor, and holders of Claims and Interests. The Debtor Release is: (a) essential to the Confirmation of the Plan; (b) given in exchange for the good and valuable consideration provided by the Released Parties; (c) a good faith settlement and compromise of the Claims or Causes of Action released by the Debtor Release; (d) in the best interests of the Debtor, its Estate, the Wind-Down Debtor, and all Holders of Claims and Interests; (e) fair, equitable, and reasonable; (f) given and made after reasonable investigation by the Debtor and after due notice and opportunity for a hearing; and (g) a bar to any of the Debtor, the Wind-Down Debtor, or the

Debtor's Estate asserting any Claim or Cause of Action released pursuant to the Debtor Release. Accordingly, the Debtor Release is approved.

(d)     **Exculpation (11 U.S.C. § 1123(b)(6)).**

35.     Consistent with sections 157 and 1334(a) and (b) of title 28 of the United States Code, and sections 105(a), 1123(b)(3), 1123(b)(6), and 1125(e) of the Bankruptcy Code, and in consideration of the unique facts and circumstances of this Chapter 11 Case, the Bankruptcy Court has jurisdiction and constitutional adjudicatory authority to approve the exculpation set forth in Article X.A of the Plan (the "**Exculpation**"). The Exculpation is appropriate under applicable law because it was proposed in good faith, was formulated following extensive good-faith, arm's-length negotiations with key constituents, is essential to the Plan, and is appropriately tailored to the circumstances of this Chapter 11 Case.

(e)     **Injunction (11 U.S.C. § 1123(b)(3) and (b)(6)).**

36.     The injunction provisions set forth in Articles X.B and X.C of the Plan (the "**Injunction**") are essential to the Plan and are necessary to implement the Plan and to preserve and enforce the Debtor Release and the Exculpation provisions in Article X of the Plan. Such injunction provisions are appropriately tailored to achieve those purposes. Accordingly, the Injunction is approved.

(f)     **Additional Plan Provisions including Indemnification.**

37.     The other discretionary provisions in the Plan, including all of the provisions of documents contained in the Plan Supplement, are appropriate and consistent with applicable provisions of the Bankruptcy Code. In particular, the indemnification provided by the Debtor or the Wind-Down Debtor, as applicable, to Timothy R. Pohl in his capacity as the director and officer of the Debtor and the Plan Administrator is appropriate under the circumstances of this Chapter 11 Case and consistent with the applicable provisions of the Bankruptcy Code.

17

**b.    The Debtor's Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).**

38.    The Debtor, as proponent of the Plan, has complied with all applicable provisions of the Bankruptcy Code, as required by section 1129(a)(2) of the Bankruptcy Code, including sections 1122, 1123, 1124, 1125, 1126, and 1128, and Bankruptcy Rules 3017, 3018, and 3019.

39.    As set forth in greater detail in the Voting Report, votes to accept or reject the Plan were solicited by the Debtor and their agents after the Bankruptcy Court conditionally approved the Disclosure Statement pursuant to section 1125(a) of the Bankruptcy Code and entered the Interim Approval and Procedures Order.

40.    As set forth in greater detail in the Voting Report, the Debtor and its agents have solicited and tabulated votes on the Plan and have participated in the activities described in section 1125 of the Bankruptcy Code fairly and in good faith within the meaning of section 1125(e) of the Bankruptcy Code, and in a manner consistent with the applicable provisions of the Interim Approval and Procedures Order, the Disclosure Statement, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable rules, laws, and regulations, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the Exculpation provisions set forth in Article X.A of the Plan.

41.    The Debtor and its agents have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the offering, issuance, and distribution of recoveries under the Plan and, therefore, are not, and on account of such distributions will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or distributions made thereunder, so long as such distributions are made consistent with and pursuant to the Plan.

**c.     Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).**

42.     The Debtor has proposed the Plan in good faith and not by any means forbidden by law. The Plan is the product of the open, honest, and good faith process through which the Debtor has administered the Chapter 11 Case and reflects extensive, good faith, arm's-length negotiations among the Debtor and the Debtor's key economic stakeholders. The Plan itself and the process leading to its formulation provide independent evidence of the Debtor's good faith, serve the public interest, and assure fair treatment of holders of Claims. In addition to achieving a result consistent with the objectives of the Bankruptcy Code, the Plan allows the Debtor's economic stakeholders to realize the highest possible recoveries under the circumstances. Consistent with the overriding purpose of the Bankruptcy Code, the Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate. Accordingly, the Plan is fair, reasonable, and consistent with sections 1122, 1123, and 1129 of the Bankruptcy Code. Based on the foregoing, as well as the facts and record of this Chapter 11 Case, including, but not limited to, the Confirmation Hearing, the Plan has been proposed in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.

**d.     Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).**

43.     Payments made or to be made by the Debtor for services or for costs and expenses incurred in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to this Chapter 11 Case, have been approved by, or are subject to the approval of, the Bankruptcy Court as reasonable. The Plan, therefore, satisfies the requirements of section 1129(a)(4) of the Bankruptcy Code.

e.    **Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).**

44.    The Debtor has disclosed the identity of the Plan Administrator in the Plan Supplement. The appointment of the Plan Administrator is consistent with the interests of holders of Claims and Interests and with public policy. Accordingly, the Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

f.    **No Rate Changes (11 U.S.C. § 1129(a)(6)).**

45.    The Plan does not contain any rate changes subject to the jurisdiction of any governmental regulatory commission and will not require governmental regulatory approval. Therefore, section 1129(a)(6) of the Bankruptcy Code does not apply to the Plan.

g.    **Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).**

46.    As set forth in more detail in Article III.H of the Combined Plan and Disclosure Statement, each Holder of an Impaired Claim or Impaired Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date. The Debtor believes that a liquidation under chapter 7 of the Bankruptcy Code would result in substantial diminution in the value to be realized by Holders of Allowed Claims as compared to Distributions contemplated under the Plan. Consequently, the Debtor believes that confirmation of the Plan will provide a substantially greater return to Holders of Allowed Claims than would a liquidation under chapter 7 of the Bankruptcy Code. The Plan, therefore, satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

h.    **Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).**

47.    The Debtor has satisfied section 1129(a)(8) of the Bankruptcy Code. Section 1129(a)(8) of the Bankruptcy Code requires that each class of claims or interests must either accept

a plan or be unimpaired under a plan. Classes 1 and 2 are Unimpaired Classes of Claims, each of which is conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code. Class 3 is the only Impaired Class entitled to vote on the Plan; Class 3 voted to accept the Plan in both number and amount. Classes 4 through 7 are Impaired Classes that will not receive or retain any property under the Plan on account of such Claims and Interests (the "**Deemed Rejecting Classes**"). Such classes are not entitled to vote on the Plan, and thus are deemed to reject the Plan.

>           i.      **Deemed Rejecting Classes (11 U.S.C. § 1129(b)).**

48.    Because the Plan has not been accepted by the Deemed Rejecting Classes, the Debtor seeks confirmation under section 1129(b), rather than section 1129(a)(8), of the Bankruptcy Code. Although section 1129(a)(8) has not been satisfied with respect to the Deemed Rejecting Classes, the Plan is confirmable because the Plan does not discriminate unfairly and is fair and equitable with respect to the Deemed Rejecting Classes and thus satisfies section 1129(b) of the Bankruptcy Code with respect to such Classes, as described further below.

>           j.      **Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code (11 U.S.C. § 1129(a)(9)).**

49.    The treatment of Administrative Claims, DIP Claims, Priority Tax Claims, Professional Fee Claims, and Other Priority Claims as set forth in the Plan is in accordance with the requirements of section 1129(a)(9) of the Bankruptcy Code. The Plan, therefore, satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

>           k.      **Acceptance by at Least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10)).**

50.    The Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code. As set forth in the Voting Report, Class 3 is Impaired and voted to accept the Plan by the requisite

number and amount of Claims, determined without including any acceptance of the Plan by any insider (as that term is defined in section 101(31) of the Bankruptcy Code) of the Debtor.

**l.    Feasibility of the Plan (11 U.S.C. § 1129(a)(11)).**

51.    The evidence supporting the Plan proffered or adduced by the Debtor at or before the Confirmation Hearing is: (a) reasonable, persuasive, credible, and accurate as of the dates such evidence was prepared, presented, or proffered; (b) has not been controverted by other persuasive evidence; (c) establishes that the Plan is feasible and confirmation of the Plan is not likely to be followed by liquidation (other than as contemplated by the Plan) or the need for further financial reorganization; and (d) establishes that the Wind-Down Debtor and the Plan Administrator will have sufficient funds available to meet their obligations under the Plan. Accordingly, the Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

**m.    Payment of Bankruptcy Fees (11 U.S.C. § 1129(a)(12)).**

52.    Article III.N of the Plan provides for the payment of all fees payable under 28 U.S.C. § 1930(a). The Plan, therefore, satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

**n.      Non-Applicability of Certain Sections (11 U.S.C. §§ 1129(a)(13), (14), (15), and (16)).**

53.      The Debtor does not maintain any retirement benefits, does not owe any domestic support obligations, is not an individual, and is not a nonprofit corporation. Therefore, sections 1129(a)(13), 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code do not apply to this Chapter 11 Case.

**o.      Confirmation of the Plan Over Nonacceptance of Impaired Classes (11 U.S.C. § 1129(b)).**

54.      The Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code. Notwithstanding the fact that the Deemed Rejecting Classes have not accepted the Plan, the Plan may be confirmed pursuant to section 1129(b)(1) of the Bankruptcy Code because: (x) the only Impaired Voting Class voted to accept the Plan; (y) the Plan satisfies all requirements of section 1129(a) of the Bankruptcy Code other than section 1129(a)(8); and (z) the Plan does not discriminate unfairly and is fair and equitable. No classes junior to Class 3 will receive a recovery under the Plan. The Plan, therefore, satisfies the requirements of section 1129(b) of the Bankruptcy Code and may be confirmed in spite of not all Impaired Classes voting to accept the Plan.

**p.      Only One Plan (11 U.S.C. § 1129(c)).**

55.      Other than the Plan (including previous versions thereof), no other plan has been filed for the Debtor in this Chapter 11 Case. The Plan, therefore, satisfies the requirements of section 1129(c) of the Bankruptcy Code.

### q.      Principal Purpose of the Plan (11 U.S.C. § 1129(d)).

56.      The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act, 15 U.S.C. § 77e. The Plan therefore satisfies the requirements of section 1129(d) of the Bankruptcy Code.

### r.      Not a Small Business Case (11 U.S.C. § 1129(e)).

57.      This Chapter 11 Case is not a small business case and, accordingly, section 1129(e) of the Bankruptcy Code is inapplicable in this Chapter 11 Case.

## O.      Good Faith Solicitation (11 U.S.C. § 1125(e)).

58.      The Debtor has proposed the Plan in good faith, with the legitimate and honest purpose of maximizing the value of the Debtor's Estate for the benefit of its stakeholders. The Plan accomplishes this goal. The Debtor and the Exculpated Parties have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules in connection with all of their respective activities relating to support and Consummation of the Plan, including the solicitation of acceptances of the Plan, their participation in this Chapter 11 Case and the activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code. Therefore, the Plan has been proposed in good faith to achieve a result consistent with the objectives and purposes of the Bankruptcy Code. The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distributions pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptance of rejections of the Plan or such distributions made pursuant to the Plan.

**P.   Satisfaction of Confirmation Requirements.**

59.   Based on the foregoing, the Plan satisfies the requirements for Confirmation set forth in section 1129 of the Bankruptcy Code.

**Q.   Likelihood of Satisfaction of Conditions Precedent.**

60.   Each of the conditions precedent to the Consummation of the Plan, as set forth in Article XI.A of the Plan, is reasonably likely to be satisfied.

**R.   Implementation.**

61.   All documents and agreements necessary to implement the transactions contemplated by the Plan, including those contained or summarized in the Plan Supplement, and all other relevant and necessary documents have been negotiated in good faith and at arm's-length, are in the best interests of the Debtor, the Estate, the Wind-Down Debtor, and holders of Claims and Interests, and shall, upon completion of documentation and execution, be valid, binding, and enforceable documents and agreements not in conflict with any federal, state, or local law. Such documents and agreements are essential elements of the Plan, and entry into and consummation of the transactions contemplated by each such document or agreement is in the best interests of the Debtor, the Wind-Down Debtor, the Estate, and holders of Claims and Interests. The Debtor has exercised reasonable business judgment in determining which documents and agreements to enter into and has provided sufficient and adequate notice of such documents and agreements. The Debtor, the Wind-Down Debtor, and the Plan Administrator, as applicable, are authorized to take any action reasonably necessary or appropriate to implement, effectuate and consummate the Plan, the documents and agreements necessary to implement the Plan, this Confirmation Order and the transactions contemplated thereby or hereby, and including performance under the Plan Administrator Agreement and the Definitive Documentation, as applicable.

**S.    Wind-Down Financing Facility.**

62.    Based on evidence adduced at the Confirmation Hearing and the Confirmation Brief, the proposed terms and conditions of the Wind-Down Financing Facility are fair and reasonable. The Wind-Down Financing Facility is an essential element of the Plan, and entry into and consummation of the transactions contemplated by the Wind-Down Financing Facility and related documents, including the Definitive Documentation, is in the best interests of the Debtor, the Estate, and Holders of Claims and Interests, and are therefore approved in all respects. The Debtor has exercised reasonable business judgment consistent with its fiduciary duties in connection with the Wind-Down Financing Facility, and the proposed terms and conditions thereunder have been negotiated in good faith and at arm's-length, without intent to hinder, delay, or defraud any creditor of the Debtor, and each party thereto may rely upon the provisions of this Confirmation Order in closing the Wind-Down Financing Facility. The proposed terms and conditions of the Wind-Down Financing Facility, and the financial accommodations extended thereunder, are fair and reasonable, do not conflict with applicable law, and are supported by reasonably equivalent value and fair consideration, and are approved. The Debtor has provided sufficient and adequate notice of the Wind-Down Financing Facility to all parties in interest in the Chapter 11 Case.

**T.    Conditions to Effective Date.**

63.    Entry of this Confirmation Order shall satisfy the applicable condition to the Effective Date as set forth in Article XI.A of the Plan; *provided* that this Confirmation Order shall not have been stayed, modified, or vacated on appeal. The conditions set forth in Article XI.A of the Plan may be waived or extended by the Debtor, with the Consent of the Agents, without notice, leave, or order of the Bankruptcy Court or any formal action other than proceeding to confirm or consummate the Plan.

## **ORDER**

BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS THEREFORE ORDERED, JUDGED, AND DECREED THAT:

**A.     Findings of Fact and Conclusions of Law.**

64.     The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein and constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable herein by Bankruptcy Rule 9014. To the extent that any finding of fact is determined to be a conclusion of law, it is deemed so, and vice versa.

**B.     Approval of the Disclosure Statement.**

65.     The Disclosure Statement is approved on a final basis pursuant to section 1125 of the Bankruptcy Code as containing adequate information, and sufficient information of a kind necessary to satisfy the disclosure requirements of any applicable non-bankruptcy laws, rules, and regulations.

**C.     Confirmation of the Plan.**

66.     The Plan, attached hereto as **Exhibit A**, including (a) all modifications to the Plan filed with this Bankruptcy Court prior to or during the Confirmation Hearing, (b) all exhibits to the Plan, and (c) all documents incorporated into the Plan through the Plan Supplement, is approved in its entirety, as modified herein, and confirmed pursuant to section 1129 of the Bankruptcy Code. The Debtor, the Wind-Down Debtor, and the Plan Administrator, as applicable, are authorized to enter into and execute all documents and agreements related to the Plan (including all exhibits and attachments thereto and documents referred to therein, including the Plan Supplement), and the execution, delivery, and performance thereafter, are hereby approved and authorized. The Debtor, the Wind-Down Debtor, and the Plan Administrator, as applicable, are

authorized to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, instruments, releases, leases, indentures, and other agreements or documents created in connection with the Plan, including without limitation entry into any agreements contained in the Plan Supplement, as applicable, as may be modified by the Debtor, the Wind-Down Debtor, and the Plan Administrator in their business judgment subject to the terms and conditions of the Plan. The terms of the Plan (including the Plan Supplement) shall be effective and binding as of the Effective Date.

67.    All terms of the Plan and the Plan Supplement are incorporated herein by reference and are an integral part of this Confirmation Order. The failure to specifically include or refer to any particular article, section, or provision of the Plan, the Plan Supplement, or any related document in this Confirmation Order does not diminish or impair the effectiveness or enforceability of such article, section, or provision; it being the intent of the Bankruptcy Court that the Plan, the Plan Supplement, and any related document, agreement, or exhibit are approved in their entirety.

**D.    Objections.**

68.    All objections to Confirmation of the Plan have been withdrawn, waived, or otherwise resolved by the Debtor prior to entry of this Confirmation Order. To the extent that any objections (including any reservations of rights contained therein) to Confirmation of the Plan (other than the payment or amount of the cure amounts with respect to any assumed Executory Contract or Unexpired Lease, or the assumption by the Debtor of any of the assumed Executory Contracts or Unexpired Leases) have not been withdrawn, waived, or settled prior to entry of this Confirmation Order, are not cured by the relief granted herein, or otherwise resolved as stated by the Debtor on the record of the Confirmation Hearing, all such objections (including any

reservation of rights contained therein) are hereby overruled in their entirety and on the merits in all respects.

**E.      Headings.**

69.      Headings utilized herein are for convenience and reference only, and do not constitute a part of the Plan or this Confirmation Order for any other purpose.

**F.      Solicitation.**

70.      To the extent applicable, the solicitation of votes on the Plan complied with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, all other provisions of the Bankruptcy Code, and all other applicable rules, laws, and regulations, and was appropriate and satisfactory and is approved in all respects.

**G.      Classifications.**

71.      The terms of the Plan shall govern the classification of Claims and Interests for purposes of the distributions to be made thereunder. The classifications set forth on the Ballots tendered to or returned by the Holders of Claims in connection with voting on the Plan: (a) were set forth thereon solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of Claims and Interests under the Plan for distribution purposes; (c) may not be relied upon by any Holder of a Claim or Interest as representing the actual classification of such Claim or Interest under the Plan for distribution purposes; and (d) shall not be binding on the Debtor except for voting purposes.

**H.      General Settlement of Claims and Interests.**

72.      As discussed in detail in the Disclosure Statement and as otherwise provided herein, pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the classification, distributions, releases, and other benefits provided under the Plan, upon the

Effective Date, the provisions of the Plan shall constitute a good faith compromise and settlement of Claims and Interests and controversies resolved pursuant to the Plan. Distributions made to Holders of Allowed Claims in any Class are intended to be, and shall be, final.

**I.      Approval of Plan Transactions.**

73.      All of the transactions contemplated by the Plan and the Plan Supplement are hereby approved. The entry of this Confirmation Order (including the exhibits attached hereto) shall constitute authorization for the Debtor, the Wind-Down Debtor, and the Plan Administrator, as applicable, to take or cause to be taken all corporate actions necessary or appropriate to implement all provisions of, and to consummate, the Plan Documents prior to, on and after the Effective Date and all such actions taken or caused to be taken shall be deemed to have been authorized and approved by this Bankruptcy Court without further approval, act or action under any applicable law, order, rule or regulation. On the Effective Date, the Wind-Down Debtor and the Plan Administrator, as applicable, are authorized to do all things and to execute and deliver all agreements, documents, instruments, notices and certificates as are contemplated by the Plan and to take all necessary actions required in connection therewith, in the name of and on behalf of the Wind-Down Debtor and the Plan Administrator, as applicable.

**J.      Wind-Down Transactions.**

74.      The Debtor, the Plan Administrator, the DIP Agent, the Prepetition Agent, and the Wind-Down Financing Agent, without further order of the Bankruptcy Court, are authorized to take all actions as may be necessary or appropriate to effect any Wind-Down Transactions and all other transactions described in, approved by, contemplated by, or necessary to effectuate or in connection with the Plan that are consistent with and pursuant to the terms and conditions of the Plan, including: (a) the execution and delivery of all appropriate agreements or other documents of merger, consolidation, sale, restructuring, conversion, disposition, transfer, dissolution, or

liquidation containing terms that are consistent with the terms of the Plan and that satisfy the requirements of applicable Law; (b) the execution and delivery of appropriate instruments of transfer, assignment, assumption, or delegation of any asset, property, right, liability, debt, or obligation on terms consistent with the terms of the Plan; (c) rejection, assumption, or assumption and assignment, as applicable, of Executory Contracts and Unexpired Leases; and (d) the filing of appropriate certificates or articles of incorporation, reincorporation, merger, consolidation, conversion, or dissolution pursuant to applicable state Law.

**K.    Vesting of Assets in the Wind-Down Debtor upon the Effective Date.**

75.    Prior to the Effective Date, any and all of the Debtor's assets shall remain assets of the Estate pursuant to section 1123(b)(3)(B) of the Bankruptcy Code, and on the Effective Date, the Wind-Down Debtor Assets shall irrevocably vest in the Wind-Down Debtor. For the avoidance of doubt, to the extent not otherwise waived in writing, released, settled, compromised, assigned or sold pursuant to a prior Final Order of the Bankruptcy Court or the Plan, the Wind-Down Debtor specifically retains and reserves the right to assert, after the Effective Date, any and all of the Retained Causes of Action and related rights, whether or not asserted as of the Effective Date (and whether or not listed on the Schedule of Retained Causes of Action), and all proceeds of the foregoing, subject to the terms of the Plan.

76.    On and after the Effective Date, except as otherwise provided in the Plan, the Plan Administrator may use, acquire, or dispose of property and, as applicable, compromise or settle any Claims, Interests, or Causes of Action without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, in each case in accordance with the Plan Administrator Agreement.

**L.    Preservation of Causes of Action.**

77.    In accordance with section 1123(b)(3) of the Bankruptcy Code, any Retained Causes of Action that the Estate holds or may hold against any Entity shall vest upon the Effective Date in the Wind-Down Debtor. The Wind-Down Debtor shall be deemed hereby substituted as plaintiff, defendant, or in any other capacity for the Debtor, as applicable, in any Causes of Action pending before the Bankruptcy Court or any other court without the need for filing any motion for such relief.

78.    Unless a Cause of Action against a holder of a Claim or other Entity is expressly waived, relinquished, released, compromised, or settled in the Combined Plan and Disclosure Statement and/or any Final Order (including this Confirmation Order), the Wind-Down Debtor and the Plan Administrator expressly reserve such Retained Causes of Action for later investigation and/or adjudication by the Plan Administrator (including, without limitation, Causes of Action not specifically identified or described in the Plan Supplement or elsewhere, or of which the Debtor may be presently unaware, or which may arise or exist by reason of additional facts or circumstances unknown to the Debtor at this time, or facts or circumstances that may change or be different from those the Debtor now believes to exist) and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise) or laches shall apply to such Causes of Action upon or after the entry of the Confirmation Order or Effective Date based on the Plan, or Confirmation Order, except where such Causes of Action have been expressly released in the Plan or this Confirmation Order. The Wind-Down Debtor and the Plan Administrator shall be entitled to the benefit of the tolling provisions provided under section 108 of the Bankruptcy Code and shall succeed to the Debtor's rights with respect to the time periods in which a Retained Cause of Action may be brought under the Bankruptcy Code. In addition, the Wind-Down Debtor and

the Plan Administrator expressly reserve the right to pursue or adopt claims alleged in any lawsuit in which the Debtor is a defendant or interested party against any Entity, including, without limitation, the plaintiffs or co-defendants in such lawsuits.

79.     The vesting of the Retained Causes of Action in the Wind-Down Debtor, and the Plan Administrator's investigation and prosecution of the Retained Causes of Action, is a critical and integral component of the Plan. Subject to the terms of the Plan and the oversight of the Wind-Down Debtor Oversight Committee, the Plan Administrator shall have the exclusive right to investigate, enforce, sue on, settle, compromise, transfer, or assign (or decline to do any of the foregoing) any Retained Causes of Action that have not been released pursuant to the terms of the Plan without notice to or approval from this Bankruptcy Court or the Debtor, in each case in accordance with the Plan Administrator Agreement.

**M.     Plan Administrator.**

80.     The appointment of Timothy R. Pohl to serve as the Plan Administrator is approved in all respects, and the Plan Administrator is vested with the rights and powers set forth in Article VI.D of the Plan and the Plan Administrator Agreement. For the avoidance of doubt, the Plan Administrator is authorized to: (a) carry out all rights and duties set forth in the Plan and Plan Administrator Agreement; (b) appear and be heard on all matters related to this Chapter 11 Case (as a representative of the Plan Administrator and/or the Wind-Down Debtor, as applicable); and (c) conduct the duties set forth in Article VI.E of the Plan. The compensation of the Plan Administrator as set forth in the Plan Supplement is approved in all respects and the Plan Administrator shall perform its duties in its capacity as such as set forth in the Plan and the Plan Administrator Agreement. Expenses incurred by the Plan Administrator on or after the Effective Date shall be paid in accordance with the Plan Administrator Agreement without further order of this Bankruptcy Court. To the extent the Plan Administrator requires the services of Professionals

previously employed by the Debtor, such Professionals shall be paid by the Plan Administrator for such services at such Professional's standard hourly rate and shall receive reimbursement for any actual expenses incurred on behalf of the Plan Administrator in performing such services.

## N.    Wind-Down Debtor.

81.    The Wind-Down Debtor will be established, formed, and merged on the Effective Date. The Wind Down Debtor shall be the successor in interest to the Debtor, and the Wind-Down Debtor shall be successor to the Debtor and its Estate's right, title, and interest to the Wind-Down Debtor Assets. The Wind-Down Debtor will conduct no business operations and will be charged with winding down the Debtor's Estate. The Wind-Down Debtor shall be managed by the Plan Administrator and shall be subject to the oversight of the Wind-Down Debtor Oversight Committee. The Wind-Down Debtor shall be administered in accordance with the terms of the Plan and the Plan Administrator Agreement. The Wind-Down Debtor shall be administered in a manner consistent with the SEC's published guidance on liquidating trusts.

## O.    Wind-Down Debtor Oversight Committee.

82.    On the Effective Date, the Wind-Down Debtor Oversight Committee shall be formed in accordance with the Plan Administrator Agreement. The Wind-Down Debtor Oversight Committee shall consist of those parties identified in the Plan Supplement. The Wind-Down Debtor Oversight Committee shall be entitled to retain professionals, paid by the Wind-Down Debtor, to advise the Wind-Down Debtor Oversight Committee, which professionals may be Professionals or other advisors who previously advised the Debtor, the Prepetition Agent, and/or the Prepetition Term Loan Lenders. For the avoidance of doubt, in advising the Plan Administrator, the voting members of the Wind-Down Debtor Oversight Committee shall maintain the same fiduciary responsibilities as the Plan Administrator.

**P.    Plan Administrator Exculpation, Indemnification, Insurance, and Liability Limitation.**

83.    The Plan Administrator shall act in a fiduciary capacity on behalf of the interests of all Holders of Claims and Interest that will receive distributions pursuant to the Plan.

84.    The Plan Administrator, the members of the Wind-Down Debtor Oversight Committee, all professionals retained by the Plan Administrator, and all professionals retained by the Wind-Down Debtor Oversight Committee, each in their capacities as such, shall be deemed exculpated and indemnified, except for criminal behavior, fraud, willful misconduct, or gross negligence, in all respects by the Wind-Down Debtor. The Plan Administrator may obtain, at the expense of the Wind-Down Debtor, commercially reasonable liability or other appropriate insurance with respect to the indemnification obligations of the Wind-Down Debtor. The Plan Administrator may rely upon written information previously generated by the Debtor.

**Q.    Wind-Down Financing Facility.**

85.    On or after the Confirmation Date, the Plan Administrator shall be authorized to enter into the Wind-Down Financing Facility consistent with the terms of the Definitive Documentation. The Plan Administrator may draw upon the Wind-Down Financing Facility to fund the administration of the Wind-Down Debtor, including for the payment of the ongoing fees of the Plan Administrator, the Wind-Down Debtor Oversight Committee, the Plan Administrator's counsel, the Wind-Down Debtor Oversight Committee's counsel, and any other professionals retained by the Wind-Down Debtor, the Plan Administrator, or the Wind-Down Debtor Oversight Committee from time to time as well as litigation and other expenses necessary or advisable to pursue the Retained Causes of Action or otherwise effectuate the Wind-Down.

**R.      Exemption from Certain Transfer Taxes and Recording Fees.**

86.      To the fullest extent permitted by section 1146(a) of the Bankruptcy Code, any transfer of property pursuant to or in connection with the Plan, including the vesting of Wind-Down Debtor Assets in the Wind-Down Debtor, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate or bulk transfer tax, mortgage recording tax, sales or use tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or governmental assessment. This Confirmation Order hereby directs the appropriate federal, state, or local governmental officials or agents to forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the instruments or documents filed or recorded pursuant to the Plan without payment of any such tax, recordation fee, or governmental assessment. All filing or recording officers (or any other Person with authority over any of the foregoing), wherever located and by whomever appointed, shall comply with the requirements of section 1146(a) of the Bankruptcy Code, shall forgo the collection of any such tax or governmental assessment, and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

**S.      Cancellation of Notes, Instruments, Certificates, and Other Documents.**

87.      Except as otherwise provided in the Plan or this Confirmation Order, the Debtor's obligations under any other note, bond, indenture or other instrument or document evidencing or creating any indebtedness or obligation of the Debtor or the Wind-Down Debtor shall be deemed released, settled, and compromised on the Effective Date, and the Debtor or Wind-Down Debtor shall not have any continuing obligations thereunder.

**T.     Professional Fee Escrow Account.**

88.     As soon as practical following Confirmation and no later than the Effective Date, the Debtor or the Wind-Down Debtor, as applicable, shall establish the following reserves, in each case with the Consent of the Agent, and solely to the extent of any estimated amounts owing in connection therewith: (a) the Professional Fee Escrow Account with Cash equal to the Professional Fee Escrow Amount; (b) the Administrative Claims Reserve with Cash equal to the Administrative Claims Amount; (c) the Priority Tax Claims Reserve with Cash equal to the Priority Tax Claims Amount; (d) the Other Secured Claims Reserve with Cash equal to the Other Secured Claims Amount; and (f) the Other Priority Claims Reserve equal to the Other Priority Claims Amount. For the avoidance of doubt, with the exception of the Professional Fee Escrow Account, such reserves need not be segregated from other cash held by the Wind-Down Debtor or subject to any escrow account.

**U.     Treatment of Executory Contracts and Unexpired Leases.**

89.     The provisions governing the treatment of Executory Contracts and Unexpired Leases set forth in Article IX of the Plan (including the procedures regarding any and all disputes concerning the assumption, assumption and assignment, or rejection, as applicable, of such Executory Contracts and Unexpired Leases) shall be, and hereby are approved in their entirety. The assumption of the Executory Contracts, if any, set forth on the Schedule of Assumed Executory Contracts, on the terms provided therein and in Article IX of the Plan, is hereby authorized and approved pursuant to sections 365(a) and 1123 of the Bankruptcy Code and effective on the occurrence of the Effective Date. The rejection of any Executory Contract or Unexpired Lease which (i) is not included on the Schedule of Assumed Executory Contracts, (ii) has not been previously assumed, (iii) previously expired or terminated pursuant to its own terms, or (iv) is the subject of a motion to assume or assume and assign filed on or before the entry of this Confirmation

Order, is hereby authorized and approved pursuant to sections 365(a) and 1123 of the Bankruptcy Code and effective on the occurrence of the Effective Date.

**V.     Distributions Under the Plan.**

90.     The procedures governing distributions contained in Article VIII.F of the Plan shall be, and hereby are, approved in their entirety. Except as otherwise set forth in the Plan or this Confirmation Order, the Debtor, the Wind-Down Debtor, or the Plan Administrator, as applicable, shall make all distributions required under the Plan and the timing of distributions required under the Plan shall be made in accordance with and as set forth in the Plan and the Plan Administrator Agreement.

**W.     Procedures for Resolving Disputed, Contingent, and Unliquidated Claims or Equity Interests.**

91.     The procedures for resolving disputed, contingent, and unliquidated Claims or Interests contained in Article VIII.G of the Plan shall be, and hereby are, approved in their entirety.

**X.     The Releases, Injunction, Exculpation, and Related Provisions Under the Plan.**

92.     The releases, exculpations, injunction and related provisions set forth in Article X are incorporated herein in their entirety, are hereby approved and authorized in all respects, are so ordered, and shall be immediately effective on the Effective Date without further order or action on the part of this Bankruptcy Court or any other party. For the avoidance of doubt, the releases and exculpation shall not release any actions that are Retained Causes of Action.

**a.     Releases by the Debtor and Estate.**

93.     The release, exculpation, injunction, and related provisions set forth in Article X of the Plan shall be, and hereby are, approved in their entirety, including, but not limited to, the Debtor Release.

38

94.    **Effective as of the Effective Date, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is hereby deemed to be, conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtor, the Estate, and the Wind-Down Debtor, in each case on behalf of itself and its respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Claim or Cause of Action derivatively, by, through, or for, the foregoing Entities, from any and all Claims, and Causes of Action, including any derivative claims asserted by or assertable on behalf of the Debtor, the Estate, or the Wind-Down Debtor, as applicable, whether known or unknown, foreseen or unforeseen, matured or unmatured, liquidated or unliquidated, contingent or noncontingent, accrued or unaccrued, existing or hereafter arising, in law (or any applicable rule, statute, regulation, treaty, right, duty, or requirement), equity, contract, tort, or otherwise that, the Debtor, the Estate, or the Wind-Down Debtor would have been legally entitled to assert in its own right or otherwise or on behalf of the Holder of any Claim or Interest based on or relating to, or in any manner arising from, in whole or in part, the Debtor (including the management, ownership, or operation thereof), the purchase, sale, amendment, or rescission of any Security of the Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the assertion or enforcement of rights and remedies against the Debtor, the Debtor's in- or out-of-court restructuring efforts, any Avoidance Actions, the Chapter 11 Case, and any related adversary proceedings, the formulation, documentation, preparation, dissemination, solicitation, negotiation, entry into, or Filing of, as applicable, the Disclosure Statement, the**

**Plan Administrator Agreement, the Plan (including, for the avoidance of doubt, the Plan Supplement), or any restructuring transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the foregoing (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), the Filing of the Chapter 11 Case, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities and any beneficial trust interests pursuant to the Plan, or the distribution of property under the Plan (including the Retained Assets and Distributable Proceeds) or any other related agreement, or upon any act, or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to any of the foregoing.**

95.     **Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (a) any obligations arising on or after the Effective Date of any party or Entity under the Plan, the Confirmation Order, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, (b) any Claims or Causes of Action included in the Schedule of Retained Causes of Action, or (c) any Claims or Causes of Action arising out of, or related to, any act or omission of a Released Party that is determined by a Final Order of the Bankruptcy Court or any other court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence. For the avoidance of doubt, the Debtor Release does not release any Excluded**

Party from any Claim or Cause of Action of any kind whatsoever (including the Retained Causes of Action) whether arising before or after the Effective Date.

96.     Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further shall constitute the Bankruptcy Court's finding that the Debtor Release is: (i) essential to the Confirmation of the Plan; (ii) given in exchange for the good and valuable consideration provided by the Released Parties; (iii) a good faith settlement and compromise of the Claims or Causes of Action released by the Debtor Release; (iv) in the best interests of the Debtor, the Estate, and all Holders of Claims and Interests; (v) fair, equitable, and reasonable; (vi) given and made after reasonable investigation by the Debtor, and after due notice and opportunity for a hearing; and (vii) a bar to the Debtor, the Wind-Down Debtor, or the Debtor's Estate asserting any Claim or Cause of Action released pursuant to the Debtor Release

97.     For the avoidance of doubt, unless expressly released pursuant to the terms of the Plan, nothing herein shall discharge, release, or otherwise modify the liability of any non-Debtor party for any obligations of any kind whatsoever whether arising before or after the Effective Date.

b.     Exculpation and Limitation of Liability.

98.     Notwithstanding anything contained herein to the contrary, on the Confirmation Date and effective as of the Effective Date and to the fullest extent authorized by applicable Law, none of the Exculpated Parties shall have or incur any liability for any Exculpated Claim, or other assertion of liability for any act taken or omitted to be taken in connection with, or arising out of, the Chapter 11 Case, including, without limitation (1) the

negotiation, formulation, or preparation of the Combined Plan and Disclosure Statement or any contract, instrument, document, or other agreement entered into pursuant thereto, (2) any Distributions made pursuant to or in accordance with the Combined Plan and Disclosure Statement, (3) the exercise of their respective business judgment and the performance of their respective fiduciary obligations, (4) the administration of the Estate, and (5) the pursuit of confirmation of the Plan; *provided* that the foregoing shall not affect the liability of any Person that otherwise would result from any such act or omission to the extent such act or omission is determined by a Final Order to have constituted willful misconduct, actual fraud, or gross negligence. Notwithstanding anything to the contrary contained herein, nothing in this Article X.A shall release or exculpate any Exculpated Party for any act or omission arising before the Petition Date or after the Effective Date.

c.      **Plan Injunction.**

99.     Notwithstanding anything contained herein to the contrary, on the Confirmation Date and effective as of the Effective Date and to the fullest extent authorized by applicable Law, all Entities who have held, hold, or may hold Claims or Interests that have been released pursuant to the Plan, compromised and settled pursuant to the Plan, or are exculpated pursuant to the Plan, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Estate, the Debtor, the Wind-Down Debtor, the Plan Administrator, or the Exculpated Parties, or their respective property (collectively, the "Enjoined Actions"): (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such released, compromised, settled, or Exculpated Claim or Interest; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with

respect to any such released, compromised, settled, or Exculpated Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the Estate of such Entities on account of or in connection with or with respect to any such released, compromised, settled, or Exculpated Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such entities on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests unless such entity has timely filed a Proof of Claim with the Bankruptcy Court preserving such right of setoff, subrogation, or recoupment; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such released, compromised, settled, or Exculpated Claims or Interests; *provided* that the foregoing injunction does not enjoin any actions to enforce obligations arising on or after the Effective Date under the Plan or any document, instrument, or agreement executed to implement the Plan.

100.    **To the maximum extent permitted under applicable Law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person, whether directly, derivatively or otherwise, of any Causes of Action released pursuant to this Plan, including, without limitation, the Causes of Action released or exculpated in this Plan.**

**Y.    Post-Confirmation Notices and Bar Dates.**

101.    On or within two (2) Business Days of the Effective Date, the Wind-Down Debtor shall file and serve a notice of Effective Date and entry of this Confirmation Order (the "**Notice of Effective Date**"). The Wind-Down Debtor will serve the Notice of Effective Date on the following parties: (a) the U.S. Trustee, (b) all entities that are party to litigation with the Debtor, (c) all current and former employees, directors and officers (to the extent that contact information is available),

(d) all regulatory authorities that regulate the Debtor's businesses, (e) the office of the attorney general for the states in which the Debtor maintains or conducts business, (f) the taxing authorities for the jurisdictions in which the Debtor maintains or conducts business, (g) the Department of Justice, and (h) all parties who filed a request for service of notices under Bankruptcy Rule 2002.

102.    The Notice of Effective Date may provide that to continue receiving service of documents filed in this Chapter 11 Case pursuant to Bankruptcy Rule 2002, parties must file a renewed request to receive such service, provided, that the U.S. Trustee need not file such a renewed request and shall continue to receive documents without further action being necessary. Except as otherwise provided in the Plan, the Plan Administrator Agreement or this Confirmation Order, notice of all subsequent pleadings in this Chapter 11 Case after the Effective Date will be limited to the following parties: (a) the U.S. Trustee; (b) the Plan Administrator; (c) any party known to be directly affected by the relief sought by such pleadings; and (d) any party that has filed a renewed request under Bankruptcy Rule 2002.

103.    The form of notice of Confirmation and occurrence of the Effective Date annexed hereto as **<u>Exhibit B</u>** is hereby approved. Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), the Debtor or Wind-Down Debtor, as applicable, is hereby directed to serve the Notice of Effective Date on all known creditors, equity holders and other parties in interest in the Chapter 11 Case within two (2) Business Days after the occurrence of the Effective Date.

104.    The form of the Notice of Effective Date substantially in the form attached hereto as Exhibit B is approved.

**Z.    Administrative Expense Claims.**

105.    Except as otherwise provided in the Plan or this Confirmation Order, requests for payment of Administrative Expense Claims must be filed no later than the Administrative Claims Bar Date in accordance with the Plan.

44

**AA.    Privilege.**

106.    Any attorney-client privilege, work-product privilege, joint interest privilege, or other privilege or immunity attaching to any documents or communications that belonged to the Debtor, was invoked by the Debtor, or otherwise operated for the benefit of the Debtor or the Estate before the Effective Date (including, for the avoidance of doubt, those relating to the Retained Causes of Action) shall vest in the Wind-Down Debtor. The Plan Administrator, on behalf of the Wind-Down Debtor and with the consent of the Wind-Down Debtor Oversight Committee, shall have exclusive authority to waive or not waive the Debtor's and Wind-Down Debtor's privileges. For the avoidance of doubt, the Plan Administrator's receipt of such information (or the transfer of any privileged books and records provided to the Plan Administrator) shall not waive any privileges and such privileges are fully preserved. Nothing herein or in the Plan shall preclude the Wind-Down Debtor Oversight Committee from obtaining information reasonably necessary to perform its obligations set forth in the Plan or the Plan Administrator Agreement, nor shall the Wind-Down Debtor Oversight Committee's receipt of privileged information from the Plan Administrator be deemed to waive any privilege otherwise applicable and belonging to the Plan Administrator and/or the Wind-Down Debtor. The Debtor, the Prepetition Agent, the DIP Agent, the DIP Lenders, the Prepetition Term Loan Lenders, and the professionals of any of the foregoing shall be permitted to share any work product, analysis or discovery obtained relating to the Retained Causes of Action or other matters relevant to the Wind-Down with the Plan Administrator, the Wind-Down Debtor Oversight Committee, and its and their respective advisors, without waiver of any privileges..

**BB.    Reports and Statutory Fees.**

107.    After the Confirmation Date, the Debtor or Wind-Down Debtor, as applicable, unless otherwise specified herein, shall have no obligation to (a) provide any reports to any parties

otherwise required under any orders entered in the Chapter 11 Case or (b) file with the Bankruptcy Court or serve on any party reports that the Debtor was obligated to file under the Bankruptcy Code or a Bankruptcy Court order; *provided that* the Debtor, the Wind-Down Debtor, or the Plan Administrator, as applicable, will seek authority to close the Chapter 11 Case in accordance with the Bankruptcy Code and the Bankruptcy Rules; and *provided*, *further*, that, notwithstanding the foregoing, the Debtor shall file with the Bankruptcy Court all monthly operating reports due prior to the Effective Date when they become due, using UST Form 11-MOR. After the Effective Date, the Wind-Down Debtor, or the Plan Administrator on behalf of the Wind-Down Debtor, shall file with the Bankruptcy Court UST Form 11-PCR reports when they become due. The Wind-Down Debtor and the Plan Administrator (only in their capacity as Plan Administrator and with no personal liability) shall remain obligated to pay Statutory Fees to the Office of the U.S. Trustee until the earliest of the Debtor's case being closed, dismissed, or converted to a case under Chapter 7 of the Bankruptcy Code. The U.S. Trustee shall not be required to file any Proof of Claim in the case and shall not be treated as providing any release under the Plan.

108.     All fees due and payable pursuant to 28 U.S.C. § 1930(a) shall be paid by the Debtor or the Wind-Down Debtor, as applicable, for each quarter (including any fraction thereof) until the Chapter 11 Case is converted, dismissed, or closed, whichever occurs first. Statutory Fees due and payable prior to the Effective Date shall be paid by the Debtor on the Effective Date. After the Effective Date, the Wind-Down Debtor, the Debtor, or any Entity making disbursements on behalf of the Wind-Down Debtor, or making disbursements on account of an obligation of the Debtor or Wind-Down Debtor, shall be liable to pay any and all Statutory Fees when due and payable.

46

**CC.    Binding Effect.**

109.    Subject to Article XI of the Plan and notwithstanding Bankruptcy Rules 3020(e), 6004(h), 7062, or otherwise, upon occurrence of the Effective Date, the terms of the Plan, and the final versions of the documents contained in the Plan Supplement and this Confirmation Order, shall be immediately effective and enforceable and deemed binding upon the Debtor, the Estate, any and all holders of Claims or Interests (irrespective of whether the holders of such Claims or Interests are presumed to have accepted or deemed to have rejected the Combined Plan and Disclosure Statement), all Entities that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Combined Plan and Disclosure Statement, and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtor. All Claims against and Interests in the Debtor shall be as fixed, adjusted, or compromised, as applicable, pursuant to the Plan regardless of whether any holder of a Claim or Interest has voted on the Plan.

110.    Pursuant to section 1141 of the Bankruptcy Code, subject to the occurrence of the Effective Date and subject to the terms of the Plan and this Confirmation Order, all prior orders entered in this Chapter 11 Case, all documents and agreements executed by the Debtor as authorized and directed under such prior orders, and all motions or requests for relief by the Debtor pending before this Court as of the Effective Date shall be binding upon and shall inure to the benefit of the Debtor, the Plan Administrator, and each of their respective successors and assigns. The rights, benefits, and obligations of any Entity named or referred to in the Combined Plan and Disclosure Statement shall be binding on, and shall inure to the benefit of any heir, executor, administrator, successor or assign, Affiliate, officer, director, agent, representative, attorney, beneficiaries, or guardian, if any, of each Entity.

**DD.    Injunctions and Automatic Stay.**

111.    Unless otherwise provided in the Plan or in this Confirmation Order, all injunctions or stays in effect in this Chapter 11 Case pursuant to sections 105 or 362 of the Bankruptcy Code or any order of this Bankruptcy Court, and existing on the Confirmation Date (excluding any injunctions or stays contained in the Plan or this Confirmation Order) shall remain in full force and effect to the maximum extent permitted by law. All injunctions or stays contained in the Plan or this Confirmation Order shall remain in full force and effect in accordance with their terms.

**EE.    Indemnity Commitment.**

112.    The Wind-Down Financing Facility shall include a delayed draw term loan commitment in an aggregate principal amount equal to $10 million (the "**Indemnity Commitment**" and any term loans made thereunder, the "**Indemnity Term Loan Commitment**").

113.    The proceeds of Indemnity Term Loan Commitment, if any, will be used solely to provide funding to the Wind-Down Debtor to pay the Debtor's or the Wind-Down Debtor's, as applicable, indemnification obligations owed to Timothy R. Pohl in his capacity as the director and officer of the Debtor and as the Plan Administrator, and solely to the extent the Debtor or the Wind Down Debtor has received such requests for indemnification and otherwise met the funding conditions of the Indemnity Term Loan Commitment.

114.    For the avoidance of doubt, any indemnification obligations of the Debtor arising under the Director Indemnity Agreement shall survive confirmation of the Plan and become obligations of the Wind-Down Debtor as of the Effective Date.

**FF.    Conditions to Effective Date.**

115.    The Debtor is authorized to consummate the Plan at any time after the entry of this Confirmation Order subject to satisfaction or waiver, in accordance with the terms of the Plan, of

the conditions precedent to the occurrence of the Effective Date set forth in Article XI.A of the Plan. The Plan shall not become effective unless and until the conditions set forth in Article XI.A of the Plan have been satisfied or waived in accordance with Article XI.B of the Plan.

116.    If the Effective Date does not occur, the Plan shall be null and void in all respects and nothing contained in the Plan or the Disclosure Statement shall: (1) constitute a waiver or release of any Claims by the Debtor, any Holders, or any other Entity; (2) prejudice in any manner the rights of the Debtor, any Holders, or any other Entity; or (3) constitute an admission, acknowledgment, offer, or undertaking by the Debtor, any Holders, or any other Entity in any respect.

**GG.    Substantial Consummation.**

117.    On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

**HH.    Provisions Regarding Taxing Authorities.**

118.    **The Internal Revenue Service (the "<u>IRS</u>").**

(a) Nothing contained in the Plan, the Disclosure Statement, or this Confirmation Order shall be deemed: (1) to determine the federal tax liability of any entity, including, but not limited to, the Debtor; (2) to be binding on the Internal Revenue Service with regard to the federal tax liabilities, tax status, or tax filing and withholding obligations of any entity, including, but not limited to, the Debtor, or with regard to the tax treatment of any item of income, gain, loss, deduction, or credit; (3) to have conferred jurisdiction upon the Bankruptcy Court to make determinations as to federal tax liabilities or to hear and determine any right to a tax refund, except as provided under Section 505 of the Bankruptcy Code and Sections 157 and 1334 of Title 28 of the United States Code; and (4) to grant any relief to any entity, including the Debtor, that the Bankruptcy Court is prohibited from granting by the Declaratory Judgment Act, 28 U.S.C.

§ 2201(a), or the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a), including the release, discharge, satisfaction or injunction against the collection of any claim of the IRS against any entity, including the Debtor, regardless of when the claim arose, except as permitted by 11 U.S.C. § 1141(d).

(b) Nothing contained in the Plan, the Disclosure Statement, or this Confirmation Order shall affect any valid setoff or recoupment rights of the United States of America against the Debtor or any successor entity, and such rights are expressly preserved.  For the avoidance of doubt, nothing in the Plan, the Disclosure Statement, or this Confirmation Order shall bar the IRS from exercising its non-bankruptcy rights to offset any request for a tax refund for a tax period ending prior to the Petition Date against any prepetition claims of the United States government against any of the Debtor.

(c) The Debtor or the Wind-Down Debtor, as applicable, is authorized to request an expedited determination under section 505(b) of the Bankruptcy Code of the tax liability of the Debtor for all taxable periods ending after the Petition Date through, and including, the Effective Date.

## II.    Retention of Jurisdiction.

119.    The Bankruptcy Court may properly, and upon the Effective Date shall, to the full extent set forth in the Plan, retain jurisdiction over the matters arising in, and under, and related to, this Chapter 11 Case and section 1142 of the Bankruptcy Code.

## JJ.    Effect of Confirmation on Modifications.

120.    Entry of this Confirmation Order shall mean that all modifications or amendments to the Plan since the solicitation thereof are approved pursuant to section 1127(a) of the Bankruptcy Code and do not require additional disclosure or re-solicitation under Bankruptcy Rule 3019.

**KK.    Governing Law.**

121.    Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated, the laws of Delaware, without giving effect to the principles of conflict of law of such jurisdiction, shall govern the rights and obligations arising under the Plan and the construction and implementation of the Plan, as well as any agreements, documents, instruments, or contracts executed or entered into in connection with the Plan (except as otherwise set forth in those agreements, in which case the governing law of such agreement shall control).

**LL.    Non-Severability of Plan Provisions Upon Confirmation.**

122.    The provisions of the Plan, including its release, injunction, exculpation and compromise provisions, are mutually dependent and non-severable. This Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is: (1) valid and enforceable pursuant to its terms; (2) integral to the Plan and may not be deleted or modified without the consent of the Debtor or Wind-Down Debtor, as applicable, consistent with the terms set forth herein; and (3) non-severable and mutually dependent.

**MM.    Plan Supplement.**

123.    The documents contained in the Plan Supplement, and any amendments, modifications, and supplements thereto, and all documents and agreements introduced into evidence by the Debtor at the Confirmation Hearing (including all exhibits and attachments thereto and documents referred to therein), and the execution, delivery, and performance thereof by the Debtor, the Plan Administrator, or the Wind-Down Debtor, as applicable, is authorized when they are finalized, executed, and delivered. Without further order or authorization of this Bankruptcy Court, the Debtor, the Plan Administrator, or the Wind-Down Debtor, as applicable, and their

successors are authorized and empowered to make all modifications to all documents included as part of the Plan Supplement that are consistent with the Plan. Execution versions of the documents comprising or contemplated by the Plan Supplement shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms and, to the extent applicable, shall create, as of the Effective Date, all mortgages, Liens, deeds of trust, pledges, and security interests purported to be created thereby.

**NN.    Exhibits; Plan Supplement.**

124.    All exhibits to the Plan, and the Plan Supplement, including any amendments, restatements, supplements, or other modifications to such agreements and documents, and any consents, waivers, or other deviations under or from any such documents, are hereby incorporated herein by this reference and fully enforceable as if stated in full herein.

**OO.    Governmental Approvals Not Required.**

125.    Except as otherwise specifically provided in this Confirmation Order, this Confirmation Order shall constitute all the approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation or consummation of the Plan and Disclosure Statement, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by the Plan and the Disclosure Statement.

**PP.    Effect of Conflict between Plan and Confirmation Order.**

126.    Except as set forth in the Plan, to the extent that any provision of the Disclosure Statement, the Plan Supplement, any related documents (or any exhibits, schedules, appendices, supplements, or amendments to any of the foregoing), conflict with or are in any way inconsistent with any provision of the Plan, the Plan shall govern and control. The provisions of the Plan and of the Confirmation Order shall be construed in a manner consistent with each other so as to

effectuate the purposes of each; *provided*, *however*, that if there is determined to be any inconsistency between any provision of the Plan and any provision of the Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of the Confirmation Order shall govern. For the avoidance of doubt, nothing in the Plan or the Confirmation Order shall be construed to amend, modify, or abrogate any prior Final Order of the Bankruptcy Court in this Chapter 11 Case.

**QQ.    Reversal.**

127.    If any of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by a subsequent order of the Bankruptcy Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under, or in connection with, the Plan prior to receipt of written notice of such order by the Debtor. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such acts or obligations incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order, the Plan, all documents relating to the Plan, and any amendments or modifications to any of the foregoing.

**RR.    Confirmation Order Supersedes.**

128.    It is hereby ordered that this Confirmation Order shall supersede any Bankruptcy Court orders issued prior to the date of this Confirmation Order that may be inconsistent with this Confirmation Order.

**SS.    Authorization to Consummate.**

129.    The Debtor is authorized to consummate the Plan at any time after the entry of this Confirmation Order subject to the satisfaction or waiver (by the required parties) of the conditions precedent to the Effective Date set forth in Article XI.A of the Plan.

**TT.    Effectiveness of All Actions.**

130.    All actions authorized to be taken pursuant to the Plan, the Plan Supplement (including, for the avoidance of doubt, the Wind-Down Financing Facility and the Definitive Documentation, as applicable) shall be effective on, prior to, or after the Effective Date pursuant to this Confirmation Order, without further application to, or order of this Court.

131.    This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan and the Wind-Down Financing Facility, and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts and transactions referred to in or contemplated by the Plan, the Plan Supplement, the Disclosure Statement, the Definitive Documentation, and any documents, instruments, securities, or agreements, and any amendments or modifications thereto.

**UU.    References to and Omissions of Plan Provisions.**

132.    References to articles, sections, and provisions of the Plan are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan.  The failure to specifically include or to refer to any particular article, section, or provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, or provision, it being the intent of the Bankruptcy Court that the Plan be confirmed in its entirety, except as expressly modified herein, and incorporated herein by this reference.

**VV.    Reservation of Rights.**

133.    Except as expressly set forth herein, the Plan shall have no force or effect unless and until the Bankruptcy Court enters the Confirmation Order.  Neither the filing of the Plan, any statement or provision contained herein, nor the taking of any action by the Debtor or any other Entity with respect to the Plan shall be or shall be deemed to be an admission or waiver of any

rights of: (1) the Debtor with respect to the Holders of Claims or Interests or other Entity; or (2) any Holder of a Claim or an Interest or other Entity prior to the Effective Date.

## WW. Waiver of Stay.

134.    For good cause shown, the stay of this Confirmation Order provided by any Bankruptcy Rule is waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Bankruptcy Court.

## XX. Final Order.

135.    This Confirmation Order is a Final Order which shall be effective and enforceable immediately upon entry and its provisions shall be self-executing, and the period in which an appeal must be filed shall commence upon the entry hereof. In the absence of any Person obtaining a stay pending appeal, the Debtor is authorized to consummate the Plan.

136.    In accordance with Article V.D of the Plan, on the Effective Date, the terms of the Debtor's existing board of directors or managers, if any, shall expire, and the Debtor's directors and officers shall be discharged. The Plan Administrator shall be immediately and automatically deemed appointed by the Debtor or the Wind-Down Debtor, as applicable, as the sole director and the sole officer of the Wind-Down Debtor, and the Plan Administrator shall succeed to the powers of the Debtor's directors and officers. Without limitations on the foregoing, the Plan Administrator shall have the sole authority to act on behalf of the Wind-Down Debtor subject to coordination with and, where applicable, consent of the Wind-Down Debtor Oversight Committee.

**Dated: October 29th, 2025**
**Wilmington, Delaware**

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE