## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>BYJU'S ALPHA, INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 24-10140 (BLS)<br><br>**Related to D.I. 529** |

### OBJECTION OF CAMSHAFT CAPITAL FUND, L.P., CAMSHAFT CAPITAL ADVISORS, LLC, CAMSHAFT CAPITAL MANAGEMENT, LLC, AND RIJU RAVINDRAN TO DEBTOR'S MOTION TO SEAL INFORMATION RELATING TO BANKRUPTCY RULE 9019 MOTION[1]

Camshaft and Riju Ravindran (collectively, the "Objectors") respectfully submit this objection (the "Objection") to the motion by the Debtor (the "Motion") (D.I. 529) for an order sealing information included in the *Debtor's Motion Pursuant to Bankruptcy Rule 9010 for Entry of an Order Approving Compromise and Agreement Between the Debtor, GLAS Trust Company LLC, and OCI Limited* (the "9019 Motion"). In support of their Objection, the Objectors state as follows:

### PRELIMINARY STATEMENT

1.  The relief sought in the Motion is foreclosed by several cases, including a case cited by the Debtor in the Motion, where the courts have held that information related to a settlement agreement does not meet the criteria for sealing under Section 107(b) of the Bankruptcy Code, 11 U.S.C. § 107(b).

2.  Section 107(b) only protects trade secrets or "confidential research, development, or commercial information." 11 U.S.C. § 107(b). Here, the Debtor asserts in a conclusory manner that unspecified terms (the "Subject Information") of a recently concluded settlement agreement

---

[1]     The Camshaft entities will be referred to collectively below as "Camshaft."

among the Debtor, GLAS Trust Company, LLC, and OCI Limited ("OCI") are "commercial information" for purposes of Section 107(b).  As discussed below, there is nothing "commercial" about the Subject Information.  Moreover, the Debtor cannot shield the Subject Information from disclosure simply because it believes that it would suffer a litigation disadvantage or because the Debtor and OCI have agreed that the Subject Information will be kept confidential.  The courts have uniformly rejected those grounds as a justification for sealing under Section 107(b).

3.      The public disclosure of the Subject Information is particularly important because it relates to the 9019 Motion and the Objectors cannot properly determine the scope of their objection to the 9019 Motion without reviewing the Subject Information.  Absent disclosure, the public also would not be able to monitor court proceedings or assess whether the Court's decision on the 9019 Motion is proper.

4.      Accordingly, the Court should sustain the Objection and deny the Motion.

## ARGUMENT

**I.      The Debtor Must Show That Disclosure of the Subject Information Would Impose a Substantial Risk of Competitive Injury**

5.      The Third Circuit has held that the limited exception to public access set forth in Section 107(b) "reflects a long tradition of open judicial proceedings, enabling litigants and the public to evaluate the work of the courts and imposing a ***heavy burden*** on those who seek to seal judicial records."  *In re ESML Holdings Inc.*, 135 F.4th 80, 87 (3d Cir. 2025) (emphasis added).

6.      To meet its heavy burden and obtain an order sealing information under Section 107(b), the moving party must establish that there is "a substantial risk that disclosure would detrimentally affect the producing party's competitive standing."  *Id.* at 97.  "And such a risk of competitive injury still must be actual and objective, not speculative or subjective.  So bankruptcy

courts must evaluate requests to seal through this objective lens and may not simply credit a party's assertion of competitive injury." *Id.* (citations omitted).

7.     As discussed below, the Court should deny the Motion because the Debtor cannot show that there is a substantial risk that disclosure of the Subject Information would detrimentally affect the Debtor's competitive standing.

## II.     The Debtor Has Not Come Close to Carrying Its Heavy Burden Here

8.     While the Debtor states that the Subject Information "constitutes 'commercial information' within the meaning of [Section] 107(b) of the Bankruptcy Code," Mot., ¶ 12, it offers no evidence to support this assertion.  That is because no such evidence exists.

9.     As the Court is well aware, the Debtor is a special purpose vehicle and has no ongoing commercial operations; it also does not plan to engage in commercial operations in the future.  Thus, it is impossible for the Debtor to suffer a competitive injury from the release of the Subject Information because it does not compete with any other company.

10.     Other courts have rejected the sealing of settlement agreements where, as here, they do not contain information relating to the commercial operations of the company and disclosure would not result in a benefit to the company's competitors.  For example, in *In re Wells Fargo Bank, N.A.*, 2019 WL 642850 (Bankr. W.D. Pa. Feb. 14, 2019), the court denied a motion to seal portions of a settlement agreement.  The *Wells Fargo* court noted that the "commercial information" exception "only protects information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the movant." *Id.* at *2 (cleaned up).  "It simply does not offer a safe harbor for those who crave privacy or secrecy for its own sake." *Id.* (cleaned up).  The *Wells Fargo* court further pointed out that "there appears to be unanimous agreement among courts that the terms of a settlement agreement … are not 'commercial information' and, therefore, should not restricted from public view. *Id.* (citing cases).

11.    One of the Debtor's main cases, *In re Alterra Healthcare Corp.*, 353 B.R. 66 (Bankr. D. Del. 2006), is to the same effect.  Judge Walrath denied a motion to seal settlement agreements, finding that the information in those agreements was not "confidential commercial information" for purposes of Section 107(b) because it did not relate to the debtor's commercial operations and did not unfairly advantage competitors.  *See id.* at 75-76.  That is also the case here.

12.    Despite the adverse case law, the Debtor seeks to justify the Motion on two grounds that have nothing to do with competitive injury.  Both are unavailing.

13.    *First*, the Debtor contends that disclosure of the Subject Information "would place the Debtor at a disadvantage" in litigation pending with other parties.  Mot., ¶ 12.  Such a rationale has been rejected repeatedly by bankruptcy courts.  For example, in *Wells Fargo*, the court held that "the protection of [the movant's] bargaining position" in other litigation was an inadequate basis for relief under Section 107(b).  *See* 2019 WL 642850, at *2.  The *Alterra* court similarly rejected a litigation advantage argument, holding that "[a]n unfair advantage to a tort claimant (creditor) of a debtor … does not create an unfair advantage to its market competitors."  353 B.R at 76; *see also In re Anthracite Capital, Inc.*, 492 B.R. 162, 173 (Bankr. S.D.N.Y. 2013) (citing *Alterra* and stating that: "Leverage between opposing parties is an equally inappropriate justification for sealing … under § 107.  Such leverage could be fabricated in an almost every adversary proceeding—which would render § 107's test meaningless.").

14.    *Second*, the Debtor states that keeping the terms of the settlement agreement confidential was specifically negotiated with OCI as a condition for the deal.  Mot., ¶ 13.  The courts, however, have held that a "no seal, no deal" provision in a settlement does not justify sealing.  *See Bank of America Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 346 (3d Cir. 1986) ("Even if we were to assume that some settlements would not be effectuated if

their confidentiality was not assured, the generalized interest in encouraging settlements does not rise to the level of interests that we have recognized may outweigh the public's common law right of access."); *Anthracite*, 492 B.R. at 171-73 (holding that parties' agreement on confidentiality did not satisfy Section 107(b)).  The *Anthracite* court summarized the issue as follows:

> The Movants argument that the "no seal, no deal" condition is reason enough for sealing a document under § 107 is not only wrong under the law, it is also illogical. If that were the standard for sealing, every settlement in a bankruptcy case would be sealed whenever a party insisted that a document be sealed.  Such a test would remove the need for analysis under § 107 and would directly conflict with the statute, the common law, and the legislative history of § 107.

*Id.* at 172.

15.     The *Anthracite* court also noted that sealing is particularly disfavored in cases involving court approval of a settlement because the public must be able to assess the appropriateness of the court decision.  *See id.* at 172-73.

16.     Thus, the Debtor has not carried its heavy burden of justifying the sealing of the Subject Information under Section 107(b).

## **CONCLUSION**

For the foregoing reasons, the Objectors respectfully request that the Court sustain their Objection and deny the Motion.

Dated:  November 21, 2025
          Wilmington, Delaware

**KLEIN LLC**

*/s/ Julia B. Klein*
Julia B. Klein (DE 5198)
225 West 14th Street, Suite 100
Wilmington, Delaware 19801
(302) 438-0456
klein@kleinllc.com

and

Pieter Van Tol (admitted *pro hac vice*)
**VAN TOL LAW PLLC**
199 8th Avenue, Suite B3
Brooklyn, NY 11215
(917) 514-9464
www.vantol-law.com

*Counsel for Objectors*